# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
# CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

1. SEE NOTICE ON REVERSE    2. PLEASE TYPE OR PRINT    3. STAPLE ALL ADDITIONAL PAGES

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Petróleos de Venezuela, S.A., PDVSA Petróleo, S.A., and PDV Holding, Inc. v. MUFG Union Bank, N.A., and GLAS Americas LLC | SDNY | Katherine Polk Failla |
| | Date the Order or Judgment Appealed from was Entered on the Docket: 10/17/2025 | District Court Docket No.: 1:19-cv-10023 |
| | Date the Notice of Appeal was Filed: 10/17/2025 | Is this a Cross Appeal? ☐ Yes ☑ No |

| Attorney(s) for Appellant(s): ☑ Plaintiff ☐ Defendant | Counsel's Name: Address: Telephone No.: Fax No.: E-mail: Kurt W. Hansson, Paul Hastings LLP, 200 Park Avenue, New York, NY 10166; (212) 318-6000 (tel); (212) 319-4090 (fax); kurthansson@paulhastings.com (counsel for Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.) |
|---|---|
| Attorney(s) for Appellee(s): ☐ Plaintiff ☑ Defendant | Counsel's Name: Address: Telephone No.: Fax No.: E-mail: Paul A. Paterson, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019; (212) 373-3581 (tel); (212) 492-0581 (fax); ppaterson@paulweiss.com Christopher J. Clark, Clark Smith Villazor LLP, 666 Third Avenue, 21st Floor, New York, NY 10017; (212) 377-0850 (tel); (212) 377-0868 (fax); clark@csvllp.com |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☑ Yes ☐ No |
|---|---|---|---|
| Yes | 200 | 0 | If Yes, provide the following: Case Name: Petróleos de Venezuela S.A. v. MUFG Union Bank, N.A. 2d Cir. Docket No.: 20-3858, -4127 Reporter Citation: (i.e., F.3d or Fed. App.) 106 F.4th 263 (2d Cir. 2024) |

***ADDENDUM "A"*: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B"*: COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

**PART A: JURISDICTION**

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party ☑ Diversity | ☐ Final Decision ☑ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) |
| ☐ Federal question (U.S. not a party) ☐ Other (specify): ________ | ☐ Interlocutory Decision Appealable As of Right ☐ Other (specify): ________ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**PART B: DISTRICT COURT DISPOSITION (Check as many as apply)**

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | | 3. Relief | |
|---|---|---|---|---|
| ✓ Pre-trial | ☐ Default judgment | ☐ Dismissal/other jurisdiction | ✓ Damages: | ☐ Injunctions: |
| ☐ During trial | ☐ Dismissal/FRCP 12(b)(1) lack of subject matter juris. | ☐ Dismissal/merit | ☐ Sought: $ ______ | ☐ Preliminary |
| ☐ After trial | ☐ Dismissal/FRCP 12(b)(6) failure to state a claim | ☐ Judgment / Decision of the Court | ✓ Granted: $ 2.9 billion | ☐ Permanent |
| | ☐ Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint | ✓ Summary judgment | ☐ Denied: $ ______ | ☐ Denied |
| | ☐ Dismissal/28 U.S.C. § 1915(e)(2) other dismissal | ☐ Declaratory judgment | | |
| | | ☐ Jury verdict | | |
| | | ☐ Judgment NOV | | |
| | | ☐ Directed verdict | | |
| | | ☐ Other (specify): | | |

**PART C: NATURE OF SUIT (Check as many as apply)**

| 1. Federal Statutes | | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|---|
| ☐ Antitrust | ☐ Communications | ☐ Freedom of Information Act | ☐ Admiralty/ Maritime | ☐ Admiralty/ Maritime | ☐ Civil Rights |
| ☐ Bankruptcy | ☐ Consumer Protection | ☐ Immigration | ☐ Assault / Defamation | ☐ Arbitration | ☐ Habeas Corpus |
| ☐ Banks/Banking | ☐ Copyright ☐ Patent | ☐ Labor | ☐ FELA | ✓ Commercial | ☐ Mandamus |
| ☐ Civil Rights | ☐ Trademark | ☐ OSHA | ☐ Products Liability | ☐ Employment | ☐ Parole |
| ☐ Commerce | ☐ Election | ☐ Securities | ☐ Other (Specify): | ☐ Insurance | ☐ Vacate Sentence |
| ☐ Energy | ☐ Soc. Security | ☐ Tax | | ☐ Negotiable Instruments | ☐ Other |
| ☐ Commodities | ☐ Environmental | | | ☐ Other Specify | |
| ☐ Other (specify): ______ | | | | | |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| ☐ Hague Int'l Child Custody Conv. | ☐ Arbitration | ☐ Yes ✓ No |
| ☐ Forfeiture/Penalty | ☐ Attorney Disqualification | |
| ☐ Real Property | ☐ Class Action | Will appeal raise a matter of first impression? |
| ☐ Treaty (specify): ______ | ☐ Counsel Fees | |
| ☐ Other (specify): ______ | ☐ Shareholder Derivative | ✓ Yes ☐ No |
| | ☐ Transfer | |

1. Is any matter relative to this appeal still pending below? ✓ Yes, specify: Fees and costs; additional counterclaims ☐ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:
   (A) Arises from substantially the same case or controversy as this appeal? ☐ Yes ✓ No
   (B) Involves an issue that is substantially similar or related to an issue in this appeal? ☐ Yes ✓ No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

Name of Appellant:

Date: 10/29/25 | Signature of Counsel of Record: /s/ Kurt W. Hansson

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $605 docketing fee to the United States District Court or the $600 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

# ADDENDUM A

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

---

***Petróleos de Venezuela, S.A. v. MUFG Union Bank, N.A.*, No. 25-2652**

---

**CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)**

---

## ADDENDUM A:

### A Brief Description of the Nature of the Action and the Result Below

This is an appeal from the Judgment Pursuant to Federal Rule of Civil Procedure 54(b) entered by the United States District Court for the Southern District of New York on October 17, 2025 (ECF No. 402), and from the underlying Opinion and Order issued on September 18, 2025 (ECF No. 397). Copies of the Judgment and the Opinion and Order are attached as Exhibits A and B, respectively, to the Notice of Appeal. In its opinion, the district court granted in part and denied in part the motion for summary judgment filed by Appellees MUFG Union Bank, N.A. ("MUFG") and GLAS Americas LLC (collectively, "Appellees") and denied the motion for summary judgment filed by Appellants Petróleos de Venezuela, S.A., PDVSA Petróleo, S.A., and PDV Holding, Inc. (collectively, "Appellants").

On October 29, 2019, Appellants filed a lawsuit in the United States District Court for the Southern District of New York seeking a declaratory judgment that certain notes issued by Petróleos de Venezuela, S.A. (the Bolivarian Republic of

Venezuela's national oil company) when under the control of then-President of Venezuela Nicolás Maduro (the "2020 Notes"), as well as the related indenture and pledge (collectively with the 2020 Notes, the "Transaction Documents"), are invalid, illegal, null and void *ab initio*, and thus unenforceable. Appellants also sought an injunction against Appellees attempting to enforce the Transaction Documents. On December 18, 2019, Appellees asserted their counterclaims for a declaratory judgment as to the validity of the Transaction Documents and for, *inter alia*, breach of contract, breach of warranty, unjust enrichment, and quantum meruit.

On October 16, 2020, after briefing and argument on cross-motions for summary judgment, the district court issued a decision concluding that the Transaction Documents were valid and enforceable under New York law and that the act of state doctrine did not apply to the dispute. The court accordingly granted in part and denied in part Appellees' motion for summary judgment, and denied Appellants' motion for summary judgment. The district court then entered a judgment under Federal Rule of Civil Procedure 54(b) on December 1, 2020.

Appellants filed a protective notice of appeal on November 12, 2020, which this Court docketed as Appeal No. 20-3858. On December 10, 2020, upon the district court's entry of a Rule 54(b) judgment, Appellants filed another notice of appeal, perfecting their appeal. This Court docketed the new notice as Appeal No. 20-4127, and then consolidated the two appeals.

On October 13, 2022, this Court certified questions of New York law regarding choice-of-law issues to the New York Court of Appeals. *Petróleos de Venezuela, S.A. v. MUFG Union Bank, N.A.*, 51 F.4th 456 (2d Cir. 2022) (Robinson, J., joined by Leval and Lohier, JJ.). Specifically, this Court asked whether New York Uniform Commercial Code ("UCC") § 8-110(a)(1) or New York common law choice-of-law principles require the application of New York or Venezuelan law on the issue of the validity of the 2020 Notes. *Id.* at 475-76. The New York Court of Appeals accepted the certification and held that, under New York UCC § 8-110(a)(1) the validity of the 2020 Notes is governed by the law of Venezuela—the local law of the issuer's jurisdiction. *Petróleos de Venezuela S.A. v. MUFG Union Bank, N.A.*, 235 N.E.3d 949, 955 (N.Y. 2024). Accordingly, the New York Court of Appeals concluded that the validity of the 2020 Notes requires analysis of the relevant provisions of the Venezuelan Constitution. *Id.* at 958.

On July 3, 2024, this Court issued its decision holding that the district court erred in applying New York law to determine the validity of the Transaction Documents. *Petróleos de Venezuela S.A. v. MUFG Union Bank, N.A.*, 106 F.4th 263 (2d Cir. 2024) (per curiam) (Leval, Lohier, and Robinson, JJ.) The Court vacated the district court's decision and remanded the case to the district court to decide whether the Transaction Documents were issued in violation of the Venezuelan Constitution and therefore invalid. *Id.* at 268. The Court expressed no view as to

the applicability of the act of state doctrine, acknowledging that it may "eventually be required to determine" the doctrine's applicability, but leaving it for the district court to consider that issue in the first instance. *Id.* at 270.

On September 18, 2025, following supplemental briefing and evidentiary submissions, including an *amicus* brief by the Republic of Venezuela, the district court issued a new decision on the parties' cross-motion for summary judgment. The court ruled that the Transaction Documents were valid and enforceable under Venezuelan law and that the act of state doctrine did not apply to the dispute. The district court accordingly granted in part and denied in part Appellees' motion for summary judgment, and denied Appellants' motion for summary judgment. *See* Ex. B at 89.

On October 17, 2025, the district court entered a judgment pursuant to Federal Rule of Civil Procedure 54(b). The district court entered a money judgment in favor of Appellees, and against PDVSA and PDVSA Petróleo, in the amount of $2,859,193,778.63 (comprising of $1,683,764,500 in unpaid principal, $925,906,775.67 in unpaid pre-judgment interest on principal, and $249,522,502.96 in unpaid installments of interest on principal). *See* Ex. A at 2. The court also granted Appellees a declaratory judgment finding that the 2020 Notes and the Transaction Documents are valid and enforceable, and permitting Appellees to exercise their default remedies under the Transaction Documents. Ex. A at 3. The

district court deferring consideration of any fees and costs, as well as of Appellees' additional counterclaims, pending the outcome of this appeal. Ex. A. at 1.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PETRÓLEOS DE VENEZUELA, S.A., PDVSA PETRÓLEO, S.A., and PDV HOLDING, INC.,

Plaintiffs,

- against -

MUFG UNION BANK, N.A. and GLAS AMERICAS LLC,

Defendants.

Case No: 19-cv-10023-KPF

**NOTICE OF APPEAL**

Pursuant to Federal Rules of Appellate Procedure 3 and 4, notice is hereby given that Plaintiffs Petróleos de Venezuela, S.A., PDVSA Petróleo, S.A., and PDV Holding, Inc. (collectively, "Plaintiffs") hereby appeal to the United States Court of Appeals for the Second Circuit from the Judgment Pursuant to Fed. R. Civ. P. 54(b) entered by the United States District Court for the Southern District of New York on October 17, 2025 (D.I. 402), and from all prior, merged interlocutory orders, rulings, and judgments in the above-referenced case, including but not limited to the Opinion and Order issued on September 18, 2025, (D.I. 397) granting in part the motion for summary judgment filed by Defendants MUFG Union Bank, N.A. and GLAS Americas LLC and denying Plaintiffs' motion for summary judgment.

Dated: October 17, 2025

Respectfully submitted,

*/s/ Kurt W. Hansson*
Kurt W. Hansson
James L. Ferguson
Zachary D. Melvin
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
kurthansson@paulhastings.com
jamesferguson@paulhastings.com
zacharymelvin@paulhastings.com

Igor V. Timofeyev
PAUL HASTINGS LLP
2050 M Street, N.W.
Washington, D.C. 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
igortimofeyev@paulhastings.com

*Attorneys for Plaintiffs Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*

*/s/ Michael Gottlieb*
Michael Gottlieb
Kristin Bender
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006-1238
Telephone: (202) 303-1442
Facsimile: (202) 303 2442
mgottlieb@willkie.com
kbender@willkie.com

Nicholas Reddick
Alyxandra Vernon
WILLKIE FARR & GALLAGHER LLP
333 Bush Street
San Francisco, CA 94104
Telephone: (415) 858-7400
Facsimile: (415) 858-7599
nreddick@willkie.com
avernon@willkie.com

*Attorneys for Plaintiff PDV Holding, Inc.*

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PETRÓLEOS DE VENEZUELA, S.A., PDVSA PETRÓLEO, S.A., and PDV HOLDING, INC.,<br><br>*Plaintiffs and Counterclaim-Defendants*,<br><br>- against -<br><br>MUFG UNION BANK, N.A. and GLAS AMERICAS LLC,<br><br>*Defendants and Counterclaim-Plaintiffs*. | No. 19 Civ. 10023 (KPF)<br><br>**JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)** |

For the reasons stated in this Court's Opinion and Order ("Order") dated September 18, 2025 (ECF No. 397):

IT IS ORDERED, ADJUDGED, AND DECREED that, there being no just reason for delay, final judgment is hereby entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure (i) dismissing with prejudice the Complaint for Declaratory Judgment and Injunctive Relief (ECF No. 1), including all claims asserted therein; and (ii) granting judgment in favor of Defendants and Counterclaim Plaintiffs U.S. Bank National Association (as successor trustee to MUFG Union Bank, N.A., the "Trustee") and GLAS Americas LLC (the "Collateral Agent") and against Plaintiffs and Counterclaim Defendants Petróleos de Venezuela, S.A. ("PDVSA"), PDVSA Petróleo, S.A. ("PDVSA Petróleo"), and PDV Holding, Inc. on the First through Seventh Counterclaims asserted by the Trustee and Collateral Agent in Defendants' Answer and Counterclaims (ECF No. 40). Nothing herein shall be construed to constitute a judgment on any of the Trustee and Collateral Agent's Eighth through Twelfth Counterclaims, or on the amount of the fees and expenses to which the Trustee and Collateral Agent are entitled in connection with this action or otherwise. The Court will address those matters if necessary in future orders or judgments. The pendency of such claims shall not affect the finality of this Judgment.

Case 1:19-cv-10023-KPF Document 442 Filed 10/27/25 Page 2 of 3

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Trustee, as Trustee under the Indenture dated October 27, 2016, between PDVSA as issuer, PDVSA Petróleo as guarantor, the Trustee, the Collateral Agent, the Law Debenture Trust Company of New York as registrar, transfer agent, and principal paying agent, and Banque Internationale à Luxembourg, Société Anonyme as Luxembourg paying agent (the "Indenture"), shall recover from PDVSA and PDVSA Petróleo, jointly and severally, the sum of $2,859,193,778.63, which comprises the following amounts:

(1) $1,683,764,500 in overdue and unpaid principal on the 8.5% senior secured notes issued by PDVSA pursuant to the Indenture (the "2020 Notes");

(2) $925,906,775.67 in overdue and unpaid interest on principal on the 2020 Notes through October 16, 2025; and

(3) $249,522,502.96 in interest on overdue and unpaid installments of interest on principal on the 2020 Notes through October 16, 2025.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, in addition to the foregoing amounts, the Trustee shall recover from PDVSA and PDVSA Petróleo, jointly and severally, the following additional amounts for each day from October 17, 2025, to the day on which judgment is entered on the docket of the Court:

(1) $609,294.66 per day in interest for each day from October 17, 2025, to October 27, 2025;

(2) $626,939.59 per day in interest for each day from October 28, 2025 to October 31, 2025;

(3) $229,384.08 in interest for November 1, 2025; and

(4) $626,939.59 per day in interest for each day from November 2, 2025 to December 31, 2025.

IT IS FURTHER ORDERED, ADJUDGED, DECREED, AND DECLARED that:

(1) the 2020 Notes and the Governing Documents are valid and enforceable;

(2) a default has occurred under the terms of the Indenture;

(3) the Trustee and Collateral Agent are permitted to exercise the remedies for default set forth in the Indenture and the Pledge Agreement;

(4) the Trustee is entitled to direct the Collateral Agent to sell the collateral securing the 2020 Notes; and

(5) the Collateral Agent is entitled to so sell.

Unless otherwise defined herein, capitalized terms shall have the meanings assigned to them in the Order.

Nothing herein shall preclude the Trustee or the Collateral Agent from (i) recovering fees and expenses pursuant to the Court's Order; (ii) recovering any amounts in addition to the foregoing amounts that may be due or may become due under the Indenture, the Pledge Agreement, the 2020 Notes, or otherwise after October 16, 2025, including but not limited to the fees and costs associated with enforcing this Judgment or any appeal therefrom; or (iii) enforcing the Indenture, the Pledge Agreement, or the 2020 Notes, or seeking to remedy any subsequent or continuing breaches of the Indenture, the Pledge Agreement, or the 2020 Notes.

The Court retains jurisdiction to enforce this Judgment and to adjudicate all claims not determined by this Judgment.

Dated: New York, New York
October 17, 2025

Hon. Katherine Polk Failla
United States District Judge

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETRÓLEOS DE VENEZUELA, S.A., PDVSA PETRÓLEO, S.A., and PDV HOLDING, INC.,

Plaintiffs,

-v.-

MUFG UNION BANK, N.A. and GLAS AMERICAS LLC,

Defendants.

19 Civ. 10023 (KPF)

**OPINION AND ORDER**

KATHERINE POLK FAILLA, District Judge:

For more than five years, Plaintiffs have tried to escape the consequences of defaulting on bonds that were issued in October 2016 (the “2020 Notes”) following a bond swap transaction (the “Exchange Offer”). In service of these efforts, Plaintiffs have sought a declaratory judgment that the 2020 Notes, as well as the Indenture, Pledge Agreement, and Guaranty attached to them (collectively, the “Governing Documents”), were not validly issued under Venezuelan law. Plaintiff Petróleos de Venezuela, S.A. (“PDVSA”) issued the bonds, which were guaranteed by Plaintiff PDVSA Petróleo, S.A. (“PDVSA Petróleo”), and which were secured by a pledge of 50.1% of the equity in CITGO Holding by Plaintiff PDV Holding, Inc. (“PDVH”).

In October 2020, this Court determined that New York law governed the validity of the bonds and granted summary judgment in favor of Defendants MUFG Union Bank, N.A. (“MUFG”), the trustee for the 2020 Notes, and GLAS Americas LLC (“GLAS”), the collateral agent for the 2020 Notes. After several additional years of litigation, the New York Court of Appeals determined that

Venezuelan law, rather than New York law, governed the validity of the 2020 Notes. Accordingly, the Second Circuit remanded the action to this Court to consider whether the 2020 Notes and the Governing Documents were valid under Venezuelan law.

Approximately five years after it issued its initial Opinion in this action, this Court interprets and applies Venezuelan law and concludes that the 2020 Notes and the Governing Documents were and are valid. Plaintiffs argue that the 2020 Notes and the Governing Documents are void *ab initio* because they are national public interest contracts that must be authorized by the Venezuelan National Assembly, but were not. The Bolivarian Republic of Venezuela (the "Republic"), appearing as *amicus curiae*, concurs. However, after an exhaustive review of Venezuelan law, this Court agrees with Defendants and interprets that law to require that the Republic itself, rather than a state-owned enterprise such as PDVSA, must be party to any national public interest contract. Furthermore, the Court finds that the act of state doctrine, which bars courts from invalidating the official acts of foreign sovereigns, does not apply to the official acts of the National Assembly, which is the legitimate sovereign of Venezuela in the eyes of the United States. Having so concluded, the Court denies Plaintiffs' motion for summary judgment, and grants in part Defendants' cross-motion for summary judgment.

## BACKGROUND[1]

### A. Factual Background

The Court assumes familiarity with the factual background of this case leading up to the issuance of its 2020 decision, and incorporates by reference

1 The facts set forth in this Opinion are drawn from Plaintiffs' Response to Defendants' Statement of Undisputed Material Facts in Support of Defendants' Cross-Motion for Summary Judgment ("Pl. Opp. 56.1" (Dkt. #153)); Defendants and Counterclaim Plaintiffs' Response to Plaintiffs and Counterclaim Defendants' Rule 56.1 Statement of Undisputed Facts and Rule 56.1 Counterstatement of Additional Material Undisputed Facts ("Def. Opp. 56.1" (Dkt. #156)); Plaintiffs' Response to Defendants' Supplemental Local Rule 56.1 Statement of Undisputed Material Facts in Support of Defendants' Cross-Motion for Summary Judgment ("Pl. Supp. Opp. 56.1" (Dkt. #364)); Defendants and Counterclaim Plaintiffs' Response to Plaintiffs and Counterclaim Defendants' Rule 56.1 Supplemental Statement of Undisputed Facts ("Def. Supp. Opp. 56.1" (Dkt. #360); exhibits attached to the Declaration of James R. Bliss in Support of Plaintiffs' Motion for Summary Judgment ("Bliss Decl., Ex. [ ]" (Dkt. #106)); exhibits attached to the Declaration of Christopher J. Clark in Support of Defendants and Counterclaim Plaintiffs' Motion for Summary Judgment ("First Clark Decl., Ex. [ ]" (Dkt. #87, 93)); exhibits attached to the Declaration of James R. Bliss in Opposition to Defendants' Motion for Summary Judgment ("Bliss Opp. Decl., Ex. [ ]" (Dkt. #157)); exhibits attached to the Declaration of Christopher J. Clark in Support of Defendants and Counterclaim Plaintiffs' Motion for Summary Judgment ("Second Clark Decl., Ex. [ ]" (Dkt. #334)); exhibits attached to the Declaration of Kristin Bender in Support of Plaintiffs' Motion for Summary Judgment ("Bender Decl., Ex. [ ]" (Dkt. #339)); exhibits attached to the Declaration of James. L. Ferguson dated January 22, 2025 ("First Ferguson Decl., Ex. [ ]" (Dkt. #349)); exhibits attached to the Declaration of James L. Ferguson dated March 18, 2025 ("Second Ferguson Decl., Ex. [ ]" (Dkt. #368)); and the exhibits attached to the Declaration of James L. Ferguson dated March 19, 2025 ("Third Ferguson Decl., Ex. [ ]" (Dkt. #370)). At times, the Courts refers to documents that have been submitted multiple times by a single citation.

In its analysis of issues of Venezuelan law, the Court has considered, pursuant to Federal Rule of Civil Procedure 44.1, the Letter from Carlos Vecchio, Ambassador of the Bolivarian Republic of Venezuela to the United States of America ("Vecchio Letter" (Dkt. #80)); the Expert Report of Allan R. Brewer-Carías ("Brewer Rep." (Dkt. #96-1)); the Expert Report of Allan R. Brewer-Carías Rebutting the Report of Defendants' Expert ("Brewer Rebuttal Rep." (Dkt. #96-2)); the Declaration of Allan R. Brewer-Carías in Opposition to Defendants' Motion for Summary Judgment ("Brewer Opp. Decl." (Dkt. #154)); the Reply Declaration of Allan R. Brewer-Carías in Support of Plaintiffs' Summary Judgment Motion ("Brewer Reply Decl." (Dkt. #186)); the Opening Supplemental Declaration of Allan R. Brewer-Carías in Support of Plaintiffs' Summary Judgment Motion ("Brewer Supp. Decl." (Dkt. #340)); the Declaration of Freddy Guevara ("Guevara Decl." (Dkt. #341)); the Legal Expert Report by José Araujo-Juárez ("Araujo Rep." (Dkt. #342-1)); the Supplemental Declaration of José Araujo-Juárez ("Araujo Supp. Decl." (Dkt. #358)); the Legal Expert Report by José Araujo-Juárez Refuting Roe's First Statement of January 17, 2025 ("Araujo Rebuttal Rep." (Dkt. #365-1)); the Rebuttal Expert Declaration of Allan R. Brewer-Carías ("Brewer Supp. Rebuttal Decl." (Dkt. #366)); the Expert Report of Defendants' Expert ("Doe Rep." (Dkt. #84-2)); the Rebuttal Expert Report of Defendants' Expert in Response to the Expert Report of Allan

the factual background set forth therein. *Petróleos de Venezuela S.A.* v. *MUFG Union Bank, N.A.*, 495 F. Supp. 3d 257, 261-67 (S.D.N.Y. 2020) ("*PDVSA I*"). Nevertheless, to provide context for its legal analysis, the Court reviews here the relevant factual background and any relevant factual developments since the Court's *PDVSA I* decision.

---

R. Brewer-Carías ("Doe Rebuttal Rep." (Dkt. #84-3)); the Supplemental Declaration of Defendants' Expert ("Doe Supp. Decl." (Dkt. #152)); the Third Declaration of Defendants' Expert ("Doe Third Decl." (Dkt. #179)); the Declaration of Defendants' Expert ("Doe Decl." (Dkt. #335)); the Declaration of Defendants' New Expert ("Roe Decl." (Dkt. #336)); and the Reply Declaration of Defendants' New Expert ("Roe Reply Decl." (Dkt. #361)). Due to the possibility of harm to Defendants' experts should their identities be publicly disclosed, the Court does not refer to them by name in this Opinion. (*See* Dkt. #207, 355). The Court has also considered the 2020 Statement of Interest of the United States of America and its attached exhibit ("2020 Statement of Interest" or "2020 SOI" (Dkt. #213)), and the 2025 Statement of Interest of the United States of America and its attached exhibit ("2025 Statement of Interest" or "2025 SOI" (Dkt. #393)), in connection with the Court's discussion of the act of state doctrine.

For ease of reference, the Court refers to Plaintiffs' opening brief as "Pl. Br." (Dkt. #95); to Defendants' opening brief as "Def. Br." (Dkt. #99); to Plaintiffs' opposition brief as "Pl. Opp." (Dkt. #159); to Defendants' opposition brief as "Def. Opp." (Dkt. #158); to Plaintiffs' reply brief as "Pl. Reply" (Dkt. #185); to Defendants' reply brief as "Def. Reply" (Dkt. #182); to Plaintiffs' supplemental brief as "Pl. Supp. Br." (Dkt. #346); to Defendants' supplemental brief as "Def. Supp. Br." (Dkt. #337); to Plaintiffs' supplemental response brief as "Pl. Supp. Opp." (Dkt. #367); to Defendants' supplemental response brief as "Def. Supp. Opp." (Dkt. #363); and to the *amicus curiae* brief of the Bolivarian Republic of Venezuela as "Republic Br." (Dkt. #326-1). Additionally, the Court refers to the transcript of the September 25, 2020 oral argument as "Sept. 25, 2020 Tr." (Dkt. #246).

Citations to a party's Rule 56.1 Statement incorporate by reference the documents and testimony cited therein. Where a fact stated in the Rule 56.1 Statement is supported by evidence, the Court finds that fact to be true. *See* Local Civil Rule 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically denied and controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."); *id.* at 56.1(d) ("Each statement by the movant or opponent under Rule 56.1(a) and (b), including each statement denying and controverting any statement of material fact, must be followed by citation to evidence that would be admissible and set forth as required by Fed. R. Civ. P. 56(c).").

### 1. The Parties

Plaintiffs are three corporate entities connected to Venezuela's state-owned oil company. Plaintiff PDVSA, of which Venezuela is the sole shareholder, is an oil and natural gas company incorporated in Venezuela that can enter into contracts and is managed by a board of directors. (Pl. Opp. 56.1 ¶¶ 3-5, 7-10). Plaintiff PDVSA Petróleo, another entity incorporated in Venezuela, is a wholly owned subsidiary of PDVSA. (*Id.* ¶¶ 13-14). Plaintiff PDVH, also a wholly owned subsidiary of PDVSA, is incorporated in Delaware and has its principal place of business in Houston, Texas. (*Id.* ¶¶ 15-16). PDVH owns CITGO, another Delaware corporation that is based in Houston, whose subsidiary CITGO Petroleum owns and operates three large refineries in the United States. (*Id.* ¶¶ 20-26).

Defendant MUFG is a U.S. national banking association with offices in New York, New York, and it is the trustee for the 2020 Notes. (Def. Opp. 56.1 ¶¶ 19-20). Defendant GLAS is a New York limited liability company with offices in New York New York, and it is the collateral agent for the 2020 Notes. (*Id.* ¶¶ 27-28; Pl. Opp. 56.1 ¶¶ 32-33).

### 2. Relevant Venezuelan Constitutional Provisions

This Opinion focuses heavily on interpreting and applying several provisions of the 1999 Constitution of the Republic of Venezuela, including in particular Articles 150, 187(9), and 335. (*See* Bliss Decl., Ex. 4 (the "Venezuelan Constitution" or "Venezuelan Const.")). Although they are quoted

throughout the Opinion, the Court collects the three provisions here. Article 150 of the Venezuelan Constitution provides:

> The execution of national public interest contracts shall require the approval of the National Assembly in those cases in which such requirement is determined by law. No municipal, state[,] or national public interest contract shall be executed with foreign States or official entities, or with companies not domiciled in Venezuela, or shall be transferred to any of them without the approval of the National Assembly.

Venezuelan Const., art. 150. Section 9 of Article 187 of the Venezuelan Constitution provides:

> It is the role of the National Assembly to: ... Authorize the National Executive to enter into contracts of national interest, in the cases established by law. Authorize contracts of municipal, state[,] and national public interest, with States or official foreign entities or with companies not domiciled in Venezuela.

*Id.*, art. 187(9). And Article 335 of the Venezuelan Constitution provides:

> The Supreme Court of Justice shall ensure the supremacy and effectiveness of constitutional rules and principles; it will be the ultimate and last interpreter of this Constitution and will ensure its uniform interpretation and application. The interpretations established by the Constitutional Chamber on the content or scope of constitutional rules and principles are binding on the other Chambers of the Supreme Court of Justice and other courts of the Republic.

*Id.*, art. 335. Other provisions of the Venezuelan Constitution, as well as certain Venezuelan statutes, are discussed as appropriate throughout this Opinion.

### 3. The Exchange Offer

In April 2007, October 2010, and January 2011, PDVSA issued $9.15 billion in notes scheduled to come due in 2017 (the "2017 Notes"). (Pl. Opp. 56.1 ¶¶ 39, 41). As of September 16, 2016, the 2017 Notes had an aggregate outstanding principal balance of $7.1 billion, plus $506 million in interest payments due at various times in 2016 and 2017. (*Id.* ¶¶ 64-65). During the relevant portion of 2016, Nicolás Maduro was the recognized President of Venezuela. (*Id.* ¶ 66). After a coalition of opposition parties won control of Venezuela's National Assembly in December 2015 (*id.* ¶ 72), on May 26, 2016, the National Assembly passed a resolution (the "May 2016 Resolution") (Def. Opp. 56.1 ¶ 60; Bliss Decl., Ex. 13), which states in relevant part:

> (i) "[i]n relation to contracts of national … public interest concluded by and between the National Executive and … companies not domiciled in Venezuela, the Constitution categorically mandates, without exception, the approval of the National Assembly";
>
> (ii) "[t]he control mechanisms of the National Assembly on the contracts of public interest concluded by the National Executive include its approval, as a condition of the validity of the contract"; and
>
> (iii) this "responsibility of the National Assembly … cannot be waived, transferred, [or] extended[,] and it cannot be relaxed by conventions, decrees[,] or other legal acts"

(Def. Opp. 56.1 ¶ 61). The May 2016 Resolution also "warne[d] that any activity carried out by an organ that usurps the constitutional functions of another public authority is null and void and shall be considered non-existent," and "remind[ed] that the contracts of national … public interest concluded by and between the National Executive and … companies not domiciled in

Venezuela, without the approval of the National Assembly; as well as other contracts of national public interest that it signs without this approval outside of the cases excepted by law, shall be null and void in their entirety." (*Id.* ¶ 62).

On September 16, 2016, the bond swap transaction known as the Exchange Offer was announced. (*See* Pl. Opp. 56.1 ¶ 64). Under the Exchange Offer, holders of the 2017 Notes could tender their Notes in exchange for a certain amount of 2020 Notes. (*Id.* ¶¶ 116-118). The 2020 Notes were secured by PDVH's pledge of 50.1% of the equity in CITGO, as memorialized in the Pledge Agreement executed among PDVH, as pledgor; PDVSA, as issuer; PDVSA Petróleo, as guarantor; GLAS, as collateral agent; and MUFG, as trustee. (*Id.* ¶¶ 115, 168). The collateral is held as a physical stock certificate by GLAS in a vault in New York. (*Id.* ¶ 176). PDVSA (the issuer) and PDVSA Petróleo (the guarantor) are based in Venezuela, while all other parties to the Exchange Offer are based in the United States. (*Id.* ¶¶ 3-4, 13-16, 31-32; Def. Opp. 56.1 ¶ 19). The paying agent, transfer agent, and registrar for the Indenture component of the Governing Documents is based in New York, and so is the depository for the Indenture. (Pl. Opp. 56.1 ¶¶ 188-189, 191). The 2020 Notes were deposited in New York; 2017 Note holders were required to tender their Notes through New York; and the 2020 Notes were registered in the name of a New York general partnership. (*Id.* ¶¶ 188-194).

On September 27, 2016, the National Assembly passed a resolution (the "September 2016 Resolution") observing that the Exchange Offer required PDVSA to "offer 50.1% of its position in the subsidiary company [CITGO] as

Case 1:19-cv-10023-KPF Document 434 Filed 10/28/25 Page 9 of 89

collateral," and stating that "Article 187 of the Constitution empowers the National Assembly to exercise control functions … , with the power to obtain information about the financial statements and details of any transition that commits PDVSA's assets as collateral." (Def. Opp. 56.1 ¶¶ 63-64; First Clark Decl., Ex. 44). The Resolution also announced that the National Assembly "reject[ed] categorically that, within the swap transaction, 50.1% of the shares comprising the capital stock of CITGO … are offered as a guarantee with priority, or that a guarantee is constituted over any other property of the Nation," and "urge[d] the Public Ministry to open an investigation to determine if the current transaction protects the National Property, in accordance with article[ ] 187, section 9 … of the Constitution." (*Id.* ¶ 65).

After the Exchange Offer expired on October 21, 2016, holders representing 39.43% of the aggregate principal amount outstanding under the 2017 Notes had accepted the Offer. (Pl. Opp. 56.1 ¶ 164). The Governing Documents were executed on October 27, 2016, and October 28, 2016, and the 2020 Notes were issued on October 28, 2016. (*Id.* ¶¶ 165, 167-168).

**4. Events Following the Exchange Offer**

PDVSA made required payments on the 2020 Notes in 2017, 2018, and part of 2019. (Pl. Opp. 56.1 ¶¶ 214, 216). But things changed following the re-election of Nicolás Maduro in an election that the United States called neither free nor fair, and which led to the National Assembly's declaration of its president, Juan Guaidó, as Interim President of Venezuela. (Def. Opp. 56.1 ¶¶ 116-117). On January 23, 2019, President Trump declared the Maduro

regime illegitimate, recognized Mr. Guaidó as the Interim President of Venezuela, and recognized the National Assembly as the "only legitimate branch of government duly elected by the Venezuelan people." (*Id.* ¶ 118). On February 5, 2019, enabled by the National Assembly, Mr. Guaidó appointed a new, *ad hoc* board of directors for PDVSA, which in turn appointed new boards for PDVSA Petróleo and PDVH. (*Id.* ¶¶ 15-16, 18).

On October 15, 2019, the National Assembly passed another resolution (the "October 2019 Resolution"). (Def. Opp. 56.1 ¶ 69; First Clark Decl., Ex. 50). The October 2019 Resolution states that the National Assembly had, in the September 2016 Resolution, "rejected the collateral of 50.1% of the shares in [CITGO]" (Def. Opp. 56.1 ¶ 69); it further notes that, "following the investigations conducted in coordination with the Office of the Special Prosecutor, it was concluded that the 2020 Bond indenture is a national public contract that should have been authorized by the National Assembly, in accordance with Article 150 of the Constitution" (*id.* ¶ 70), and "that the 2020 Bond indenture violated Article 150 of the Constitution of the Bolivarian Republic of Venezuela, since it concerned a national interest public contract, executed with foreign companies, which was not authorized by the National Assembly" (*id.* ¶ 71).

On October 27, 2019, PDVSA defaulted when it failed to make its scheduled principal and interest payments. (Pl. Opp. 56.1 ¶¶ 259-262). If the Governing Documents are valid and enforceable, Defendants may be able to

exercise their right to the sale or purchase of 50.1% of equity in CITGO. (*Id.* ¶ 268).

#### 5. Events Since *PDVSA I*

Since January 5, 2019, the United States has in some form or another recognized the 2015 National Assembly as the government of Venezuela. (Def. Supp. Opp. 56.1 ¶ 6; 2025 SOI 1). In December 2020, legislative elections were held for the National Assembly, but these elections were viewed by the 2015 National Assembly as a "sham." (Pl. Supp. Opp. 56.1 ¶¶ 568-569). Maduro-aligned legislators claimed victory, and the United States also denounced these elections as a sham. (*Id.* ¶¶ 570-571). In January 2022, the United States declared its continued recognition of the 2015 National Assembly as the "last remaining democratic institution" in Venezuela. (*Id.* ¶ 577). It did so again in January 2023. (*Id.* ¶ 579). Mr. Maduro was re-elected president in July 2024 in a disputed election that international observers have said did not meet international standards. (Def. Supp. Opp. 56.1 ¶¶ 8-10). The United States has recognized opposition candidate Edmundo González Urrutia as the legitimate winner of the July 2024 election. (*Id.* ¶ 12; 2025 SOI 2).

### B. Procedural Background

#### 1. The *PDVSA I* Decision and Its Appeal

The Court incorporates by reference the procedural background set forth in its *PDVSA I* decision, which was issued on October 16, 2020. (Dkt. #215). *See* 495 F. Supp. 3d at 267-69. In *PDVSA I*, the Court granted in part and denied in part Defendants' motion for summary judgment; denied Plaintiffs'

cross-motion for summary judgment; and granted Defendants' motion to exclude the expert testimony and reports of David Hinman. *Id.* at 293. More specifically, the Court

> declare[d] that the 2020 Notes and the Governing Documents are valid and enforceable; that a default has occurred under the terms of the Indenture; that Defendants are permitted to exercise the remedies for default set forth in the Indenture and the Pledge Agreement; that MUFG, as trustee, is entitled to direct GLAS to sell the collateral securing the 2020 Notes; and that GLAS is entitled to so sell.

*Id.* The Court also found that MUFG was entitled to a judgment in the amount of $1,683,764,500, plus interest, and that Plaintiffs PDVSA and PDVSA Petróleo were liable for fees, disbursements, and expenses, including reasonable attorneys' fees, in an amount to be determined later. *Id.* In so concluding, the Court determined that the act of state doctrine did not apply, *id.* at 270-83, and that New York law, rather than Venezuelan law, governed the Court's analysis of the parties' claims under Section 8-110 of New York's Uniform Commercial Code, which provides that the "local law of the issuer's jurisdiction … governs … the validity of a security," *id.* at 283-91 (quoting N.Y. U.C.C. § 8-110(a)(1)).

Plaintiffs filed a protective notice of appeal on November 12, 2020. (Dkt. #217). The Court entered a protective order on November 24, 2020. (Dkt. #219). Defendants moved for entry of judgment on November 30, 2020. (Dkt. #222-227). Final Judgment was entered on December 1, 2020. (Dkt. #228, 229). On December 8, 2020, the Court deferred consideration of any fee

petition pending the outcome of Plaintiffs' appeal. (Dkt. #231). Plaintiffs filed a notice of appeal from the judgment on December 11, 2020. (Dkt. #232).

On December 11, 2020, Plaintiff PDVH moved for a partial stay of the execution of enforcement of the Court's December 1, 2020 Final Judgment during the pendency of the appeal. (Dkt. #233-235). The Court directed the parties to submit briefing on an expedited timeline. (Dkt. #236). Accordingly, Defendants filed their opposition papers on December 18, 2020 (Dkt. #237-238), and Plaintiff PDVH filed its reply brief on December 22, 2020 (Dkt. #239). On December 29, 2020, the Court granted PDVH's motion; in so doing, the Court stayed execution through the issuance of a mandate. (Dkt. #241).

Two and a half years later, on June 28, 2023, Defendants moved for an order modifying the partial stay of execution of enforcement. (Dkt. #252-255). On June 30, 2023, the Court granted Plaintiff PDVH's request for additional time to respond to Defendants' motion. (Dkt. #256, 259).[2] The Court granted another such request on July 18, 2023. (Dkt. #265, 266). On August 16, 2023, Plaintiff PDVH filed a memorandum of law and other supporting documents in opposition to Defendants' motion for an order modifying the partial stay. (Dkt. #273-275). After the Court granted requests for an extension of the filing deadline and for leave to file excess pages (Dkt. #276-279), Defendants filed a reply brief along with supporting documents on September 8, 2023 (Dkt. #280-281).

[2] On July 5, 2023, a third party, VR Global Partners, L.P., moved to have the Court accept another matter as related. (Dkt. #260-261). The Court denied this request on July 6, 2023. (Dkt. #262).

On September 19, 2023, Defendants filed a letter regarding an investor presentation in further support of their motion to modify the partial stay. (Dkt. #282). On September 21, 2023, PDVH filed a letter in response, maintaining its opposition to the motion to modify the partial stay. (Dkt. #283-284). The parties continued to discuss the relevance of this investor presentation and the motion to modify the partial stay in letters filed between September 29, 2023, and December 12, 2023, on which date the parties asked the Court to refrain from deciding the motion while they discussed a possible resolution. (Dkt. #292-300). On May 9, 2024, Defendants requested that the Court rule on the motion and modify the stay order. (Dkt. #303). On May 14, 2024, Plaintiffs filed a letter in opposition. (Dkt. #304). The parties' back-and-forth continued in subsequent letters filed over the course of several weeks. (Dkt. #305-308).

On July 3, 2024, the Second Circuit issued a decision vacating this Court's judgment and remanding for further consideration. (Dkt. #309). *Petróleos De Venezuela S.A.* v. *MUFG Union Bank, N.A.*, 106 F.4th 263 (2d Cir. 2024) ("*PDVSA IV*"). *PDVSA IV* followed the Second Circuit's decision to certify questions of New York law to the New York Court of Appeals, the Court of Appeals' acceptance of the certification, and its responsive decision. Given the significance of these other decisions to this Court's analysis, the Court summarizes them in the next section.

**2. The Certification to the New York Court of Appeals**

On October 13, 2022, the Second Circuit decided to defer decision on Plaintiffs' appeal and certify questions of New York law to the New York Court

of Appeals. *Petróleos de Venezuela S.A.* v. *MUFG Union Bank, N.A.*, 51 F.4th 456, 474-75 (2d Cir. 2022) ("*PDVSA II*"). Specifically, the Second Circuit in *PDVSA II* certified the following three questions to the Court of Appeals:

> 1. Given PDVSA's argument that the Governing Documents are invalid and unenforceable for lack of approval by the National Assembly, does New York Uniform Commercial Code section 8-110(a)(1) require that the validity of the Governing Documents be determined under the Law of Venezuela, "the local law of the issuer's jurisdiction"?
>
> 2. Does any principle of New York common law require that a New York court apply Venezuelan substantive law rather than New York substantive law in determining the validity of the Governing Documents?
>
> 3. Are the Governing Documents valid under New York law, notwithstanding the PDV Entities' arguments regarding Venezuelan law?

*Id.* at 475-76. The Court of Appeals accepted certification on November 22, 2022. *Petróleos de Venezuela S.A.* v. *MUFG Union Bank, N.A.*, 39 N.Y.3d 960 (2022).

On February 20, 2024, the Court of Appeals answered the first certified question, which obviated the need to answer the second and third questions. *See Petróleos de Venezuela S.A.* v. *MUFG Union Bank, N.A.*, 41 N.Y.3d 462, 473-74 (2024) ("*PDVSA III*"). It began by reformulating the first question to the following effect:

> Given the presence of New York choice-of-law clauses in the Governing Documents, does UCC 8-110(a)(1), which provides that the validity of securities is determined by the local law of the issuer's jurisdiction, require the application of Venezuela's law to determine whether the

> 2020 Notes are invalid due to a defect in the process by which the securities were issued?

*Id.* at 473. The Court of Appeals answered in the affirmative, finding in particular that

> [m]atters going to the "validity of [the] security" at issue here, that is the 2020 Notes, are governed by the law of Venezuela — i.e., "the local law of the issuer's jurisdiction" under UCC 8-110(a)(1). Plaintiffs' argument that the 2020 Notes are invalid — because their issuance contravened constitutional provisions requiring National Assembly approval to issue the securities — falls within the scope of "validity" as that term is used in UCC 8-110.

*Id.* at 473-74 (second alteration in original).

The Court of Appeals emphasized that "it is important to distinguish carefully between the validity of a security issued by a Venezuelan entity, which is governed by Venezuelan law, and all other issues that remain governed by New York law." *PDVSA III*, 41 N.Y.3d at 476. In this context, "'validity' under UCC 8-110 is a limited term that bears only on the process by which a security is properly issued." *Id.* The Court concluded that "determining whether the securities issued by these Venezuelan entities are valid requires analysis of Article 150 and related provisions of the Venezuelan Constitution." *Id.* at 477. Under UCC § 8-110, these provisions of the Venezuelan Constitution are relevant to answering the narrow question "whether a security issued by a foreign entity is valid when issued." *Id.* at 482.

### 3. The Proceedings on Remand

In light of the Court of Appeals' decision that Venezuelan law governed the validity of the 2020 Notes and the Governing Documents, on July 3, 2024, the Second Circuit remanded the case back to this Court for further consideration. The Second Circuit noted that determinations of foreign law "frequently call for fact-like procedures that a district court is better situated to implement." *PDVSA IV*, 106 F.4th at 269 (quoting *Bugliotti* v. *Republic of Argentina*, 952 F.3d 410, 414 (2d Cir. 2020) ("*Bugliotti I*")). Remand was appropriate given that this Court had already received briefing on the Venezuelan law issues, solicited the views of the United States, and heard oral argument on Venezuelan law. *Id.* The Second Circuit emphasized the Court's "broad flexibility" on remand to order supplemental briefing. *Id.* at 270.

Following remand, on July 15 and 18, 2024, the parties filed competing letters regarding how the Court should proceed. (Dkt. #310, 311). On July 19, 2024, the Court denied as moot Defendants' motion for an order modifying the partial stay of execution of enforcement (*see* Dkt. #252), and ordered the parties to meet and confer and file a joint proposal regarding next steps (Dkt. #312).

After the Court granted two extension requests (Dkt. #314-315, 317-318), the parties filed a letter on August 16, 2024, containing a joint proposal, as well as the parties' respective positions (Dkt. #319). On August 20, 2024, the Court adopted the parties' joint proposal on supplemental briefing. (Dkt. #320). The parties proposed to file simultaneous supplemental briefs and

response briefs addressing (i) whether the issuance of the 2020 Notes and the associated guaranty and pledge of collateral were valid under Venezuelan law; (ii) the act of state doctrine in the Second Circuit; and (iii) any relevant factual or legal developments since September 2020. (Dkt. #319 at 2). The parties also agreed that all other issues, including the effect of any invalidity of the Governing Documents under New York law, and the counterclaims asserted by Defendants, would be deferred until a later stage of this proceeding. (*Id.*). In adopting the parties' joint proposal, the Court set a briefing schedule and directed the parties to provide expert declarations in connection with their supplemental briefing. (Dkt. #320).

On January 15, 2025, the Republic moved for leave to file an *amicus curiae* brief. (Dkt. #326). The Court granted this request on January 16, 2025. (Dkt. #327).

On January 17, 2025, Defendants filed their opening supplemental submissions, including a supplemental Local Rule 56.1 Statement (Dkt. #333); the Declaration of Christopher J. Clark and the exhibits attached thereto (Dkt. #334); the Declaration of Professor Doe (Dkt. #335); the Declaration of Dr. Roe and the exhibits attached thereto (Dkt. #336); and Defendants' supplemental memorandum of law in further support of Defendants' motion for summary judgment (Dkt. #337). Also on January 17, 2025, Plaintiffs filed a supplemental Local Rule 56.1 Statement (Dkt. #338); the Declaration of Kristin Bender and the exhibits attached thereto (Dkt. #339); the Declaration of Professor Allan R. Brewer-Carías (Dkt. #340); the Declaration of Freddy

Guevara (Dkt. #341); the Declaration of Professor José Araujo-Juárez (Dkt. #342) and his report (Dkt. #342-1); and Plaintiffs' supplemental memorandum of law in support of their motion for summary judgment (Dkt. #343). On January 22, 2025, Plaintiffs filed a corrected version of their supplemental brief (Dkt. #346) and a notice of non-substantive corrections made to it (Dkt. #345). Also on January 22, 2025, Defendants filed a partially redacted version of their supplemental brief (Dkt. #347); a partially redacted version of Dr. Roe's Declaration (Dkt. #348); and the Declaration of James L. Ferguson and the exhibits attached thereto (Dkt. #349).

On February 28, 2025, Plaintiffs filed letter motion to compel Defendants to publicly disclose the name of their new expert. (Dkt. #351). Defendants opposed this request in a letter filed on March 5, 2025. (Dkt. #354). On March 6, 2025, the Court denied Plaintiffs' motion, finding that Defendants had shown that redacting their new expert's name served an interest in the safety of the expert and the expert's family. (Dkt. #355).

On March 12, 2025, Plaintiffs' expert Professor Araujo filed a supplemental declaration. (Dkt. #358). On March 18, 2025, Defendants filed a response to Plaintiffs' supplemental Rule 56.1 statement (Dkt. #360); the Declaration of Dr. Roe in reply (Dkt. #361); a partially redacted version of the same, with exhibits attached thereto (Dkt. #362); and Defendants' memorandum of law in response to Plaintiffs' supplemental memorandum of law (Dkt. #363). Also on March 18, 2025, Plaintiffs filed a counter-statement in response to Defendants' supplemental Rule 56.1 statement (Dkt. #364); the

Declaration of Professor Araujo in reply (Dkt. #365), as well as his rebuttal expert report (Dkt. #365-1); the Declaration of Professor Brewer in rebuttal (Dkt. #366); and Plaintiffs' memorandum of law in response to Defendants' supplemental memorandum of law (Dkt. #367). On March 19 and 20, 2025, Plaintiffs submitted two additional Declarations of James L. Ferguson, with exhibits attached thereto. (Dkt. #368, 370). On March 21, 2025, Plaintiffs filed partially redacted versions of the rebuttal submissions of Professors Araujo and Brewer, as well as a partially redacted version of their supplemental response brief. (Dkt. #371-373).

On March 31, 2025, Plaintiffs filed a letter seeking expedited consideration of and decision on the parties' cross-motions for summary judgment in light of developments in the related *Crystallex* case in the United States District Court for the District of Delaware. (Dkt. #376). On April 3, 2025, Defendants filed a letter opposing this request. (Dkt. #377). The Court denied Plaintiffs' request on April 4, 2025. (Dkt. #378). On June 24, 2025, Defendants filed a letter seeking a conference to address developments in the *Crystallex* matter and, if necessary, to set a schedule for a motion for a preliminary injunction. (Dkt. #380). The next day, Plaintiffs filed a letter opposing this request and urging instead that the Court decide the pending summary judgment motions expeditiously. (Dkt. #381). On June 30, 2025, the Court granted Defendants' request for a conference and scheduled a telephonic conference for July 10, 2025. (Dkt. #383). In advance of this conference, Defendants and Plaintiffs submitted letters detailing their

Case 1:19-cv-10023-KPF Document 437 Filed 09/10/25 Page 21 of 89

respective positions on the need for and scope of preliminary injunctive relief. (Dkt. #384, 386).

The conference on the *Crystallex* litigation was held on July 10, 2025. (July 10, 2025 Minute Entry). Having received the parties' consent to speak with the Honorable Leonard P. Stark, the judge presiding over that litigation, the Court spoke with Judge Stark by telephone on July 12, 2025, and on July 17, 2025, the Court denied without prejudice Defendants' request to schedule briefing on a preliminary injunction motion. (Dkt. #390). The Court concluded that it was unnecessary to schedule briefing for such a motion because it was not clear that the decisions of this Court and Judge Stark would be issued on conflicting time frames. (*Id.*). In addition, the Court ordered the Government (which did not attend the July 10, 2025 conference) to file a letter stating its position on the pending cross-motions for summary judgment on or before July 31, 2025. (*Id.*).

On July 28, 2025, the Government filed a letter seeking additional time to file either (i) a statement of interest expressing the position of the United States on the pending-cross motions or (ii) a letter advising the Court that it did not intend to file such a statement of interest. (Dkt. #391). The Government noted that it had previously filed a statement of interest in this matter. (*Id.* (citing 2020 SOI)). On July 28, 2025, the Court granted in part this request, allowing the Government until August 29, 2025, to file its statement of interest or letter indicating that it would not be filing such a statement. (Dkt. #392). On August 29, 2025, the Government filed a

Statement of Interest (Dkt. #393), along with a letter from Ambassador Michael G. Kozak, Senior Bureau Official in the Bureau of Western Hemisphere Affairs in the U.S. Department of State (Dkt. #393-1).

On September 5, 2025, Defendants filed a letter regarding developments in the *Crystallex* litigation and implying that a decision on the pending cross-motions for summary judgment might not be necessary. (Dkt. #394). On September 8, 2025, Plaintiffs filed a letter in response, urging the Court to issue its decision by the end of September 2025, as the Court had previously indicated it would do. (Dkt. #395). On September 9, 2025, the Court advised the parties that it intended to issue its decision by the end of September 2025 and would take no further action. (Dkt. #396).

## DISCUSSION

### A. Applicable Law

#### 1. Summary Judgment Under Fed. R. Civ. P. 56

To succeed on a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a), the movant must "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322-23 (1986). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno* v. *Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citing *SCR Joint Venture L.P.* v. *Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)). And a fact is "material" if it "might affect the outcome of the suit under

the governing law." *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Jeffreys* v. *City of New York*, 426 F.3d 549, 553 (2d Cir. 2005).

When considering whether the movant has met its burden to "show that no genuine factual dispute exists," a court "must resolve all ambiguities and draw all reasonable inferences in the non-movant's favor." *Vt. Teddy Bear Co.* v. *1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). That said, the non-movant "may not rely on unsupported assertions, conjecture[,] or surmise" to manufacture factual disputes. *Balderramo* v. *Go N.Y. Tours Inc.*, 668 F. Supp. 3d 207, 219 (S.D.N.Y. 2023) (citing *Goenaga* v. *March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995)). Rather, to defeat a motion for summary judgment, "the non-moving party must set forth significant, probative evidence on which a reasonable fact-finder could decide in its favor." *Senno*, 812 F. Supp. 2d at 467-68 (citing *Anderson*, 477 U.S. at 256-57).

**2. Determining Foreign Law Under Fed. R. Civ. P. 44.1**

Courts may consider a wide array of materials when determining issues of foreign law. According to Federal Rule of Civil Procedure 44.1:

> In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination must be treated as a ruling on a question of law.

Fed. R. Civ. P. 44.1. "Adopted in 1966, the Rule 'fundamentally changed the mode of determining foreign law in federal courts' from a common-law regime that treated the meaning of foreign law as a question of fact." *Bugliotti I*, 952 F.3d at 413 (quoting *Animal Sci. Prods., Inc.* v. *Hebei Welcome Pharm. Co. Ltd.*,

585 U.S. 33, 42 (2018)). "At the same time, however, Rule 44.1 preserves a district court's freedom to employ fact-like procedures" that "sometimes may be required to adjudicate foreign legal questions." *Id.* Because determining foreign law "frequently call[s] for fact-like procedures that a district court is better situated to implement, considerations of judicial economy will occasionally lead [the Second Circuit] to remand rather than review a foreign legal question with which the district court did not, or did not fully, engage." *Id.* at 414. Indeed, that is why the Second Circuit remanded the question of Venezuelan law at issue here. *See PDVSA IV*, 106 F.4th at 269 (remanding in part because this Court received "excellent briefing and analysis from the parties and their respective experts on the intricacies of Venezuelan law" (quoting *PDVSA I*, 495 F. Supp. 3d at 292)).

District courts are "not limited to the materials submitted by the parties" and "should 'invoke the flexible provisions of Rule 44.1' [to] avoid a determination that rests 'simply on the basis of an inadequate submission by one party.'" *Bugliotti I*, 952 F.3d at 414 (quoting *Curley* v. *AMR Corp.*, 153 F.3d 5, 13 (2d Cir. 1998)). "The district court's task, in other words, is to arrive at an independent interpretation of the governing [foreign] law, aided by the most persuasive (or, as the case may be, authoritative) materials available to it." *Id.* Courts may rely on decisions of foreign courts, which "may be preferable to any of the materials proffered." *Id.* Indeed, when determining foreign law, courts frequently evaluate the text of foreign case law and statutes in connection with the submissions of the experts on foreign law proffered by the litigants. *See,*

*e.g.*, *Bugliotti* v. *Republic of Argentina*, No. 17 Civ. 9934 (LAP), 2021 WL 1225971, at *8 (S.D.N.Y. Mar. 31, 2021) ("*Bugliotti II*") (evaluating proffered experts' views on Argentine Supreme Court cases), *aff'd*, 67 F.4th 102 (2d Cir. 2023). But, as courts are not bound by the testimony of foreign law experts, they are free to "place[ ] little or no credence in their opinions when not supported adequately or when the views were offered in too partisan a fashion." 9A Wright & Miller's Federal Practice and Procedure § 2444 (3d ed. 2008). *See, e.g.*, *Wamai* v. *Indus. Bank of Korea*, No. 21-1956-cv, 2023 WL 2395675, at *3 (2d Cir. Mar. 8, 2023) (summary order) (finding that the "district court made no error of law in assessing Korea's treatment of sovereign immunity" where, though the Korean courts were split on the relevant issue, the district court "correctly evaluated the competing expert declarations and found" the defendant's proffered experts more convincing), *cert. denied*, 144 S. Ct. 552 (2024).

**3. Law of the Case**

"Under the law-of-the-case doctrine, 'a decision on an issue of law becomes binding precedent in subsequent stages of the same litigation.'" *Absolute Resols. Invs., LLC* v. *Citibank, N.A.*, No. 22 Civ. 2079 (VM), 2024 WL 325110, at *10 (S.D.N.Y. Jan. 29, 2024) (quoting *Weslowski* v. *Zugibe*, 96 F. Supp. 3d 308, 316-17 (S.D.N.Y. 2015)). The doctrine effectively "forecloses re-litigation of issues expressly or impliedly decided by the [ ] court." *In re Shanda Games Ltd. Sec. Litig.*, No. 18 Civ. 2463 (ALC), 2022 WL 992794, at *3 (S.D.N.Y. Mar. 31, 2022) (alteration in original) (quoting *United States* v. *Quintieri*, 306

F.3d 1217, 1229 (2d Cir. 2002)), *aff'd in part, vacated in part, and remanded on other grounds*, 128 F.4th 26 (2d Cir. 2025). The law of the case doctrine is discretionary and generally "counsels a court against revisiting its prior rulings in subsequent stages of the same case absent cogent and compelling reasons." *In re Peters*, 642 F.3d 381, 386 (2d Cir. 2011) (internal quotation marks omitted) (citing *Ali* v. *Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008)).

Reasons to "depart from the law of the case and reconsider [an] issue" may include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Gulino* v. *Bd. of Educ. of N.Y.C. Sch. Dist. of City of N.Y.*, 555 F. App'x 37, 40 (2d Cir. 2014) (summary order) (internal quotation marks omitted) (quoting *Quintieri*, 306 F.3d at 1230 (quoting *United States* v. *Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000))). But, in general, "court[s] [are] 'loath[ ] to revisit an earlier decision in the absence of extraordinary circumstances.'" *Perlman* v. *Gen. Elec.*, No. 22 Civ. 9823 (PAE), 2024 WL 664968, at *5 (S.D.N.Y. Feb. 16, 2024) (quoting *N. River Ins. Co.* v. *Phila. Reinsurance Corp.*, 63 F.3d 160, 165 (2d Cir. 1995)), *aff'd*, No. 24-514-cv, 2024 WL 4635235 (2d Cir. Oct. 31, 2024) (summary order).

### B. The 2020 Notes and the Governing Documents Are Valid Under Venezuelan Law

Following the determination of the New York Court of Appeals that "[m]atters going to the validity of [the] security at issue here, that is the 2020 Notes, are governed by the law of Venezuela," *PDVSA III*, 41 N.Y.3d at 473 (second alteration in original) (internal quotation marks omitted), the Second

Circuit vacated this Court's *PDVSA I* judgment and remanded so that the Court could "in the first instance, determine whether the 2020 Notes and associated instruments were issued in violation of the Venezuelan Constitution and are thus invalid," *PDVSA IV*, 106 F.4th at 268. The parties then jointly proposed that this Court address whether the 2020 Notes and the Governing Documents were validly issued under Venezuelan law, as well as the continuing vitality of the Court's act of state doctrine analysis, while deferring until a later stage of this proceeding issues including "the effect under New York law of any alleged invalidity of the Governing Documents under Venezuelan law" and Defendants' counterclaims. (Dkt. #319 at 2). For the reasons discussed in the remainder of this section, the Court finds that the 2020 Notes and the associated Governing Documents were validly issued under Venezuelan law.[3]

[3] At the outset, the Court rejects Defendants' alternative argument that Venezuelan law itself permits the application of the New York law to which the parties agreed. (*Cf.* Def. Supp. Br. 28-29). Defendants maintain that, "as defined by the U.C.C., the 'local law of the issuer's jurisdiction' is not necessarily the *substantive* law of that jurisdiction." (*Id.* at 29 (quoting N.Y. U.C.C. § 8-110(d))). "Rather, 'if permitted by the law of that jurisdiction,' the local law of the issuer's jurisdiction may be 'the law of another jurisdiction specified by the issuer.'" (*Id.* (quoting N.Y. U.C.C. § 8-110(d))). In other words, according to Defendants, "Venezuelan law itself permits the application of the New York law to which the parties agreed." (*Id.* (citing Doe Rep. ¶¶ 40-42; Roe Decl. ¶¶ 162-170)). To be sure, Defendants would benefit if the Court could find that, because the Governing Documents were valid under New York law, they were also valid under Venezuelan law, given that the Court previously held that the Governing Documents were valid and enforceable under New York law. *PDVSA I*, 495 F. Supp. 3d at 291. However, such a finding would contravene the Second Circuit's directive that this Court "determine whether the 2020 Notes and associated instruments were issued *in violation of the Venezuelan Constitution and are thus invalid*." *PDVSA IV*, 106 F.4th at 268 (emphasis added). Moreover, in making this argument, Defendants maintain that disputes relating to contracts of national public interest may be decided by a foreign court under Article 151 of the Venezuelan Constitution, which — by Defendants' expert's own admission — is inapplicable because it only applies to national public interest contracts, which the Governing Documents are not. (Roe Decl. ¶¶ 164-167).

### 1. The Constitutional Chamber in *Andrés Velásquez* Set Forth a Binding Interpretation of the Venezuelan Constitution

Plaintiffs maintain that, because Venezuela is a civil law country, the Constitutional Chamber's decisions only have precedential weight when the Chamber expressly invokes its interpretive authority under Article 335 of the Venezuelan Constitution; otherwise, a Constitutional Chamber decision is but one of several authorities. (Pl. Supp. Br. 10-11). This position is particularly important to Plaintiffs because they further maintain that the Constitutional Chamber in the key case of *Andrés Velásquez* did not expressly invoke its Article 335 interpretive authority, and, in consequence, did not establish binding precedent. (*Id.* at 11).[4]

Before discussing what the Constitutional Chamber decided in *Andrés Velásquez*, and how the decision applies to the questions of Venezuelan law before the Court, the Court considers the antecedent issue of what level of authority it must accord a decision of the Constitutional Chamber — and, specifically, *Andrés Velásquez*. Ultimately, the Court finds that, because the Constitutional Chamber was proceeding under its Article 335 authority to establish binding interpretations of the Venezuelan Constitution in *Andrés*

---

[4] Plaintiffs also dispute what precisely the Constitutional Chamber decided in *Andrés Velásquez*, and whether subsequent decisions and National Assembly resolutions contradict Defendants' reading of *Andrés Velásquez*. (Pl. Supp. Br. 11-16). As discussed later in this Opinion, after evaluating the text of the Venezuelan Constitution and the *Andrés Velásquez* decision, as well as the submissions of the parties' Venezuelan law experts, the Court finds that the Constitutional Chamber in *Andrés Velásquez* established a binding interpretation of Articles 150 and 187(9) of the Venezuelan Constitution that has not been modified by subsequent actions. Specifically, in *Andrés Velásquez*, the Constitutional Chamber established that, for a contract to be considered a "national public interest contract" within the meaning of these two articles, the Republic itself must be a party to the contract.

*Velásquez*, its interpretation of Articles 150 and 187(9) is authoritative under Venezuelan law.

*First*, Plaintiffs generally argue that because Venezuela is a civil law jurisdiction, judicial decisions are not binding and have only persuasive authority. (Pl. Supp. Br. 10, 15-16). It is true that, in civil law jurisdictions, judicial decisions are generally not considered binding authority. *See, e.g.*, *Fin. One Pub. Co. Ltd.* v. *Lehman Bros. Spec. Fin., Inc.*, 414 F.3d 325, 343 (2d Cir. 2005) (describing Thailand as "a civil-law jurisdiction where judicial decisions in general are of only persuasive and not binding authority"); *Curley*, 153 F.3d at 14 (noting that the "primary source[s] of law" in a civil jurisdiction (specifically, Mexico) are not "precedent cases," but "the text of the constitution, civil code[,] and statutory provisions"). Indeed, Defendants' expert Dr. Roe agrees that, in civil law systems such as Venezuela's, "judicial decisions are not an authoritative, binding source of law with general (*erga omnes*) effects," and that, "in subsequent cases they are persuasive authority at most." (Roe Decl. ¶ 29).

But Article 335 of the Venezuelan Constitution embodies an "important exception" to this general rule: The Constitutional Chamber of the Venezuelan Supreme Tribunal of Justice can establish binding interpretations of the Venezuelan Constitution. (Roe Decl. ¶ 30). Article 335 provides that:

> The Supreme Court of Justice shall ensure the supremacy and effectiveness of constitutional rules and principles; it will be the ultimate and last interpreter of this Constitution and will ensure its uniform interpretation and application. The interpretations

> established by the Constitutional Chamber on the content or scope of constitutional rules and principles are binding on the other Chambers of the Supreme Court of Justice and other courts of the Republic.

Venezuelan Const., art. 335.

Plaintiffs' experts maintain that a Constitutional Chamber decision is only binding when the Chamber formally and explicitly invokes Article 335. (*See* Brewer Rep. ¶¶ 110-111; Brewer Rebuttal Rep. ¶¶ 22-28; Brewer Opp. Decl. ¶¶ 4-17; Brewer Supp. Decl. ¶¶ 14-15; Brewer Supp. Rebuttal Decl. ¶¶ 53-60, 66-67; Araujo Rebuttal Rep. ¶ 27). But the Court agrees with Defendants' expert, Professor Doe, who opines that "the plain text of Article 335 does not make the binding effects of [a] ruling conditional [on] any further declaration by the Constitutional Chamber." (Doe Rebuttal Rep. ¶ 42; *see also* Roe Reply Decl. ¶ 41 ("There are no formal requirements for Constitutional Chamber decisions to be binding. There is no requirement that they must expressly state that they are binding or contain other magic words.")). Defendants' experts' reading of Article 335 is also in line with the Sixth Circuit's conclusion that decisions of the Constitutional Chamber are "the highest and most final statements of Venezuelan law." *DRFP L.L.C.* v. *República Bolivariana de Venezuela*, 706 F. App'x 269, 277 (6th Cir. 2017) (unpublished decision). Accordingly, the Court finds that Constitutional Chamber decisions regarding the content or scope of constitutional rules and principles are binding, authoritative statements of Venezuelan law, regardless

of whether the Chamber formally and expressly invokes its Article 335 authority in the decision. (*See* Roe Decl. ¶ 31).[5]

Here, as in 2020, the parties hotly contest the consistency of Professor Brewer's stance on whether the Constitutional Chamber established (or could establish) binding precedent in *Andrés Velásquez*. Professor Brewer's consistency is potentially relevant to the Court's determination of Venezuelan law insofar as inconsistency negatively impacts his credibility, and insofar as it helps the Court distinguish what Venezuelan law is from Professor Brewer's normative views of what Venezuelan law ought to be. The Court previously expressed skepticism of Professor Brewer's changing positions on Venezuelan law. (Sept. 25, 2020 Tr. 98:25-99:7). As relevant here, Professor Brewer has previously characterized *Andrés Velásquez* as establishing a binding interpretation of Venezuelan law. He said this in numerous writings published between 2006 and 2019, while at the same time criticizing the Constitutional Chamber's reasoning (as the Court will discuss in more detail, *infra*). (*See* Roe Decl. ¶ 97). For example, Professor Brewer wrote in 2006 that in *Andrés Velásquez*, the Constitutional Chamber was acting as the "highest and last interpreter of the Constitution … [when it] established a binding interpretation, and reduced the category of 'public interest contracts' to those signed or concluded by the Republic." (*Id.* ¶ 90). Professor Brewer also described *Andrés Velásquez* (specifically and in general terms) as a binding decision in 2011,

[5] That said, and as discussed *infra*, the Constitutional Chamber did invoke its authority under Article 335 when issuing the *Andrés Velásquez* decision.

2013, 2015, 2017, and 2019 publications. (*See id.* ¶¶ 91-96 & nn.108-119; *see also* Doe Rebuttal Rep. ¶¶ 23-33).

For his part, Professor Brewer, who has maintained throughout this litigation that *Andrés Velásquez* is not binding authority, explains that his initial reference to *Andrés Velásquez* as "a binding interpretation" in his 2006 article "was an error" that "was not identified upon proofreading" because he was under the stress of having to flee Venezuela to escape political persecution. (Brewer Supp. Decl. ¶¶ 47-48; *see also* Brewer Supp. Rebuttal Decl. ¶ 64). As a result, Professor Brewer "no longer had access to [his] usual support infrastructure of research assistants, who would have helped to check the accuracy of the cited sources." (Brewer Supp. Decl. ¶ 49). Of course, Professor Brewer's purportedly erroneous statement was then republished in numerous academic journals and in the 2019 first edition of his book. According to Professor Brewer, it was only in 2020 that he discovered the error "when reviewing the opinion submitted by Defendants' expert in this case" (*id.* ¶¶ 50, 53), and he "took immediate steps to correct it publicly" in new editions of three of his books published in 2021, and in a 2023 article (*id.* ¶ 54).

To be clear, Professor Brewer's explanations of his inconsistent positions remain difficult for this Court to credit. But, ultimately, the Court agrees with Professor Brewer that, "[r]egardless" of the inconsistent positions he has taken over the years, "what matters is whether the [*Andrés*] *Velásquez* decision is binding under Venezuelan constitutional law." (Brewer Supp. Rebuttal Decl. ¶ 67). And for the reasons discussed in this section, the Court agrees with

Professor Brewer's earlier positions, and considers *Andrés Velásquez* to be binding under Venezuelan law.[6]

It follows from the Court's conclusion that the Constitutional Chamber is the authoritative interpreter of the Venezuelan Constitution pursuant to Article 335 that the National Assembly, other chambers of the Supreme Tribunal of Justice, and scholarly commentators are *not* equally authoritative. In this regard, Professor Brewer characterizes the National Assembly as the "first-instance interpreter of the Constitution whenever it enacts laws, adopts resolutions, or performs other parliamentary acts in accordance with its Constitutional authority." (Brewer Rep. ¶ 53; *see also* Brewer Supp. Decl. ¶¶ 40-42; Pl. Supp. Br. 15-16). But National Assembly resolutions cannot supersede the Constitutional Chamber's binding interpretations of constitutional provisions. (*See* Doe Rebuttal Rep. ¶¶ 108, 125). Nor can decisions issued by other chambers of the Supreme Tribunal of Justice, such as the Political-Administrative Chamber. For example, Professor Brewer cites to Political-Administrative Chamber decisions, alongside Constitutional Chamber decisions, in support of his interpretation of the meaning of "national public interest contracts." (Brewer Supp. Decl. ¶ 10 n.9). But, again, it is the Constitutional Chamber, and not the Political-Administrative Chamber, whose decisions on the content or scope of constitutional rules and principles are binding. (*See* Roe Reply Decl. ¶¶ 100-101). Likewise, scholarly commentary

[6] Later on in this Opinion, the Court considers Professor Brewer's previous writings to determine the meaning of *Andrés Velásquez*, as opposed to the precedential value of the decision.

about the meaning of the Venezuelan Constitution can have only persuasive authority, contrary to the views of Plaintiffs' proffered Venezuelan law experts. (*Cf.* Brewer Supp. Decl. ¶ 14 ("[I]n Venezuela, like in other countries that follow the [civil law] system, … [t]he reasoning in a court's ruling has the same authoritative nature as the reasoning in a legal scholar's writings."); Araujo Rep. ¶ 22 ("Because the *Andrés Velásquez* decision did not set forth a binding interpretation … , it does not automatically prevail over [the scholarly] consensus.")).

*Second*, even if the Constitutional Chamber were required to expressly invoke its Article 335 authority for its decision to be binding, it did so in *Andrés Velásquez*. Plaintiffs' experts maintain that, because only decisions expressly applying Article 335 are binding, and because the Constitutional Chamber did not state in the *Andrés Velásquez* decision that it was announcing a binding interpretation, the decision is not binding precedent. (*See* Brewer Supp. Rebuttal Decl. ¶ 57; Araujo Rebuttal Rep. ¶ 27). But, as Defendants' experts point out, the Constitutional Chamber in *Andrés Velásquez* stated that it was proceeding as the "maximum and ultimate interpreter of the Constitution," which is the same language used in Article 335. (Roe Decl. ¶ 84(a); Roe Reply Decl. ¶ 40).[7]

[7] Plaintiffs appear to have abandoned the argument that *Andrés Velásquez* is not binding because a Constitutional Chamber decision is binding only if published in the Official Gazette (it was). (*See* Def. Supp. Opp. 4 n.5 (citing Pl. Opp. 23-25; Def. Reply 15)).

### 2. Only Contracts to Which the Republic Itself Is a Party Are "National Public Interest Contracts" Within the Meanings of Articles 150 and 187(9) of the Venezuelan Constitution

#### a. The *Andrés Velásquez* Decision

Having determined the precedential value of *Andrés Velásquez*, the Court now proceeds to consider its holding. In *Andrés Velásquez*, the Constitutional Chamber established a binding interpretation of "national public interest contracts" under Articles 150 and 187(9) of the Venezuelan Constitution. Specifically, the Constitutional Chamber established that only contracts to which the Republic itself is a party are national public interest contracts, which require the authorization of the Venezuelan National Assembly. The Court finds that because the Republic itself was not a party to the Governing Documents, they are not national public interest contracts, and they and the 2020 Notes were validly issued without National Assembly approval.

The Court begins with the text of the Venezuelan Constitution, then turns to the text of the *Andrés Velásquez* decision, before considering the competing views of the parties' proffered experts. To review, Article 150 of the Venezuelan Constitution provides in relevant part that:

> The execution of national public interest contracts shall require the approval of the National Assembly in those cases in which such requirement is determined by law. No municipal, state[,] or national public interest contract shall be executed with foreign States or official entities, or with companies not domiciled in Venezuela, or shall be transferred to any of them without the approval of the National Assembly.

Venezuelan Const., art. 150. And Article 187(9) provides that:

> It is the role of the National Assembly to: … Authorize the National Executive to enter into contracts of national interest, in the cases established by law. Authorize contracts of municipal, state[,] and national public interest, with States or official foreign entities or with companies not domiciled in Venezuela.

*Id.*, art. 187(9). In the case of *Andrés Velásquez*, the Constitutional Chamber determined that Article 80 of the Organic Law on Financial Administration, which permitted the Republic to enter into certain debt transactions with foreign counterparties without National Assembly authorization, was unconstitutional. (Dkt. #84-7 ("*Andrés Velásquez*") at 1, 17, 22-23). In so doing, the Constitutional Chamber more broadly "specified the meaning that must be given to the concept of *national public interest contracts* contained in articles 150 and 187, section 9" of the Venezuelan Constitution. (*Id.* at 17).

The Constitutional Chamber in *Andrés Velásquez* distinguished the general term "public interest contract" from the specific term "national public interest contract" and established requirements for the latter. The decision first provided background on interpretations of these terms prior to the adoption of the 1999 Venezuelan Constitution. It described the "national doctrine" as having "proposed many interpretations" of the "concept of *public interest contract*," "such as that carried out by author Eloy Lares Martínez, who when referring to the expression under examination," said that it was a general expression, and that "*national interest contracts, state interest contracts[,] and municipal interest contracts*" were "*specific expressions.*" (*Andrés Velásquez* at 15). The decision describes another "sector of the doctrine" that "has

maintained … that public interest contracts constitute the genus while national, state[,] and municipal contracts constitute the species thereof." (*Id.*). And it describes yet "another sector" that "stand[s] away from the preceding interpretations" by defining "public interest contract" according to the size of the contract, whether it jeopardizes the financial net wealth of the Republic, or exposes the Republic to serious losses or international claims. (*Id.* at 15-16).

According to the Constitutional Chamber, this "doctrinal discussion" was "resolved" by the 1999 Constitution, as Article 150 "thereof clearly established the genus-species relationship that exists between the concept of public interest contract and the concepts of *national*, state[,] and municipal public interest contracts *in which the determining factor would be the participation of the Republic*, the States[,] or the Municipalities." (*Andrés Velásquez* at 16 (emphases added)). Indeed, "taking into account the interpretations previously examined, and as maximum and ultimate interpreter of the Constitution," the Constitutional Chamber found "that all of the contracts entered into by the Republic, the States[,] or the Municipalities where the national, state[,] or municipal public interest is involved are subsumed within that genus." (*Id.*).

Focusing in on the national level, the Constitutional Chamber then found that:

> [C]ontracts concluded by the Republic through the competent organs of the National Executive to do so and whose purpose is determinant or essential to accomplishing the purposes and objectives of the Venezuelan State would be included within the species of national public interest contracts while seeking to

> satisfy individual and coinciding interests of the national community[.]

(*Andrés Velásquez* at 16-17). "Having thus specified the meaning that must be given to the concept of *national public interest contracts* contained in articles 150 and 187, section 9" (*id.* at 17), the Chamber annulled a portion of Article 80 of the Organic Law Governing the Financial Administration of the Public Sector that allowed the National Executive to enter into certain public credit transactions and subsequently "inform the National Assembly" of these transactions (*id.* at 22-23). In sum, the Constitutional Chamber in *Andrés Velásquez* defined the term "national public interest contract" as a type of public interest contract, and it established that a necessary (but not sufficient) requirement of a national public interest contract is that it be concluded by the Republic through competent organs of the National Executive.

The *Andrés Velásquez* decision was not limited, as Plaintiffs suggest, to the narrow question whether Article 80 of the Organic Law was constitutional. On this point, Plaintiffs' experts asseverate that *Andrés Velásquez* does not address the broader question at issue in this action, namely, the necessary elements of national public interest contracts under Venezuelan law. (*See, e.g.*, Brewer Supp. Decl. ¶ 17(c) ("[*Andrés Velásquez*] was about the constitutionality of Article 80 of the Organic Law, not whether the Republic must be a party to a national public interest contract."); *id.* ¶ 25 (arguing that *Andrés Velásquez* did not create any additional criteria for national public interest contracts); Araujo Rep. ¶ 79 (maintaining that the Constitutional Chamber in *Andrés Velásquez*

"did not decide that public contracts entered into by decentralized public entities such as PDVSA are not contracts of public interest")). And once again, Plaintiffs and their experts argue that the Constitutional Chamber in *Andrés Velásquez* was proceeding not under its Article 335 power to establish binding interpretations of the Venezuelan Constitution, but rather only under its Article 336 power to declare the total or partial nullity of laws conflicting with the Constitution. (*See* Pl. Supp. Br. 10-11; Brewer Rebuttal Rep. ¶¶ 22-29, 52-54; Araujo Rep. ¶¶ 21-22; Brewer Supp. Decl. ¶¶ 15, 17(c), 43-58). Setting aside for the moment whether Venezuelan law allows contracts concluded by Decentralized Public Administration entities to be considered national public interest contracts (an issue discussed *infra*), it is clear from the plain text of *Andrés Velásquez* that the decision generally defined "national public interest contracts" under Articles 150 and 187(9), and then specifically annulled part of Article 80 of the Organic Law based on this definition. And as previously discussed, the Chamber invoked its Article 335 authority to effect a binding interpretation when it defined the term "national public interest contract." (*See* *Andrés Velásquez* at 16 (proceeding "as maximum and ultimate interpreter of the Constitution")). Thus, it cannot be said that the only effect of *Andrés Velásquez* was to annul a portion of Article 80 of the Organic Law.

Nor is it the case, as Plaintiffs argue in the alternative, that *Andrés Velásquez* established that contracts concluded by the Republic are but one sub-species of "national public interest contracts." In *Andrés Velásquez*, the Constitutional Chamber held that "contracts concluded by the Republic

through the competent organs of the National Executive to do so … would be *included within the species of national public interest contracts*." (*Andrés Velásquez* at 16-17 (emphasis added)). Plaintiffs interpret the italicized language to mean that contracts concluded by the Republic are but one type of national public interest contract. (Pl. Supp. Br. 12 (quoting *Burgess* v. *United States*, 553 U.S. 124, 131 n.3 (2008) (finding the word "includes" to be "a term of enlargement, and not of limitation")). But, read in context, the phrase "included within the species of national public interest contracts" means to distinguish national public interest contracts from state or municipal public interest contracts, which are distinct species of public interest contracts. As Dr. Roe opines, Plaintiffs' reading "would be contrary to the express statement that that the '*determining factor would be the participation of the Republic, the States[,] or the Municipalities*.'" (Roe Reply Decl. ¶ 56 (quoting *Andrés Velásquez* at 16 (emphasis added)); *see also id.* ¶ 57 ("[*Andrés Velásquez*] stands for the proposition that the participation of a political-territorial entity (i.e., the Republic, a state[,] or a municipality) is a requirement for a contract to be of National Interest.")). Moreover, both Professor Brewer and Professor Araujo have previously characterized *Andrés Velásquez* as defining "national public interest contracts" to require that the Republic itself be party to the contract. (*See* Doe Rebuttal Rep. ¶¶ 26-31, 33, 43; Roe Decl. ¶ 99; Roe Reply Decl. ¶¶ 38, 119).[8]

[8] More specifically, Professor Brewer previously wrote that, under *Andrés Velásquez*, state companies such as PDVSA can contract with foreign entities without needing to obtain National Assembly authorization. (Doe Rebuttal Rep. ¶¶ 26, 27, 33). In a 2008 book

A more nuanced question is whether the *Andrés Velásquez* decision and subsequent binding authority admits of the possibility that contracts concluded by entities of Venezuela's Decentralized Public Administration (such as PDVSA) can be counted among those "national public interest contracts" that require National Assembly approval according to Articles 150 and 187(9). If that were the case, then the Governing Documents' lack of National Assembly approval would be fatal to their validity, and to that of the 2020 Notes. But that is not the case. Put simply, Plaintiffs' experts' opinions that such contracts can be national public interest contracts express normative views of what Venezuelan law ought to be, not what Venezuelan law is. And case law following *Andrés Velásquez* confirms that only contracts concluded by the Republic, and not contracts concluded by Decentralized Public Administration entities, can be considered national public interest contracts.

---

jointly edited by Professor Brewer, Professor Araujo wrote that, according to *Andrés Velásquez*, "[I]n relation to the subjects whose presence is a necessary condition for the conclusion of contracts of national interest, it is required first of all that it be a political-territorial entity, that is, the Republic, the States, and the municipalities." (Roe Decl. ¶ 99 (quoting Dkt. #84-35); *see also* Roe Reply Decl. ¶ 38 (summarizing previous statements of both Professor Araujo and Professor Brewer to this effect)). Confronted with his prior scholarship, Professor Araujo disputes that he was recognizing a general rule in the 2008 book excerpt and asserts that he was instead merely "listing some of the entities that can be parties to the national public interest contract (such as, 'to begin with,' the Republic)." (Araujo Rep. ¶ 71). Like Dr. Roe, the Court is not persuaded by Professor Araujo's "nuanced semantic analysis" (Roe Reply Decl. ¶ 119); it is obvious that Professor Araujo was in fact describing a "necessary condition for the conclusion of contracts of national interest" (Roe Decl. ¶ 99 (quoting Dkt. #84-35)). Plaintiffs' experts' past statements are further evidence in support of the Court's reading of *Andrés Velásquez*, and against crediting the positions they are taking in this case and related litigation.

**b. Contracts Made by the Decentralized Public Administration Are Not "National Public Interest Contracts"**

Plaintiffs and their experts maintain that the 2020 Notes and the Governing Documents are national public interest contracts because they were concluded by an organ of Venezuela's National Public Administration, specifically, the "Decentralized Public Administration," of which PDVSA is a part. (*See* Pl. Supp. Br. 6-9; Pl. Supp. Opp. 4-6).[9] But what Plaintiffs and their experts characterize as a leading theory of Venezuelan law is just that: a theory, which, though it has gained traction among scholars of Venezuelan law, expresses a normative view of what Venezuelan law ought to be. The Court must apply Venezuelan law as it is, and, therefore, rejects this view.

According to Plaintiffs, it is the "predominant opinion of Venezuelan legal scholars" that any contract entered into by an entity in the National Public Administration is a public interest contract. (Pl. Supp. Br. 7). This, they maintain, is a "natural reading" of Article 150, which "encompasses contracts concluded by the Decentralized Public Administration, including state-owned companies" like PDVSA. (Pl. Supp. Opp. 4). Professor Brewer opines that Decentralized Public Administration entities may enter into national public interest contracts; in fact, he says it is "exceptional to find

---

9 The umbrella term "National Public Administration" covers two types of entities: (i) the "Central Public Administration," consisting of organs of the national government such as ministries; and (ii) the "Decentralized Public Administration," consisting of entities like public corporations and state-owned enterprises (including PDVSA), which are not directly part of the national government but are closely related to it. (Brewer Rep. ¶¶ 33-34).

contracts directly entered into by organs of the Central Administration, such as, for example, Ministries of the National Executive." (Brewer Supp. Decl. ¶ 10). Professor Brewer touts this position as shared by "the overwhelming majority of Venezuelan legal scholars," including Professor Araujo, Professor Luis Henrique Farías Mata, and Professor Rafael Badell. (*Id.* ¶ 11 & nn.11-13). Likewise, Professor Araujo maintains that "it is well established that the entities of the Decentralized Public Administration may enter into national public interest contracts" (Araujo Rep. ¶ 20), and that this is "the consensus position in Venezuelan constitutional and administrative law scholarship" (*id.* ¶ 65).

Significantly, however, the conflicting statements of Plaintiffs' experts and those of other scholars, as well as the text of Article 187(9), together refute the notion that Decentralized Public Administration entities can enter into national public interest contracts. Although Plaintiffs' experts have consistently critiqued the Constitutional Chamber's decision to limit which entities can enter into national public interest contracts, they have done so while simultaneously recognizing the binding nature of this limitation. For example, Professor Araujo claims he has "consistently expressed the view that the entities of the Decentralized Public Administration, being intrinsic parts of the branch of the National Executive Power, can enter into contracts of national public interest." (Araujo Rep. ¶ 64). But Professor Araujo previously recognized (in a book jointly edited with Professor Brewer) that, based on the *Andrés Velásquez* decision, it is "required … that it be a political-territorial

entity, that is, the Republic, the States, and the municipalities" "whose presence is a necessary condition for the conclusion of contracts of national interest." (Roe Decl. ¶ 99 (quoting Dkt. #84-35 at 228-29)). He then noted, "[h]owever, *a sector of the literature* has considered that this category also applies to those contracts signed by the decentralized National Public Administration, that is, autonomous institutes and State companies when they directly affect the national interests that correspond to the Republic." (Dkt. #84-35 at 229 (emphasis added) (footnote omitted)). In referring to this "sector of the literature," Professor Araujo cited works by Professor Brewer and Professor Rafael Badell Madrid. (*Id.* at 229 n.87). Professor Araujo also cited the Constitutional Chamber decision of *EDELCA* — which the Court discusses, *infra* — as supporting his view. (*Id.* at 229 & n.88).

Before this Court, Professor Araujo insists that his reference to a "sector of the literature" "should not be misconstrued to mean that [these scholars'] position is a minority view within the Venezuelan constitutional and administrative law scholarship," but rather that it represents the "correct[ ]" view. (Araujo Rep. ¶ 72). But the Court agrees with Dr. Roe's characterization of Professor Araujo's comments as "purport[ing] to describe what the law *should be* rather than what the law currently *is*; they are prescriptive comments … meant to articulate those scholars' disagreement with the binding decisions of the Constitutional Chamber." (Roe Decl. ¶ 100). Having so concluded, the Court views with skepticism Professor Araujo's current claims that binding Venezuelan law permits Decentralized Public Administration

entities to enter into national public interest contracts. (*See, e.g.*, Araujo Rep. ¶¶ 63-87).

What is more, in his submissions, Professor Araujo frequently cites to his own 2024 *Treatise on General and Comparative Administration Law.* (*See, e.g.*, Araujo Rep. ¶¶ 26 n.4; 27 n.7; 28 n.9; 29 n.11; 33 n.16; 34 nn.17-18; 35 n.19; 36 n.20; 38 nn.24-25; 39 n.26; 42 n.30; 44 n.32; 54 n.38; 56 n.40; 60 nn.44-45; 61 n.47; 63 & n.49; 64 n.51; 84 n.73; 91 n.80; 92 n.82; 95 n.87; 99 n.91; 101 & n.93; 114 n.105; 119 n.109; 131 n.113; 134 n.116; 138 n.119; 139 n.121; 141 & n.123; 149 n.134; 152 n.137; 155 n.139). In this treatise, Professor Araujo expresses the view that "[c]ontracts concluded by entities within the Decentralized National Public Administration can impact … state interests, and would constitute national public interest contracts." (*Id.* ¶ 101). According to Professor Araujo, this view is in line with the views he expressed in the 2008 article that Defendants' expert "incorrectly interprets." (*Id.* ¶ 102). Though he previously described *Andrés Velásquez* as establishing a "binding" interpretation in this 2008 article, Professor Araujo now maintains that — as he explains in his 2024 treatise — he "only said that the [*Andrés Velásquez*] decision seemed to espouse a 'reduced' constitutional interpretation." (Araujo Rebuttal Rep. ¶¶ 63, 65). Moreover, Professor Araujo claims that, "[b]efore being hired as an expert in this case, [he] was unaware of the particulars of this litigation or the questions of Venezuelan law that it involves." (*Id.* ¶ 1 n.2).

Professor Araujo's efforts to harmonize his prior statements with his current litigation positions are difficult to credit. But while the Court will not

altogether ignore the 2024 treatise (*cf.* Def. Supp. Br. 26-27), it rejects the gloss that Professor Araujo now attempts to impart to his own prior scholarship. For example, in the 2024 treatise, Professor Araujo recounts that "constitutional case law on the notion of national interest contracts" has given rise to what Professor Brewer has called "an inconvenient process of undue restriction," by which "public contracts signed by the other state entities with legal personality, such as, e.g., … government-owned companies would be excluded." (Roe Decl., Ex. 26 at 498). In other words, although Professor Araujo "does not agree with that position," he still "recognize[s] that that is the current position under Venezuelan law." (Roe Decl. ¶ 139 (citing Roe Decl., Ex. 26 at 498)).

As for Professor Brewer, he, too, has repeatedly characterized his view that Decentralized Public Administration entities can enter into national public interest contracts as one that cuts against what the Constitutional Chamber has established. Throughout this litigation, Professor Brewer has maintained that Decentralized Public Administration entities can enter into national public interest contracts. (*See, e.g.*, Brewer Supp. Decl. ¶¶ 10-11). But Professor Brewer's pre-litigation scholarship was consistent in its position that *Andrés Velásquez* was binding precedent that concluded contrariwise. Indeed, in his earlier writings, Professor Brewer described his position regarding Decentralized Public Administration entities as one that finds support in case law and other scholarly commentary, but that has not prevailed. For example, Professor Brewer wrote that the Constitutional Chamber "*established a binding interpretation*, and reduced the category of 'contracts of public interest' (art.

150 C.) to those signed or concluded by the Republic, the States, and the Municipalities, thus, *excluding from such a classification those contracts concluded by … national public enterprises such as PDVSA*." (Doe Rebuttal Rep. ¶ 26). In 2011, Professor Brewer described *Andrés Velásquez* as having "inconveniently restricted this notion of 'public interest contract' of article 150 of the Constitution, [to include] only those contracts signed by the Republic, States[,] and Municipalities in which a national, state[,] and municipal public interest is involved." (*Id.* ¶ 30 (first alteration in original)). He criticized this as "mak[ing] no sense at all," because it meant that "a contract concluded by [PDVSA] could not be considered a national public interest contract." (*Id.*). At the same time, Professor Brewer said the contrary view was his "opinion," and that contracts entered by state-owned companies "should" be, but were not in the eyes of the Constitutional Chamber, considered national public interest contracts. (*Id.*). Even after the 2020 Notes were issued, Professor Brewer wrote in 2017 that Articles 150 and 187(9) "*do not apply* to public contracts concluded by these decentralized national public entities, for example, … state companies." (*Id.* ¶ 27). There are more examples of similar statements by Professor Brewer. (*See, e.g.*, Roe Decl. ¶¶ 91-96; Roe Reply Decl. ¶ 117). Although Professor Brewer endeavors to explain them all away (*see* Brewer Supp. Decl. ¶¶ 47-58; Brewer Supp. Rebuttal Decl. ¶ 64), it is apparent that he, like Professor Araujo, previously critiqued *Andrés Velásquez* while recognizing it as binding law.

Both Professor Araujo and Professor Brewer cite other scholars who ostensibly share their view that Decentralized Public Administration entities can enter into national public interest contracts. Professor Brewer cites, among others, Professor Luis Henrique Farías Mata, Professor Rafael Badell, and Professor Araujo. (*See, e.g.*, Brewer Supp. Decl. ¶ 11 & nn.11-13). And Professor Araujo cites Professor Brewer, Professor Badell, and Professor Eloy Lares Martínez. (*See, e.g.*, Araujo Rep. ¶¶ 65-73). However, just like Plaintiffs' experts, these other scholars have acknowledged that the Republic itself must be party to a national public interest contract. In fact, the Constitutional Chamber cited Professor Lares Martínez in *Andrés Velásquez* and characterized his position as being that "it is necessary, but not sufficient, that one of the parties in [a national public interest] contract was the Republic." (*Andrés Velásquez* at 15). Professor Lares Martínez elsewhere has written that "[t]here is no doubt … that it is absolutely necessary for a contract to be considered of national interest, that one of the parties be the Republic of Venezuela." (Roe Reply Decl. ¶ 127). Professor Badell likewise has written that, in *Andrés Velásquez*, "it was established that the criteria that lead to the inclusion of State contracts in the category of public interest contracts … are the following: … That they are contracts concluded by the Republic, the States[,] or the Municipalities." (*Id.* ¶ 131). Dr. Roe notes that Professor Araujo cites several publications that do not address Venezuelan law. (*Id.* ¶¶ 132-133 (citing Araujo Rep. ¶¶ 28 n.9, 40 & n.28, 58 n.41, 59 & nn.42-43, 61 & n.46, 131 n.114, 134 n.116, 138 & n.120, 140 n.122, 144 & n.126, 145 n.128)).

And Dr. Roe points out that, although Professor Brewer favorably cites Professor Farías Mata, the article he cites refers to the 1961 Constitution, rather than the 1999 Constitution, and was written prior to the *Andrés Velásquez* decision. (*Id.* ¶ 123). All in all, a review of the scholars cited by Plaintiffs' experts makes clear that their position regarding the Decentralized Public Administration is a scholarly one that does not reflect what Venezuelan law actually requires.

The text of Article 187(9) similarly does not support Plaintiffs' assertion that Decentralized Public Administration entities may enter into national public interest contracts. (*Cf.* Pl. Supp. Opp. 4-5). Plaintiffs argue that, because the term "National Executive" is not in Article 150, national public interest contracts with foreign domiciled entities are not limited solely to contracts entered into by the National Executive. (*Id.* at 5). Professor Brewer maintains both that Article 150 does not restrict this requirement to contracts entered into by the Republic, and that Article 187(9) "empowers the National Assembly to approve (or disapprove) the requests brought to it by the National Executive, *including requests brought on behalf of decentralized entities*." (Brewer Supp. Rebuttal Decl. ¶ 24 (emphasis added)). Relatedly, Professor Araujo claims that entities in the Decentralized Public Administration are part of the "National Executive." (*See* Araujo Rep. ¶¶ 52-62). However, as this Court previously found (based in part on Professor Brewer's representations), PDVSA cannot be considered part of the National Executive because it is a Decentralized Public Administration entity. *See PDVSA I*, 495 F. Supp. 3d at 276-77 (citing Doe

Rep. ¶¶ 34-37; Brewer Rep. ¶¶ 5, 22, 24). And Article 187(9) does not otherwise support Plaintiffs' experts' position because it provides that it is the National Assembly's role to "[a]uthorize *the National Executive* to enter into contracts of national interest," Venezuelan Const., art. 187(9) (emphasis added)); the second sentence of Article 187(9) does not contradict this because it does not specify which entities at the three levels of government are authorized to enter into contracts of national (or state or municipal) public interest with foreign entities (*see* Roe Decl. ¶¶ 44, 47).

Separately, Plaintiffs argue that the National Assembly's practice of approving contracts under a different law — Article 33 of the Hydrocarbons Organic Law — supports their view that Decentralized Public Administration entities can enter into national public interest contracts because Article 33 requires National Assembly approval of joint venture contracts. (Pl. Supp. Opp. 13-14 & n.58 (citing Brewer Supp. Rebuttal Decl. ¶¶ 10-11, 101)). Plaintiffs rely on Article 150's provision that "[t]he execution of national public interest contracts shall require the approval of the National Assembly *in those cases in which such requirement is determined by law*." Venezuelan Const., art. 150 (emphasis added). However, the fact that Article 150 allows for statutes such as Article 33 to require National Assembly approval in certain circumstances (*i.e.*, where approval is "determined by law") does not in any way

imply that National Assembly approval is required for the debt offerings at issue here. (*See* Roe Decl. ¶ 160).[10]

### c. Cases and Resolutions Issued After *Andrés Velásquez* Do Not Alter Its Holding

The parties bring to the Court's attention Venezuelan case law following *Andrés Velásquez*. In particular, they dispute the meaning of cases known to the parties and the Court as the *EDELCA*, *Attorney General II*, and *Brigitte Acosta* decisions. As explained herein, the Court finds that these cases in fact reaffirm the requirement set forth in *Andrés Velásquez* that the Republic itself must be party to any national public interest contract.

In the *Electrificación del Caroní S.A.*, or "*EDELCA*," decision, the Constitutional Chamber found that a contract between EDELCA, a state-owned enterprise, and a Brazilian company was a national public interest contract. (Dkt. #84-16 ("*EDELCA*") at 14-15). *EDELCA* was decided in 2003, one year after *Andrés Velásquez* was decided. (*Id.* at 17). Plaintiffs and their experts maintain that *EDELCA* supports their contention that state-owned enterprises such as PDVSA can enter into national public interest contracts. (*See* Pl. Supp. Br. 13; Brewer Rebuttal Rep. ¶¶ 9, 26; Araujo Rep. ¶¶ 76-77; Brewer Supp. Decl. ¶ 17(c)). However, this reading of *EDELCA* is far too broad.

---

10 Defendants argue that Article 236(14) of the Venezuelan Constitution, which provides that the President may enter into contracts in the national public interest through the Council of Ministers, supports their view that Decentralized Public Administration entities cannot enter into national public interest contracts. (Def. Supp. Br. 21-22; *see* Roe Decl. ¶¶ 48-49). However, the Court views Article 236(14) as merely prescribing one means by which the Republic, through the National Executive, may enter into national public interest contracts, and therefore the provision has little analytical value to the question of Venezuelan law at issue here. (*See* Brewer Supp. Rebuttal Decl. ¶ 25; Araujo Rebuttal Rep. ¶¶ 75-76).

The contract between EDELCA and the Brazilian enterprise stemmed from an agreement between the Republic of Venezuela and the Federal Republic of Brazil known as the "Memorandum of Understanding for the Supply of Electric Power Venezuela-Brazil," or the "MOU." (*EDELCA* at 10-12). The Constitutional Chamber in *EDELCA* wrote that:

> With respect to the legal figure concluded, which is based on the international commitments signed by the National Executive, it is noteworthy that although it is the product of the aforementioned acts of government, it turns out to be a contractual stipulation, which constitutes a *public interest contract*, since a high interest of the Republic has been committed in the margin of its international relations with the Federative Republic of Brazil for the supply of electricity. Regarding this, the agreement concluded is subject to the limits defined by this Chamber, on public interest contracts[.]

(*Id.* at 14-15). The Constitutional Chamber then quoted from the *Andrés Velásquez* decision regarding the requirements for national public interest contracts. (*Id.* at 15). Lastly, the Chamber described the MOU between the Republic of Venezuela and the Brazilian government as "a convention *generating obligations for the Republic* in the exercise of its international representation, *through a public interest contract*" between EDELCA and a Brazilian enterprise. (*Id.* (emphases added)).

In other words, *EDELCA* merely endorsed the requirement set forth in *Andrés Velásquez* that the Republic itself must be party to a national public interest contract, because the Republic was party to the MOU, and the contractual agreement between EDELCA and the Brazilian enterprise merely

implemented the Republic's obligations under the MOU. (*See* Roe Decl. ¶¶ 111-113; Roe Reply Decl. ¶¶ 58-68; Doe Rebuttal Rep. ¶¶ 63-66). The Court agrees with Dr. Roe's characterization of the contract as setting out obligations that "are ultimately obligations of the Republic and may directly generate liability for the Republic itself." (Roe Decl. ¶ 112; *see also* Roe Reply Decl. ¶ 64 ("[T]he Republic is a party directly (albeit of the international agreement rather than to the linked contract itself); and the Republic itself had assumed obligations under that contract (through the linked international agreement).")). This is the case regardless of whether the Constitutional Chamber considered the MOU between Venezuela and Brazil to be "binding international treaties with defined legal consequences." (Araujo Rebuttal Rep. ¶ 40; *see also* Brewer Supp. Rebuttal Decl. ¶ 80). What matters is whether the contract between EDELCA and the Brazilian enterprise generated ultimate obligations for the Republic itself, and not precisely how it did so.

The 2007 *Attorney General II* decision similarly addressed the Republic's ultimate obligations. Plaintiffs argue that the Constitutional Chamber in *Attorney General II* ruled that certain promissory notes issued by Venezuela's state-run agricultural development bank, Banco de Desarrollo Agropecuario S.A. ("BANDAGRO"), were national public interest contracts, implying that Decentralized Public Administration entities like PDVSA can enter into such contracts, too. (Pl. Supp. Opp. 13-14). As Article 247 of the Venezuelan Constitution requires that the Office of the Attorney General be consulted for the approval of contracts in the national public interest (Dkt. #84-18 ("*Attorney*

*General II*") at 16 (citing Venezuelan Const., art. 247)), the Constitutional Chamber in *Attorney General II* needed to decide whether certain promissory notes, as "public credit operations[,] may be included in the notion of '*contract in the national public interest*'" that the Chamber had established in *Andrés Velásquez* (*id.* at 19). The Chamber quoted at length from *Andrés Velásquez* (*id.* at 19-21), which it described as having "specified the meaning that will be attributed to the notion of contracts in the national public interest, contained in Articles 150 and 187[(9)]" (*id.* at 21). The Constitutional Chamber found that "such public credit operations … may be classified as contracts of national public interest," and from this finding "concluded that the promissory notes [were] public credit operations, constitutionally [requiring] consultation to the Office of the Attorney General of the Republic." (*Id.* at 21-22).

Although Professor Brewer interprets *Attorney General II* to mean that the promissory notes in question were national public interest contracts because they were "issued by a public corporation *as a decentralized entity of the National Public Administration (and not the Republic)*" (Brewer Rebuttal Rep. ¶ 12 (emphasis added); *see also* Brewer Supp. Decl. ¶ 25), in fact they were considered national public interest contracts because the Republic was the ultimate guarantor of the notes (*see* Roe Reply Decl. ¶¶ 69-83). The decision contains "several references to the financial obligations at issue being payable **directly** by the Republic." (*Id.* ¶ 82 & n.112 (citing *Attorney General II* at 3-4, 19, 22)). To the extent the *Attorney General II* decision is ambiguous and thus could theoretically be interpreted as Professor Brewer would have it, the

Constitutional Chamber in *Attorney General II* recognized *Andrés Velásquez* as binding law regarding contracts of national public interest. (*See Attorney General II* at 19-21; Roe Reply Decl. ¶ 83; Doe Rep. ¶ 103). It did the same in *EDELCA*. (*EDELCA* at 15). Accordingly, this Court resolves any such ambiguity in favor of the requirements set forth in *Andrés Velásquez*, and the Court distinguishes *Attorney General II* on the grounds that it involved the ultimate obligations of the Republic itself.

The Constitutional Chamber's 2016 *Brigitte Acosta* decision likewise reaffirms the requirement established in *Andrés Velásquez* that the Republic itself must be a party to any national public interest contract. In *Brigitte Acosta*, the Constitutional Chamber considered "whether the potential loan agreement to be executed by the Central Bank of Venezuela and the Latin American Reserve Fund (FLAR) could be considered as a national public interest contract, and, therefore, would be subject to the approval of The National Assembly." (Dkt. #84-8 ("*Brigitte Acosta*") at 18). The *Brigitte Acosta* decision quotes from *Andrés Velásquez* at length, citing it as authoritative on "the essential elements that impart to contracts a national public interest nature," including "[t]hat they be executed by the Republic, through the bodies that compose the National Executive Branch that are competent in this matter." (*Id.* at 19-21). The Constitutional Chamber concluded that the potential contract involving the Central Bank "should not [be] considered as a national public interest contract, not being, therefore, subject to the authorization of the National Assembly." (*Id.* at 33). In so doing, the Chamber

found that it would be "contrary to the logical legal order" to allow the National Assembly to have "double-level control" of the Central Bank's operations. (*Id.* at 32-33). Additionally, the Constitutional Chamber described the Central Bank as "a legal entity under public law, … , which is neither part of the Central Administration nor the Functionally Decentralized Administration, but … it is part of the so-called Administration with functional autonomy," meaning "it requires a special regulation and organization, specific and different from the regular regulations and organization applicable to other public or private entities." (*Id.* at 29-30).

Plaintiffs' experts consider the *Brigitte Acosta* decision to be a function of the Central Bank of Venezuela's unique legal status. (*See* Araujo Rep. ¶¶ 80-86; Brewer Supp. Decl. ¶ 17(e); Brewer Supp. Rebuttal Decl. ¶ 74; Araujo Rebuttal Rep. ¶¶ 41-44). However, a more straightforward interpretation is that, because the Central Bank, and not the Republic itself, was party to the contract, it was not a national public interest contract requiring National Assembly approval, as *Andrés Velásquez* established the Constitution requires. (*See* Doe Rep. ¶¶ 104-106; Roe Decl. ¶ 106; Roe Reply Decl. ¶¶ 84-90). That is why *Brigitte Acosta* quotes at length from *Andrés Velásquez*. (*See Brigitte Acosta* at 19-21; Roe Reply Decl. ¶¶ 85-86, 88, 90). And, although Professor Araujo also characterized *Brigitte Acosta* as "reflect[ing] the political pressure that the illegitimate Maduro regime placed on the Supreme Tribunal of Justice" (Araujo Rep. ¶ 85), that decision, like *EDELCA* and *Attorney General II*, merely upheld requirements established in *Andrés Velásquez* in 2002, long before the

Maduro regime came to power. Accordingly, *Brigitte Acosta*, like *EDELCA* and *Attorney General II*, reaffirms the requirement established in *Andrés Velásquez* that the Republic itself must be party to a national public interest contract.

The Court has focused, appropriately, on decisions of the Constitutional Chamber. Conversely, the Court finds that neither decisions of the Political-Administrative Chamber, nor decisions predating *Andrés Velásquez*, impact the requirements established in the Constitutional Chamber's binding decision. For example, Professor Brewer cites to decisions of the Political-Administrative Chamber in support of his contention that Decentralized Public Administration entities can enter into national public interest contracts. (*See* Brewer Supp. Decl. ¶ 11 n.9). However, as the Court discussed *supra*, only decisions of the Constitutional Chamber, and not any other chamber of the Supreme Tribunal of Justice, establish binding interpretations of the scope of rules and principles of the Venezuelan Constitution when so expounding. (*See also* Roe Reply Decl. ¶¶ 100-101). As such, these decisions cannot supersede *Andrés Velásquez*.

Plaintiffs also argue that, in a case known alternately as *Simón Muñoz Armas* and *Apertura Petrolera*, "the Supreme Court of Justice ruled that joint venture agreements between subsidiaries of PDVSA (decentralized entities) and foreign oil companies were national public interest contracts and therefore subject to Article 126 of the 1961 Constitution (the predecessor provision of current Article 150)." (Pl. Supp. Opp. 11 & n.45; *see* Brewer Supp. Rebuttal Decl. ¶¶ 86-91). But the Court agrees with Dr. Roe that the case is "completely inapposite" because it "was decided under the previous Venezuelan

Constitution of 1961" and "did not even purport to interpret any of the provisions of the Venezuelan Constitution that are at issue here or consider the scope of Contracts of National Interest." (Roe Decl. ¶ 144; *see also id.* ¶¶ 148-149). And although Professor Brewer analogizes provisions of the 1961 Constitution discussed in *Simón Muñoz Armas* to 1999 Constitution provisions (Brewer Supp. Rebuttal Decl. ¶ 91), the Constitutional Chamber was aware of the "doctrinal discussion" regarding public interest contracts prior to the 1999 Constitution's adoption, which "resolved" that discussion in the manner described in *Andrés Velásquez* (*Andrés Velásquez* at 16).

Finally, and using a similar analysis, the Court finds that National Assembly resolutions do not impact its reading of *Andrés Velásquez* and subsequent cases because these resolutions do not establish binding interpretations of the Venezuelan Constitution in the same manner as Constitutional Chamber decisions. (*Cf.* Pl. Supp. Br. 15-16). As previously discussed, the National Assembly is not the "first-instance interpreter of the Constitution whenever it ... adopts resolutions" if the Constitutional Chamber has defined the same constitutional provisions. (*Cf.* Brewer Rep. ¶ 53; Brewer Supp. Decl. ¶¶ 40-42). And although the National Assembly has adopted several resolutions endorsing agreements concluded by PDVSA as national public interest contracts (*see* Brewer Supp. Decl. ¶¶ 40-42), such resolutions cannot supersede the Constitutional Chamber's binding interpretations of constitutional rules and principles. As made plain by the preceding discussion, Venezuelan law narrows the aperture of the Court's analysis to

Constitutional Chamber decisions such as *Andrés Velásquez* and subsequent case law.

**3. The Views of the Republic Are Not Conclusive**

To be clear, resolutions passed by the National Assembly are relevant to the Court's analysis, insofar as they represent the official views of a foreign government to which the Court must give due weight and consideration. The Republic has submitted a brief as *amicus curiae* indicating that it considers the 2020 Notes and the Governing Documents to be national public interest contracts and, because they were not approved by the National Assembly, to be void *ab initio* and unenforceable under Venezuelan law. (*See generally* Republic Br.).[11] While the Court accords substantial weight and respectful consideration to the Republic's views, these views are not conclusive and do not persuade the Court to deviate from its analysis of Venezuelan law.

Broadly speaking, it is the "considered view of the Republic" that "the indenture and pledge at issue in this litigation and the 2020 Notes issued thereunder are national public interest contracts." (Republic Br. 5 (citing Vecchio Letter ¶ 8; Dkt. #164-10 (the "Special AG Report") ¶ 106)). The Republic relies on a letter previously submitted by Carlos Vecchio, the Venezuelan Ambassador to the United States, which letter the Court previously found it could properly consider under Federal Rule of Civil Procedure 44.1

---

[11] By the "Republic," the Court means "the Venezuelan National Assembly that was elected in 2015" (Republic Br. 1 n.1), which remains the recognized government of Venezuela in the eyes of the United States Government (*see* (Dkt. #393-1 (the "Kozak Letter") at 2 ("[T]he United States recognizes the 2015 National Assembly as the government of Venezuela."")).

(Dkt. #199), and on a report produced in August 2019 by Special Attorney General José Ignacio Hernández on behalf of the Republic (Special AG Report).

According to the Republic, the 2020 Notes and the Governing Documents are national public interest contracts because PDVSA is a state-owned enterprise in charge of national public interest economic activities, including CITGO, a strategic foreign asset of PDVSA. (Republic Br. 11-13). The Republic emphasizes the importance of PDVSA to the country's economy and international political strategy. (*See* Vecchio Letter ¶¶ 3, 7-8). It notes that Articles 302 and 303 of the Venezuelan Constitutional also stress the national importance of the petroleum industry and PDVSA. (Republic Br. 6-7). It highlights the National Assembly's September 2016 Resolution, which it claims "concluded that the documents that created the 2020 Notes … constituted a national public interest contract." (*Id.* at 12). And it decries "[t]he Maduro regime's attempt to pledge 50.1% of PDVSA's interest in CITGO Holding" as "an 'attempt to conduct a *de facto* privatization of PDVSA.'" (*Id.* (quoting Vecchio Letter ¶ 10)).

Moving from the factual to the legal, the Republic argues that Defendants' interpretation of *Andrés Velásquez* is incorrect. (Republic Br. 12-13). Like Plaintiffs and their proffered experts, the Republic's view is that contracts concluded by the Republic itself through the National Executive are included within a broader category of national public interest contracts, rather than that national public interest contracts are exclusively limited to those concluded by the Republic itself. (*Id.* at 13). The Republic points to the

*EDELCA* decision, as well as a decision of the Political-Administrative Chamber. (*Id.*). And the Republic believes its interpretation to be consistent with the relevant Resolutions of the National Assembly, which it argues to be the first-instance interpreter of the Constitution. (*Id.*).[12] The Republic urges the Court to defer to its views and deem the 2020 Notes and the Governing Documents void *ab initio* and unenforceable under Venezuelan law. (*Id.* at 15-17).

After carefully considering the Republic's submission, the Court declines to do so. The Supreme Court has held that, "[w]hen foreign law is relevant to a case instituted in a federal court, and the foreign government whose law is in contention submits an official statement on the meaning and interpretation of its domestic law," a federal court "should accord respectful consideration to a foreign government's submission, but is not bound to accord conclusive effect to the foreign government's statements." *Animal Sci. Prods., Inc.*, 585 U.S. at 36. The Supreme Court in *Animal Science Products* further instructed that:

> [T]he appropriate weight in each case will depend upon the circumstances; a federal court is neither bound to adopt the foreign government's characterization nor required to ignore other relevant materials. When a foreign government makes conflicting statements, or, as here, offers an account in the context of litigation, there may be cause for caution in evaluating the foreign government's submission. ... Relevant considerations include the statement's clarity, thoroughness, and support; its context and purpose; the transparency of

[12] The Republic also maintains that Venezuelan law requires the proponent of a national public interest contract to obtain the National Assembly's approval prior to the execution of the contract, and not the opponent to have the National Assembly affirmatively invalidate it. (Republic Br. 13-14). This is of little relevance given that the Court and the parties agree that the National Assembly must approve national public interest contracts prior to their execution; the disagreement is over whether the 2020 Notes and the Governing Documents amount to national public interest contracts.

> the foreign legal system; the role and authority of the entity or official offering the statement; and the statement's consistency with the foreign government's past positions.

*Id.* at 43 (internal citation omitted). In *PDVSA I*, this Court stated that, "[g]iven the circumstances surrounding the Republic's submission" — in particular, the fact that the Vecchio Letter was submitted one day prior to Plaintiffs' brief, which then cited to the Vecchio Letter — "the Court [was] duly cautious of the views [the Republic] [had] expressed and [was] not persuaded, based on said submission and views." 495 F. Supp. 3d at 280.

The Court remains duly cautious of the views the Republic expresses in its *amicus* brief, and ultimately does not defer to these views. As Defendants note, the Republic's brief was submitted two days before the parties' opening briefs (*see* Def. Supp. Opp. 13), and the Republic's interpretation of *Andrés Velásquez* and the principles embedded therein largely aligns that of Plaintiffs and their proffered experts. (*See* Pl. Supp. Br. 22 (citing Republic Br. 11-17)). This obvious synergy sheds light on the "context and purpose" of the Republic's statement, which is to supplement Plaintiffs' submissions in this litigation, in addition to vindicating the Republic's own interests. As for the other relevant considerations, the Court finds that they cut in favor of the Republic, or are at the very least neutral: (i) the Republic has clearly articulated its position; (ii) the parties have thoroughly briefed the Court on the relevant points of authority in Venezuela's legal system; (iii) the Republic is the government of Venezuela in the eyes of the United States; and (iv) the Republic has taken

similar positions in this litigation, including in *amicus* submissions to the Second Circuit and the New York Court of Appeals. (Republic Br. 15-16).

The Court has carefully considered the Republic's position regarding national public interest contracts and the significance of *Andrés Velásquez*, especially insofar as Plaintiffs have raised the very same issues. But the Court, having reviewed the Republic's submissions and the parties' expert submissions, and having tempered due deference with the submission's context and purpose, finds that it simply cannot square the Republic's views with what Venezuelan law requires. Certainly, contracts involving PDVSA are economically and politically important to the Republic. But the Court reads Venezuelan law, through the binding decisions of the Constitutional Chamber of the Supreme Tribunal of Justice, to necessitate that the Republic itself, through the National Executive, conclude national public interest contracts. The Republic's contrary views do not persuade the Court to reach a different conclusion.

**4. The Court Need Not Address Certain Other Issues of Venezuelan Law Presented by the Parties**

The parties raise and debate other statutes and doctrines of Venezuelan law that might exempt PDVSA from the requirements of Article 150. For example, Defendants have argued that "Venezuela's Organic Law of the Financial Administration of the Public Sector has long expressly exempted PDVSA's debt from any … requirement" that PDVSA submit proposed debt issuances for National Assembly approval. (Def. Br. 38; *see also* Pl. Supp. Br. 18-19). Such statutory exceptions from the Constitution's requirement do not

factor into the Court's analysis because the Court's conclusion that the 2020 Notes and the Governing Documents are not national public interest contracts means that Article 150's requirement of National Assembly authorization does not apply. In other words, because the rule does not apply, the exception to the rule is analytically insignificant.

Defendants also argue that, even if the 2020 Notes and the Governing Documents were required to be approved by the National Assembly, they would nevertheless be enforceable because they are entitled to a presumption of legality, and because enforcement is required to protect the "legitimate expectations" of the 2020 Noteholders and Defendants. (Def. Supp. Br. 28; *cf.* Pl. Supp. Br. 19-21). The Court need not address these alternative arguments because, once again, the Court has determined that the 2020 Notes and the Governing Documents did not require National Assembly approval.[13]

---

13 The parties have raised a number of other issues that have little or no bearing on the narrow issue of Venezuelan law that the Court has determined. To begin, Defendants note that Plaintiffs and their counsel at Hogan Lovells represented to the 2020 Noteholders that they had no reason to believe the Exchange Offer was invalid, and that a Hogan Lovells memorandum characterizes *Andrés Velásquez* as binding authority on the scope of national public interest contracts. (Def. Supp. Br. 28 n.7; Def. Supp. Opp. 6; Pl. Opp. 56.1 ¶¶ 334-337, 344-345, 351-352). Furthermore, Defendants note that PDVSA has repeatedly issued secured debt without National Assembly approval, and that Plaintiffs have identified no cases invalidating transactions such as the Exchange Offer for lack of National Assembly authorization. (Def. Supp. Br. 22-23). Plaintiffs counter that Defendants' characterization is misleading because most of these transactions were entered into by a foreign subsidiary; under the prior constitution; did not involve a foreign domiciled counterparty; or took place when the Chávez and Maduro regimes were usurping the Constitution. (Pl. Supp. Opp. 15-16). Defendants also note that Plaintiffs have taken shifting positions on the meaning of "national public interest contracts" throughout this litigation, such as that a national public interest contract is one inextricably related to the collective interests of Venezuelan citizens or could seriously compromise the Republic's assets; that a national public interest contract is one related to PDVSA's oil industry activities in Venezuela, which are of great national interest; and that contracts entered into by the Decentralized Public Administration are national public interest contracts. (Def. Supp. Opp. 10-12).

### 5. The 2020 Notes and the Governing Documents Are Valid Under Venezuelan Law

According to Article 150, National Assembly approval is required for national public interest contracts where the contract is executed with foreign states or official entities, or with companies not domiciled in Venezuela. Venezuelan Const., art. 150. The parties do not contest that the contracts at issue here were with companies not domiciled in Venezuela. The parties to the Indenture were PDVSA; its subsidiary PDVSA Petróleo; MUFG, a U.S. national banking association; GLAS, a New York limited liability company; and other entities formed under New York and Luxembourg law. (*See* Bliss Decl., Ex. 10 at 1). And, to the extent *Andrés Velásquez* established other necessary requirements for national public interest contracts, such as that their purpose is "determinant or essential to accomplishing the purposes and objectives of the Venezuelan State … while seeking to satisfy individual and coinciding interests of the national community and not just of a specific sector thereof"

---

To the extent the Court has not already addressed these issues (*e.g.*, the Court has rejected the argument that Decentralized Public Administration entities can enter into national public interest contracts), it concludes that they stray too far from the question of Venezuelan law at the heart of the matter. The Court has zeroed in on whether Venezuelan constitutional law requires National Assembly approval for contracts that were not entered into by the Republic itself. It does not.

Additionally, developments in Venezuela following *PDVSA I* do not lead the Court to alter its conclusions about what Venezuelan law requires. Plaintiffs maintain that resolutions passed by the 2020 National Assembly — which they concede is "illegitimate" — saying that contracts entered into by PDVSA require National Assembly approval demonstrate an "unbroken practice and constitutional understanding" that Decentralized Public Administration entities can enter into national public interest contracts. (Pl. Supp. Opp. 14 n.64; Dkt. #319 at 5). Not so. Once again, the Court defers to the Constitutional Chamber's binding interpretation of constitutional provisions, and not to National Assembly resolutions. The Court also need not give respectful consideration or substantial weight to the statements of a concededly unrecognized government entity such as the 2020 National Assembly. *Cf. Animal Sci. Prods., Inc.* v. *Hebei Welcome Pharm. Co. Ltd.*, 585 U.S. 33, 36 (2018).

(*Andrés Velásquez* at 16-17), these requirements are not at issue. Their presence or absence is of little significance given that the Court has determined that a necessary ingredient (the participation of the Republic itself) is missing. Having determined that the 2020 Notes and the Governing Documents are not national public interest contracts due to this missing ingredient, and therefore did not require National Assembly approval, the Court finds that the 2020 Notes and the Governing Documents were validly issued without National Assembly approval under Venezuelan law.

**C. The Act of State Doctrine Does Not Apply**

The Court previously ruled that the act of state doctrine did not apply here. *PDVSA I*, 495 F. Supp. 3d at 270-83. On appeal, in *PDVSA II*, the Second Circuit ruled that the act of state doctrine would not be implicated if Venezuelan law were irrelevant and New York law in fact governed the validity of the 2020 Notes and the Governing Documents. 51 F.4th at 466-67. The Second Circuit considered the choice of law analysis to be a "necessary antecedent to the act-of-state analysis in this case." *Id.* at 467. After the New York Court of Appeals held that Venezuelan law governs the validity of the 2020 Notes and the Governing Documents in *PDVSA III*, 41 N.Y.3d at 473, 477, the Second Circuit in *PDVSA IV* considered two possible roles the act of state doctrine could play on remand. The Second Circuit instructed that, if the Court were to determine that the 2020 Notes and the Governing Documents were invalid under Venezuelan law, then there would be "no role for the act-of-state doctrine to play because antecedent questions [would] render the doctrine

irrelevant, or at least superfluous." *PDVSA IV*, 106 F.4th at 270. If the Court instead were to conclude "that the Exchange Offer was valid under Venezuelan law, then the question of whether any or all of the legislature's resolutions constitute acts of state that invalidate the Exchange Offer takes center stage." *Id.* The Second Circuit "express[ed] no view as to the applicability and effect of the act-of-state doctrine," while noting that its "decision not to conduct a plenary review of the district court's act-of-state doctrine analysis should not be construed as implicitly endorsing or rejecting it." *Id.*

Because the Court has found that the 2020 Notes were validly issued under Venezuelan law, the act of state doctrine now takes center stage. Although the Second Circuit neither endorsed nor rejected the Court's act of state analysis, the Court is not writing on a blank slate. Taking into account the supplemental briefing, the position of the Republic in its *amicus* brief, and the Government's 2025 Statement of Interest, the Court determines not to deviate from its prior conclusion that the act of state doctrine does not apply.

**1. Applicable Law**

The Court incorporates by reference its discussion of the act of state doctrine in *PDVSA I*. 495 F. Supp. 3d at 270-83. For purposes of this Opinion, the Court reviews relevant principles of the doctrine.

"The act of state doctrine bars federal and state courts from 'declar[ing] invalid, and thus ineffective as a rule of decision for the courts of this country, the official act of a foreign sovereign.'" *Celestin* v. *Caribbean Air Mail, Inc.*, 30 F.4th 133, 137 (2d Cir. 2022) (alteration in original) (quoting *W.S. Kirkpatrick &*

*Co.* v. *Env't Tectonics Corp., Int'l*, 493 U.S. 400, 405 (1990) ("*Kirkpatrick*")). "To qualify as 'official,' an act must be imbued with some level of formality, such as authorization by the foreign sovereign through an official 'statute, decree, order, or resolution.'" *Kashef* v. *BNP Paribas S.A.* 925 F.3d 53, 60 (2d Cir. 2019) (quoting *Alfred Dunhill of Lond., Inc.* v. *Republic of Cuba*, 425 U.S. 682, 695 (1976)).

The act of state doctrine functions as "a 'rule of decision' for the merits: It compels federal and state courts to treat foreign official acts as 'valid' in the sense that a court may not declare them 'null and void.'" *Celestin*, 30 F.4th at 138 (quoting *Kirkpatrick*, 493 U.S. at 406). The doctrine "flows from a broad avoidance principle" and "is built around separation of powers concerns relating to foreign affairs." *PDVSA IV*, 106 F.4th at 269 (citing *Kirkpatrick*, 493 U.S. at 404 (quoting *Banco Nacional de Cuba* v. *Sabbatino*, 376 U.S. 398, 423 (1964))). "Act-of-state issues arise only 'when the outcome of the case turns upon ... the effect of official action by a foreign sovereign.'" *Id.* (omission in original) (quoting *Kirkpatrick*, 493 U.S. at 406).

The Court previously described "two crucial caveats to the act of state doctrine." *PDVSA I*, 495 F. Supp. 3d at 271. The first is that the Supreme Court has cautioned against applying the doctrine in an inflexible and all-encompassing manner. Accordingly, "the less important the implications of an issue are for our foreign relations, the weaker the justification for exclusivity in the political branches." *Allied Bank Int'l* v. *Banco Credito Agricola de Cartago*, 757 F.2d 516, 521 (2d Cir. 1985) (quoting *Sabbatino*, 376 U.S. at 428). Thus,

separation of powers concerns must be evaluated on a "case-by-case" basis. *Id.* (citing *Tex. Trading & Milling Corp.* v. *Federal Republic of Nigeria*, 647 F.2d 300, 316 n.38 (2d Cir. 1981), *cert. denied*, 454 U.S. 1148 (1982)).

The second caveat is known as the "extraterritorial limitation." *Id.* The Supreme Court has held that:

> [T]he [Judicial Branch] will not examine the validity of a taking of property within its own territory by a foreign sovereign government, extant and recognized by this country at the time of suit, in the absence of a treaty or other unambiguous agreement regarding controlling legal principles, even if the complaint alleges that the taking violates customary international law.

*Sabbatino*, 376 U.S. at 428; *accord Allied Bank*, 757 F.2d at 520. "[W]here a taking is wholly accomplished within the foreign sovereign's territory, 'it would be an affront to such foreign government for courts of the United States to hold that such act was a nullity.'" *Allied Bank*, 757 F.2d at 521 (quoting *Tabacalera Severiano Jorge, S.A.* v. *Std. Cigar Co.*, 392 F.2d 706, 715 (5th Cir.), *cert. denied*, 393 U.S. 924 (1968)). That is partly because, "under such circumstances, the court's decision would almost surely be disregarded within the borders of the foreign state." *Id.* The Court previously characterized the extraterritorial limitation as being animated by "a whiff of *realpolitik*." *PDVSA I*, 495 F. Supp. 3d at 274.

The Second Circuit in *Allied Bank* instructed that the act of state doctrine is not applicable when the situs of debt at the time it was promulgated was the United States, rather than a foreign country. 757 F.2d at 521. *Allied Bank* then distinguished two ways of determining the situs of debt. The first

"depends in large part on whether the purported taking can be said to have 'come to complete fruition within the dominion of the [foreign] government.'" *Id.* (alteration in original) (quoting *Tabacalera*, 392 F.2d at 715-16). "Put another way, the focus is on whether the act 'is an accomplished fact' because the foreign government 'has the parties and the *res* before it and [has] act[ed] in such a manner as to change the relationship between the parties touching the *res*.'" *PDVSA I*, 495 F. Supp. 3d at 274 (alterations in original) (quoting *Tabacalera*, 392 F.2d at 715 (italicizations added)). "The foreign government must be 'physically in a position to perform a *fait accompli*.'" *Id.* (quoting *Tabacalera*, 392 F.2d at 715 (italicizations added)). The second, or traditional situs analysis, "focuse[s] on the place of payment; the location of the parties; and the location of the contracting for the debt." *Id.* at 274-75 (citing *Allied Bank*, 757 F.2d at 521).

Lastly, "[a]cts of foreign governments purporting to have extraterritorial effect — and consequently, by definition, falling outside the scope of the act of state doctrine — should be recognized by the courts only if they are consistent with the law and policy of the United States." *Allied Bank*, 757 F.2d at 522 (citing *United States* v. *Belmont*, 301 U.S. 324, 332-33 (1937); *Banco Nacional de Cuba* v. *Chem. Bank N.Y. Tr. Co.*, 658 F.2d 903, 908-09 (2d Cir. 1981); *Republic of Iraq* v. *First Nat'l City Bank*, 353 F.2d 47, 51 (2d Cir. 1965)). The Court in *PDVSA I* called this the "[p]ermissive [a]pplication" of the act of state doctrine and described it as a "possible extension to the act of state doctrine." 495 F. Supp. 3d at 281; *see also id.* at 281 n.11 (noting that the permissive

application is but a "possible" extension to the act of state doctrine in part because there are few examples of courts using the permissive application (citing *Hausler* v. *JP Morgan Chase Bank, N.A.*, 127 F. Supp. 3d 17, 57 (S.D.N.Y. 2015))).

**2. The Act of State Doctrine Still Does Not Apply**

**a. The *PDVSA I* Decision**

In *PDVSA I*, the Court determined that the act of state doctrine was inapplicable despite finding that the May 2016 Resolution, the September 2016 Resolution, and the October 2019 Resolution were all official acts of a foreign sovereign. 495 F. Supp. 3d at 271-73. The Court reasoned that the act of state doctrine was inapplicable because (i) these official acts resulted in extraterritorial takings and (ii) the Resolutions did not invalidate the 2020 Notes and the Governing Documents *ex ante*. *Id.* at 273-81. The Court also found that the permissive application of the act of state doctrine was not warranted based on the proffered interests of the United States Government. *Id.* at 281-83. Without restating its analysis *verbatim*, in this section the Court reviews in more detail its findings regarding the act of state doctrine in *PDVSA I*, especially as relevant to the issues raised by the parties, the Republic, and the United States Government in their supplemental submissions.

The Court first found that the three Resolutions were sufficiently formal, "passed by and attributable to the [foreign] sovereign, and … no less official because Defendants' Venezuelan law expert contends that they lack the status of laws." *PDVSA I*, 495 F. Supp. 3d at 271-72. The Court then found that

recognition of a foreign sovereign — in this case, the 2015 National Assembly as the Venezuelan sovereign — had retroactive effect. *Id.* at 272 (citing *United States* v. *Pink*, 315 U.S. 203, 223 (1942)). In so finding, the Court rejected Defendants' argument that retroactivity is limited to situations where a new government arises out of a civil war or revolution. *Id.* at 272-73. The Court also determined that the 2015 National Assembly was the sovereign of Venezuela retroactive to its commencement, even though Mr. Maduro was recognized as the legitimate president of Venezuela up until January 2019. *Id.* at 273.

The Court nonetheless concluded that the act of state doctrine did not apply because, although the Resolutions were official acts of a foreign sovereign that purported to effect a taking by invalidating Plaintiffs' debt obligations and the correlative reclamation of the CITGO collateral, any such taking was extraterritorial. *PDVSA I*, 495 F. Supp. 3d at 273. Applying *Allied Bank*, the controlling case on the issue, the Court analyzed the situs of the taking under the two methods described therein. *Id.* at 274-75. Under the "complete fruition" situs analysis, the Court reasoned that Venezuela was not in a position to invalidate the 2020 Notes and the Governing Documents because principal and interest payments were obligated to be paid in U.S. dollars in New York City, and because the collateral was located in New York City. *Id.* at 275. Likewise, under the traditional "situs of the debt" analysis, the Court reasoned that the "center of gravity," and therefore the situs of the debt, for both the 2020 Notes and the collateral was New York, not Venezuela. *Id.*

The Court considered Plaintiffs' "strongest argument" to be that *Allied Bank* was distinguishable because the National Assembly's Resolutions, coupled with its omission of authorization for the Exchange Offer, precluded the 2020 Notes and the Governing Documents from ever coming into valid legal existence. *PDVSA I*, 495 F. Supp. 3d at 276. The Court nevertheless rejected this argument because it lacked support in the plain language of the Resolutions. *Id.* By its own terms, the May 2016 Resolution does not apply to contracts entered into by PDVSA, rather than the National Executive. *Id.* at 276-77. Likewise, the September 2016 Resolution evinces no intent to affirmatively invalidate the Exchange Offer when it only rejects the pledging of CITGO as collateral and does not define the Exchange Offer as a national public interest contract. *Id.* at 277-78. And the October 2019 Resolution, which resolves that the Exchange Offer and the 2020 Notes were contracts of national public interest and violated Article 150, only did so after investigations conducted in coordination with the Office of the Special Prosecutor (cutting against a finding that the earlier Resolutions had nullified the Exchange Offer *ex ante*), and conveniently during "the very month in which substantial interest and principal payments fell due under the Governing Documents." *Id.* at 278. Even assuming *arguendo* that these Resolutions did invalidate the Exchange Offer and the 2020 Notes, the Court could not "contort the act of state doctrine to accommodate Plaintiffs' theory" because it "would still be compelled to find that the taking took place outside of Venezuela." *Id.* at 280-81.

The Court also declined to defer to the statements of Freddy Guevara, a 2015 National Assembly member, who purportedly stated in connection with the September 2016 Resolution that the National Assembly should not recognize a national interest contract that did not come before the Assembly. *PDVSA I*, 495 F. Supp. 3d at 278. The Court focused on the "plain language of the September 2016 Resolution," which the floor statements of a Venezuelan lawmaker such as Mr. Guevara could not alter. *Id.* And the Court likewise declined to defer to the views of the Republic, expressed by Ambassador Vecchio, that the September 2016 Resolution and October 2019 Resolution invalidated the Exchange Offer and rendered the 2020 Notes void *ab initio*. *Id.* at 278-79. Applying *Animal Science Products*, the Court determined not to give conclusive effect to the Republic's views in light of the clear language of both Resolutions; the Special AG Report, which stated that the National Assembly did not declare the 2020 Notes unlawful in the September 2016 Resolution; and the fact that the Republic's submissions were offered specifically for the purposes of this litigation, and seemingly in coordination with Plaintiffs. *Id.* at 279-80.

Lastly, the Court determined that permissive application of the act of state doctrine, consistent with the law and policy of the United States, was not warranted. Having solicited the views of the United States, the Court evaluated the Government's 2020 Statement of Interest, as well as a letter from United States Special Representative for Venezuela Elliott Abrams, and the Government's statements at the September 25, 2020 oral argument. *PDVSA I*,

495 F. Supp. 3d at 281-82. The Government emphasized its support for the efforts of the 2015 National Assembly to restore democracy to Venezuela, as well as its interest in avoiding uncertainty in contract enforcement due to potential adverse effects on international financial markets and efforts to restructure sovereign debt. *Id.* at 282 (citing 2020 SOI 7-8). Still, the Government took no position on whether the act of state doctrine applied in this case in light of unresolved questions of fact and Venezuelan law. *Id.* at 282 (citing 2020 SOI 9). Neither the Abrams letter, nor the Government's non-committal statements at oral argument, brought the Court any closer to determining whether recognition of the 2015 National Assembly's purported invalidation was consistent with the law and policy of the United States. *See id.* Accordingly, "cognizant of the United States' well-documented support both for Interim President Guaidó and for his efforts to restore democracy and financial health to Venezuela," and aware of the "deprivations that the Maduro regime has visited upon the Venezuelan people," the Court declined to permissively apply the act of state doctrine; instead, the Court gave effect to the United States' "substantial interests" in stable financial markets, protecting creditors' expectations, and maintaining New York's status as a global commercial center — especially absent an affirmative statement by the United States in favor of granting comity to the National Assembly's actions. *Id.* at 282-83.

**b. There Is No Reason to Depart from the Law of the Case**

As noted, the Court in its discretion may depart from the law of the case and reconsider an issue if, for example, there has been an intervening change of controlling law, new evidence is available, or there is a need to correct a clear error or prevent manifest injustice. *See Gulino*, 555 F. App'x at 40; *Quintieri*, 306 F.3d at 1230; *Tenzer*, 213 F.3d at 39. In general, however, courts are loath to revisit earlier decisions absent extraordinary circumstances, *see Perlman*, 2024 WL 664968, at *5, and that is especially so where the issues the parties seek to revisit were so thoroughly briefed and considered, as here. Nevertheless, the Court will revisit its decision to the extent that the parties' supplemental briefing and expert submissions, the *amicus* brief submitted by the Republic, the Guevara Declaration, the Government's 2025 Statement of Interest, and the letter from Ambassador Kozak may have raised issues the Court did not consider, or else insofar as the parties persuade the Court that its decision not to apply the act of state doctrine was wrong.

After spending considerable time evaluating these new submissions, the Court is not persuaded to reach a different conclusion regarding the act of state doctrine. The parties do not cite any developments in the law since *PDVSA I* was decided that would cast doubt on the Court's prior analysis. Instead, Plaintiffs would like the Court to redo its analysis of the May 2016, September 2016, and October 2019 Resolutions. (Pl. Supp. Br. 28-32). This time around, they would like the Court to give substantial weight to the Declaration of Freddy Guevara, the National Assembly member whose floor

statements the Court considered in *PDVSA I*, 495 F. Supp. 3d at 278, and to the Republic's *amicus* submission. (*See* Pl. Supp. Br. 28-32). Additionally, Plaintiffs maintain that the Court misapplied *Allied Bank*, which "involved a *retroactive* repudiation of debt that was indisputably valid when issued, [whereas] this case involves a foreign sovereign's *prospective* refusal to authorize newly issued debt." (*Id.* at 33). For their part, Defendants urge the Court to reaffirm its finding that the act of state doctrine does not apply. (Def. Supp. Br. 30-35). However, Defendants want the Court to reconsider its finding that the September 2016 Resolution was an official act of a foreign sovereign because, they argue, the 2015 National Assembly was not Venezuela's sovereign at the time. (*Id.* at 32-35).

At the outset, the Court reaffirms its conclusion that the September 2016 Resolution was an official act of a foreign sovereign. Previously, the Court rejected Defendants' argument that the National Assembly was not the Venezuelan sovereign in 2016 because it determined that the United States' recognition of the National Assembly as the only legitimate branch of the Venezuelan government was retroactive to the National Assembly's commencement in 2015. *PDVSA I*, 495 F. Supp. 3d at 272-73. At the same time, the Court acknowledged that a corollary to Defendants' argument had "more traction," namely, that the National Assembly should not be recognized as the Venezuelan sovereign in 2016 because the event that precipitated the United States' recognition of Mr. Guaidó in January 2019 was the presidential election in May 2018. *Id.* at 273. Perhaps the Court's comment that this

argument had "more traction" has led Defendants to renew their challenge to the National Assembly's status as a foreign sovereign with respect to the September 2016 Resolution. In *PDVSA I*, the Court decided that "it is *of no moment* that the Maduro regime was the recognized government in 2016, since the Executive Branch's [2019] recognition of the National Assembly and Mr. Guaidó as legitimate *necessarily means that the Maduro regime* is and *was illegitimate*." *Id.* (internal citation omitted) (emphases added).

Because the United States' January 2019 recognition of the National Assembly was retroactive to the Assembly's commencement, the September 2016 Resolution was an official act of a foreign sovereign. Defendants incorrectly maintain that retroactive recognition of a foreign government applies only in circumstances where there are competing claims to sovereignty that are later resolved, such as in cases of revolution or civil war, and that the lack of such competing claims in 2016 means recognition of the National Assembly is not retroactive to that year. (Def. Supp. Br. 33). In fact, the retroactivity principle applies from the commencement of the recognized government's existence, as the Court affirmed in *PDVSA I*, 495 F. Supp. 3d at 273. *See Pink*, 315 U.S. at 223 ("[R]ecognition of a foreign sovereign conclusively binds the courts and is retroactive and validates all actions and conduct of the government so recognized *from the commencement of its existence*." (emphasis added) (internal quotation marks omitted)). The Court vindicated this principle in *PDVSA I* while recognizing that situations where a new government arises out of a civil war or revolution "is the scenario in which

retroactivity typically applies." *PDVSA I*, 495 F. Supp. 3d at 272 (citing *Konowaloff* v. *Metro. Museum of Art*, 702 F.3d 140, 146 (2d Cir. 2012) (finding that recognition of revolutionary government had retroactive effect)). This Court still believes that limiting the retroactive effect of recognition to "such violent circumstances" would "nonsensically limit the effect of the Executive Branch's actions to certain factual scenarios, which runs directly counter to the separation of powers concerns animating the act of state doctrine." *Id.* at 272-73.[14]

Just as the Court reaffirms its conclusion that the September 2016 Resolution was an official act of a foreign sovereign, so too does the Court reaffirm its conclusion that the May 2016, September 2016, and October 2019 Resolutions did not preemptively invalidate the Exchange Offer and the 2020 Notes. Plaintiffs previously argued that there was no "taking" for purposes of

---

[14] Defendants also maintain that their limited view of retroactivity is vital to protecting the "reliance interests" of parties who transact with previously legitimate governments. (Def. Supp. Br. 34-35 (citing *Banco de Espana* v. *Fed. Rsrv. Bank of N.Y.*, 114 F.2d 438, 440, 444 (2d Cir. 1940); *Guar. Tr. Co. of N.Y.* v. *United States*, 304 U.S. 126, 140-41 (1938))). The Court rejects this argument for two reasons. First and foremost, without downplaying the importance of reliance interests, the Court finds that separation of powers concerns require it to give retroactive effect to the Executive Branch's recognition of the National Assembly as the Venezuelan sovereign. Moreover, Defendants' reliance interests are insignificant in context. The Second Circuit in *Banco de Espana* cited *Guaranty Trust Co.* for the proposition that persons who dealt with a former government are entitled to rely upon the finality and legality of that government's acts. 114 F.2d at 444 (citing *Guar. Tr. Co.*, 304 U.S. at 140). The Supreme Court in *Guaranty Trust Co.* noted in particular that, if transactions that were "valid when entered into[ ] were to be disregarded after the later recognition of a successor government, recognition would … yield[ ] none of the advantages of established diplomatic relations in enabling business transactions to proceed, and afford[ ] no protection to our own nationals in carrying them on." 304 U.S. at 140-41. But here, the Court has found that the 2020 Notes and the Governing Documents are valid, and again given the separation of powers interests at stake, it will not give effect to the generalized reliance interests of other parties, when Defendants' own reliance interests have been vindicated.

the extraterritorial limitation because the National Assembly's Resolutions and lack of authorization of the Exchange Offer precluded the 2020 Notes from ever coming into valid legal existence. (Pl. Br. 22). The Court rejected this argument in *PDVSA I*. 495 F. Supp. 3d at 276. Now, in light of the new submissions — and even assuming that the Resolutions were affirmative, official acts of a foreign sovereign (*cf. id.* at 276 n.6) — the Court reconsiders whether the National Assembly through these Resolutions preemptively invalidated the Exchange Offer and the 2020 Notes, and finds again that it did not.

Previously the Court found that, because the text of the May 2016 Resolution is directed only at contracts of national public interest concluded by the National Executive, it is not directed at contracts entered into by PDVSA. *PDVSA I*, 495 F. Supp. 3d at 276-77. Mr. Guevara, the National Assembly member, acknowledges that the "May Resolution did not expressly reject the Exchange Offer because it was not proposed until months later, in September 2016." (Guevara Decl. ¶ 7). Mr. Guevara further explains that the May 2016 Resolution confirmed that only the National Assembly could authorize national public interest contracts, "which the National Assembly expressly understood to include, but not be limited to, those involving the National Executive as a party." (*Id.*). The Republic likewise maintains that the Court misinterpreted the May 2016 Resolution, which it claims is not limited to contracts entered into by the National Executive because it purports to invalidate activities in contravention of Article 150. (Republic Br. 20). But neither Mr. Guevara nor

the Republic has controverted the plain language of the May 2016 Resolution, which refers to contracts concluded by “the National Executive” and only obliquely refers to conduct that “usurps the constitutional functions” as being “null and void.” (Bliss Decl., Ex. 13 at 8-9). As before, the Court reads the May 2016 Resolution as not directly addressing the Exchange Offer.

With respect to the September 2016 Resolution, the Court previously concluded that it did not invalidate the Exchange Offer or the 2020 Notes because the Resolution only rejected the pledge of CITGO as collateral, and only invoked Article 187(9) of the Constitution to obtain information about the Exchange Offer, including by urging the Public Ministry to open an investigation. *PDVSA I*, 495 F. Supp. 3d at 277-78. On top of the floor statements the Court already considered, Mr. Guevara now explains that, in the September 2016 Resolution, the National Assembly “withheld [its] requisite constitutional authorization of the Exchange Offer pursuant to its determination that the Exchange Offer implicated the national interest.” (Guevara Decl. ¶ 17). Along these lines, the Republic believes that the Court’s reading of the September 2016 Resolution was unduly narrow because the September 2016 Resolution was an affirmative, categorical rejection of the Exchange Offer. (Republic Br. 21-22). According to the Republic, “[u]nder Venezuelan law, no talismanic phrases are required for the Assembly’s expressed disapproval to have legal force.” (*Id.* at 22). As such, the Republic argues that the National Assembly did not merely want to investigate the Exchange Offer, but categorically rejected it. (*Id.* at 23-24). The problem for

Plaintiffs and the Republic is that their views contradict the plain language of the September 2016 Resolution. As with its discussion of Article 335 *supra*, the Court is not looking for talismanic phrases. Rather, the Court analyzes the plain text of the September 2016 Resolution, which purports to summon the President of PDVSA to appear before the National Assembly, to reject the pledge of 50.1% of shares of CITGO as collateral, to urge the Public Ministry to open an investigation,[15] and to urge PDVSA to present a refinancing plan. (First Clark Decl., Ex. 44 at 3). It does not purport to invalidate the Exchange Offer. (*Cf. id.*). The Court thus reaffirms its prior conclusion.

As for the October 2019 Resolution, the Resolution "ratif[ies]" and "reiterates" that the 2020 Notes and the Governing Documents violated the Constitution, while referencing both the May 2016 Resolution and the September 2016 Resolution. (First Clark Decl., Ex. 50 at 1). By its own terms, then, the October 2019 Resolution did not *preemptively* invalidate the 2020 Notes and the Governing Documents. Indeed, Mr. Guevara describes the October 2019 Resolution as "reiterating" that the 2020 Notes were invalid because "the Assembly had *previously indicated the same* in the September 2016 Resolution, including by withholding authorization and categorically rejecting the pledge of CITGO." (Guevara Decl. ¶ 20 (emphasis added)). In any

[15] It is of no moment that the investigation being called for was "criminal in nature — *i.e.*, to determine whether members of the Maduro regime were criminal[ly] liable precisely because the regime was pushing through a national public interest contract without seeking the National Assembly's approval." (Pl. Supp. Br. 31 (citing Republic Br. 8, 24-25, 27-28; Guevara Decl. ¶ 18)). According to the plain text of the September 2016 Resolution, the National Assembly was still calling for an investigation, criminal or not, rather than invalidating the Exchange Offer. (First Clark Decl., Ex. 44 at 3).

event, while reserving judgment on the applicability of the act of state doctrine pending resolution of the choice of law issues, the Second Circuit in *PDVSA II* agreed with this Court's ruling that "*Allied Bank* forecloses any argument that the [National Assembly's] October 2019 Resolution could operate on its own to retroactively void the 2020 Notes, Indenture, and Pledge Agreement." 51 F.4th at 466 n.6. Thus, the Court reaffirms its prior ruling regarding the October 2019 Resolution.

Regardless of whether the National Assembly through the Resolutions preemptively invalidated or retroactively repudiated the Exchange Offer and the 2020 Notes, the Court again concludes that the extraterritorial limitation described in *Allied Bank* precludes application of the act of state doctrine. On this point, Plaintiffs argue that, because the relevant official acts of the Venezuelan sovereign "predated the issuance of the debt, … there was no property interest to take and, hence, no taking." (Pl. Supp. Br. 33 (citing *U.S. Olympic Comm.* v. *Intelicense Corp., S.A.*, 737 F.2d 263, 267 (2d Cir. 1984); *United States* v. *Sperry Corp.*, 493 U.S. 52, 59 (1989); *Grayton* v. *United States*, 92 Fed. Cl. 327, 337 (2010))). However, Plaintiffs' views of the extraterritorial limitation, and of the act of state doctrine more generally, are too formalistic. Previously the Court concluded that, even assuming *arguendo* that the National Assembly preemptively invalidated the Exchange Offer and the 2020 Notes, the extraterritorial limitation still precluded application of the act of state doctrine. *PDVSA I*, 495 F. Supp. 3d at 280-81. That is because "the situs component of the act of state doctrine is, at its core, an eminently practical

analysis." *Id.* at 280 (citing *Bandes* v. *Harlow & Jones, Inc.*, 852 F.2d 661, 666 (2d Cir. 1988)). The Second Circuit has held that the rationale animating the act of state doctrine "does not extend to property located within the United States," where federal courts' "jurisdiction is paramount." *Bandes*, 852 F.2d at 666; *see also id.* ("Conversely, the foreign sovereign is acting beyond *its* enforcement capacity when it involves itself within our nation's jurisdiction."). And "[f]or purposes of the act of state doctrine, a debt is not 'located' within a foreign state unless that state has the power to enforce or collect it." *Menendez* v. *Saks & Co.*, 485 F.2d 1355, 1364 (2d Cir. 1973), *rev'd on other grounds sub nom. Alfred Dunhill of Lond., Inc.*, 425 U.S. 682.

Plaintiffs now argue that, because "[t]his case concerns *Venezuelan* decrees, issued under *Venezuelan* law in *Venezuela*, directed at *Venezuelan* state-owned entities *prior* to the existence of the purported debt obligation … the situs test provides no basis to decline to apply the act of state doctrine." (Pl. Supp. Br. 34 (citing *Fed. Treasury Enter. Sojuzplodoimport, OAO (FTE)* v. *Spirits Int'l B.V.*, 809 F.3d 737, 742-45 (2d Cir. 2016) ("*FTE*"); *Banco de Espana* v. *Fed. Rsrv. Bank of N.Y.*, 114 F.2d 438, 444 (2d Cir. 1940)); *see also* Republic Br. 19-20 (advancing similar argument)). But, as the Court found in *PDVSA I*,

> [t]he fact remains that papers were signed, contracts were executed, [and] payments are due in New York, and the collateral sits waiting in a vault in New York. Venezuela has no power, save by the actions of this Court or intervention by the United States, to stop Defendants from enforcing their contractual remedies. And it is that impotence to complete the expropriation that makes clear that no taking has taken place in Venezuela. Moreover, it is irrelevant that the

> Resolutions were issued in Venezuela, "since the act of state doctrine looks to actual dominion over property rather than to the mere execution of official documents."

495 F. Supp. 3d at 280-81 (quoting *Drexel Burnham Lambert Grp. Inc.* v. *Galadari*, 610 F. Supp. 114, 118 (S.D.N.Y.), *aff'd in relevant part*, 777 F.2d 877 (2d Cir. 1985)). That distinguishes this case from *FTE*, where the Second Circuit reversed the district court's refusal to apply the act of state doctrine because the district court had found that the foreign sovereign's act concerned a property interest in the United States. *FTE*, 809 F.3d at 744. The Second Circuit instead concluded that the Russian government's assignment of trademark rights and interests did not "impair[ ] anyone's property rights or affect[ ] the jurisdiction of the United States courts to decide the competing claims to ownership of the" trademarks at issue. *Id.* Rather than confiscating property, the Russian government had merely "*transfer[red]* whatever rights the Russian Federation may already have in the Marks to FTE." *Id.* Put another way, "the sovereign act was a wholly intragovernmental transfer of rights, executed by the sovereign acting as a government"; it was "an internal act that ... impair[ed] no commercial interest of anyone else." *Id.* at 744-45. By contrast, the National Assembly's official acts — even if they preemptively invalidated the Exchange Offer and the 2020 Notes, which they did not — did impair property rights of U.S. creditors concerning debt sited in the United States, and would affect the jurisdiction of the courts of the United States. These official acts did not come to complete fruition within the dominion of

Venezuela. *Cf. Bandes*, 852 F.2d at 666; *Allied Bank*, 757 F.2d at 521. Accordingly, the Court reaffirms its conclusion that the act of state doctrine does not apply in light of the doctrine's extraterritorial limitation. *See PDVSA I*, 495 F. Supp. 3d at 273-81.[16]

**3. The Permissive Application of the Act of State Doctrine Remains Unwarranted**

Finally, Plaintiffs maintain that, "[e]ven if the National Assembly's sovereign acts purported to have extraterritorial effect, such acts would warrant deference under the 'permissive' application of the act of state doctrine as 'consistent with the law and policy of the United States.'" (Pl. Supp. Opp. 18 n.80 (quoting *Allied Bank*, 757 F.2d at 522)). As potential support for this argument, Plaintiffs urged the Court to seek a statement of interest from the United States, as it did during the first round of briefing. (*Id.*; *see* 2020 SOI). The Court did so on July 17, 2025. (Dkt. #390). On August 29, 2025, the Government submitted its statement of interest (*see* 2025 SOI), along with a letter from Ambassador Michael G. Kozak, Senior Bureau Official in the Bureau of Western Hemisphere Affairs in the U.S. Department of State, to Brenna Jenny, Deputy Assistant Attorney General, Civil Division, U.S. Department of

[16] The Republic contends that the "financial markets' reaction to the National Assembly's actions further underscores their import as unambiguous acts of state." (Republic Br. 24). But the Republic cites no case law for this proposition, and it has no significance to the Court's act of state doctrine analysis. Nor does the Republic's explanation of the Special Attorney General's Report factor significantly into the Court's interpretation of the plain text of the September 2016 Resolution. (*Cf. id.* at 24-25 (citing Special AG Report ¶¶ 2, 160-161, 164, 170(b))). The Special AG's Report may be "consistent with the Republic's understanding" that the September 2016 Resolution rendered the 2020 Notes void *ab initio*, but the Court has already explained why the Republic's understanding contradicts the plain text of the September 2016 Resolution. (*Id.* at 25).

Justice (Kozak Letter). Having considered the 2025 Statement of Interest and the Kozak Letter, the Court reaffirms its prior conclusion that the permissive application of the act of state doctrine is not warranted.

In the 2025 Statement of Interest, the Government "affirm[s] its recognition of, and firm support for, the 2015 National Assembly of Venezuela as the government of Venezuela," because it is "the only government of Venezuela duly elected by the Venezuelan people." (2025 SOI 1). In his letter submitted in connection with the 2025 Statement of Interest, Ambassador Kozak favorably cites the 2020 letter from Elliott Abrams, the United States Special Representative for Venezuela (Dkt. #213-1 (the "Abrams Letter")), which Kozak characterizes as having "comprehensively articulated several policy considerations." (Kozak Letter 1). Ambassador Kozak echoes Special Representative Abrams's view that "Nicolás Maduro and his coterie of corrupt associates have ravaged Venezuela's economy, inflicted serious human rights abuses upon innocent citizens, and have exploited and squandered the Venezuelan people's assets, including [PDVSA]." (*Id.*). According to Ambassador Kozak, in the interim, the situation has "only worsened due to Maduro's cruelty, corruption, and inhuman indifference to the misery of tens of millions of his countrymen." (*Id.*). The Ambassador further states that, in July 2024, the Venezuelan people "overwhelmingly cast their ballots for opposition candidate Edmundo González Urrutia," though Mr. Maduro declared himself the winner. (*Id.* at 1-2). As a result, "Maduro does not speak for the Venezuelan people," and the "2015 National Assembly was and remains the

only democratically elected public institution in Venezuela," — indeed, it is "the government of Venezuela" despite changes in leadership since the United States last submitted its views to this Court. (*Id.* at 2). In the eyes of the United States, "the views of the 2015 National Assembly on questions of Venezuelan law are entitled to the same respectful consideration owed to any foreign government's statements regarding its own domestic law." (*Id.*).

More specifically, the Government maintains that the views expressed by the Republic in its *amicus* brief regarding Venezuelan law "constitute the views of a foreign government that deserve the same 'respectful consideration' from the Court that would be due to any foreign sovereign under [*Animal Science Products*]." (2025 SOI 2 (quoting *Animal Science Prods., Inc.*, 585 U.S. at 36)). At the same time, the Government stresses that, per *Animal Science Products*, the Court is not bound to give conclusive effect to the views of a foreign government such as the 2015 National Assembly. (*Id.* at 2-3 (citing *Animal Science Prods., Inc.*, 585 U.S. at 36, 43)).

With respect to the merits of the case, the Government refers the Court to the views set forth in the 2020 Statement of Interest and the accompanying Abrams Letter. (2025 SOI 3). The United States continues to "take[ ] no position on the operation of Venezuelan law in this case or the application of the act of state doctrine." (*Id.* at 3 (citing 2020 SOI 4-7)). The United States also "reiterates its substantial interest in avoiding uncertainty in lawful contractual relations and an orderly process for restructuring sovereign debts for which creditors can legitimately expect payment." (*Id.* (citing 2020 SOI 8-

9)). In other words, the 2025 Statement of Interest and Kozak letter leave the Court right back where it started. The permissive application of the act of state doctrine is thus unwarranted for the reasons given in *PDVSA I*, 495 F. Supp. 3d at 281-83.

In sum, the Court reaffirms its prior conclusion that the act of state doctrine does not apply.

**CONCLUSION**

For all of the above reasons, Defendants' motion for summary judgment is GRANTED IN PART. As the parties agreed, the Court reserves decision on Defendants' counterclaims and the effect of the validity of the 2020 Notes and the Governing Documents under New York law. Plaintiffs' cross-motion for summary judgment is DENIED. The parties are hereby ORDERED to submit a joint letter on or before **October 16, 2025**, proposing next steps in this action.

SO ORDERED.

Dated: September 18, 2025
New York, New York

Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge

Query Reports Utilities Help Log Out

CLOSED,APPEAL,ECF

# U.S. District Court
# Southern District of New York (Foley Square)
# CIVIL DOCKET FOR CASE #: 1:19-cv-10023-KPF

| | |
|---|---|
| Petroleos De Venezuela S.A. et al v. MUFG Union Bank, N.A. et al | Date Filed: 10/29/2019 |
| Assigned to: Judge Katherine Polk Failla | Date Terminated: 12/01/2020 |
| Related Case: 1:20-cv-00269-KPF | Jury Demand: None |
| Cause: 28:1332 Diversity Action | Nature of Suit: 190 Contract: Other |
| | Jurisdiction: Diversity |

**Plaintiff**

| | | |
|---|---|---|
| **Petroleos De Venezuela S.A.**<br>*TERMINATED: 10/16/2020* | represented by | **Igor Victor Timofeyev**<br>Paul Hastings LLP<br>2050 M Street, N.W.<br>Washington, DC 20036<br>202-551-1792<br>Fax: 202-551-0192<br>Email: igortimofeyev@paulhastings.com<br>*ATTORNEY TO BE NOTICED*<br><br>**James Robert Bliss**<br>Paul Hastings LLP (NY)<br>200 Park Avenue<br>New York, NY 10166<br>(203) 961-7471<br>Fax: (203) 359-3031<br>Email: jbliss@ellisgeorge.com<br>*TERMINATED: 09/28/2023*<br><br>**James Lysander Ferguson**<br>Paul Hastings LLP<br>200 Park Ave.<br>New York, NY 10166<br>212-318-6000<br>Email: jamesferguson@paulhastings.com<br>*ATTORNEY TO BE NOTICED*<br><br>**James B Worthington**<br>Paul Hastings LLP (NY)<br>200 Park Avenue<br>New York, NY 10166<br>(212) 318) 6000<br>Fax: (212) 230-7769<br>Email:<br>jamesworthington@paulhastings.com<br>*TERMINATED: 09/28/2023* |

**Zachary Melvin**
Paul Hastings LLP
200 Park Avenue
New York, NY 10166
212-318-6461
Email: zacharymelvin@paulhastings.com
*ATTORNEY TO BE NOTICED*

**Kurt Wayne Hansson**
Paul Hastings LLP (NY)
200 Park Avenue
New York, NY 10166
(212) 318-6627
Fax: (212) 230-7843
Email: kurthansson@paulhastings.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**PDVSA Petroleo S.A.**
*TERMINATED: 10/16/2020*

represented by **Igor Victor Timofeyev**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James Robert Bliss**
(See above for address)
*TERMINATED: 09/28/2023*

**James Lysander Ferguson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James B Worthington**
(See above for address)
*TERMINATED: 09/28/2023*

**Zachary Melvin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kurt Wayne Hansson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**PDV Holding, Inc.**
*TERMINATED: 10/16/2020*

represented by **Jeffrey B. Korn**
Willkie Farr & Gallagher LLP (NY)
787 Seventh Avenue
New York, NY 10019
(212) 728-8842
Fax: (212) 728-8842
Email: jkorn@willkie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Julian Gottlieb**

Willkie Farr & Gallagher LLP
1875 K Street NW
20006
Washington, DC 20015
202-303-1442
Fax: 202-303-2442
Email: mgottlieb@willkie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tariq Mundiya**
Willkie Farr & Gallagher LLP (NY)
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
Fax: (212) 728-8111
Email: tmundiya@willkie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alyxandra Vernon**
Willkie Farr & Gallagher LLP
333 Bush Street
San Francisco, CA 94104
415-858-7468
Email: avernon@willkie.com
*ATTORNEY TO BE NOTICED*

**Kristin Bender**
Willkie Farr & Gallagher LLP
1875 K. Street, N.W.
Washington, DC 20006-1238
202-303-1245
Email: kbender@willkie.com
*ATTORNEY TO BE NOTICED*

**Matthew S. Freimuth**
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, ny 10019
(212)-728-8183
Fax: (212)-728-8111
Email: maosdny@willkie.com
*ATTORNEY TO BE NOTICED*

**Michael Gottlieb**
Willkie Farr & Gallagher LLP
1875 K Street NW
20006
Washington, DC 20015
202-303-1442
Fax: 202-303-2442
Email: mgottlieb@willkie.com
*ATTORNEY TO BE NOTICED*

**Nathan Philip Eimer**
Eimer Stahl LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
312-660-7600
Fax: 312-692-1718
Email: neimer@eimerstahl.com
*ATTORNEY TO BE NOTICED*

**Nicholas M. H. Reddick**
Willkie Farr & Gallagher LLP
333 Bush Street
San Francisco, CA 94104
415-858-7400
Fax: 415-858-7599
Email: nreddick@willkie.com
*ATTORNEY TO BE NOTICED*

**Noel John Francisco**
Jones Day - Washington
51 Louisiana Avenue, N.W.
Washington, DC 20001
202-879-5485
Email: njfrancisco@jonesday.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**MUFG Union Bank, N.A.**
*TERMINATED: 10/16/2020*

represented by

**Andrew N. Rosenberg**
Paul Weiss (NY)
1285 Avenue of the Americas
New York, NY 10019
(212)-373-3158
Fax: (212)-492-0158
Email: arosenberg@paulweiss.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher J. Clark**
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
212-906-1200
Fax: 212-751-4864
Email: clark@csvllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Roberto Gonzalez**
Paul, Weiss, Rifkind, Wharton & Garrison,

LLP (DC)
2001 K Street, N.W.
Washington, DC 20006
(202)-223-7316
Email: rgonzalez@paulweiss.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter Rieman**
Paul Weiss (NY)
1285 Avenue of the Americas
New York, NY 10019
(212)-373-3260
Fax: (212)-373-2827
Email: wrieman@paulweiss.com
*TERMINATED: 01/08/2024*
*LEAD ATTORNEY*

**William Clareman**
Paul Weiss (NY)
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000 x3248
Fax: (212) 492-0248
Email: wclareman@paulweiss.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew James Rodgers**
Clark Smith Villazor LLP
666 Third Avenue
21st Floor
10017
New York, NY 10007
212-377-0850
Email: andrew.rodgers@csvllp.com
*ATTORNEY TO BE NOTICED*

**Brian Thomas Burns**
Clark Smith Villazor LLP
666 Third Avenue, 21st Floor
New York, NY 10017
212-377-0850
Fax: 212-377-0868
Email: brian.burns@csvllp.com
*ATTORNEY TO BE NOTICED*

**Jonathan Hillel Hurwitz**
Paul, Weiss, Rifkind, Wharton & Garrison
LLP (NYC)
1285 Avenue of the Americas
New York, NY 10019
212-373-3254
Fax: 212-492-0254

Email: jhurwitz@paulweiss.com
*TERMINATED: 03/31/2025*

**Luke Sobota**
Three Crowns (US) LLP
3000 K Street NW
Ste 101
Washington, DC 20007-5109
202-540-9461
Email: luke.sobota@threecrownsllp.com
*TERMINATED: 12/23/2019*

**Matthew S Salerno**
Latham & Watkins
1271 Avenue of the Americas
New York, NY 10020
212-906-1200
Email: matthew.salerno@lw.com
*TERMINATED: 12/23/2024*

**Sean Henry McMahon**
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
212-906-1200
Email: sean.mcmahon@csvllp.com
*TERMINATED: 08/09/2023*

**Shane Donnelly Avidan**
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of The Americas
New York, NY 10019
(212)-373-3476
Fax: (212)-492-0476
Email: shane.avidan@blbglaw.com
*TERMINATED: 07/14/2023*

**Virginia Foster Tent**
Clark Smith Villazor LLP
666 Third Avenue, 21st Floor
New York, NY 10017
212-377-0850
Fax: 212-377-0868
Email: virginia.tent@csvllp.com
*ATTORNEY TO BE NOTICED*

**Zachary Kaye**
Reed Smith LLP
599 Lexington Avenue
New York, NY 10019
212-521-4695
Email: zkaye@reedsmith.com
*TERMINATED: 03/11/2021*

**Defendant**

| | | |
|---|---|---|
| **GLAS Americas LLC**<br>*TERMINATED: 10/16/2020* | represented by | **Andrew N. Rosenberg**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Christopher J. Clark**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Roberto Gonzalez**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Walter Rieman**<br>(See above for address)<br>*TERMINATED: 01/08/2024*<br>*LEAD ATTORNEY*<br><br>**William Clareman**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Andrew James Rodgers**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Brian Thomas Burns**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Jonathan Hillel Hurwitz**<br>(See above for address)<br>*TERMINATED: 03/31/2025*<br><br>**Luke Sobota**<br>(See above for address)<br>*TERMINATED: 12/23/2019*<br><br>**Matthew S Salerno**<br>(See above for address)<br>*TERMINATED: 12/23/2024*<br><br>**Sean Henry McMahon**<br>(See above for address)<br>*TERMINATED: 08/09/2023*<br><br>**Shane Donnelly Avidan**<br>(See above for address)<br>*TERMINATED: 07/14/2023* |

**Virginia Foster Tent**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Zachary Kaye**
(See above for address)
*TERMINATED: 03/11/2021*

**Miscellaneous**

**Sergio Lovati** represented by **Anthony J. Costantini**
Duane Morris, LLP (NYC)
1540 Broadway
New York, NY 10036-4086
212 692-1000
Fax: 212 692-1020
Email: ajcostantini@duanemorris.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Thomas McTaggart**
Duane Morris LLP
1540 Broadway
New York, NY 10036
(212)-471-1814
Fax: (212)-6921-1000
Email: dtmctaggart@duanemorris.com
*ATTORNEY TO BE NOTICED*

**Kevin Paul Potere**
Skiermont Derby LLP
1601 Elm Street
Ste 4400
Dallas, TX 10036
214-978-6600
Fax: 214-978-6601
Email: kpotere@skiermontderby.com
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Rudi Lovati** represented by **Anthony J. Costantini**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Thomas McTaggart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin Paul Potere**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

| | | |
|---|---|---|
| **Bolivarian Republic of Venezuela** | represented by | **Donald B. Verrilli , Jr.**<br>Munger, Tolles & Olson LLP<br>601 Massachusetts Avenue, NW<br>Suite 500e<br>Washington, DC 20001-5369<br>213-683-9507<br>Email: donald.verrilli@mto.com<br>*ATTORNEY TO BE NOTICED* |

**Interested Party**

| | | |
|---|---|---|
| **United States of America** | represented by | **Anthony Jan-Huan Sun**<br>U.S. Attorney Office SDNY<br>86 Chambers Street<br>New York, NY 10007<br>212-637-2810<br>Fax: 212-637-2786<br>Email: anthony.sun@usdoj.gov<br>*ATTORNEY TO BE NOTICED*<br><br>**Samuel Hilliard Dolinger**<br>U.S. Attorney's Office, SDNY<br>86 Chambers Street, 3rd Floor<br>New York, NY 10007<br>(212) 637-2677<br>Email: samuel.dolinger@usdoj.gov<br>*ATTORNEY TO BE NOTICED* |

**Interested Party**

**VR Global Partners, L.P.**

**Interested Party**

**Fintech Advisory Inc.**

**Counter Claimant**

| | | |
|---|---|---|
| **MUFG Union Bank, N.A.** | represented by | **Andrew N. Rosenberg**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Christopher J. Clark**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Jeffrey John Recher**<br>Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>1285 Avenue of The Americas<br>New York, NY 10019<br>(212) 373-3630<br>Fax: (212) 492-0630<br>Email: jrecher@paulweiss.com<br>*LEAD ATTORNEY* |

*ATTORNEY TO BE NOTICED*

**Paul Andrew Paterson**
Paul Weiss (NY)
1285 Avenue of the Americas
New York, NY 10019
(212)-373-3000
Fax: (212) 492-0581
Email: ppaterson@paulweiss.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter Rieman**
(See above for address)
*TERMINATED: 01/08/2024*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew James Rodgers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brian Thomas Burns**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan Hillel Hurwitz**
(See above for address)
*TERMINATED: 03/31/2025*

**Luke Sobota**
(See above for address)
*TERMINATED: 12/23/2019*

**Matthew S Salerno**
(See above for address)
*TERMINATED: 12/23/2024*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/14/2023*

**Virginia Foster Tent**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Zachary Kaye**
(See above for address)
*TERMINATED: 03/11/2021*

**Counter Claimant**

**GLAS Americas LLC** represented by **Andrew N. Rosenberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher J. Clark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey John Recher**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Andrew Paterson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter Rieman**
(See above for address)
*TERMINATED: 01/08/2024*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew James Rodgers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brian Thomas Burns**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan Hillel Hurwitz**
(See above for address)
*TERMINATED: 03/31/2025*

**Luke Sobota**
(See above for address)
*TERMINATED: 12/23/2019*

**Matthew S Salerno**
(See above for address)
*TERMINATED: 12/23/2024*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/14/2023*

**Virginia Foster Tent**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Zachary Kaye**
(See above for address)
*TERMINATED: 03/11/2021*

V.

**Counter Defendant**

**PDV Holding, Inc.** represented by

**Jeffrey B. Korn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Julian Gottlieb**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tariq Mundiya**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alyxandra Vernon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kristin Bender**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew S. Freimuth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Gottlieb**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nathan Philip Eimer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicholas M. H. Reddick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Noel John Francisco**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**PDVSA Petroleo S.A.**

represented by **Igor Victor Timofeyev**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James Robert Bliss**
(See above for address)
*TERMINATED: 09/28/2023*

**James Lysander Ferguson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James B Worthington**
(See above for address)
*TERMINATED: 09/28/2023*

**Zachary Melvin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kurt Wayne Hansson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Petroleos De Venezuela S.A.**

represented by **Igor Victor Timofeyev**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James Robert Bliss**
(See above for address)
*TERMINATED: 09/28/2023*

**James Lysander Ferguson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James B Worthington**
(See above for address)
*TERMINATED: 09/28/2023*

**Zachary Melvin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kurt Wayne Hansson**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/29/2019 | 1 | COMPLAINT against GLAS Americas LLC, MUFG Union Bank, N.A.. (Filing Fee $ 400.00, Receipt Number ANYSDC-17855670)Document filed by Petroleos De Venezuela S.A., PDV Holding, Inc., PDVSA Petroleo S.A.. (Attachments: # 1 Exhibit A - Constitution of the Bolivarian Republic of Venezuela, Art. 303, # 2 Exhibit B - National Assembly Resolution dated Feb. 13, 2019, # 3 Exhibit C - National Assembly Resolution dated Sept. 27, 2016, # 4 Exhibit D - National Assembly Resolution dated Oct. 15, 2019) (Hansson, Kurt) (Entered: 10/29/2019) |
| 10/29/2019 | 2 | REQUEST FOR ISSUANCE OF SUMMONS as to MUFG Union Bank, N.A., re: 1 Complaint,,. Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Hansson, Kurt) (Entered: 10/29/2019) |
| 10/29/2019 | 3 | REQUEST FOR ISSUANCE OF SUMMONS as to GLAS Americas LLC, re: 1 Complaint,,. Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Hansson, Kurt) (Entered: 10/29/2019) |
| 10/29/2019 | 4 | CIVIL COVER SHEET filed. (Hansson, Kurt) (Entered: 10/29/2019) |
| 10/29/2019 | 5 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Hansson, Kurt) (Entered: 10/29/2019) |
| 10/30/2019 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Katherine Polk Failla. Please download and review the Individual Practices of the assigned District Judge, located at http://nysd.uscourts.gov/judges/District. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at http://nysd.uscourts.gov/ecf_filing.php. (pne) (Entered: 10/30/2019) |
| 10/30/2019 | | Magistrate Judge Gabriel W. Gorenstein is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: http://nysd.uscourts.gov/forms.php. (pne) (Entered: 10/30/2019) |
| 10/30/2019 | | Case Designated ECF. (pne) (Entered: 10/30/2019) |
| 10/30/2019 | 6 | ELECTRONIC SUMMONS ISSUED as to GLAS Americas LLC. (pne) (Entered: 10/30/2019) |
| 10/30/2019 | 7 | ELECTRONIC SUMMONS ISSUED as to MUFG Union Bank, N.A.. (pne) (Entered: 10/30/2019) |
| 10/30/2019 | 8 | NOTICE OF APPEARANCE by James B Worthington on behalf of PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Worthington, James) (Entered: 10/30/2019) |
| 10/30/2019 | 9 | NOTICE OF APPEARANCE by James Robert Bliss on behalf of PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Bliss, James) (Entered: 10/30/2019) |
| 10/30/2019 | 10 | REQUEST FOR ISSUANCE OF AMENDED SUMMONS as to GLAS Americas LLC, re: 1 Complaint,,. Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Worthington, James) (Entered: 10/30/2019) |
| 11/01/2019 | 11 | ELECTRONIC AMENDED SUMMONS ISSUED as to GLAS Americas LLC. (pne) (Entered: 11/01/2019) |

| | | |
|---|---|---|
| 11/01/2019 | 12 | NOTICE OF APPEARANCE by Tariq Mundiya on behalf of PDV Holding, Inc.. (Mundiya, Tariq) (Entered: 11/01/2019) |
| 11/01/2019 | 13 | NOTICE OF APPEARANCE by Jeffrey B. Korn on behalf of PDV Holding, Inc.. (Korn, Jeffrey) (Entered: 11/01/2019) |
| 11/05/2019 | 14 | AFFIDAVIT OF SERVICE of Summons and Complaint,,. GLAS Americas LLC served on 11/1/2019, answer due 11/22/2019. Service was accepted by Martin Reed, Senior Vice President. Document filed by Petroleos De Venezuela S.A.; PDVSA Petroleo S.A.. (Worthington, James) (Entered: 11/05/2019) |
| 11/06/2019 | 15 | JOINT LETTER MOTION for Conference addressed to Judge Katherine Polk Failla from James R. Bliss dated November 6, 2019. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A..(Bliss, James) (Entered: 11/06/2019) |
| 11/06/2019 | 16 | ORDER granting 15 Letter Motion for Conference. The Court is in receipt of Plaintiffs' letter of November 6, 2019 (Dkt. #15). The Court recognizes the urgency of Plaintiffs' request and therefore ORDERS the parties to appear before the Court for a hearing on November 8, 2019, at 10:00 a.m. in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York. The Court further ORDERS Defendants to respond by letter to Plaintiffs' proposed expedited schedule no later than end of day on November 7, 2019. As there is still no notice of appearance by Defendants' counsel, the Court directs Plaintiffs to serve a copy of this endorsement on Defendants by end of day today, November 6, 2019. SO ORDERED. Status Conference set for 11/8/2019 at 10:00 AM in Courtroom 618, 40 Centre Street, New York, NY 10007 before Judge Katherine Polk Failla. (Signed by Judge Katherine Polk Failla on 11/6/2019) (kv) (Entered: 11/06/2019) |
| 11/06/2019 | | Set/Reset Deadlines: Responses due by 11/7/2019 (kv) (Entered: 11/06/2019) |
| 11/07/2019 | 17 | AFFIDAVIT OF SERVICE of Order on Joint Letter Motion for Conference served on GLAS Americas LLC on 11/6/2019. Service was accepted by Martin Reed, Senior Vice President. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Bliss, James) (Entered: 11/07/2019) |
| 11/07/2019 | 18 | AFFIDAVIT OF SERVICE of Order on Joint Letter Motion for Conference served on MUFG Union Bank, N.A. on 11/6/2019. Service was accepted by Pensom Upsom Sopakit, Teller. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Bliss, James) (Entered: 11/07/2019) |
| 11/07/2019 | 19 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** MOTION for Luke Andrew Sobota to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-17923400. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Affidavit Affidavit of Luke Andrew Sobota in Support of Motion to Appear Pro Hac Vice, # 2 Text of Proposed Order Proposed Order for Admission Pro Hac Vice, # 3 Certificates of Good Standing)(Sobota, Luke) Modified on 11/8/2019 (vba). (Entered: 11/07/2019) |
| 11/07/2019 | 20 | LETTER addressed to Judge Katherine Polk Failla from Luke Andrew Sobota dated November 7, 2019 re: Response to Expedited Scheduling. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A..(Sobota, Luke) (Entered: 11/07/2019) |
| 11/07/2019 | 21 | NOTICE OF APPEARANCE by Michael Julian Gottlieb on behalf of PDV Holding, Inc.. (Gottlieb, Michael) (Entered: 11/07/2019) |
| 11/08/2019 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE-FILE Document No. 19 MOTION for Luke Andrew Sobota to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-17923400.** |

| | | |
|---|---|---|
| | | **Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): missing Certificate of Good Standing from SUPREME COURT STATE OF CALIFORNIA;. Re-file the motion as a Motion to Appear Pro Hac Vice - attach the correct signed PDF - select the correct named filer/filers - attach valid Certificates of Good Standing issued within the past 30 days - attach Proposed Order.. (vba)** (Entered: 11/08/2019) |
| 11/08/2019 | | Minute Entry for proceedings held before Judge Katherine Polk Failla: Initial Pretrial Conference held on 11/8/2019. Attorneys James Robert Bliss, James B. Worthington and Kurt Wayne Hansson representing Plaintiffs Petroleos De Venezuela S.A. and PDVSA Petroleo S.A. present. Attorneys Jeffrey B. Korn and Tariq Mundiya representing Plaintiff PDV Holding Inc. present. Attorneys Luke Sobota, Kimberly Larkin, Jonathan H. Hurwitz and Walter Rieman representing Defendants present. Attorney Sobota's pro hac vice application is Granted. By 12:00 p.m. on 11/15/2019, the parties are to submit a letter with an agreed upon schedule, or informing the Court that a schedule could not be agreed to. A copy of today's transcript is to be ordered. (See transcript). (Court Reporter Pamela Utter) (tn) (Entered: 11/08/2019) |
| 11/14/2019 | 22 | MOTION for Luke Andrew Sobota to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Affidavit Affidavit of Luke Andrew Sobota in Support of Motion to Appear Pro Hac Vice, # 2 Text of Proposed Order Proposed Order for Admission Pro Hac Vice, # 3 Appendix Certificates of Good Standing - Luke Sobota (updated))(Sobota, Luke) (Entered: 11/14/2019) |
| 11/14/2019 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 22 MOTION for Luke Andrew Sobota to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (vba)** (Entered: 11/14/2019) |
| 11/14/2019 | 23 | NOTICE OF APPEARANCE by Walter Rieman on behalf of GLAS Americas LLC, MUFG Union Bank, N.A.. (Rieman, Walter) (Entered: 11/14/2019) |
| 11/14/2019 | 24 | NOTICE OF APPEARANCE by Jonathan Hillel Hurwitz on behalf of GLAS Americas LLC, MUFG Union Bank, N.A.. (Hurwitz, Jonathan) (Entered: 11/14/2019) |
| 11/14/2019 | 25 | NOTICE OF APPEARANCE by Shane Donnelly Avidan on behalf of GLAS Americas LLC, MUFG Union Bank, N.A.. (Avidan, Shane) (Entered: 11/14/2019) |
| 11/15/2019 | 26 | LETTER addressed to Judge Katherine Polk Failla from James R. Bliss dated 11/15/2019 Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A..(Worthington, James) (Entered: 11/15/2019) |
| 11/15/2019 | 27 | ORDER FOR ADMISSION PRO HAC VICE granting 22 Motion for Luke Andrew Sobota to Appear Pro Hac Vice. (Signed by Judge Katherine Polk Failla on 11/15/2019) (rro) (Entered: 11/15/2019) |
| 11/15/2019 | 28 | MEMO ENDORSEMENT on re: 26 Letter filed by Petroleos De Venezuela S.A., PDVSA Petroleo S.A. ENDORSEMENT: Application GRANTED. SO ORDERED. (Signed by Judge Katherine Polk Failla on 11/15/2019) (rro) (Entered: 11/15/2019) |
| 11/15/2019 | 29 | LETTER addressed to Judge Katherine Polk Failla from James R. Bliss dated 11/15/2019 Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A..(Worthington, James) (Entered: 11/15/2019) |
| 11/15/2019 | 30 | MEMO ENDORSEMENT on re: 29 Letter filed by Petroleos De Venezuela S.A., PDVSA Petroleo S.A. ENDORSEMENT: The Court is in receipt of the parties' proposed schedule and will so order it. The parties are directed to appear before the Court for oral argument |

| | | |
|---|---|---|
| | | on their summary judgment motions on May 5, 2020, at 3:00 p.m. in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York. SO ORDERED. (Deposition due by 3/20/2020, Motions due by 4/1/2020, Responses due by 4/21/2020, Replies due by 4/30/2020, Oral Argument set for 5/5/2020 at 03:00 PM in Courtroom 618, 40 Centre Street, New York, NY 10007 before Judge Katherine Polk Failla.) (Signed by Judge Katherine Polk Failla on 11/15/2019) (jca) (Entered: 11/15/2019) |
| 11/19/2019 | 31 | TRANSCRIPT of Proceedings re: conference held on 11/8/2019 before Judge Katherine Polk Failla. Court Reporter/Transcriber: Pamela Utter, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/10/2019. Redacted Transcript Deadline set for 12/20/2019. Release of Transcript Restriction set for 2/18/2020. (McGuirk, Kelly) (Entered: 11/19/2019) |
| 11/19/2019 | 32 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a conference proceeding held on 11/8/19 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 11/19/2019) |
| 11/27/2019 | 33 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Global Loan Agency Services Ltd. for GLAS Americas LLC. Document filed by GLAS Americas LLC.(Hurwitz, Jonathan) (Entered: 11/27/2019) |
| 11/27/2019 | 34 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent MUFG Bank, Ltd., Corporate Parent MUFG Americas Holding Corporation, Corporate Parent Mitsubishi UFJ Financial Group, Inc. for MUFG Union Bank, N.A.. Document filed by MUFG Union Bank, N.A..(Hurwitz, Jonathan) (Entered: 11/27/2019) |
| 12/04/2019 | 35 | NOTICE OF APPEARANCE by Nathan Philip Eimer on behalf of PDV Holding, Inc.. (Eimer, Nathan) (Entered: 12/04/2019) |
| 12/12/2019 | 36 | LETTER MOTION for Extension of Time to File Answer re: 1 Complaint,, addressed to Judge Katherine Polk Failla from Jonathan Hurwitz dated December 12, 2019. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A..(Hurwitz, Jonathan) (Entered: 12/12/2019) |
| 12/13/2019 | 37 | ORDER granting 36 Letter Motion for Extension of Time to Answer re 1 Complaint. Application GRANTED. SO ORDERED. (GLAS Americas LLC answer due 12/18/2019; MUFG Union Bank, N.A. answer due 12/18/2019.) (Signed by Judge Katherine Polk Failla on 12/13/2019) (rro) (Entered: 12/13/2019) |
| 12/18/2019 | 38 | NOTICE OF APPEARANCE by Christopher J. Clark on behalf of GLAS Americas LLC, MUFG Union Bank, N.A.. (Clark, Christopher) (Entered: 12/18/2019) |
| 12/18/2019 | 39 | NOTICE OF APPEARANCE by Matthew S Salerno on behalf of GLAS Americas LLC, MUFG Union Bank, N.A.. (Salerno, Matthew) (Entered: 12/18/2019) |
| 12/18/2019 | 40 | ANSWER to 1 Complaint,,., COUNTERCLAIM against PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC. (Attachments: # 1 Exhibit A - PDVSA Offering Circular (2016), # 2 Exhibit B - Supplement to Offering Circular, # 3 Exhibit C - PDVSA 2020 Bond Indenture, # 4 Exhibit D - Pledge and Security Agreement, # 5 Exhibit E - Ad Hoc Press Release)(Clark, Christopher) (Entered: 12/18/2019) |

| | | |
|---|---|---|
| 12/19/2019 | 41 | NOTICE of Application of Withdrawal. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Text of Proposed Order)(Sobota, Luke) (Entered: 12/19/2019) |
| 12/23/2019 | 42 | ORDER APPROVING WITHDRAWAL F THREE CROWNS LLP AS COUNSEL FOR DEFENDANTS re: 41 Notice (Other) filed by GLAS Americas LLC, MUFG Union Bank, N.A., IT IS HEREBY ORDERED THAT: The Application to Withdraw as Counsel by Luke Sobota and the law firm of Three Crowns LLP is hereby GRANTED. Luke Sobota is hereby withdrawn and discharged as counsel for the Defendants in this case. IT IS FURTHER ORDERED THAT: Luke Sobota, whose email address is luke.sobota@threecrownsllp.com, is removed from the mailing matrix and from receiving CM/ECF electronic filings in this case. Attorney Luke Sobota terminated. (Signed by Judge Katherine Polk Failla on 12/20/2019) (rj) (Entered: 12/23/2019) |
| 01/08/2020 | 43 | ANSWER to 40 Counterclaim. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A..(Worthington, James) (Entered: 01/08/2020) |
| 01/08/2020 | 44 | ANSWER to 40 Counterclaim. Document filed by PDV Holding, Inc..(Korn, Jeffrey) (Entered: 01/08/2020) |
| 01/16/2020 | 45 | NOTICE OF APPEARANCE by Zachary Kaye on behalf of GLAS Americas LLC, MUFG Union Bank, N.A.. (Kaye, Zachary) (Entered: 01/16/2020) |
| 01/27/2020 | 50 | ORDER granting [9 in case no. 20-cv-0269] Letter Motion for Conference. Application GRANTED. The parties in this case and in Petroleos de Venezuela, S.A. v. MUFG Union Bank, No. 19 Civ. 10023, are ORDERED to appear for a conference to discuss a potential stay in the instant case and Plaintiff's access to discovery in the related case on February 6, 2020, at 4:00 p.m. in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York. Given that Defendant PdVSA has yet to appear in the instant case and none of the defendants in the related case are parties to this case, the Court ORDERS Plaintiffs to give prompt notice to all parties in the related case of the scheduled conference. SO ORDERED. ( Status Conference set for 2/6/2020 at 04:00 PM in Courtroom 618, 40 Centre Street, New York, NY 10007 before Judge Katherine Polk Failla.) (Signed by Judge Katherine Polk Failla on 1/24/2020) (va) Modified on 2/5/2020 (va). Modified on 2/19/2020 (va). (Entered: 02/05/2020) |
| 01/31/2020 | 46 | LETTER MOTION for Local Rule 37.2 Conference addressed to Judge Katherine Polk Failla from Christopher J. Clark dated January 31, 2020. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit 1- Letter from C. Clark to J. Bliss, # 2 Exhibit 2- Letter from J. Bliss to C. Clark, # 3 Exhibit 3- Letter from C. Clark to J. Bliss, # 4 Exhibit 4- Letter from J. Bliss to C. Clark, # 5 Exhibit 5- Guaido Statement (English and Spanish), # 6 Exhibit 6- KonZapata News Article (English and Spanish), # 7 Exhibit 7- Hernandez Tweet 1.16.20 (English and Spanish), # 8 Exhibit 8- Hernandez Tweet 1.20.20 (English and Spanish), # 9 Exhibit 9- Defendants' Second Request for the Production of Documents, 19-cv-10023, # 10 Exhibit 10- Notice of Subpoena- Hernandez, 19-cv-10023, # 11 Exhibit 11- Leaked to Press, # 12 Exhibit 12- Proposed Protective Order).(Clark, Christopher) (Entered: 01/31/2020) |
| 02/04/2020 | 47 | ORDER with respect to 46 Letter Motion for Local Rule 37.2 Conference. The Court is in receipt of Defendants' letter requesting a Rule 37.2 conference and explaining that they would be prepared to discuss their concerns with the Court at the conference scheduled for this action's related case on February 6, 2020. In order to ensure that the Court is fully apprised of the relevant issues prior to the conference, the Court ORDERS Plaintiffs to respond to Defendants' letter no later than February 5, 2020, at 10:00 a.m. SO ORDERED. (Signed by Judge Katherine Polk Failla on 2/3/2020) (jca) (Entered: 02/04/2020) |

| | | |
|---|---|---|
| 02/04/2020 | | Set/Reset Deadlines: Responses due by 2/5/2020 (jca) (Entered: 02/04/2020) |
| 02/04/2020 | 48 | NOTICE OF APPEARANCE by Matthew S. Freimuth on behalf of PDV Holding, Inc... (Freimuth, Matthew) (Entered: 02/04/2020) |
| 02/05/2020 | 49 | LETTER RESPONSE in Opposition to Motion addressed to Judge Katherine Polk Failla from James R. Bliss dated February 5, 2020 re: 46 LETTER MOTION for Local Rule 37.2 Conference addressed to Judge Katherine Polk Failla from Christopher J. Clark dated January 31, 2020. . Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Bliss, James) (Entered: 02/05/2020) |
| 02/05/2020 | 51 | LETTER addressed to Judge Katherine Polk Failla from Christopher J. Clark dated February 5, 2020 re: Telephonic Participation in Conference. Document filed by MUFG Union Bank, N.A...(Clark, Christopher) (Entered: 02/05/2020) |
| 02/06/2020 | 52 | MEMO ENDORSEMENT on re: 51 Letter filed by MUFG Union Bank, N.A. ENDORSEMENT: Application DENIED, due to the Court's technological limitations. (Signed by Judge Katherine Polk Failla on 2/6/2020) (rro) (Entered: 02/06/2020) |
| 02/06/2020 | | Minute Entry for proceedings held before Judge Katherine Polk Failla: Pretrial Conference held on 2/6/2020. In 19-cv-10023, all deadlines are extended two weeks. Defendants may depose no more than two witnesses, but Dr. Jose Ignacio Hernandez may not be one of those witnesses. Plaintiffs may also depose two witnesses, if they wish. The depositions must occur by the new fact discovery deadline. For 20-cv-269, the case is stayed. Plaintiffs are to join discovery in 19cv10023 as outlined on the record. (See transcript). (Court Reporter Pamela Utter) (tn) (Entered: 02/07/2020) |
| 02/10/2020 | 53 | STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER...regarding procedures to be followed that shall govern the handling of confidential material... SO ORDERED. (Signed by Judge Katherine Polk Failla on 2/10/2020) (kv) (Entered: 02/10/2020) |
| 02/10/2020 | 54 | MOTION for Roberto J. Gonzalez to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-18751655. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Declaration of Roberto J. Gonzalez, # 2 Certificate of Good Standing, # 3 Text of Proposed Order).(Gonzalez, Roberto) (Entered: 02/10/2020) |
| 02/11/2020 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 54 MOTION for Roberto J. Gonzalez to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-18751655. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 02/11/2020) |
| 02/11/2020 | | NOTICE RESCHEDULING ORAL ARGUMENT: The Oral Argument currently scheduled for 5/5/2020 is adjourned to 5/21/2020 at 10:00 AM in Courtroom 618, 40 Centre Street, New York, NY 10007 before Judge Katherine Polk Failla. ***No PDF is attached to this entry. (tn) (Entered: 02/11/2020) |
| 02/11/2020 | 55 | ORDER FOR ADMISSION PRO HAC VICE granting 54 Motion for Roberto J. Gonzalez to Appear Pro Hac Vice. (Signed by Judge Katherine Polk Failla on 2/11/2020) (rro) (Entered: 02/11/2020) |
| 02/12/2020 | 56 | NOTICE OF APPEARANCE by Anthony J. Costantini on behalf of Sergio Lovati.. (Costantini, Anthony) (Entered: 02/12/2020) |
| 02/12/2020 | 57 | NOTICE OF APPEARANCE by Anthony J. Costantini on behalf of Rudi Lovati.. (Costantini, Anthony) (Entered: 02/12/2020) |

| | | |
|---|---|---|
| 02/12/2020 | 58 | NOTICE OF APPEARANCE by Kevin Paul Potere on behalf of Rudi Lovati, Sergio Lovati..(Potere, Kevin) (Entered: 02/12/2020) |
| 02/12/2020 | 59 | LETTER MOTION for Discovery *dispute* addressed to Judge Katherine Polk Failla from Jonathan Hurwitz dated February 12, 2020. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit 1 - Opinion Letter from Hogan Lovells New York, # 2 Exhibit 2 - Opinion Letter from Hogan Lovells Caracas, # 3 Exhibit 3 - Subpoena to Hogan Lovells, # 4 Exhibit 4 - Hogan Lovells' Responses and Objections, # 5 Exhibit 5 - Plaintiffs' Complaint, # 6 Exhibit 6 - PDVSA's Answer and Defenses).(Hurwitz, Jonathan) (Entered: 02/12/2020) |
| 02/18/2020 | 60 | LETTER addressed to Judge Katherine Polk Failla from James R. Bliss dated February 18, 2020 Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Bliss, James) (Entered: 02/18/2020) |
| 02/18/2020 | 61 | MEMO ENDORSEMENT on re: 60 Letter filed by Petroleos De Venezuela S.A., PDVSA Petroleo S.A. ENDORSEMENT: Application GRANTED. SO ORDERED. (Set Deadlines/Hearing as to 60 Letter, 46 LETTER MOTION for Local Rule 37.2 Conference addressed to Judge Katherine Polk Failla from Christopher J. Clark dated January 31, 2020. :(Responses due by 2/19/2020) (Signed by Judge Katherine Polk Failla on 2/18/2020) (rro) (Entered: 02/18/2020) |
| 02/19/2020 | 62 | LETTER addressed to Judge Katherine Polk Failla from James R. Bliss dated February 19, 2020 re: issues raised in February 12, 2020 letter motion have been resolved. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Bliss, James) (Entered: 02/19/2020) |
| 02/20/2020 | 63 | MEMO ENDORSEMENT on 62 terminating 59 Letter Motion for Discovery. ENDORSEMENT: The Court is pleased to hear that the parties have resolved their dispute. The Clerk of Court is directed to terminate the motion at docket entry 59. (Signed by Judge Katherine Polk Failla on 2/20/2020) (rro) (Entered: 02/20/2020) |
| 03/02/2020 | 64 | LETTER addressed to Judge Katherine Polk Failla from James R. Bliss dated March 2, 2020 re: approval of modified schedule. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Bliss, James) (Entered: 03/02/2020) |
| 03/03/2020 | 65 | MEMO ENDORSEMENT on re: 64 Letter filed by Petroleos De Venezuela S.A., PDVSA Petroleo S.A. ENDORSEMENT: Application GRANTED. The Court hereby adopts the schedule provided by the parties, and also ADJOURNS oral argument scheduled in this matter to May 28, 2020, at 10:00 a.m. (Deposition due by 4/10/2020., Motions due by 4/22/2020., Responses due by 5/12/2020, Replies due by 5/21/2020., Oral Argument set for 5/28/2020 at 10:00 AM before Judge Katherine Polk Failla.) (Signed by Judge Katherine Polk Failla on 3/3/2020) (rro) Modified on 3/4/2020 (tro). (Entered: 03/03/2020) |
| 03/06/2020 | 66 | TRANSCRIPT of Proceedings re: CONFERENCE held on 2/6/2020 before Judge Katherine Polk Failla. Court Reporter/Transcriber: Pamela Utter, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/27/2020. Redacted Transcript Deadline set for 4/6/2020. Release of Transcript Restriction set for 6/4/2020.. (McGuirk, Kelly) (Entered: 03/06/2020) |
| 03/06/2020 | 67 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 2/6/2020 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this |

| | | |
|---|---|---|
| | | transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 03/06/2020) |
| 03/13/2020 | 68 | NOTICE OF APPEARANCE by David Thomas McTaggart on behalf of Rudi Lovati, Sergio Lovati..(McTaggart, David) (Entered: 03/13/2020) |
| 03/24/2020 | 69 | JOINT LETTER MOTION for Extension of Time *for all pending deadlines* addressed to Judge Katherine Polk Failla from Jonathan Hurwitz dated March 24, 2020. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Hurwitz, Jonathan) (Entered: 03/24/2020) |
| 03/25/2020 | 70 | ORDER granting 69 Letter Motion for Extension of Time. Given the current pandemic, the parties' request is GRANTED. The Court hereby adopts the proposed schedule, with the exception of the proposed hearing date of June 30, 2020. Instead, the hearing on the parties' summary judgment motion is ADJOURNED to July 24, 2020 at 3:00 p.m. Deposition due by 5/13/2020. Motions due by 5/22/2020. (Signed by Judge Katherine Polk Failla on 3/24/2020) (mro) (Entered: 03/25/2020) |
| 03/25/2020 | | Set/Reset Deadlines: ( Responses due by 6/11/2020, Replies due by 6/23/2020.), Set/Reset Hearings:( Oral Argument set for 7/24/2020 at 03:00 PM before Judge Katherine Polk Failla.) (mro) (Entered: 03/25/2020) |
| 05/18/2020 | 71 | JOINT LETTER MOTION for Extension of Time *of summary judgment filing dates and an extension of page limits* addressed to Judge Katherine Polk Failla from James R. Bliss dated May 18, 2020. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Bliss, James) (Entered: 05/18/2020) |
| 05/18/2020 | 72 | ORDER granting in part and denying in part 71 Letter Motion for Extension of Time. Application GRANTED in part. The briefing schedule is extended to the dates proposed by the parties. However, the Court will not hold a hearing on the parties' motions less than two weeks after reply briefs are filed. The Court therefore ORDERS the parties to propose, by May 22, 2020, dates in August for the hearing. Finally, the Court permits the following page limits for the parties' briefing: opening and opposition briefs may not exceed 45 pages, while reply briefs may not exceed 20 pages. SO ORDERED. ( Motions due by 6/5/2020.) (Signed by Judge Katherine Polk Failla on 5/18/20) (yv) (Entered: 05/19/2020) |
| 05/18/2020 | | Set/Reset Deadlines: Responses due by 6/25/2020. Replies due by 7/13/2020. (yv) (Entered: 05/19/2020) |
| 05/22/2020 | 73 | LETTER addressed to Judge Katherine Polk Failla from Walter Rieman dated May 22, 2020 re: proposed hearing dates for motions for summary judgment. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Rieman, Walter) (Entered: 05/22/2020) |
| 05/26/2020 | 74 | MEMO ENDORSEMENT on re: 73 Letter filed by GLAS Americas LLC, MUFG Union Bank, N.A. ENDORSEMENT: The oral argument currently scheduled in this action for July 24, 2020, is hereby ADJOURNED to August 12, 2020, at 2:00 p.m. (Oral Argument set for 8/12/2020 at 02:00 PM before Judge Katherine Polk Failla.) (Signed by Judge Katherine Polk Failla on 5/26/2020) (rro) (Entered: 05/26/2020) |
| 06/02/2020 | 75 | NOTICE OF APPEARANCE by Sean Henry McMahon on behalf of GLAS Americas LLC, MUFG Union Bank, N.A...(McMahon, Sean) (Entered: 06/02/2020) |
| 06/03/2020 | 76 | JOINT LETTER MOTION for Extension of Time *re: summary judgment briefing schedule* addressed to Judge Katherine Polk Failla from James R. Bliss dated June 3, |

| | | |
|---|---|---|
| | | 2020. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Bliss, James) (Entered: 06/03/2020) |
| 06/03/2020 | 77 | ORDER granting 76 Letter Motion for Extension of Time. Application GRANTED. The Court adopts the proposed briefing schedule. There will be no further extensions. (Signed by Judge Katherine Polk Failla on 6/3/2020) (rro) (Entered: 06/03/2020) |
| 06/03/2020 | | Set/Reset Deadlines: Motions due by 6/10/2020. Responses due by 6/29/2020 Replies due by 7/15/2020. (rro) (Entered: 06/03/2020) |
| 06/09/2020 | 78 | NOTICE OF APPEARANCE by William Clareman on behalf of GLAS Americas LLC, MUFG Union Bank, N.A...(Clareman, William) (Entered: 06/09/2020) |
| 06/09/2020 | 79 | NOTICE OF APPEARANCE by Donald B. Verrilli, Jr on behalf of Bolivarian Republic of Venezuela..(Verrilli, Donald) (Entered: 06/09/2020) |
| 06/09/2020 | 80 | LETTER addressed to Judge Katherine Polk Failla from Carlos Vecchio dated 6/9/2020 Document filed by Bolivarian Republic of Venezuela..(Verrilli, Donald) (Entered: 06/09/2020) |
| 06/10/2020 | 81 | MOTION for Summary Judgment . Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Clark, Christopher) (Entered: 06/10/2020) |
| 06/10/2020 | 82 | ***SELECTED PARTIES***DECLARATION of Fernando Moreyra in Support re: 81 MOTION for Summary Judgment .. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit 1- 2020 Notes Document (Part 1 of 3), # 2 Exhibit 1- 2020 Notes Document (Part 2 of 3), # 3 Exhibit 1- 2020 Notes Document (Part 3 of 3), # 4 Exhibit 2- 2020 Notes Document, # 5 Exhibit 3- 2020 Notes Document, # 6 Exhibit 4- 2020 Notes Document, # 7 Exhibit 5- 2020 Notes Document, # 8 Exhibit 6- Opinion Letter, # 9 Exhibit 7- Opinion Letter, # 10 Exhibit 8- 2020 Notes Document, # 11 Exhibit 9- 2020 Notes Document, # 12 Exhibit 10- Produced Document, # 13 Exhibit 11- Produced Document, # 14 Exhibit 12- 2020 Notes Document, # 15 Exhibit 13- 2020 Notes Document, # 16 Exhibit 14- 2020 Notes Document, # 17 Exhibit 15- Produced Document, # 18 Exhibit 16- Produced Document, # 19 Exhibit 17- 2020 Notes Document, # 20 Exhibit 18- Produced Document, # 21 Exhibit 19- 2020 Notes Document)Motion or Order to File Under Seal: 53 .(Clark, Christopher) (Entered: 06/10/2020) |
| 06/10/2020 | 83 | ***SELECTED PARTIES***DECLARATION of Michael Cummings in Support re: 81 MOTION for Summary Judgment .. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. Motion or Order to File Under Seal: 53 .(Clark, Christopher) (Entered: 06/10/2020) |
| 06/10/2020 | 84 | ***SELECTED PARTIES***DECLARATION of Expert in Support re: 81 MOTION for Summary Judgment .. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit 1 - Curriculum Vitae, # 2 Exhibit 2 - Expert Report, # 3 Exhibit 3 - Expert Report, # 4 Exhibit 4 - Excerpted Publication, # 5 Exhibit 5 - Excerpted Constitution, # 6 Exhibit 6 - Excerpted Official Gazette, # 7 Exhibit 7 - Decision of Venezuelan Court, # 8 Exhibit 8 - Decision of Venezuelan Court, # 9 Exhibit 9 - Excerpted Publication, # 10 Exhibit 10 - Excerpted Publication, # 11 Exhibit 11 - Excerpted Publication, # 12 Exhibit 12 - Excerpted Publication, # 13 Exhibit 13 - Excerpted Publication, # 14 Exhibit 14 - Excerpted Publication, # 15 Exhibit 15 - Excerpted Publication, # 16 Exhibit 16 - Decision of Venezuelan Court, # 17 Exhibit 17 - Excerpted Publication of Decision, # 18 Exhibit 18 - Decision of Venezuelan Court, # 19 Exhibit 19 - Transaction Document, # 20 Exhibit 20 - Excerpted Official Gazette, # 21 Exhibit 21 - Decision of Venezuelan Court, # 22 Exhibit 22 - Decision of Venezuelan |

| | | |
|---|---|---|
| | | Court, # 23 Exhibit 23 - Decision of Venezuelan Court, # 24 Exhibit 24 - Excerpted Publication of Decision, # 25 Exhibit 25 - Decision of Venezuelan Court, # 26 Exhibit 26 - Decision of Venezuelan Court, # 27 Exhibit 27 - Excerpted Official Gazette, # 28 Exhibit 28 - Decision of Venezuelan Court, # 29 Exhibit 29 - Excerpted Official Gazette, # 30 Exhibit 30 - Decision of Venezuelan Court, # 31 Exhibit 31 - Decision of Venezuelan Court, # 32 Exhibit 32 - Excerpted Publication, # 33 Exhibit 33 - Analysis of Excerpted Publications, # 34 Exhibit 34 - Excerpted Publication, # 35 Exhibit 35 - Excerpted Publication, # 36 Exhibit 36 - Excerpted Publication, # 37 Exhibit 37 - Excerpted Publication, # 38 Exhibit 38 - Excerpted Publication, # 39 Exhibit 39 - Excerpted Publication, # 40 Exhibit 40 - Excerpted Publication, # 41 Exhibit 41 - Press Release, # 42 Exhibit 42 - Decision of Venezuelan Court, # 43 Exhibit 43 - Excerpted Publication, # 44 Exhibit 44 - Excerpted Publication, # 45 Exhibit 45 - Excerpted Publication, # 46 Exhibit 46 - National Assembly Resolution, # 47 Exhibit 47 - Excerpted Publication, # 48 Exhibit 48 - Organizational Chart)Motion or Order to File Under Seal: 53 .(McMahon, Sean) (Entered: 06/10/2020) |
| 06/10/2020 | 85 | ***SELECTED PARTIES***DECLARATION of Martin Reed in Support re: 81 MOTION for Summary Judgment .. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. Motion or Order to File Under Seal: 53 .(Clark, Christopher) (Entered: 06/10/2020) |
| 06/10/2020 | 86 | ***SELECTED PARTIES***DECLARATION of Timothy McKenna in Support re: 81 MOTION for Summary Judgment .. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit 1 - Expert Rebuttal Report)Motion or Order to File Under Seal: 53 .(McMahon, Sean) (Entered: 06/10/2020) |
| 06/10/2020 | 87 | ***SELECTED PARTIES***DECLARATION of Christopher J. Clark (Volume 1) in Support re: 81 MOTION for Summary Judgment .. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit 1 - 2020 Notes Document (Part 1 of 3), # 2 Exhibit 1 - 2020 Notes Document (Part 2 of 3), # 3 Exhibit 1 - 2020 Notes Document (Part 3 of 3), # 4 Exhibit 2 - 2020 Notes Document, # 5 Exhibit 3 - 2020 Notes Document, # 6 Exhibit 4 - Produced Document, # 7 Exhibit 5 - Produced Document, # 8 Exhibit 6 - 2020 Notes Document, # 9 Exhibit 7 - 2017 Notes Document, # 10 Exhibit 8 - 2017 Notes Document, # 11 Exhibit 9 - 2017 Notes Document, # 12 Exhibit 10 - 2017 Notes Document, # 13 Exhibit 11 - 2017 Notes Document, # 14 Exhibit 12 - Expert Report - Hinman, # 15 Exhibit 13 - Expert Report - Plfs' VZ Expert, # 16 Exhibit 14 - Deposition Notice, # 17 Exhibit 15 - Deposition Notice, # 18 Exhibit 16 - Email, # 19 Exhibit 17 - Deposition Transcript, # 20 Exhibit 18 - Deposition Transcript, # 21 Exhibit 19 - Deposition Transcript, # 22 Exhibit 20 - Discovery Response)Motion or Order to File Under Seal: 53 .(Salerno, Matthew) (Entered: 06/10/2020) |
| 06/10/2020 | 88 | ***SELECTED PARTIES***DECLARATION of Arturo C. Porzecanski in Support re: 81 MOTION for Summary Judgment .. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit 1 - Declaration of Porzecanski, # 2 Exhibit 2 - Rebuttal Declaration of Porzecanski)Motion or Order to File Under Seal: 53 .(McMahon, Sean) (Entered: 06/10/2020) |
| 06/10/2020 | 89 | ***SELECTED PARTIES***DECLARATION of Joshua Weisser in Support re: 81 MOTION for Summary Judgment .. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. Motion or Order to File Under Seal: 53 .(Clark, Christopher) (Entered: 06/10/2020) |

| | | |
|---|---|---|
| 06/10/2020 | 90 | ***SELECTED PARTIES***DECLARATION of Sergio Trigo Paz in Support re: 81 MOTION for Summary Judgment .. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. Motion or Order to File Under Seal: 53 .(Clark, Christopher) (Entered: 06/10/2020) |
| 06/10/2020 | 91 | MOTION for Summary Judgment . Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Hansson, Kurt) (Entered: 06/10/2020) |
| 06/10/2020 | 92 | ***SELECTED PARTIES***DECLARATION of Xin Xu in Support re: 81 MOTION for Summary Judgment .. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit 1- Produced Document (Filed Under Seal), # 2 Exhibit 2- Produced Document (Filed Under Seal), # 3 Exhibit 3- Produced Document (Filed Under Seal), # 4 Exhibit 4- Produced Document (Filed Under Seal), # 5 Exhibit 5-Produced Document (Filed Under Seal), # 6 Exhibit 6-Produced Document (Filed Under Seal))Motion or Order to File Under Seal: 53 .(Clark, Christopher) (Entered: 06/10/2020) |
| 06/10/2020 | 93 | ***SELECTED PARTIES***DECLARATION of Christopher J. Clark (Volume 2) in Support re: 81 MOTION for Summary Judgment .. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit 21 - News Article, # 2 Exhibit 22 - Website, # 3 Exhibit 23 - Court Paper, # 4 Exhibit 24 - Website, # 5 Exhibit 25 - Website, # 6 Exhibit 26 - Website, # 7 Exhibit 27 - Expert Rebuttal Report - Plfs' VZ Expert, # 8 Exhibit 28 - Legal Memo, # 9 Exhibit 29 - Legal Memo, # 10 Exhibit 30 - Opinion Letter, # 11 Exhibit 31 - Opinion Letter, # 12 Exhibit 32 - Opinion Letter, # 13 Exhibit 33 - Opinion Letter, # 14 Exhibit 34 - Letter, # 15 Exhibit 35 - Letter, # 16 Exhibit 36 - Letter, # 17 Exhibit 37 - Letter, # 18 Exhibit 38 - Transaction Document, # 19 Exhibit 39 - Letter, # 20 Exhibit 40 - Produced Document, # 21 Exhibit 41 - Letter, # 22 Exhibit 42 - Transaction Document, # 23 Exhibit 43 - National Assembly Resolution, # 24 Exhibit 44 - National Assembly Resolution, # 25 Exhibit 45 - National Assembly Resolution, # 26 Exhibit 46 - National Assembly Resolution, # 27 Exhibit 47 - News Article, # 28 Exhibit 48 - National Assembly Resolution, # 29 Exhibit 49 - National Assembly Resolution, # 30 Exhibit 50 - National Assembly Resolution, # 31 Exhibit 51 - National Assembly Resolution, # 32 Exhibit 52 - National Assembly Resolution, # 33 Exhibit 53 - Venezuelan Statute, # 34 Exhibit 54 - News Article, # 35 Exhibit 55 - News Article, # 36 Exhibit 56 - News Article, # 37 Exhibit 57 - State Department - Remarks, # 38 Exhibit 58 - State Department - Fact Sheet, # 39 Exhibit 59 - Press Release, # 40 Exhibit 60 - News Article, # 41 Exhibit 61 - News Article, # 42 Exhibit 62 - News Article, # 43 Exhibit 63 - News Article, # 44 Exhibit 64 - News Article, # 45 Exhibit 65 - News Article, # 46 Exhibit 66 - News Article, # 47 Exhibit 67 - SEC Filing (Form F-1), # 48 Exhibit 68 - SEC Filing (Form 10-K), # 49 Exhibit 69 - SEC Filing (Form S-4), # 50 Exhibit 70 - SEC Filing (Form 10-K), # 51 Exhibit 71 - News Article)Motion or Order to File Under Seal: 53 .(Salerno, Matthew) (Entered: 06/10/2020) |
| 06/10/2020 | 94 | ***SELECTED PARTIES***DECLARATION of Christopher J. Clark (Volume 3) in Support re: 81 MOTION for Summary Judgment .. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit 72 - News Article, # 2 Exhibit 73 - Transaction Document, # 3 Exhibit 74 - SEC Filing (Form 10/A), # 4 Exhibit 75 - SEC Filing (Form 10/A), # 5 Exhibit 76 - News Article, # 6 Exhibit 77 - SEC Filing (Form 10-Q, # 7 Exhibit 78 - SEC Filing (Form 10-K), # 8 Exhibit 79 - SEC Filing (Form 10-K), # 9 Exhibit 80 - SEC Filing (Form 20-F), # 10 Exhibit 81 - SEC Filing (Form 10-Q), # 11 Exhibit 82 - SEC Filing (Form 8-K), # 12 Exhibit 83 - SEC Filing (Form 20-F), # 13 Exhibit 84 - SEC Filing (Form 6-K), # 14 Exhibit 85 - SEC Filing (Form 20-F), # 15 Exhibit 86 - SEC Filing (Form 10-Q), # 16 Exhibit 87 - Financial Statements, # 17 |

| | | |
|---|---|---|
| | | Exhibit 88 - SEC Filing (Form 10-Q/A), # 18 Exhibit 89 - SEC Filing (Form 20-F), # 19 Exhibit 90 - SEC Filing (Form 8-K/A), # 20 Exhibit 91 - SEC Filing (Form 20-F), # 21 Exhibit 92 - SEC Filing (Form S-4), # 22 Exhibit 93 - SEC Filing (Form 10-K), # 23 Exhibit 94 - SEC Filing (Form 18-K), # 24 Exhibit 95 - SEC Filing (Form 10-K), # 25 Exhibit 96 - SEC Filing (Form 13F), # 26 Exhibit 97 - SEC Filing (Form 13F), # 27 Exhibit 98 - Transaction Document, # 28 Exhibit 99 - Analyst Report, # 29 Exhibit 100 - Transaction Document, # 30 Exhibit 101 - Analyst Report, # 31 Exhibit 102 - Analyst Report, # 32 Exhibit 103 - Entity Information, # 33 Exhibit 104 - Entity Information, # 34 Exhibit 105 - SEC Filing (Form 10-K), # 35 Exhibit 106 - Entity Information, # 36 Exhibit 107 - Entity Information, # 37 Exhibit 108 - Analyst Report, # 38 Exhibit 109 - Produced Document, # 39 Exhibit 110 - Financial Statements, # 40 Exhibit 111 - News Article, # 41 Exhibit 112 - Financial Statements, # 42 Exhibit 113 - Financial Statements, # 43 Exhibit 114 - News Article, # 44 Exhibit 115 - News Article, # 45 Exhibit 116 - News Article, # 46 Exhibit 117 - News Article, # 47 Exhibit 118 - Legal Memo, # 48 Exhibit 119 - News Article, # 49 Exhibit 120 - News Article, # 50 Exhibit 121 - News Article, # 51 Exhibit 122 - News Article)Motion or Order to File Under Seal: 53 . (McMahon, Sean) (Entered: 06/10/2020) |
| 06/10/2020 | 95 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: 91 MOTION for Summary Judgment . . Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A., GLAS Americas LLC, MUFG Union Bank, N.A., PDV Holding, Inc.. Motion or Order to File Under Seal: 53 .(Hansson, Kurt) (Entered: 06/10/2020) |
| 06/10/2020 | 96 | ***SELECTED PARTIES***DECLARATION of Allan R. Brewer-Carias in Support re: 91 MOTION for Summary Judgment .. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A., GLAS Americas LLC, MUFG Union Bank, N.A., PDV Holding, Inc.. (Attachments: # 1 Exhibit A - Brewer Expert Report, # 2 Exhibit B - Brewer Rebuttal Report)Motion or Order to File Under Seal: 53 .(Hansson, Kurt) (Entered: 06/10/2020) |
| 06/10/2020 | 97 | ***SELECTED PARTIES***DECLARATION of David C. Hinman in Support re: 91 MOTION for Summary Judgment .. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A., GLAS Americas LLC, MUFG Union Bank, N.A., PDV Holding, Inc.. (Attachments: # 1 Exhibit A - Hinman Expert Report, # 2 Exhibit B - Hinman Rebuttal Report)Motion or Order to File Under Seal: 53 .(Hansson, Kurt) (Entered: 06/10/2020) |
| 06/10/2020 | 98 | ***SELECTED PARTIES***RULE 56.1 STATEMENT. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A., GLAS Americas LLC, MUFG Union Bank, N.A., PDV Holding, Inc.. Motion or Order to File Under Seal: 53 .(Hansson, Kurt) (Entered: 06/10/2020) |
| 06/10/2020 | 99 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: 81 MOTION for Summary Judgment . . Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. Motion or Order to File Under Seal: 53 .(Salerno, Matthew) (Entered: 06/10/2020) |
| 06/10/2020 | 100 | ***SELECTED PARTIES***RULE 56.1 STATEMENT. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. Motion or Order to File Under Seal: 53 .(Salerno, Matthew) (Entered: 06/10/2020) |
| 06/10/2020 | 101 | MOTION to Preclude */Exclude the Expert Testimony of David C. Hinman*. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Salerno, Matthew) (Entered: 06/10/2020) |
| 06/10/2020 | 102 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: 101 MOTION to Preclude */Exclude the Expert Testimony of David C. Hinman*. . Document filed by |

| | | |
|---|---|---|
| | | MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. Motion or Order to File Under Seal: 53 .(Salerno, Matthew) (Entered: 06/10/2020) |
| 06/10/2020 | 103 | ***SELECTED PARTIES***DECLARATION of Matthew S. Salerno in Support re: 101 MOTION to Preclude */Exclude the Expert Testimony of David C. Hinman*.. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit 1- Hinman Report, # 2 Exhibit 2- Hinman Rebuttal Report, # 3 Exhibit 3- Fitch Press Release, # 4 Exhibit 4- UBS Analyst Report)Motion or Order to File Under Seal: 53 .(Salerno, Matthew) (Entered: 06/10/2020) |
| 06/10/2020 | 104 | ***SELECTED PARTIES***DECLARATION of Christopher J. Clark (Volume 4) in Support re: 81 MOTION for Summary Judgment .. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit 123 - News Article, # 2 Exhibit 124 - News Article, # 3 Exhibit 125 - Court Paper, # 4 Exhibit 126 - News Article, # 5 Exhibit 127 - News Article, # 6 Exhibit 128 - News Article, # 7 Exhibit 129 - News Article, # 8 Exhibit 130 - Produced Document, # 9 Exhibit 131 - OFAC License, # 10 Exhibit 132 - Produced Document, # 11 Exhibit 133 - Transaction Document, # 12 Exhibit 134 - OFAC License, # 13 Exhibit 135 - Tweet, # 14 Exhibit 136 - Email, # 15 Exhibit 137 - Produced Document, # 16 Exhibit 138 - Email, # 17 Exhibit 139 - News Article, # 18 Exhibit 140 - Press Release, # 19 Exhibit 141 - Financial Report, # 20 Exhibit 142 - Press Release, # 21 Exhibit 143 - Press Release, # 22 Exhibit 144 - Press Release, # 23 Exhibit 145 - Press Release, # 24 Exhibit 146 - Press Release, # 25 Exhibit 147 - Press Release, # 26 Exhibit 148 - Press Release, # 27 Exhibit 149 - Press Release, # 28 Exhibit 150 - Press Release, # 29 Exhibit 151 - Press Release, # 30 Exhibit 152 - Press Release, # 31 Exhibit 153 - Press Release, # 32 Exhibit 154 - Press Release, # 33 Exhibit 155 - Press Release, # 34 Exhibit 156 - Press Release, # 35 Exhibit 157 - Press Release, # 36 Exhibit 158 - Press Release, # 37 Exhibit 159 - Tweet and Press Release, # 38 Exhibit 160 - Produced Document, # 39 Exhibit 161 - Produced Document, # 40 Exhibit 162 - Tweet, # 41 Exhibit 163 - Tweet, # 42 Exhibit 164 - Transaction Document, # 43 Exhibit 165 - Transaction Document, # 44 Exhibit 166 - Transaction Document, # 45 Exhibit 167 - Transaction Document, # 46 Exhibit 168 - Transaction Document, # 47 Exhibit 169 - Transaction Document, # 48 Exhibit 170 - Transaction Document, # 49 Exhibit 171 - Transaction Document, # 50 Exhibit 172 - Transaction Document, # 51 Exhibit 173 - Transaction Document)Motion or Order to File Under Seal: 53 .(Clark, Christopher) (Entered: 06/10/2020) |
| 06/10/2020 | 105 | LETTER MOTION for Oral Argument addressed to Judge Katherine Polk Failla from Christopher J. Clark dated June 10, 2020. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Salerno, Matthew) (Entered: 06/10/2020) |
| 06/10/2020 | 106 | ***SELECTED PARTIES***DECLARATION of James R. Bliss in Support re: 91 MOTION for Summary Judgment .. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A., GLAS Americas LLC, MUFG Union Bank, N.A., PDV Holding, Inc.. (Attachments: # 1 Exhibit 1 - ASH_00006371, # 2 Exhibit 2 - ASH_00006376, # 3 Exhibit 3 - Lit Trust - Def MTD, # 4 Exhibit 4 - Constitution of the Bolivarian Republic of Venezuela (1999), # 5 Exhibit 5 - PDVSA-00006615, # 6 Exhibit 6 - Transition Statute, # 7 Exhibit 7 - Decree No. 3, # 8 Exhibit 8 - Contrarian Form, # 9 Exhibit 9 - PDVSA-00008860, # 10 Exhibit 10 - PDVSA-00007057, # 11 Exhibit 11 - PDVSA-00007172, # 12 Exhibit 12 - ASH_00004270, # 13 Exhibit 13 - May 26, 2016 Resolution, # 14 Exhibit 14 - Debate sobre los efectos del canje de bonos de PDVSA, # 15 Exhibit 15 - 2016.09.17_Debt Issue Under New Decree_El Nacional, # 16 Exhibit 16 - ASH_00000743, # 17 Exhibit 17 - BLA_00000556, # 18 Exhibit 18 - UBS-PDVSA000001, # 19 Exhibit 19 - 2016.09.28 Article, # 20 Exhibit 20 - Freddy Guevara sobre PDVSA, # 21 Exhibit 21 - ASH_00006934, # 22 Exhibit 22 - ASH_00000275, # 23 |

| | | |
|---|---|---|
| | | Exhibit 23 - ASH_00001588, # 24 Exhibit 24 - ASH_00002573, # 25 Exhibit 25 - BLA_00001162, # 26 Exhibit 26 - BLA_00001171, # 27 Exhibit 27 - T. Petkoff, # 28 Exhibit 28 - Alonso, # 29 Exhibit 29 - Impact Fluids Order, # 30 Exhibit 30 - Ven Gov 11th Cir Letter, # 31 Exhibit 31 - Supp Brief of Defendant-Appellee, # 32 Exhibit 32 - Delaume, # 33 Exhibit 33 - Walde - Sanctity of Debt, # 34 Exhibit 34 - PDVSA-00007204, # 35 Exhibit 35 - Defs's Venezuelan Law Expert Report, # 36 Exhibit 36 - Informe de la procuraduria, # 37 Exhibit 37 - 2017 Resolution, # 38 Exhibit 38 - Brewer The Constitution of 1999, # 39 Exhibit 39 - Brewer La Mutacion, # 40 Exhibit 40 - Brewer Los Efectos, # 41 Exhibit 41 - Brewer Admin Law in Venezuela 2013, # 42 Exhibit 42 - Brewer Admin Law in Venezuela 2015, # 43 Exhibit 43 - Martinez Contratos De Interes, # 44 Exhibit 44 - Porzecanski Rebuttal, # 45 Exhibit 45 - Deposition Transcript, # 46 Exhibit 46 - ASH_00000018, # 47 Exhibit 47 - 2006 Resolution, # 48 Exhibit 48 - 2009 Resolution, # 49 Exhibit 49 - Bloomberg Article, # 50 Exhibit 50 ST Decision No. 893, # 51 Exhibit 51 - ASH_00004192, # 52 Exhibit 52 - ASH_00005982, # 53 Exhibit 53 ASH_00006721, # 54 Exhibit 54 - BLA_00000643, # 55 Exhibit 55 - Congressman Guerra Interview, # 56 Exhibit 56 - BLA_00001623, # 57 Exhibit 57 - ASH_00003174, # 58 Exhibit 58 - ASH_00004413, # 59 Exhibit 59 - ASH_00007140, # 60 Exhibit 60 - ASH_00006137, # 61 Exhibit 61 - BLA_00001612, # 62 Exhibit 62 - ASH_00003732, # 63 Exhibit 63 - Brewer Dismantling, # 64 Exhibit 64 - El Nacional Article Exhibit 65 El Pais Article, # 65 Exhibit 65 - El Pais Article, # 66 Exhibit 66 - El Mundo Article, # 67 Exhibit 67 - June 2016 Resolution, # 68 Exhibit 68 - July 2016 Resolution, # 69 Exhibit 69 - April 2018 Resolution, # 70 Exhibit 70 - September 2018 Resolution, # 71 Exhibit 71 - 2019 Resolution, # 72 Exhibit 72 - 2020 Resolution, # 73 Exhibit 73 - ASH_00006835)Motion or Order to File Under Seal: 53 .(Hansson, Kurt) (Entered: 06/10/2020) |
| 06/10/2020 | 108 | ***SELECTED PARTIES***DECLARATION of Christopher J. Clark (Volume 5) in Support re: 81 MOTION for Summary Judgment .. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit 174 - Transaction Document, # 2 Exhibit 175 - Transaction Document, # 3 Exhibit 176 - Transaction Document, # 4 Exhibit 177 - Transaction Document, # 5 Exhibit 178 - Transaction Document, # 6 Exhibit 179 - Transaction Document, # 7 Exhibit 180 - Transaction Document, # 8 Exhibit 181 - Transaction Document, # 9 Exhibit 182 - OFAC License, # 10 Exhibit 183 - Transaction Document, # 11 Exhibit 184 - Transaction Document, # 12 Exhibit 185 - Transaction Document, # 13 Exhibit 186 - Transaction Document, # 14 Exhibit 187 - Transaction Document, # 15 Exhibit 188 - Transaction Document, # 16 Exhibit 189 - Transaction Document, # 17 Exhibit 190 - Transaction Document, # 18 Exhibit 191 - Transaction Document, # 19 Exhibit 192 - Transaction Document, # 20 Exhibit 193 - OFAC License, # 21 Exhibit 194 - Transaction Document, # 22 Exhibit 195 - Transaction Document, # 23 Exhibit 196 - Transaction Document, # 24 Exhibit 197 - Transaction Document, # 25 Exhibit 198 - Transaction Document, # 26 Exhibit 199 - Transaction Document, # 27 Exhibit 200 - Transaction Document, # 28 Exhibit 201 - Transaction Document, # 29 Exhibit 202 - Transaction Document, # 30 Exhibit 203 - Transaction Document, # 31 Exhibit 204 - Transaction Document, # 32 Exhibit 205 - Transaction Document, # 33 Exhibit 206 - Transaction Document, # 34 Exhibit 207 - Transaction Document, # 35 Exhibit 208 - FINRA BrokerCheck Report, # 36 Exhibit 209 - Transaction Document, # 37 Exhibit 210 - Transaction Document, # 38 Exhibit 211 - Transaction Document, # 39 Exhibit 212 - Transaction Document, # 40 Exhibit 213 - Transaction Document, # 41 Exhibit 214 - Transaction Document, # 42 Exhibit 215 - Transaction Document, # 43 Exhibit 216 - Transaction Document, # 44 Exhibit 217 - Transaction Document, # 45 Exhibit 218 - Transaction Document, # 46 Exhibit 219 - Transaction Document, # 47 Exhibit 220 - Transaction Document, # 48 Exhibit 221 - Transaction Document, # 49 Exhibit 222 - Transaction Document, # 50 Exhibit 223 - Transaction Document, # 51 |

| | | |
|---|---|---|
| | | Exhibit 224 - News Article)Motion or Order to File Under Seal: 53 .(McMahon, Sean) (Entered: 06/11/2020) |
| 06/10/2020 | 109 | ***SELECTED PARTIES***DECLARATION of Christopher J. Clark (Volume 7) in Support re: 81 MOTION for Summary Judgment .. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit 301- Produced Document, # 2 Exhibit 302- News Article, # 3 Exhibit 303- Produced Document, # 4 Exhibit 304- Produced Document, # 5 Exhibit 305- Produced Document, # 6 Exhibit 306- Produced Document, # 7 Exhibit 307- Produced Document, # 8 Exhibit 308- Produced Document, # 9 Exhibit 309- Produced Document, # 10 Exhibit 310- Produced Document, # 11 Exhibit 311- FINRA BrokerCheck Report, # 12 Exhibit 312- Produced Document, # 13 Exhibit 313- Produced Document, # 14 Exhibit 314- SEC Filing (Form 13F), # 15 Exhibit 315- OFAC License, # 16 Exhibit 316-FINRA BrokerCheck Report, # 17 Exhibit 317- FINRA BrokerCheck Report, # 18 Exhibit 318- SEC Filing (Form 13F), # 19 Exhibit 319- Produced Document, # 20 Exhibit 320- News Article, # 21 Exhibit 321- Financial Report, # 22 Exhibit 322- SEC Filing (Form N-Q), # 23 Exhibit 323- Website, # 24 Exhibit 324- Produced Document, # 25 Exhibit 325- Produced Document, # 26 Exhibit 326- SEC Filing (Form N-Q), # 27 Exhibit 327- SEC Filing (Form N-Q), # 28 Exhibit 328- SEC Filing (Form N-Q), # 29 Exhibit 329- SEC Filing (Form N-Q), # 30 Exhibit 330- Financial Statements, # 31 Exhibit 331- Financial Statements, # 32 Exhibit 332- Court Paper, # 33 Exhibit 333-Financial Report, # 34 Exhibit 334- Financial Report, # 35 Exhibit 335- SEC Filing (Form N-Q), # 36 Exhibit 336- SEC Filing (Form N-Q), # 37 Exhibit 337-Financial Statements, # 38 Exhibit 338- Financial Statements, # 39 Exhibit 339- Financial Report, # 40 Exhibit 340- Financial Report, # 41 Exhibit 341- SEC Filing (Form N-Q), # 42 Exhibit 342-Financial Statements, # 43 Exhibit 343- Financial Report, # 44 Exhibit 344-Financial Report, # 45 Exhibit 345- Financial Report, # 46 Exhibit 346- Financial Report, # 47 Exhibit 347- Financial Report, # 48 Exhibit 348- Financial Report, # 49 Exhibit 349- Deposition Exhibit, # 50 Exhibit 350- News Article, # 51 Exhibit 351- Press Release, # 52 Exhibit 352-Website, # 53 Exhibit 353- Website, # 54 Exhibit 354- Website, # 55 Exhibit 355- Entity Information, # 56 Exhibit 356- SEC Filing (Form D), # 57 Exhibit 357- Website, # 58 Exhibit 358-Website, # 59 Exhibit 359- Produced Document, # 60 Exhibit 360-Acceleration Notice, # 61 Exhibit 361- SEC Filing (Form N-Q), # 62 Exhibit 362- Website, # 63 Exhibit 363- News Article, # 64 Exhibit 364- Website, # 65 Exhibit 365- State Department Webpage, # 66 Exhibit 366-Court Paper, # 67 Exhibit 367- News Article, # 68 Exhibit 368- News Article, # 69 Exhibit 369- Analyst Report, # 70 Exhibit 370- Analyst Report, # 71 Exhibit 371- Press Release, # 72 Exhibit 372- Website, # 73 Exhibit 373- Produced Document, # 74 Exhibit 374- Produced Document, # 75 Exhibit 375- Analyst Report, # 76 Exhibit 376- News Article, # 77 Exhibit 377- Produced Document, # 78 Exhibit 378- Produced Document, # 79 Exhibit 379- Produced Document, # 80 Exhibit 380- Produced Document, # 81 Exhibit 381- Produced Document, # 82 Exhibit 382- Produced Document, # 83 Exhibit 383- Produced Document)Motion or Order to File Under Seal: 53 .(Salerno, Matthew) (Entered: 06/11/2020) |
| 06/10/2020 | 110 | ***SELECTED PARTIES***DECLARATION of Christopher J. Clark (Volume 6) in Support re: 81 MOTION for Summary Judgment .. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit 225 - Transaction Document, # 2 Exhibit 226 - By-Laws, # 3 Exhibit 227 - Website, # 4 Exhibit 228 - Website, # 5 Exhibit 229 - Website, # 6 Exhibit 230 - Website, # 7 Exhibit 231 - Website, # 8 Exhibit 232 - Website, # 9 Exhibit 233 - Website, # 10 Exhibit 234 - Website, # 11 Exhibit 235 - Website, # 12 Exhibit 236 - Website, # 13 Exhibit 237 - Shareholder Meeting Minutes, # 14 Exhibit 238 - Certificate of Continued Use, # 15 Exhibit 239 - Website, # 16 Exhibit 240 - Transaction Document, # 17 Exhibit 241 - DTC Disclosure Framework, # 18 Exhibit 242 - Court |

| | | |
|---|---|---|
| | | Paper, # 19 Exhibit 243 - Court Paper, # 20 Exhibit 244 - Website, # 21 Exhibit 245 - Website, # 22 Exhibit 246 - Website, # 23 Exhibit 247 - Website, # 24 Exhibit 248 - Website, # 25 Exhibit 249 - Website, # 26 Exhibit 250 - Produced Document, # 27 Exhibit 251 - Produced Document, # 28 Exhibit 252 - Discovery Request, # 29 Exhibit 253 - 2020 Notes Document, # 30 Exhibit 254 - Produced Document, # 31 Exhibit 255- Produced Document, # 32 Exhibit 256 - Produced Document, # 33 Exhibit 257 - Produced Document, # 34 Exhibit 258 - Produced Document, # 35 Exhibit 259 - Produced Document, # 36 Exhibit 260 - OFAC FAQ, # 37 Exhibit 261 - OFAC FAQ, # 38 Exhibit 262 - National Assembly Resolution, # 39 Exhibit 263 - SEC Filing (Form N-Q), # 40 Exhibit 264 - SEC Filing (Form N-Q), # 41 Exhibit 265 - Website, # 42 Exhibit 266 - SEC Filing (Form N-Q), # 43 Exhibit 267 - Transaction Document, # 44 Exhibit 268 - SEC Filing (Form N-Q), # 45 Exhibit 269 - Transaction Document, # 46 Exhibit 270 - Transaction Document, # 47 Exhibit 271 - Transaction Document, # 48 Exhibit 272 - Transaction Document, # 49 Exhibit 273 - SEC Filing (Form N-Q), # 50 Exhibit 274 - SEC Filing (Form 10-K), # 51 Exhibit 275 - Produced Document, # 52 Exhibit 276 - Financial Statements, # 53 Exhibit 277 - Press Release, # 54 Exhibit 278 - Transaction Document, # 55 Exhibit 279 - Produced Document, # 56 Exhibit 280 - Produced Document, # 57 Exhibit 281 - SEC Filing (Form 10-Q), # 58 Exhibit 282 - Produced Document, # 59 Exhibit 283 - Produced Document, # 60 Exhibit 284 - Produced Document, # 61 Exhibit 285 - Produced Document, # 62 Exhibit 286 - Financial Report, # 63 Exhibit 287 - Produced Document, # 64 Exhibit 288 - Produced Document, # 65 Exhibit 289 - Produced Document, # 66 Exhibit 290 - Produced Document, # 67 Exhibit 291 - Produced Document, # 68 Exhibit 292 - OFAC FAQ, # 69 Exhibit 293 - Produced Document, # 70 Exhibit 294 - Financial Report, # 71 Exhibit 295 - Produced Document, # 72 Exhibit 296 - Produced Document, # 73 Exhibit 297 - Produced Document, # 74 Exhibit 298 - Produced Document, # 75 Exhibit 299 - Produced Document, # 76 Exhibit 300 - Transaction Document)Motion or Order to File Under Seal: 53 .(Clark, Christopher) (Entered: 06/11/2020) |
| 06/11/2020 | 107 | PROPOSED ORDER. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. Related Document Number: [91 - Motion for Summary Judgment filed by PDVSA Petroleo S.A. and Petroleos de Venezuela S.A.]..(Hansson, Kurt) **Proposed Order to be reviewed by Clerk's Office staff.** (Entered: 06/11/2020) |
| 06/11/2020 | | *****NOTICE TO COURT REGARDING PROPOSED ORDER. Document No. 107 Proposed Order, was reviewed and approved as to form. (dt)** (Entered: 06/11/2020) |
| 06/11/2020 | 111 | ORDER granting 105 Letter Motion for Oral Argument. Application GRANTED. The Court will plan to hear oral argument on Defendants' Daubert motion on August 12, 2020. However, given that the Court has not yet received any opposition briefing on the motion, the Court may determine upon reviewing the entire briefing that oral argument is unnecessary for disposition of the motion. (Signed by Judge Katherine Polk Failla on 6/11/2020) (rro) (Entered: 06/11/2020) |
| 06/15/2020 | 112 | DECLARATION of Christopher J. Clark (Redacted) (Volume 4) in Support re: 81 MOTION for Summary Judgment .. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit 123 - News Article, # 2 Exhibit 124 - News Article, # 3 Exhibit 125 - Court Paper, # 4 Exhibit 126 - News Article, # 5 Exhibit 127 - News Article, # 6 Exhibit 128 - News Article, # 7 Exhibit 129 - News Article, # 8 Exhibit 130 - Produced Document, # 9 Exhibit 131 - OFAC License, # 10 Exhibit 132 - Produced Document, # 11 Exhibit 133 - Transaction Document, # 12 Exhibit 134 - OFAC License, # 13 Exhibit 135 - Tweet, # 14 Exhibit 136 - Email, # 15 Exhibit 137 - Produced Document, # 16 Exhibit 138 - Email, # 17 Exhibit 139 - News Article, # 18 Exhibit 140 - Press Release, # 19 Exhibit 141 - Financial Report, # 20 Exhibit 142 - Press Release, # 21 Exhibit 143 - Press Release, # 22 Exhibit 144 - Press Release, # 23 Exhibit 145 - Press Release, # 24 Exhibit 146 - Press Release, # 25 Exhibit 147 - Press Release, # 26 Exhibit |

| | | |
|---|---|---|
| | | 148 - Press Release, # 27 Exhibit 149 - Press Release, # 28 Exhibit 150 - Press Release, # 29 Exhibit 151 - Press Release, # 30 Exhibit 152 - Press Release, # 31 Exhibit 153 - Press Release, # 32 Exhibit 154 - Press Release, # 33 Exhibit 155 - Press Release, # 34 Exhibit 156 - Press Release, # 35 Exhibit 157 - Press Release, # 36 Exhibit 158 - Press Release, # 37 Exhibit 159 - Tweet and Press Release, # 38 Exhibit 160 - Produced Document, # 39 Exhibit 161 - Produced Document, # 40 Exhibit 162 - Tweet, # 41 Exhibit 163 - Tweet, # 42 Exhibit 164 - Transaction Document, # 43 Exhibit 165 - Transaction Document, # 44 Exhibit 166 - Transaction Document, # 45 Exhibit 167 - Transaction Document, # 46 Exhibit 168 - Transaction Document, # 47 Exhibit 169 - Transaction Document, # 48 Exhibit 170 - Transaction Document, # 49 Exhibit 171 - Transaction Document, # 50 Exhibit 172 - Transaction Document, # 51 Exhibit 173 - Transaction Document).(Salerno, Matthew) (Entered: 06/15/2020) |
| 06/15/2020 | 113 | DECLARATION of Christopher J. Clark (Redacted) (Volume 3) in Support re: 81 MOTION for Summary Judgment .. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit 72- News Article, # 2 Exhibit 73- Transaction Document, # 3 Exhibit 74- SEC Filing (Form 10/A), # 4 Exhibit 75- SEC Filing (Form 10/A), # 5 Exhibit 76- News Article, # 6 Exhibit 77- SEC Filing (Form 10-Q), # 7 Exhibit 78- SEC Filing (Form 10-K), # 8 Exhibit 79- SEC Filing (Form 10-K), # 9 Exhibit 80- SEC Filing (Form 20-F), # 10 Exhibit 81- SEC Filing (Form 10-Q), # 11 Exhibit 82- SEC Filing (Form 8-K), # 12 Exhibit 83- SEC Filing (Form 20-F), # 13 Exhibit 84- SEC Filing (Form 6-K), # 14 Exhibit 85- SEC Filing (Form 20-F), # 15 Exhibit 86- SEC Filing (Form 10-Q), # 16 Exhibit 87- Financial Statements, # 17 Exhibit 88- SEC Filing (Form 10-Q/A), # 18 Exhibit 89- SEC Filing (Form 20-F), # 19 Exhibit 90- SEC Filing (Form 8-K/A), # 20 Exhibit 91- SEC Filing (Form 20-F), # 21 Exhibit 92- SEC Filing (Form S-4), # 22 Exhibit 93- SEC Filing (Form 10-K), # 23 Exhibit 94- SEC Filing (Form 18-K), # 24 Exhibit 95- SEC Filing (Form 10-K), # 25 Exhibit 96- SEC Filing (Form 13F), # 26 Exhibit 97-SEC Filing (Form 13F), # 27 Exhibit 98- Transaction Document, # 28 Exhibit 99- Analyst Report, # 29 Exhibit 100- Transaction Document, # 30 Exhibit 101- Analyst Report, # 31 Exhibit 102- Analyst Report, # 32 Exhibit 103- Entity Information, # 33 Exhibit 104- Entity Information, # 34 Exhibit 105- SEC Filing (Form 10-K), # 35 Exhibit 106- Entity Information, # 36 Exhibit 107- Entity Information, # 37 Exhibit 108- Analyst Report, # 38 Exhibit 109- Produced Document, # 39 Exhibit 110- Financial Statements, # 40 Exhibit 111- News Article, # 41 Exhibit 112- Financial Statements, # 42 Exhibit 113-Financial Statements, # 43 Exhibit 114- News Article, # 44 Exhibit 115- News Article, # 45 Exhibit 116- News Article, # 46 Exhibit 117- News Article, # 47 Exhibit 118- Legal Memo, # 48 Exhibit 119- News Article, # 49 Exhibit 120- News Article, # 50 Exhibit 121- News Article, # 51 Exhibit 122- News Article). (Clark, Christopher) (Entered: 06/15/2020) |
| 06/15/2020 | 114 | DECLARATION of Christopher J. Clark (Redacted) (Volume 6) in Support re: 81 MOTION for Summary Judgment .. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit 225 - Transaction Document, # 2 Exhibit 226 - By-Laws, # 3 Exhibit 227 - Website, # 4 Exhibit 228 - Website, # 5 Exhibit 229 - Website, # 6 Exhibit 230 - Website, # 7 Exhibit 231 - Website, # 8 Exhibit 232 - Website, # 9 Exhibit 233 - Website, # 10 Exhibit 234 - Website, # 11 Exhibit 235 - Website, # 12 Exhibit 236 - Website, # 13 Exhibit 237 - Shareholder Meeting Minutes, # 14 Exhibit 238 - Certificate of Continued Use, # 15 Exhibit 239 - Website, # 16 Exhibit 240 - Transaction Document, # 17 Exhibit 241 - DTC Disclosure Framework, # 18 Exhibit 242 - Court Paper, # 19 Exhibit 243 - Court Paper, # 20 Exhibit 244 - Website, # 21 Exhibit 245 - Website, # 22 Exhibit 246 - Website, # 23 Exhibit 247 - Website, # 24 Exhibit 248 - Website, # 25 Exhibit 249 - Website, # 26 Exhibit 250 - Produced Document, # 27 Exhibit 251 - Produced Document, # 28 Exhibit 252 - Discovery Request, # 29 Exhibit 253 - 2020 Notes Document, # 30 Exhibit 254 - Produced Document, # 31 Exhibit 255 - Produced Document, # 32 Exhibit 256 - Produced Document, # 33 Exhibit 257 - |

| | | |
|---|---|---|
| | | Produced Document, # 34 Exhibit 258 - Produced Document, # 35 Exhibit 259 - Discovery Response, # 36 Exhibit 260 - OFAC FAQ, # 37 Exhibit 261 - OFAC FAQ, # 38 Exhibit 262 - National Assembly Resolution, # 39 Exhibit 263 - SEC Filing (Form N-Q), # 40 Exhibit 264 - SEC Filing (Form N-Q), # 41 Exhibit 265 - Website, # 42 Exhibit 266 - SEC Filing (Form N-Q), # 43 Exhibit 267 - Transaction Document, # 44 Exhibit 268 - SEC Filing (Form N-Q), # 45 Exhibit 269 - Transaction Document, # 46 Exhibit 270 - Transaction Document, # 47 Exhibit 271 - Transaction Document, # 48 Exhibit 272 - Transaction Document, # 49 Exhibit 273 - SEC Filing (Form N-Q), # 50 Exhibit 274 - SEC Filing (Form 10-K), # 51 Exhibit 275 - Produced Document, # 52 Exhibit 276 - Financial Statements, # 53 Exhibit 277 - Press Release, # 54 Exhibit 278 - Transaction Document, # 55 Exhibit 279 - Produced Document, # 56 Exhibit 280 - Produced Document, # 57 Exhibit 281 - SEC Filing (Form 10-Q), # 58 Exhibit 282 - Produced Document, # 59 Exhibit 283 - Produced Document, # 60 Exhibit 284 - Produced Document, # 61 Exhibit 285 - Produced Document, # 62 Exhibit 286 - Financial Report, # 63 Exhibit 287 - Produced Document, # 64 Exhibit 288 - Produced Document, # 65 Exhibit 289 - Produced Document, # 66 Exhibit 290 - Produced Document, # 67 Exhibit 291 - Produced Document, # 68 Exhibit 292 - OFAC FAQ, # 69 Exhibit 293 - Produced Document, # 70 Exhibit 294 - Financial Report, # 71 Exhibit 295 - Produced Document, # 72 Exhibit 296 - Produced Document, # 73 Exhibit 297 - Produced Document, # 74 Exhibit 298 - Produced Document, # 75 Exhibit 299 - Produced Document, # 76 Exhibit 300 - Transaction Document).(Salerno, Matthew) (Entered: 06/15/2020) |
| 06/15/2020 | 115 | DECLARATION of Christopher J. Clark (Redacted)(Volume 5) in Support re: 81 MOTION for Summary Judgment .. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit 174- Transaction Document, # 2 Exhibit 175- Transaction Document, # 3 Exhibit 176- Transaction Document, # 4 Exhibit 177- Transaction Document, # 5 Exhibit 178- Transaction Document, # 6 Exhibit 179- Transaction Document, # 7 Exhibit 180- Transaction Document, # 8 Exhibit 181- Transaction Document, # 9 Exhibit 182- OFAC License, # 10 Exhibit 183- Transaction Document, # 11 Exhibit 184- Transaction Document, # 12 Exhibit 185- Transaction Document, # 13 Exhibit 186- Transaction Document, # 14 Exhibit 187- Transaction Document, # 15 Exhibit 188- Transaction Document, # 16 Exhibit 189- Transaction Document, # 17 Exhibit 190- Transaction Document, # 18 Exhibit 191- Transaction Document, # 19 Exhibit 192- Transaction Document, # 20 Exhibit 193- OFAC License, # 21 Exhibit 194- Transaction Document, # 22 Exhibit 195- Transaction Document, # 23 Exhibit 196- Transaction Document, # 24 Exhibit 197- Transaction Document, # 25 Exhibit 198- Transaction Document, # 26 Exhibit 199- Transaction Document, # 27 Exhibit 200- Transaction Document, # 28 Exhibit 201- Transaction Document, # 29 Exhibit 202- Transaction Document, # 30 Exhibit 203- Transaction Document, # 31 Exhibit 204- Transaction Document, # 32 Exhibit 205- Transaction Document, # 33 Exhibit 206- Transaction Document, # 34 Exhibit 207- Transaction Document, # 35 Exhibit 208- FINRA BrokerCheck Report, # 36 Exhibit 209- Transaction Document, # 37 Exhibit 210- Transaction Document, # 38 Exhibit 211- Transaction Document, # 39 Exhibit 212- Transaction Document, # 40 Exhibit 213- Transaction Document, # 41 Exhibit 214- Transaction Document, # 42 Exhibit 215- Transaction Document, # 43 Exhibit 216-- Transaction Document, # 44 Exhibit 217- Transaction Document, # 45 Exhibit 218- Transaction Document, # 46 Exhibit 219- Transaction Document, # 47 Exhibit 220- Transaction Document, # 48 Exhibit 221- Transaction Document, # 49 Exhibit 222- Transaction Document, # 50 Exhibit 223- Transaction Document, # 51 Exhibit 224- News Article).(Clark, Christopher) (Entered: 06/15/2020) |
| 06/15/2020 | 116 | DECLARATION of Christopher J. Clark (Redacted) (Volume 7) in Support re: 81 MOTION for Summary Judgment .. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit 301 - Produced Document, # 2 Exhibit 302 - News Article, # 3 Exhibit 303 - Produced Document, # 4 Exhibit 304 - Produced |

| | | |
|---|---|---|
| | | Document, # 5 Exhibit 305 - Produced Document, # 6 Exhibit 306 - Produced Document, # 7 Exhibit 307 - Produced Document, # 8 Exhibit 308 - Produced Document, # 9 Exhibit 309 - Produced Document, # 10 Exhibit 310 - Produced Document, # 11 Exhibit 311 - FINRA BrokerCheck Report, # 12 Exhibit 312 - - Produced Document, # 13 Exhibit 313 - Produced Document, # 14 Exhibit 314 - SEC Filing (Form 13F), # 15 Exhibit 315 - OFAC License, # 16 Exhibit 316 - FINRA BrokerCheck Report, # 17 Exhibit 317 - FINRA BrokerCheck Report, # 18 Exhibit 318 - SEC Filing (Form 13F), # 19 Exhibit 319 - Produced Document, # 20 Exhibit 320 - News Article, # 21 Exhibit 321 - Financial Report, # 22 Exhibit 322 - SEC Filing (Form N-Q), # 23 Exhibit 323 - Website, # 24 Exhibit 324 - Produced Document, # 25 Exhibit 325 - Produced Document, # 26 Exhibit 326 - SEC Filing (Form N-Q), # 27 Exhibit 327 - SEC Filing (Form N-Q), # 28 Exhibit 328 - SEC Filing (Form N-Q), # 29 Exhibit 329 - SEC Filing (Form N-Q), # 30 Exhibit 330 - Financial Statements, # 31 Exhibit 331 - Financial Statements, # 32 Exhibit 332 - Court Paper, # 33 Exhibit 333 - Financial Report, # 34 Exhibit 334 - Financial Report, # 35 Exhibit 335 - SEC Filing (Form N-Q), # 36 Exhibit 336 - SEC Filing (Form N-Q), # 37 Exhibit 337 - Financial Statements, # 38 Exhibit 338 - Financial Statements, # 39 Exhibit 339 - Financial Report, # 40 Exhibit 340 - Financial Report, # 41 Exhibit 341 - SEC Filing (Form N-Q), # 42 Exhibit 342 - Financial Statements, # 43 Exhibit 343 - Financial Report, # 44 Exhibit 344 - Financial Report, # 45 Exhibit 345 - Financial Report, # 46 Exhibit 346 - Financial Report, # 47 Exhibit 347 - Financial Report, # 48 Exhibit 348 - Financial Report, # 49 Exhibit 349 - Deposition Exhibt, # 50 Exhibit 350 - News Article, # 51 Exhibit 351 - Press Release, # 52 Exhibit 352 - Website, # 53 Exhibit 353 - Website, # 54 Exhibit 354 - Website, # 55 Exhibit 355 - Entity Information, # 56 Exhibit 356 - SEC Filing (Form D), # 57 Exhibit 357 - Website, # 58 Exhibit 358 - Website, # 59 Exhibit 359 - Produced Document, # 60 Exhibit 360 - Acceleration Notice, # 61 Exhibit 361 - SEC Filing (Form N-Q), # 62 Exhibit 362 - Website, # 63 Exhibit 363 - News Article, # 64 Exhibit 364 - Website, # 65 Exhibit 365 - State Department Webpage, # 66 Exhibit 366 - Court Paper, # 67 Exhibit 367 - News Article, # 68 Exhibit 368 - News Article, # 69 Exhibit 369 - Analyst Report, # 70 Exhibit 370 - Analyst Report, # 71 Exhibit 371 - Press Release, # 72 Exhibit 372 - Website, # 73 Exhibit 373 - Produced Document, # 74 Exhibit 374 - Produced Document, # 75 Exhibit 375 - Analyst Report, # 76 Exhibit 376 - News Article, # 77 Exhibit 377 - Produced Document, # 78 Exhibit 378 - Produced Document, # 79 Exhibit 379 - Produced Document, # 80 Exhibit 380 - Produced Document, # 81 Exhibit 381 - Produced Document, # 82 Exhibit 382 - Produced Document, # 83 Exhibit 383 - Produced Document).(McMahon, Sean) (Entered: 06/15/2020) |
| 06/15/2020 | 117 | MEMORANDUM OF LAW in Support re: 91 MOTION for Summary Judgment . *(Redacted)*. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A... (Hansson, Kurt) (Entered: 06/15/2020) |
| 06/15/2020 | 118 | RULE 56.1 STATEMENT. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Hansson, Kurt) (Entered: 06/15/2020) |
| 06/16/2020 | 119 | DECLARATION of Allan R. Brewer-Carias in Support re: 91 MOTION for Summary Judgment .. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit A - Brewer Expert Report (Redacted), # 2 Exhibit B - Brewer Rebuttal Report (Redacted)).(Hansson, Kurt) (Entered: 06/16/2020) |
| 06/16/2020 | 120 | DECLARATION of David C. Hinman in Support re: 91 MOTION for Summary Judgment .. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit A - Hinman Expert Report (Redacted), # 2 Exhibit B - Hinman Rebuttal Report (Redacted)).(Hansson, Kurt) (Entered: 06/16/2020) |
| 06/16/2020 | 121 | DECLARATION of Christopher J. Clark (Redacted) (Volume 1) in Support re: 81 MOTION for Summary Judgment .. Document filed by GLAS Americas LLC, MUFG |

| | | |
|---|---|---|
| | | Union Bank, N.A.. (Attachments: # 1 Exhibit 1- 2020 Notes Document (Part 1 of 3), # 2 Exhibit 1- 2020 Notes Document (Part 2 of 3), # 3 Exhibit 1- 2020 Notes Document (Part 3 of 3), # 4 Exhibit 2- 2020 Notes Document, # 5 Exhibit 3- 2020 Notes Document, # 6 Exhibit 4- Produced Document, # 7 Exhibit 5- Produced Document, # 8 Exhibit 6- 2020 Notes Document, # 9 Exhibit 7- 2017 Notes Document, # 10 Exhibit 8- 2017 Notes Document, # 11 Exhibit 9-2017 Notes Document, # 12 Exhibit 10- 2017 Notes Document, # 13 Exhibit 11- 2017 Notes Document, # 14 Exhibit 12- Expert Report - Hinman, # 15 Exhibit 13- Expert Report Plfs VZ Expert, # 16 Exhibit 14- Deposition Notice, # 17 Exhibit 15- Deposition Notice, # 18 Exhibit 16- Email, # 19 Exhibit 17- Deposition Transcript, # 20 Exhibit 18- Deposition Transcript, # 21 Exhibit 19- Deposition Transcript, # 22 Exhibit 20- Discovery Response).(Clark, Christopher) (Entered: 06/16/2020) |
| 06/16/2020 | 122 | DECLARATION of Christopher J. Clark (Redacted) (Volume 2) in Support re: 81 MOTION for Summary Judgment .. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit 21 - News Article, # 2 Exhibit 22 - Website, # 3 Exhibit 23 - Court Paper, # 4 Exhibit 24 - Website, # 5 Exhibit 25 - Website, # 6 Exhibit 26 - Website, # 7 Exhibit 27 - Expert Rebuttal Report - Plfs' VZ Expert, # 8 Exhibit 28 - Legal Memo, # 9 Exhibit 29 - Legal Memo, # 10 Exhibit 30 - Opinion Letter, # 11 Exhibit 31 - Opinion Letter, # 12 Exhibit 32 - Opinion Letter, # 13 Exhibit 33 - Opinion Letter, # 14 Exhibit 34 - Letter, # 15 Exhibit 35 - Letter, # 16 Exhibit 36 - Letter, # 17 Exhibit 37 - Letter, # 18 Exhibit 38 - Transaction Document, # 19 Exhibit 39 - Letter, # 20 Exhibit 40 - Produced Document, # 21 Exhibit 41 - Letter, # 22 Exhibit 42 - Transaction Document, # 23 Exhibit 43 - National Assembly Resolution, # 24 Exhibit 44 - National Assembly Resolution, # 25 Exhibit 45 - National Assembly Resolution, # 26 Exhibit 46 - National Assembly Resolution, # 27 Exhibit 47 - News Article, # 28 Exhibit 48 - National Assembly Resolution, # 29 Exhibit 49 - National Assembly Resolution, # 30 Exhibit 50 - National Assembly Resolution, # 31 Exhibit 51 - National Assembly Resolution, # 32 Exhibit 52 - National Assembly Resolution, # 33 Exhibit 53 - Venezuelan Statute, # 34 Exhibit 54 - News Article, # 35 Exhibit 55 - News Article, # 36 Exhibit 56 - News Article, # 37 Exhibit 57 - State Department - Remarks, # 38 Exhibit 58 - State Department - Fact Sheet, # 39 Exhibit 59 - Press Release, # 40 Exhibit 60 - News Article, # 41 Exhibit 61 - News Article, # 42 Exhibit 62 - News Article, # 43 Exhibit 63 - News Article, # 44 Exhibit 64 - News Article, # 45 Exhibit 65 - News Article, # 46 Exhibit 66 - News Article, # 47 Exhibit 67 - SEC Filing (Form F-1), # 48 Exhibit 68 - SEC Filing (Form 10-K), # 49 Exhibit 69 - SEC Filing (Form S-4), # 50 Exhibit 70 - SEC Filing (Form 10-K), # 51 Exhibit 71 - News Article).(Salerno, Matthew) (Entered: 06/16/2020) |
| 06/16/2020 | 123 | DECLARATION of Joshua Weisser (Redacted) in Support re: 81 MOTION for Summary Judgment .. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A... (Salerno, Matthew) (Entered: 06/16/2020) |
| 06/16/2020 | 124 | DECLARATION of Xin Xu (Redacted) in Support re: 81 MOTION for Summary Judgment .. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit 1 - Produced Document (Filed Under Seal), # 2 Exhibit 2 - Produced Document, # 3 Exhibit 3 - Produced Document, # 4 Exhibit 4 - Produced Document, # 5 Exhibit 5 - Produced Document (Filed Under Seal), # 6 Exhibit 6 - Produced Document (Filed Under Seal)).(McMahon, Sean) (Entered: 06/16/2020) |
| 06/16/2020 | 125 | DECLARATION of Sergio Trigo Paz in Support re: 81 MOTION for Summary Judgment .. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Salerno, Matthew) (Entered: 06/16/2020) |
| 06/16/2020 | 126 | DECLARATION of James R. Bliss in Support re: 91 MOTION for Summary Judgment .. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # |

| | | |
|---|---|---|
| | | 1 Exhibit 1 - ASH_00006371, # 2 Exhibit 2 - Filed Under Seal, # 3 Exhibit 3 - Lit Trust 0 Def MTD, # 4 Exhibit 4 - Constitution of Bolivarian Republic of Venezuela, # 5 Exhibit 5 - PDVSA-00006615, # 6 Exhibit 6 - Transition Statute, # 7 Exhibit 7 - Decree No. 3, # 8 Exhibit 8 - Contrarian Form, # 9 Exhibit 9 - PDVSA-00008860, # 10 Exhibit 10 - PDVSA-00007057, # 11 Exhibit 11 - PDVSA-00007172, # 12 Exhibit 12 - ASH_00004270, # 13 Exhibit 13 - May 26, 2016 Resolution, # 14 Exhibit 14 - Debate Sobre los efectos del canje de bonos de PDVSA, # 15 Exhibit 15 - 2016.09.17_ Debt Issue Under New Decree_El Nacional, # 16 Exhibit 16 - ASH_00000743, # 17 Exhibit 17 - BLA_00000556, # 18 Exhibit 18 - Filed Under Seal, # 19 Exhibit 19 - 2016.09.28 Article, # 20 Exhibit 20 - Freddy Guevara sobre PDVSA, # 21 Exhibit 21 - ASH_00006934, # 22 Exhibit 22 - ASH_00000275, # 23 Exhibit 23 - ASH_00001588, # 24 Exhibit 24 - ASH_00002573, # 25 Exhibit 25 - BLA_00001162, # 26 Exhibit 26 - BLA_00001171, # 27 Exhibit 27 - T. Petkoff, # 28 Exhibit 28 - Alonso, # 29 Exhibit 29 - Impact Fluids Order, # 30 Exhibit 30 - Ven Gov 11th Cir Letter, # 31 Exhibit 31 - Supp Brief of Defendant-Appellee, # 32 Exhibit 32 - Delaume, # 33 Exhibit 33 - Walde - Sanctity of Debt, # 34 Exhibit 34 - PDVSA-00007204, # 35 Exhibit 35 - Defs's Venezuelan Law Expert Report (Redacted), # 36 Exhibit 36 - Informe de la procuraduria, # 37 Exhibit 37 - 2017 Resolution, # 38 Exhibit 38 - Brewer The Constitution of 1999, # 39 Exhibit 39 - Brewer La Mutacion, # 40 Exhibit 40 - Brewer Los Efectos, # 41 Exhibit 41 - Brewer Admin Law in Venezuela 2013, # 42 Exhibit 42 - Brewer Admin Law in Venezuela 2015, # 43 Exhibit 43 - Martinez Contratos De Interes, # 44 Exhibit 44 - Porzecanski Rebuttal (Redacted), # 45 Exhibit 45 - Filed Under Seal, # 46 Exhibit 46 - ASH_00000018, # 47 Exhibit 47 - ASH_00000018, # 48 Exhibit 48 - 2009 Resolution, # 49 Exhibit 49 - Bloomberg Article, # 50 Exhibit 50 - ST Decision No. 893, # 51 Exhibit 51 - ASH_00004192, # 52 Exhibit 52 - ASH_00005982, # 53 Exhibit 53 - ASH_00006721, # 54 Exhibit 54 - BLA_00000643, # 55 Exhibit 55 - Congressman Guerra Interview, # 56 Exhibit 56 - BLA_00001623, # 57 Exhibit 57 - ASH_00003174, # 58 Exhibit 58 - ASH_00004413, # 59 Exhibit 59 - ASH_00007140, # 60 Exhibit 60 - ASH_00006137, # 61 Exhibit 61 - BLA_00001612, # 62 Exhibit 62 - Filed Under Seal, # 63 Exhibit 63 - Brewer Dismantling, # 64 Exhibit 64 - El Nacional Article, # 65 Exhibit 65 - El Pais Article, # 66 Exhibit 66 - El Mundo Article, # 67 Exhibit 67 - June 2016 Resolution, # 68 Exhibit 68 - July 2016 Resolution, # 69 Exhibit 69 - April 2018 Resolution, # 70 Exhibit 70 - September 2018 Resolution, # 71 Exhibit 71 - 2019 Resolution, # 72 Exhibit 72 - 2020 Resolution, # 73 Exhibit 73 - Filed Under Seal). (Hansson, Kurt) (Entered: 06/16/2020) |
| 06/16/2020 | 127 | DECLARATION of Martin Reed in Support re: 81 MOTION for Summary Judgment .. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Clark, Christopher) (Entered: 06/16/2020) |
| 06/16/2020 | 128 | DECLARATION of Expert (Redacted) in Support re: 81 MOTION for Summary Judgment .. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit 1 - Curriculum Vitae, # 2 Exhibit 2 - Expert Report, # 3 Exhibit 3 - Expert Report, # 4 Exhibit 4 - Excerpted Publication, # 5 Exhibit 5 - Excerpted Constitution, # 6 Exhibit 6 - Excerpted Official Gazette, # 7 Exhibit 7 - Decision of Venezuelan Court, # 8 Exhibit 8 - Decision of Venezuelan Court, # 9 Exhibit 9 - Excerpted Publication, # 10 Exhibit 10 - Excerpted Publication, # 11 Exhibit 11 - Excerpted Publication, # 12 Exhibit 12 - Excerpted Publication, # 13 Exhibit 13 - Excerpted Publication, # 14 Exhibit 14 - Excerpted Publication, # 15 Exhibit 15 - Excerpted Publication, # 16 Exhibit 16 - Decision of Venezuelan Court, # 17 Exhibit 17 - Excerpted Publication of Decision, # 18 Exhibit 18 - Decision of Venezuelan Court, # 19 Exhibit 19 - Transaction Document, # 20 Exhibit 20 - Excerpted Official Gazette, # 21 Exhibit 21 - Decision of Venezuelan Court, # 22 Exhibit 22 - Decision of Venezuelan Court, # 23 Exhibit 23 - Decision of Venezuelan Court, # 24 Exhibit 24 - Excerpted Publication of Decision, # 25 Exhibit 25 - Decision of Venezuelan Court, # 26 Exhibit 26 |

| | | |
|---|---|---|
| | | - Decision of Venezuelan Court, # 27 Exhibit 27 - Excerpted Official Gazette, # 28 Exhibit 28 - Decision of Venezuelan Court, # 29 Exhibit 29 - Excerpted Official Gazette, # 30 Exhibit 30 - Decision of Venezuelan Court, # 31 Exhibit 31 - Decision of Venezuelan Court, # 32 Exhibit 32 - Excerpted Publication, # 33 Exhibit 33 - Analysis of Excerpted Publications, # 34 Exhibit 34 - Excerpted Publication, # 35 Exhibit 35 - Excerpted Publication, # 36 Exhibit 36 - Excerpted Publication, # 37 Exhibit 37 - Excerpted Publication, # 38 Exhibit 38 - Excerpted Publication, # 39 Exhibit 39 - Excerpted Publication, # 40 Exhibit 40 - Excerpted Publication, # 41 Exhibit 41 - Press Release, # 42 Exhibit 42 - Decision of Venezuelan Court, # 43 Exhibit 43 - Excerpted Publication, # 44 Exhibit 44 - Excerpted Publication, # 45 Exhibit 45 - Excerpted Publication, # 46 Exhibit 46 - National Assembly Resolution, # 47 Exhibit 47 - Excerpted Publication, # 48 Exhibit 48 - Organizational Chart).(McMahon, Sean) (Entered: 06/16/2020) |
| 06/16/2020 | 129 | MEMORANDUM OF LAW in Support re: 101 MOTION to Preclude */Exclude the Expert Testimony of David C. Hinman. (Redacted)*. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Salerno, Matthew) (Entered: 06/16/2020) |
| 06/16/2020 | 130 | DECLARATION of Fernando Moreyra (Redacted) in Support re: 81 MOTION for Summary Judgment .. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit 1- 2020 Notes Document (Part 1 of 3), # 2 Exhibit 1-2020 Notes Document (Part 2 of 3), # 3 Exhibit 1-2020 Notes Document (Part 3 of 3), # 4 Exhibit 2- 2020 Notes Document, # 5 Exhibit 3- 2020 Notes Document, # 6 Exhibit 4-2020 Notes Document, # 7 Exhibit 5- 2020 Notes Document, # 8 Exhibit 6- Opinion Letter, # 9 Exhibit 7- Opinion Letter, # 10 Exhibit 8- 2020 Notes Document, # 11 Exhibit 9- 2020 Notes Document, # 12 Exhibit 10- Produced Document, # 13 Exhibit 11-Produced Document, # 14 Exhibit 12- 2020 Notes Document, # 15 Exhibit 13- 2020 Notes Document, # 16 Exhibit 14- 2020 Notes Document, # 17 Exhibit 15- Produced Document, # 18 Exhibit 16- Produced Document, # 19 Exhibit 17- 2020 Notes Document, # 20 Exhibit 18- Produced Document, # 21 Exhibit 19- 2020 Notes Document).(Clark, Christopher) (Entered: 06/16/2020) |
| 06/16/2020 | 131 | DECLARATION of Timothy McKenna (Redacted) in Support re: 81 MOTION for Summary Judgment .. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit 1 - Expert Rebuttal Report).(McMahon, Sean) (Entered: 06/16/2020) |
| 06/16/2020 | 132 | RULE 56.1 STATEMENT. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Clark, Christopher) (Entered: 06/16/2020) |
| 06/16/2020 | 133 | DECLARATION of Matthew S. Salerno in Support re: 101 MOTION to Preclude */Exclude the Expert Testimony of David C. Hinman*.. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit 1 - Hinman Report [Redacted], # 2 Exhibit 2 - Hinman Rebuttal Report [Redacted], # 3 Exhibit 3 - UBS Analyst Report, # 4 Exhibit 4 - Fitch Press Release).(Salerno, Matthew) (Entered: 06/16/2020) |
| 06/16/2020 | 134 | DECLARATION of Arturo C. Porzecanski in Support re: 81 MOTION for Summary Judgment .. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit 1 - Declaration of Porzecanski, # 2 Exhibit 2 - Rebuttal Declaration of Porzecanski [Redacted]).(Salerno, Matthew) (Entered: 06/16/2020) |
| 06/16/2020 | 135 | MEMORANDUM OF LAW in Support re: 81 MOTION for Summary Judgment . *[REDACTED]*. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A... (Clark, Christopher) (Entered: 06/16/2020) |
| 06/19/2020 | 136 | CONSENT LETTER MOTION for Leave to File corrected Local Rule 56.1 Statement and corrected excerpts of exhibits attached to the Declaration of Christopher J. Clark |

| | | |
|---|---|---|
| | | addressed to Judge Katherine Polk Failla from Christopher J. Clark dated June 19, 2020. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Clark, Christopher) (Entered: 06/19/2020) |
| 06/22/2020 | 137 | ORDER granting 136 Letter Motion for Leave to File Document. Application GRANTED. Defendants may file corrected versions of the above-referenced documents. (Signed by Judge Katherine Polk Failla on 6/22/2020) (rro) (Entered: 06/22/2020) |
| 06/22/2020 | 138 | ***SELECTED PARTIES***RULE 56.1 STATEMENT. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. Motion or Order to File Under Seal: 53 .(Clark, Christopher) (Entered: 06/22/2020) |
| 06/22/2020 | 139 | RULE 56.1 STATEMENT. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Clark, Christopher) (Entered: 06/22/2020) |
| 06/22/2020 | 140 | DECLARATION of Christopher J. Clark (Corrected) in Support re: 81 MOTION for Summary Judgment .. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit 223 - Transaction Document (Corrected), # 2 Exhibit 266 - SEC Filing (Form N-Q) (Corrected), # 3 Exhibit 272 - Transaction Document (Corrected), # 4 Exhibit 294 - Financial Report (Corrected), # 5 Exhibit 328 - SEC Filing (Form N-Q) (Corrected), # 6 Exhibit 336 - SEC Filing (Form N-Q) (Corrected), # 7 Exhibit 337 - Financial Statements (Corrected), # 8 Exhibit 341 - SEC Filing (Form N-Q) (Corrected), # 9 Exhibit 342 - Financial Statements (Corrected)).(Clark, Christopher) (Entered: 06/22/2020) |
| 06/23/2020 | 141 | CONSENT LETTER MOTION for Leave to File corrected Declaration of David. C. Hinman in Support of Plaintiffs' Motion for Summary Judgment addressed to Judge Katherine Polk Failla from James R. Bliss dated June 23, 2020. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Bliss, James) (Entered: 06/23/2020) |
| 06/24/2020 | 142 | ORDER granting 141 Letter Motion for Leave to File Document. Application GRANTED. SO ORDERED. (Signed by Judge Katherine Polk Failla on 6/24/2020) (rro) (Entered: 06/24/2020) |
| 06/24/2020 | 143 | ***SELECTED PARTIES***DECLARATION of David C. Hinman in Support re: 91 MOTION for Summary Judgment .. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A., GLAS Americas LLC, MUFG Union Bank, N.A., PDV Holding, Inc.. (Attachments: # 1 Exhibit A - Hinman Expert Report, # 2 Exhibit B - Hinman Rebuttal Report)Motion or Order to File Under Seal: 53 .(Hansson, Kurt) (Entered: 06/24/2020) |
| 06/25/2020 | 144 | ORDER: In order to assist its analysis, the Court ORDERS the parties to notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York that the Court invites the views of the United States Government as to the following question: Is recognition of the Venezuelan National Assembly's denunciation and invalidation of the 2020 Bond Indenture consistent with the law and policy of the United States? The parties' notification should be brought specifically to the attention of Jeffrey Oestericher, Chief of the Civil Division. The Court further ORDERS the parties, in their notification to the U.S. Attorney's Office, to request that the Government provide its views to the Court no later than August 5, 2020. SO ORDERED. (Signed by Judge Katherine Polk Failla on 6/25/2020) (rro) (Entered: 06/25/2020) |
| 06/26/2020 | 145 | MOTION to Strike Document No. 80 *Unauthorized Submission of Carlos Vecchio*. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Clark, Christopher) (Entered: 06/26/2020) |
| 06/26/2020 | 146 | DECLARATION of Christopher J. Clark in Support re: 145 MOTION to Strike Document No. 80 *Unauthorized Submission of Carlos Vecchio*.. Document filed by |

| | | |
|---|---|---|
| | | GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit 1 - Audio Transcript, # 2 Exhibit 2 - Expert Stipulation, # 3 Exhibit 3 - Hearing Transcript, # 4 Exhibit 4 - Resignation Letter, # 5 Exhibit 5 - Article, # 6 Exhibit 6 - Letter).(Clark, Christopher) (Entered: 06/26/2020) |
| 06/26/2020 | 147 | MEMORANDUM OF LAW in Support re: 145 MOTION to Strike Document No. 80 *Unauthorized Submission of Carlos Vecchio*. . Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Clark, Christopher) (Entered: 06/26/2020) |
| 06/29/2020 | 148 | ORDER with respect to 145 Motion to Strike document from the record. The Court is in receipt of Defendants' motion to strike. The Court ORDERS Plaintiffs to file any opposing papers on or before July 13, 2020, and ORDERS Defendants to file any reply papers on or before July 20, 2020. (Signed by Judge Katherine Polk Failla on 6/29/2020) (rro) (Entered: 06/29/2020) |
| 06/29/2020 | | Set/Reset Deadlines as to 145 MOTION to Strike Document No. 80 *Unauthorized Submission of Carlos Vecchio*.. Responses due by 7/13/2020 Replies due by 7/20/2020. (rro) (Entered: 06/29/2020) |
| 06/29/2020 | 149 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Opposition re: 101 MOTION to Preclude */Exclude the Expert Testimony of David C. Hinman*. . Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A., GLAS Americas LLC, MUFG Union Bank, N.A., PDV Holding, Inc.. Motion or Order to File Under Seal: 53 . (Hansson, Kurt) (Entered: 06/29/2020) |
| 06/29/2020 | 150 | ***SELECTED PARTIES***DECLARATION of Matthew Freimuth in Opposition re: 101 MOTION to Preclude */Exclude the Expert Testimony of David C. Hinman*.. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A., GLAS Americas LLC, MUFG Union Bank, N.A., PDV Holding, Inc.. (Attachments: # 1 Exhibit 1 - Hinman Rebuttal, # 2 Exhibit 2 - Hinman Report, # 3 Exhibit 3 - Porzecanski Rebuttal, # 4 Exhibit 4 - Deposition Transcript, # 5 Exhibit 5 - Porzecanski Report, # 6 Exhibit 6 - McKenna Rebuttal, # 7 Exhibit 7 - NERA Working Paper, # 8 Exhibit 8 - 2016 Fitch Press Release, # 9 Exhibit 9 - 2018 Fitch Press Release, # 10 Exhibit 10 - 2019 Fitch Press Release)Motion or Order to File Under Seal: 53 .(Hansson, Kurt) (Entered: 06/29/2020) |
| 06/29/2020 | 151 | DECLARATION of Christopher J. Clark in Opposition re: 91 MOTION for Summary Judgment .. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit 384 - Webpage, # 2 Exhibit 385 - Court Paper, # 3 Exhibit 386 - News Article, # 4 Exhibit 387 - SEC Filing, # 5 Exhibit 388 - Statement, # 6 Exhibit 389 - Transcript of Presentation, # 7 Exhibit 390 - Court Paper, # 8 Exhibit 391 - Court Paper, # 9 Exhibit 392 - Twitter Post, # 10 Exhibit 393 - Doctrine, # 11 Exhibit 394 - Produced Document, # 12 Exhibit 395 - Produced Document, # 13 Exhibit 396 - News Article, # 14 Exhibit 397 - Discovery Request).(Clark, Christopher) (Entered: 06/29/2020) |
| 06/29/2020 | 152 | ***SELECTED PARTIES***DECLARATION of Expert in Opposition re: 91 MOTION for Summary Judgment .. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit 1 - Official Gazette, # 2 Exhibit 2 - Official Gazette, # 3 Exhibit 3 - Publication, # 4 Exhibit 4 - Publication, # 5 Exhibit 5 - Publication)Motion or Order to File Under Seal: 53 .(Clark, Christopher) (Entered: 06/29/2020) |
| 06/29/2020 | 153 | ***SELECTED PARTIES***COUNTER STATEMENT TO 138 Rule 56.1 Statement. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A., GLAS Americas LLC, MUFG Union Bank, N.A., PDV Holding, Inc.. Motion or Order to File Under Seal: 53 .(Hansson, Kurt) (Entered: 06/29/2020) |

| | | |
|---|---|---|
| 06/29/2020 | 154 | ***SELECTED PARTIES***DECLARATION of Allan R. Brewer-Carias in Opposition re: 81 MOTION for Summary Judgment .. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A., GLAS Americas LLC, MUFG Union Bank, N.A., PDV Holding, Inc.. (Attachments: # 1 Exhibit 1 - Publication, # 2 Exhibit 2 - Official Gazette, # 3 Exhibit 3 - Publication, # 4 Exhibit 4 - Publication, # 5 Exhibit 5 - Official Gazette, # 6 Exhibit 6 - Official Gazette, # 7 Exhibit 7 - Official Gazette, # 8 Exhibit 8 - Official Gazette, # 9 Exhibit 9 - Publication, # 10 Exhibit 10 - 2019 Decision, # 11 Exhibit 11 - 2015 Decision, # 12 Exhibit 12 - 2010 Decision, # 13 Exhibit 13 - Publication)Motion or Order to File Under Seal: 53 .(Hansson, Kurt) (Entered: 06/29/2020) |
| 06/29/2020 | 155 | **FILING ERROR - DEFICIENT DOCKET ENTRY (SEE DOCUMENT #159) -** ***SELECTED PARTIES*** MEMORANDUM OF LAW in Opposition re: 81 MOTION for Summary Judgment . . Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A., GLAS Americas LLC, MUFG Union Bank, N.A., PDV Holding, Inc.. Motion or Order to File Under Seal: 53 .(Hansson, Kurt) Modified on 7/1/2020 (ldi). (Entered: 06/29/2020) |
| 06/29/2020 | 156 | ***SELECTED PARTIES***COUNTER STATEMENT TO 98 Rule 56.1 Statement. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. Motion or Order to File Under Seal: 53 .(Clark, Christopher) (Entered: 06/29/2020) |
| 06/29/2020 | 157 | ***SELECTED PARTIES***DECLARATION of James R. Bliss in Opposition re: 81 MOTION for Summary Judgment .. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A., GLAS Americas LLC, MUFG Union Bank, N.A., PDV Holding, Inc.. (Attachments: # 1 Ex.1 - July 8 2016 State Dept Statement, # 2 Ex. 2 - Aug 18 2017 State Dept Statement, # 3 Ex. 3 - Sec of State Press Statement, # 4 Ex. 4 - President Trump Statement, # 5 Ex. 5 - CITGO Board of Directors, # 6 Ex. 6 - PER-40, # 7 Ex. 7 - Sept 13 2016 Reuters Article, # 8 Ex. 8 - Sept 19 2016 Reuters Article, # 9 Ex. 9 (Part 1 of 2) - PER-189, # 10 Ex. 9 (Part 2 of 2) - PER-189, # 11 Ex. 10 - May 18 2017 Treasury Statement, # 12 Ex. 11 - R&Os to Defendants First RFP, # 13 Ex. 12 - EO 13692, # 14 Ex. 13 - July 31 2017 Treasury Statement, # 15 Ex. 14 - Aug 25 2017 White House Statement, # 16 Ex. 15 - State Dept Statement, # 17 Ex. 16 - S. Res. 537, 114th Cong., # 18 Ex. 17 - H. Res. 259, 115th Cong., # 19 Ex. 18 - S. Res. 414, 115th Cong., # 20 Ex. 19 - Feb 19 2018 Reuters Article, # 21 Ex. 20 - EO 13857, # 22 Ex. 21 - EO 13884, # 23 Ex. 22 - White House Press Release, # 24 Ex. 23 - Feb 4 2020 White House Statement, # 25 Ex. 24 - Letter from Impact Fluid v. Bariven, # 26 Ex. 25 - Jan 28 2019 Treasury Press Release, # 27 Ex. 26 - Decision No 276, # 28 Ex. 27 - Candia Article, # 29 Ex. 28 - Decision No 2817, # 30 Ex. 29 - Decision No 62, # 31 Ex. 30 - Decision No 760, # 32 Ex. 31 - Decision No 2241, # 33 Ex. 32 - Decision No 1460, # 34 Ex. 33 (Part 1 of 3) - Decision No 618, # 35 Ex. 33 (Part 2 of 3) - Decision No 618, # 36 Ex. 33 (Part 3 of 3) - Decision No 618, # 37 Ex. 34 - Dec 30 2015 WSJ Article)Motion or Order to File Under Seal: 53 .(Hansson, Kurt) (Entered: 06/29/2020) |
| 06/29/2020 | 158 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Opposition re: 91 MOTION for Summary Judgment . . Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. Motion or Order to File Under Seal: 53 .(Clark, Christopher) (Entered: 06/29/2020) |
| 06/30/2020 | 159 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Opposition re: 81 MOTION for Summary Judgment . . Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A., GLAS Americas LLC, MUFG Union Bank, N.A., PDV Holding, Inc.. (Attachments: # 1 Appendix I)Motion or Order to File Under Seal: 53 .(Hansson, Kurt) (Entered: 06/30/2020) |

| | | |
|---|---|---|
| 07/06/2020 | 160 | MEMORANDUM OF LAW in Opposition re: 91 MOTION for Summary Judgment . *[REDACTED]*. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A... (Clark, Christopher) (Entered: 07/06/2020) |
| 07/06/2020 | 161 | DECLARATION of Expert [REDACTED] in Opposition re: 91 MOTION for Summary Judgment .. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit 1- Official Gazette, # 2 Exhibit 2- Official Gazette, # 3 Exhibit 3- Publication, # 4 Exhibit 4- Publication, # 5 Exhibit 5- Publication).(Clark, Christopher) (Entered: 07/06/2020) |
| 07/06/2020 | 162 | DECLARATION of Allan R. Brewer-Carias (Redacted) in Opposition re: 81 MOTION for Summary Judgment .. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit 1 - Publication, # 2 Exhibit 2 - Official Gazette, # 3 Exhibit 3 - Publication, # 4 Exhibit 4 - Publication, # 5 Exhibit 5 - Official Gazette, # 6 Exhibit 6 - Official Gazette, # 7 Exhibit 7 - Official Gazette, # 8 Exhibit 8 - Official Gazette, # 9 Exhibit 9 - Publication, # 10 Exhibit 10 - 2019 Decision, # 11 Exhibit 11 - 2015 Decision, # 12 Exhibit 12 - 2010 Decision, # 13 Exhibit 13 - Publication).(Hansson, Kurt) (Entered: 07/06/2020) |
| 07/06/2020 | 163 | COUNTER STATEMENT TO 98 Rule 56.1 Statement. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Clark, Christopher) (Entered: 07/06/2020) |
| 07/06/2020 | 164 | DECLARATION of James R. Bliss in Opposition re: 81 MOTION for Summary Judgment .. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit 1 - July 8 2016 State Dept Statement, # 2 Exhibit 2 - Aug 18 2017 State Dept Statement, # 3 Exhibit 3 - Sec of State Press Statement, # 4 Exhibit 4 - President Trump Statement, # 5 Exhibit 5 - CITGO Board of Directors, # 6 Exhibit 6 - PER-40, # 7 Exhibit 7 - Sept 13 2016 Reuters Article, # 8 Exhibit 8 - Sept 19 2016 Reuters Article, # 9 Exhibit 9 (Part 1 of 2) - PER-189, # 10 Exhibit 9 (Part 2 of 2) - PER-189, # 11 Exhibit 10 - May 18 2017 Treasury Statement, # 12 Exhibit 11 - R&Os to Defendants First RFP, # 13 Exhibit 12 - EO 13692, # 14 Exhibit 13 - July 31 2017 Treasury Statement, # 15 Exhibit 14 - Aug 25 2017 White House Statement, # 16 Exhibit 15 - State Dept Statement, # 17 Exhibit 16 - S. Res. 537, 114th Cong., # 18 Exhibit 17 - H. Res. 259, 115th Cong., # 19 Exhibit 18 - S. Res. 414, 115th Cong., # 20 Exhibit 19 - Feb 19 2018 Reuters Article, # 21 Exhibit 20 - EO 13857, # 22 Exhibit 21 - EO 13884, # 23 Exhibit 22 - White House Press Release, # 24 Exhibit 23 - Feb 4 2020 White House Statement, # 25 Exhibit 24 - Letter from Impact Fluid v. Bariven, # 26 Exhibit 25 - Jan 28 2019 Treasury Press Release, # 27 Exhibit 26 - Decision No 276, # 28 Exhibit 27 - Candia Article, # 29 Exhibit 28 - Decision No 2817, # 30 Exhibit 29 - Decision No 62, # 31 Exhibit 30 - Decision No 760, # 32 Exhibit 31 - Decision No 2241, # 33 Exhibit 32 - Decision No 1460, # 34 Exhibit 33 (Part 1 of 3) - Decision No 618, # 35 Exhibit 33 (Part 2 of 3) - Decision No 618, # 36 Exhibit 33 (Part 3 of 3) - Decision No 618, # 37 Exhibit 34 - Dec 30 2015 WSJ Article).(Hansson, Kurt) (Entered: 07/06/2020) |
| 07/06/2020 | 165 | MEMORANDUM OF LAW in Opposition re: 81 MOTION for Summary Judgment . *(Redacted)*. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Appendix I).(Hansson, Kurt) (Entered: 07/06/2020) |
| 07/06/2020 | 166 | COUNTER STATEMENT TO 100 Rule 56.1 Statement. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Hansson, Kurt) (Entered: 07/06/2020) |
| 07/06/2020 | 168 | DECLARATION of Matthew Freimuth in Opposition re: 101 MOTION to Preclude */Exclude the Expert Testimony of David C. Hinman*.. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit 1 - Hinman Rebuttal (Redacted), # 2 Exhibit 2 - Hinman Report (Redacted), # 3 Exhibit 3 - Porzecanski Rebuttal (Redacted), # 4 Exhibit 4 - Filed Under Seal, # 5 Exhibit 5 - Porzecanski Report, |

| | | |
|---|---|---|
| | | # 6 Exhibit 6 - McKenna Rebuttal, # 7 Exhibit 7 - NERA Working Paper, # 8 Exhibit 8 - 2016 Fitch Press Release, # 9 Exhibit 9 - 2018 Fitch Press Release, # 10 Exhibit 10 - 2019 Fitch Press Release).(Hansson, Kurt) (Entered: 07/06/2020) |
| 07/07/2020 | 169 | ***SELECTED PARTIES***DECLARATION of Matthew S. Salerno in Support re: 81 MOTION for Summary Judgment .. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit 1- Materials Considered, # 2 Exhibit 30- Produced Document, # 3 Exhibit 31- Produced Document, # 4 Exhibit 31- Produced Document, # 5 Exhibit 117 Part 1 of 2- Produced Document, # 6 Exhibit 117 Part 2 of 2- Produced Document)Motion or Order to File Under Seal: 53 .(Salerno, Matthew) (Entered: 07/07/2020) |
| 07/07/2020 | 170 | MEMORANDUM OF LAW in Opposition re: 101 MOTION to Preclude */Exclude the Expert Testimony of David C. Hinman. (Redacted)*. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Hansson, Kurt) (Entered: 07/07/2020) |
| 07/07/2020 | 171 | DECLARATION of Matthew S. Salerno [REDACTED] in Support re: 81 MOTION for Summary Judgment .. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit 1- Materials Considered, # 2 Exhibit 2- Excerpted Official Gazette, # 3 Exhibit 3- Excerpted Official Gazette, # 4 Exhibit 4- Articles of Incorporation and Bylaws, # 5 Exhibit 5- Certificate of Incorporation, # 6 Exhibit 6- Excerpted Publication, # 7 Exhibit 7- Excerpted Publication, # 8 Exhibit 8- Excerpted Official Gazette, # 9 Exhibit 9- Excerpted Official Gazette, # 10 Exhibit 10- Excerpted Publication, # 11 Exhibit 11- Excerpted Publication, # 12 Exhibit 12- Excerpted Publication, # 13 Exhibit 13- Decision of Venezuelan Court, # 14 Exhibit 14- Decision of Venezuelan Court, # 15 Exhibit 15- Decision of Venezuelan Court, # 16 Exhibit 16- Excerpted Publication, # 17 Exhibit 17- Excerpted Publication, # 18 Exhibit 18- Excerpted Publication, # 19 Exhibit 19- Decision of Venezuelan Court, # 20 Exhibit 20- Excerpted Publication, # 21 Exhibit 21- Excerpted Publication, # 22 Exhibit 22- Decision of Venezuelan Court, # 23 Exhibit 23- Excerpted Publication, # 24 Exhibit 24- Excerpted Publication, # 25 Exhibit 25-Excerpted Publication, # 26 Exhibit 26- Decision of Venezuelan Court, # 27 Exhibit 27-Excerpted Publication, # 28 Exhibit 28- Excerpted Official Gazette, # 29 Exhibit 29- Press Release, # 30 Exhibit 30-Produced Document, # 31 Exhibit 31- Produced Document, # 32 Exhibit 32- Produced Document, # 33 Exhibit 33- Venezuela Weekly Publication, # 34 Exhibit 34-Produced Document, # 35 Exhibit 35- Prospectus, # 36 Exhibit 36- Excerpted Publication, # 37 Exhibit 37- Decision of Venezuelan Court, # 38 Exhibit 38- Excerpted Publication, # 39 Exhibit 39- Excerpted Publication, # 40 Exhibit 40- Excerpted Publication, # 41 Exhibit 41- Excerpted Publication, # 42 Exhibit 42- Excerpted Publication, # 43 Exhibit 43- Excerpted Publication, # 44 Exhibit 44- Excerpted Official Gazette, # 45 Exhibit 45- Decision of Venezuelan Court, # 46 Exhibit 46- Decision of Venezuelan Court, # 47 Exhibit 47- Decision of Venezuelan Court, # 48 Exhibit 48- Excerpted Publication, # 49 Exhibit 49- Excerpted Official Gazette, # 50 Exhibit 50- Decision of Venezuelan Court, # 51 Exhibit 51- Excerpted Publication, # 52 Exhibit 52- Excerpted Publication, # 53 Exhibit 53- Excerpted Official Gazette, # 54 Exhibit 54- Excerpted Publication, # 55 Exhibit 55- Excerpted Publication, # 56 Exhibit 56- Excerpted Publication, # 57 Exhibit 57- Excerpted Official Gazette, # 58 Exhibit 58- Excerpted Official Gazette, # 59 Exhibit 59- Excerpted Publication, # 60 Exhibit 60- Excerpted Publication, # 61 Exhibit 61- Excerpted Publication, # 62 Exhibit 62- Decision of Venezuelan Court, # 63 Exhibit 63- Decision of Venezuelan Court, # 64 Exhibit 64- Decision of Venezuelan Court, # 65 Exhibit 65- Excerpted Publication, # 66 Exhibit 66- Excerpted Publication, # 67 Exhibit 67-Excerpted Publication, # 68 Exhibit 68- Award, # 69 Exhibit 69- Excerpted Publication, # 70 Exhibit 70- Excerpted Publication, # 71 Exhibit 71- Decision of Venezuelan Court, # 72 Exhibit 72- Decision of Venezuelan Court, # 73 Exhibit 73- |

| | | |
|---|---|---|
| | | Excerpted Official Gazette, # 74 Exhibit 74- Decision of Venezuelan Court, # 75 Exhibit 75- Decision of Venezuelan Court, # 76 Exhibit 76- Decision of Venezuelan Court, # 77 Exhibit 77-Decision of Venezuelan Court, # 78 Exhibit 78- Decision of Venezuelan Court, # 79 Exhibit 79- Excerpted Publication, # 80 Exhibit 80- Decision of Venezuelan Court, # 81 Exhibit 81- Excerpted Publication, # 82 Exhibit 82- Decision of Venezuelan Court, # 83 Exhibit 83-Excerpted Publication, # 84 Exhibit 84- Excerpted Publication, # 85 Exhibit 85- Decision of Venezuelan Court, # 86 Exhibit 86- Decision of Venezuelan Court, # 87 Exhibit 87- Decision of Venezuelan Court, # 88 Exhibit 88-Decision of Venezuelan Court, # 89 Exhibit 89- Decision of Venezuelan Court, # 90 Exhibit 90- Excerpted Official Gazette, # 91 Exhibit 91 Part 1 of 2- Excerpted Publication, # 92 Exhibit 91 Part 2 of 2- Excerpted Publication, # 93 Exhibit 92- Excerpted Publication, # 94 Exhibit 93- Excerpted Official Gazette, # 95 Exhibit 94- Excerpted Official Gazette, # 96 Exhibit 95- Excerpted Publication, # 97 Exhibit 96- Excerpted Official Gazette, # 98 Exhibit 97- Excerpted Publication, # 99 Exhibit 98- Procedural Rules, # 100 Exhibit 99- Excerpted Publication, # 101 Exhibit 100- Excerpted Official Gazette, # 102 Exhibit 101- Excerpted Publication, # 103 Exhibit 102- Excerpted Publication, # 104 Exhibit 103- Decision of Venezuelan Court, # 105 Exhibit 104- Decision of Venezuelan Court, # 106 Exhibit 105- Decision of Venezuelan Court, # 107 Exhibit 106- Excerpted Publication, # 108 Exhibit 107- Indenture, # 109 Exhibit 108- Decision of Venezuelan Court, # 110 Exhibit 109- Decision of Venezuelan Court, # 111 Exhibit 110- Excerpted Publication, # 112 Exhibit 111 Part 1 of 3-Excerpted Official Gazette, # 113 Exhibit 111 Part 2 of 3- Excerpted Official Gazette, # 114 Exhibit 111 Part 3 of 3- Excerpted Official Gazette, # 115 Exhibit 112- Resolution, # 116 Exhibit 113- Excerpted Official Gazette, # 117 Exhibit 114-Excerpted Official Gazette, # 118 Exhibit 115- Excerpted Official Gazette, # 119 Exhibit 116- Excerpted Official Gazette, # 120 Exhibit 117- Produced Document, # 121 Exhibit 118- Produced Document).(Salerno, Matthew) (Entered: 07/07/2020) |
| 07/07/2020 | 172 | LETTER MOTION to Compel Defendants to publicly disclose the name of Defendants' Venezuelan public law expert addressed to Judge Katherine Polk Failla from James R. Bliss dated July 7, 2020. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Bliss, James) (Entered: 07/07/2020) |
| 07/10/2020 | 173 | LETTER RESPONSE in Opposition to Motion addressed to Judge Katherine Polk Failla from Christopher J. Clark dated July 10, 2020 re: 172 LETTER MOTION to Compel Defendants to publicly disclose the name of Defendants' Venezuelan public law expert addressed to Judge Katherine Polk Failla from James R. Bliss dated July 7, 2020. . Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit 1- Transcript of Interview, # 2 Exhibit 2- Excerpts of Interview, # 3 Exhibit 3- Excerpts of Interview, # 4 Exhibit 4- Tweet, # 5 Exhibit 5- Letter).(Clark, Christopher) (Entered: 07/10/2020) |
| 07/13/2020 | 174 | MEMO ENDORSEMENT on 173 LETTER RESPONSE with respect to 172 Letter Motion to Compel. ENDORSEMENT: The Court is in receipt of Plaintiffs' letter brief seeking the public disclosure of the identity Defendants' Venezuelan law expert (Dkt. #172), and Defendants' opposition (Dkt. #173). The Court believes it has all the information it needs to decide the motion, and advises the parties that no reply is required. (Signed by Judge Katherine Polk Failla on 7/13/2020) (jwh) (Entered: 07/13/2020) |

| | | |
|---|---|---|
| 07/13/2020 | 175 | **FILING ERROR - DEFICIENT DOCKET ENTRY - (SUPPORTING DOCUMENTS TO BE FILED SEPARATELY) -** MOTION for Leave to File Memorandum of Law in Opposition to Motion to Strike Statement of Ambassador Carlos Vecchio and the Declaration of Donald B. Verrilli, Jr. . Document filed by Bolivarian Republic of Venezuela. (Attachments: # 1 Exhibit Memorandum of Law in Opposition to Motion to Strike Statement of Ambassador Carlos Vecchio, # 2 Exhibit Declaration of Donald B. Verrilli, Jr.).(Verrilli, Donald) Modified on 7/27/2020 (lb). (Entered: 07/13/2020) |
| 07/13/2020 | 176 | MEMORANDUM OF LAW in Support re: 175 MOTION for Leave to File Memorandum of Law in Opposition to Motion to Strike Statement of Ambassador Carlos Vecchio and the Declaration of Donald B. Verrilli, Jr. . . Document filed by Bolivarian Republic of Venezuela..(Verrilli, Donald) (Entered: 07/13/2020) |
| 07/13/2020 | 177 | MEMORANDUM OF LAW in Opposition re: 145 MOTION to Strike Document No. 80 *Unauthorized Submission of Carlos Vecchio*. . Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Hansson, Kurt) (Entered: 07/13/2020) |
| 07/13/2020 | 178 | DECLARATION of James R. Bliss in Opposition re: 145 MOTION to Strike Document No. 80 *Unauthorized Submission of Carlos Vecchio*.. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit 1 - Supplemental Brief, # 2 Exhibit 2 - Letter to the Court, # 3 Exhibit 3 - U.S. State Department Publication, # 4 Exhibit 4 - U.S. State Department Publication, # 5 Exhibit 5 - National Assembly Letter, # 6 Exhibit 6 - Press Publication, # 7 Exhibit 7 - U.S. Treasury Department Publication, # 8 Exhibit 8 - U.S. Department of Justice Publication, # 9 Exhibit 9 - U.S. Treasury Department Publication).(Bliss, James) (Entered: 07/13/2020) |
| 07/15/2020 | 179 | ***SELECTED PARTIES***DECLARATION of Expert in Support re: 81 MOTION for Summary Judgment .. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Ex. 1 Excerpted Publication, # 2 Ex. 2 Excerpted Publication, # 3 Ex. 3 Letter, # 4 Ex. 4 Excerpted Publication, # 5 Ex. 5 Excerpted Publication, # 6 Ex. 6 Excerpted Publication, # 7 Ex. 7 Decision of Venezuelan Court, # 8 Ex. 8 Excerpted Publication, # 9 Ex. 9 Excerpted Publication, # 10 Ex. 10 Excerpted Publication, # 11 Ex. 11 Decision of Venezuelan Court, # 12 Ex. 12 Decision of Venezuelan Court, # 13 Ex. 13 Decision of Venezuelan Court, # 14 Ex. 14 Decision of Venezuelan Court, # 15 Ex. 15 Decision of Venezuelan Court, # 16 Ex. 16 Decision of Venezuelan Court, # 17 Ex. 17 Decision of Venezuelan Court, # 18 Ex. 18 Decision of Venezuelan Court, # 19 Ex. 19 Decision of Venezuelan Court, # 20 Ex. 20 Decision of Venezuelan Court, # 21 Ex. 21 Decision of Venezuelan Court, # 22 Ex. 22 Excerpted Publication, # 23 Ex. 23 Decision of Venezuelan Court, # 24 Ex. 24 Decision of Venezuelan Court, # 25 Ex. 25 Decision of Venezuelan Court, # 26 Ex. 26 Excerpted Constitution, # 27 Ex. 27 Excerpted Publication, # 28 Ex. 28 Excerpted Publication, # 29 Ex. 29 Decision of Venezuelan Court, # 30 Ex. 30 Excerpted Publication, # 31 Ex. 31 Excerpted Publication, # 32 Ex. 32 Excerpted Publication, # 33 Ex. 33 Excerpted Publication, # 34 Ex. 34 Excerpted Publication)Motion or Order to File Under Seal: 53 .(Clark, Christopher) (Entered: 07/15/2020) |
| 07/15/2020 | 180 | ***SELECTED PARTIES*** REPLY MEMORANDUM OF LAW in Support re: 101 MOTION to Preclude */Exclude the Expert Testimony of David C. Hinman*. . Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. Motion or Order to File Under Seal: 53 . (Salerno, Matthew) (Entered: 07/15/2020) |
| 07/15/2020 | 181 | ***SELECTED PARTIES***DECLARATION of James R. Bliss in Support re: 91 MOTION for Summary Judgment .. Document filed by PDVSA Petroleo S.A., Petroleos |

| | | |
|---|---|---|
| | | De Venezuela S.A., GLAS Americas LLC, MUFG Union Bank, N.A., PDV Holding, Inc.. (Attachments: # 1 Exhibit 1 - State Dep't Statement, # 2 Exhibit 2 - State Dep't Statement, # 3 Exhibit 3 - State Dep't Remarks, # 4 Exhibit 4 - State Dep't Remarks, # 5 Exhibit 5 - Deutsche Bank v. Receivers, # 6 Exhibit 6 - Impact Fluids Order, # 7 Exhibit 7 - US Amicus Curiae Brief, # 8 Exhibit 8 - Scholarly Article, # 9 Exhibit 9 - Scholarly Article, # 10 Exhibit 10 - Reuters Article)Motion or Order to File Under Seal: 53 .(Bliss, James) (Entered: 07/15/2020) |
| 07/15/2020 | 182 | ***SELECTED PARTIES*** REPLY MEMORANDUM OF LAW in Support re: 81 MOTION for Summary Judgment . . Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. Motion or Order to File Under Seal: 53 .(Clark, Christopher) (Entered: 07/15/2020) |
| 07/15/2020 | 183 | ***SELECTED PARTIES***COUNTER STATEMENT TO 98 Rule 56.1 Statement. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A., GLAS Americas LLC, MUFG Union Bank, N.A., PDV Holding, Inc.. Motion or Order to File Under Seal: 53 .(Hansson, Kurt) (Entered: 07/15/2020) |
| 07/15/2020 | 184 | ***SELECTED PARTIES***Objection re: 153 Counter Statement to Rule 56.1, . Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. Motion or Order to File Under Seal: 53 .(Clark, Christopher) (Entered: 07/15/2020) |
| 07/15/2020 | 185 | ***SELECTED PARTIES*** REPLY MEMORANDUM OF LAW in Support re: 91 MOTION for Summary Judgment . . Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A., GLAS Americas LLC, MUFG Union Bank, N.A., PDV Holding, Inc.. Motion or Order to File Under Seal: 53 .(Hansson, Kurt) (Entered: 07/15/2020) |
| 07/15/2020 | 186 | ***SELECTED PARTIES***DECLARATION of Allan R. Brewer-Carias in Support re: 91 MOTION for Summary Judgment .. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A., GLAS Americas LLC, MUFG Union Bank, N.A., PDV Holding, Inc.. (Attachments: # 1 Exhibit 1 - Civil Code, # 2 Exhibit 2 - Organic Law, # 3 Exhibit 3 - Scholarly Article, # 4 Exhibit 4 - Scholarly Article, # 5 Exhibit 5 - Organic Law)Motion or Order to File Under Seal: 53 .(Hansson, Kurt) (Entered: 07/15/2020) |
| 07/16/2020 | 187 | DECLARATION of James R. Bliss *Attaching Sources Cited by Plaintiffs' Venezuelan Law Expert*. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit 1 - Scholarly Publication, # 2 Exhibit 2 - Scholarly Publication, # 3 Exhibit 3 - Congressional Letter, # 4 Exhibit 4 - Scholarly Publication, # 5 Exhibit 5 - Scholarly Publication, # 6 Exhibit 6 - Scholarly Publication, # 7 Exhibit 7 - Scholarly Publication, # 8 Exhibit 8 - Scholarly Publication, # 9 Exhibit 9 - Scholarly Publication). (Bliss, James) (Entered: 07/16/2020) |
| 07/20/2020 | 188 | ORDER with respect to 172 Motion to Compel. Therefore, the Court ORDERS Defendants to submit, for in camera review, on or before July 29, 2020, a letter providing more specific details regarding their concerns that disclosure of the expert's name would place the expert and the expert's family in danger. SO ORDERED. (Signed by Judge Katherine Polk Failla on 7/20/2020) (kv) (Entered: 07/20/2020) |
| 07/20/2020 | 189 | LETTER addressed to Judge Katherine Polk Failla from James R. Bliss dated July 20, 2020 re: a filing of the U.S. Government in another case. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Bliss, James) (Entered: 07/20/2020) |
| 07/20/2020 | 190 | REPLY MEMORANDUM OF LAW in Support re: 81 MOTION for Summary Judgment . . Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Clark, Christopher) (Entered: 07/20/2020) |

| | | |
|---|---|---|
| 07/20/2020 | 191 | Objection re: 153 Counter Statement to Rule 56.1, *[REDACTED]*. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Clark, Christopher) (Entered: 07/20/2020) |
| 07/20/2020 | 192 | REPLY MEMORANDUM OF LAW in Support re: 101 MOTION to Preclude */Exclude the Expert Testimony of David C. Hinman*. *[REDACTED]*. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Salerno, Matthew) (Entered: 07/20/2020) |
| 07/20/2020 | 193 | REPLY MEMORANDUM OF LAW in Support re: 91 MOTION for Summary Judgment . *(Redacted)*. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Hansson, Kurt) (Entered: 07/20/2020) |
| 07/20/2020 | 194 | COUNTER STATEMENT TO 98 Rule 56.1 Statement. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Hansson, Kurt) (Entered: 07/20/2020) |
| 07/20/2020 | 195 | DECLARATION of Allan R. Brewer-Carias (Redacted) in Support re: 91 MOTION for Summary Judgment .. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit 1 - Civil Code, # 2 Exhibit 2 - Organic Law, # 3 Exhibit 3 - Scholarly Article, # 4 Exhibit 4 - Scholarly Article, # 5 Exhibit 5 - Organic Law).(Hansson, Kurt) (Entered: 07/20/2020) |
| 07/20/2020 | 196 | DECLARATION of James R. Bliss in Support re: 91 MOTION for Summary Judgment .. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit 1 - State Dept Statement, # 2 Exhibit 2 - State Dept Statement, # 3 Exhibit 3 - State Dept Remarks, # 4 Exhibit 4 - State Dept Remarks, # 5 Exhibit 5 - Deutsche Bank v. Receivers, # 6 Exhibit 6 - Impact Fluids Order, # 7 Exhibit 7 - US Amicus Curiae Brief, # 8 Exhibit 8 - Scholarly Article, # 9 Exhibit 9 - Scholarly Article, # 10 Exhibit 10 - Reuters Article).(Hansson, Kurt) (Entered: 07/20/2020) |
| 07/20/2020 | 197 | DECLARATION of Expert [REDACTED] in Support re: 81 MOTION for Summary Judgment .. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit 1- Excerpted Publication, # 2 Exhibit 2- Excerpted Publication, # 3 Exhibit 3- Letter, # 4 Exhibit 4- Excerpted Publication, # 5 Exhibit 5- Excerpted Publication, # 6 Exhibit 6- Excerpted Publication, # 7 Exhibit 7- Decision of Venezuelan Court, # 8 Exhibit 8- Excerpted Publication, # 9 Exhibit 9- Excerpted Publication, # 10 Exhibit 10- Excerpted Publication, # 11 Exhibit 11- Decision of Venezuelan Court, # 12 Exhibit 12- Decision of Venezuelan Court, # 13 Exhibit 13- Decision of Venezuelan Court, # 14 Exhibit 14- Decision of Venezuelan Court, # 15 Exhibit 15- Decision of Venezuelan Court, # 16 Exhibit 16- Decision of Venezuelan Court, # 17 Exhibit 17- Decision of Venezuelan Court, # 18 Exhibit 18- Decision of Venezuelan Court, # 19 Exhibit 19- Decision of Venezuelan Court, # 20 Exhibit 20- Decision of Venezuelan Court, # 21 Exhibit 21- Decision of Venezuelan Court, # 22 Exhibit 22- Excerpted Publication, # 23 Exhibit 23- Decision of Venezuelan Court, # 24 Exhibit 24- Decision of Venezuelan Court, # 25 Exhibit 25- Decision of Venezuelan Court, # 26 Exhibit 26- Excerpted Constitution, # 27 Exhibit 27- Excerpted Publication, # 28 Exhibit 28- Excerpted Publication, # 29 Exhibit 29- Decision Venezuelan Court, # 30 Exhibit 30- Excerpted Publication, # 31 Exhibit 31- Excerpted Publication, # 32 Exhibit 32- Excerpted Publication, # 33 Exhibit 33- Excerpted Publication, # 34 Exhibit 34- Excerpted Publication).(Clark, Christopher) (Entered: 07/20/2020) |
| 07/20/2020 | 198 | REPLY MEMORANDUM OF LAW in Support re: 145 MOTION to Strike Document No. 80 *Unauthorized Submission of Carlos Vecchio*. . Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Clark, Christopher) (Entered: 07/20/2020) |
| 07/22/2020 | 199 | ORDER denying 145 Motion to Strike document 80 Letter filed by Bolivarian Republic of Venezuela from the record.; granting 175 Letter Motion for Leave to File Document. Accordingly, the Court DENIES Defendants' motion to strike. As a secondary matter, the |

| | | |
|---|---|---|
| | | Court GRANTS Ambassador Vecchio's motion for leave to file an opposition brief. The Clerk of Court is directed to terminate the motions at docket entries 145 and 175. SO ORDERED. (Signed by Judge Katherine Polk Failla on 7/22/2020) (kv) (Entered: 07/22/2020) |
| 07/23/2020 | 200 | LETTER addressed to Judge Katherine Polk Failla from James R. Bliss dated July 23, 2020 re: a recent decision of the Delaware Supreme Court. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Bliss, James) (Entered: 07/23/2020) |
| 07/24/2020 | 201 | LETTER addressed to Judge Katherine Polk Failla from Anthony J. Costantini dated July 24, 2020 re: Act of State Doctrine. Document filed by Rudi Lovati, Sergio Lovati.. (Costantini, Anthony) (Entered: 07/24/2020) |
| 07/27/2020 | 202 | NOTICE OF APPEARANCE by Samuel Hilliard Dolinger on behalf of United States of America..(Dolinger, Samuel) (Entered: 07/27/2020) |
| 07/27/2020 | 203 | NOTICE OF APPEARANCE by Anthony Jan-Huan Sun on behalf of United States of America..(Sun, Anthony) (Entered: 07/27/2020) |
| 07/27/2020 | 204 | LETTER addressed to Judge Katherine Polk Failla from AUSA Anthony J. Sun dated 7/27/2020 re: Court's order requesting the Government's views (Dkt. No. 144). Document filed by United States of America..(Sun, Anthony) (Entered: 07/27/2020) |
| 07/29/2020 | 205 | MEMO ENDORSEMENT on re: 204 LETTER addressed to Judge Katherine Polk Failla from AUSA Anthony J. Sun dated 7/27/2020 re: Court's order requesting the Government's views (Dkt. No. 144). Document filed by United States of America. ENDORSEMENT: The Court is in receipt of the Government's letter, in which it has informed the Court that it will be unable to file a Statement of Interest in this action by August 5, 2020. The Court knows that there have been several delays already in this action and that the parties are eager for a resolution. However, the Court does not believe that it would be fruitful to hold oral argument without knowing the Government's views, if any, on the application of the Act of State doctrine. Accordingly, the Court ORDERS that oral argument in this action be ADJOURNED to September 22, 2020, at 10:00 a.m. The Court further requests that the Government file its Statement of Interest, or inform the Court that it will not be filing any Statement, by September 16, 2020. So ordered. (Oral Argument set for 9/22/2020 at 10:00 AM before Judge Katherine Polk Failla.) (Signed by Judge Katherine Polk Failla on 7/29/2020) (rjm) (Entered: 07/29/2020) |
| 07/29/2020 | 206 | ***SELECTED PARTIES*** RESPONSE re: 184 Objection (non-motion), *Plaintiffs' Responses to Defendants' Objections to Plaintiffs' Responses to Defendants' Statement of Undisputed Material Facts*. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A., GLAS Americas LLC, MUFG Union Bank, N.A., PDV Holding, Inc.. Motion or Order to File Under Seal: 53 .(Hansson, Kurt) (Entered: 07/29/2020) |
| 07/30/2020 | 207 | ORDER denying 172 Letter Motion to Compel. On July 7, 2020, Plaintiffs filed a letter motion requesting that the Court compel Defendants to disclose publicly the identity of their Venezuelan law expert. (Dkt. #172). On July 10, 2020, Defendants responded with their opposition (Dkt. #173), and on July 13, 2020, the Court issued an endorsement advising the parties that no reply was needed (Dkt. #174). After carefully considering the parties' submissions, the Court determined that Defendants had not made a sufficiently specific showing of potential danger to their expert were their expert's identity to be publicly disclosed, and therefore ordered Defendants to submit further details, which the Court in turn would review in camera. (Dkt. #188). On July 29, 2020, Defendants filed the requested submissions on an ex parte basis. Having now reviewed Defendants' submissions, the Court finds that there is sufficient evidence of potential harm to Defendants' expert that protection of the expert's identity is warranted. Accordingly, Plaintiff's motion to compel disclosure is DENIED. The Clerk of Court is ordered to |

| | | |
|---|---|---|
| | | terminate the motion at docket entry 172. (Signed by Judge Katherine Polk Failla on 7/30/2020) (rro) (Entered: 07/30/2020) |
| 08/03/2020 | 208 | RESPONSE re: 184 Objection (non-motion), *Plaintiffs' Responses to Defendants' Objections to Plaintiffs' Responses to Defendants' Statement of Undisputed Material Facts (REDACTED)*. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Hansson, Kurt) (Entered: 08/03/2020) |
| 08/05/2020 | 209 | JOINT LETTER MOTION to Continue *Oral Argument* addressed to Judge Katherine Polk Failla from James R. Bliss dated August 5, 2020. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Bliss, James) (Entered: 08/05/2020) |
| 08/06/2020 | 210 | ORDER: granting 209 Letter Motion to Continue. Application GRANTED. Oral argument is ADJOURNED to September 25, 2020, at 2:00 p.m. The Court will provide instructions for remote access to the argument as the date approaches. SO ORDERED. Oral Argument set for 9/25/2020 at 02:00 PM before Judge Katherine Polk Failla. Telephone Conference set for 9/25/2020 at 02:00 PM before Judge Katherine Polk Failla. (Signed by Judge Katherine Polk Failla on 8/06/2020) (ama) (Entered: 08/06/2020) |
| 08/06/2020 | | Terminate Transcript Deadlines (ama) (Entered: 08/06/2020) |
| 08/12/2020 | 211 | LETTER MOTION to Seal addressed to Judge Katherine Polk Failla from Christopher J. Clark dated August 12, 2020. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit 1 - Declaration of Christopher J. Clark, dated 6/10/2020).(Clark, Christopher) (Entered: 08/12/2020) |
| 08/13/2020 | 212 | ORDER: granting 211 Letter Motion to Seal. Application GRANTED. The Clerk of Court is directed to place docket entries 112, 113, 114, 115, 116, 121, and 122 under permanent seal, visible to the Court and parties only. SO ORDERED. (Signed by Judge Katherine Polk Failla on 8/13/2020) (ama) (Entered: 08/13/2020) |
| 09/16/2020 | 213 | RESPONSE re: 144 Order,,, *Statement of Interest of the United States of America*. Document filed by United States of America. (Attachments: # 1 Exhibit A - Letter from Special Representative Elliott Abrams).(Dolinger, Samuel) (Entered: 09/16/2020) |
| 09/17/2020 | 214 | ORDER: The Court is in receipt of the Government's Statement of Interest in regards to this action. (Dkt. #213). Given the contents of the Government's submission, the Court believes that it would be useful to hear from the Government at the oral argument scheduled for September 25, 2020. The Court therefore ORDERS that a representative for the United States of America make themselves available for the scheduled oral argument. SO ORDERED. (Signed by Judge Katherine Polk Failla on 9/17/2020) (rro) (Entered: 09/17/2020) |
| 09/21/2020 | | NOTICE OF CONFERENCE DIAL-IN re: 210 Order on Motion to Continue: The oral argument scheduled for September 25, 2020, at 2:00 p.m., will be held via video conference, with audio access as follows: Dial-in (888) 363-4749, access code: 5123533. ***No PDF is attached to this entry. (tn) (Entered: 09/21/2020) |
| 09/25/2020 | | Minute Entry for proceedings held before Judge Katherine Polk Failla: Oral Argument held on 9/25/2020 re: 91 MOTION for Summary Judgment filed by Petroleos De Venezuela S.A., PDVSA Petroleo S.A., 81 MOTION for Summary Judgment filed by GLAS Americas LLC, MUFG Union Bank, N.A.: Attorney James Robert Bliss representing Petroleos De Venezuela S.A. and PDVSA Petroleo S.A. present. Attorneys Michael Julian Gottlieb representing PDV Holding, Inc. present. Attorneys Christopher J. Clark, Walter Rieman, William Clareman and Jonathan Hillel Hurwitz representing MUFG Union Bank, N.A. and GLAS Americas LLC present. Attorney Anthony J. Costantini representing Sergio Lovati and Rudi Lovati present. AUSA Anthony Jan-Huan |

| | | |
|---|---|---|
| | | Sun representing The United States of America present. The Court reserves decision on the parties' motion. (Court Reporter Andrew Walker) (tn) (Entered: 09/29/2020) |
| 10/16/2020 | 215 | OPINION AND ORDER re: 91 MOTION for Summary Judgment filed by Petroleos De Venezuela S.A., PDVSA Petroleo S.A., 81 MOTION for Summary Judgment filed by GLAS Americas LLC, MUFG Union Bank, N.A., 101 MOTION to Preclude */Exclude the Expert Testimony of David C. Hinman* filed by GLAS Americas LLC, MUFG Union Bank, N.A.: For the reasons set forth above, Defendants' motion for summary judgment is GRANTED IN PART AND DENIED IN PART as set forth herein, and Plaintiffs' cross-motion for summary judgment is DENIED. Defendants' motion to exclude the expert testimony and reports of Mr. David Hinman is GRANTED. The Court declares that the 2020 Notes and the Governing Documents are valid and enforceable; that a default has occurred under the terms of the Indenture; that Defendants are permitted to exercise the remedies for default set forth in the Indenture and the Pledge Agreement; that MUFG, as trustee, is entitled to direct GLAS to sell the collateral securing the 2020 Notes; and that GLAS is entitled to so sell. In regard to Defendants' breach of contract claims, the Court ORDERS that MUFG is entitled to judgment in the amount of $1,683,764,500, as well as all accrued and unpaid interest, including prejudgment interest. Moreover, the Court finds that PDVSA and PDVSA Petroleo are liable for fees, disbursements, and expenses, including reasonable attorneys' fees, in an amount to be determined. The Court ORDERS that Plaintiffs' claims are hereby dismissed with prejudice. The Court ORDERS that Defendants submit to the Court within 45 days of this Opinion a motion for fees and expenses, along with supporting documentation for said motion. At or before that time, Defendants shall also submit a proposed judgment providing an accurate calculation of accrued and unpaid interest, including any prejudgment interest. The Clerk of Court is directed to terminate the motions at docket entries 81, 91, and 101. (Signed by Judge Katherine Polk Failla on 10/16/2020) (tn) (Entered: 10/16/2020) |
| 10/27/2020 | 216 | LETTER addressed to Judge Katherine Polk Failla from Anthony J. Costantini dated October 27, 2020 re: The October 16, 2020 Opinion and Order. Document filed by Rudi Lovati, Sergio Lovati..(Costantini, Anthony) (Entered: 10/27/2020) |
| 11/12/2020 | 217 | NOTICE OF APPEAL from 215 Memorandum & Opinion,,,,,,,. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. Filing fee $ 505.00, receipt number ANYSDC-22558483. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Attachments: # 1 Attachment - Opinion and Order dated 10/16/20).(Hansson, Kurt) (Entered: 11/12/2020) |
| 11/13/2020 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 217 Notice of Appeal. (tp) (Entered: 11/13/2020) |
| 11/13/2020 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 217 Notice of Appeal, filed by Petroleos De Venezuela S.A., PDVSA Petroleo S.A. were transmitted to the U.S. Court of Appeals. (tp) (Entered: 11/13/2020) |
| 11/23/2020 | 218 | PROPOSED PROTECTIVE ORDER. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Hurwitz, Jonathan) (Entered: 11/23/2020) |
| 11/24/2020 | 219 | AMENDMENT TO STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER...regarding procedures to be followed that shall govern the handling of confidential material...The Court's Opinion and Order of October 16, 2020, obligated Defendants tofile a motion for fees and expenses and a proposed judgment within 45 days.(Dkt. #215). Since then, Plaintiffs have filed a notice of appeal with theSecond Circuit. (Dkt. #217). The Court still requires a proposed judgmenton or before November 30, 2020, but now questions the utility of a feepetition during the pendency of Plaintiffs' appeal. Accordingly, the Courtdirects the parties to meet and confer on the issue of whether the feepetition can and should be deferred pending the resolution of |

| | | |
|---|---|---|
| | | Plaintiffs'appeal, and to submit a joint letter to the Court on that issue on or beforeNovember 30, 2020. (Signed by Judge Katherine Polk Failla on 11/24/2020) (rro) (Entered: 11/24/2020) |
| 11/30/2020 | 220 | JOINT LETTER MOTION for Extension of Time *to File Joint Letter re: Trustee's Fee Application* addressed to Judge Katherine Polk Failla from Jonathan Hurwitz dated November 30, 2020. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Hurwitz, Jonathan) (Entered: 11/30/2020) |
| 11/30/2020 | 221 | ORDER granting 220 Letter Motion for Extension of Time. Application GRANTED. SO ORDERED. (Signed by Judge Katherine Polk Failla on 11/30/2020) (rro) (Entered: 11/30/2020) |
| 11/30/2020 | 222 | MOTION for Entry of Judgment under Rule 54(b) . Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Rieman, Walter) (Entered: 11/30/2020) |
| 11/30/2020 | 223 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** PROPOSED ORDER. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A. (Attachments: # 1 Exhibit A - Text of Proposed Judgment) Related Document Number: 222 .(Rieman, Walter) **Proposed Order to be reviewed by Clerk's Office staff.** Modified on 12/1/2020 (dt). (Entered: 11/30/2020) |
| 11/30/2020 | 224 | MEMORANDUM OF LAW in Support re: 222 MOTION for Entry of Judgment under Rule 54(b) . . Document filed by GLAS Americas LLC, MUFG Union Bank, N.A... (Rieman, Walter) (Entered: 11/30/2020) |
| 11/30/2020 | 225 | DECLARATION of Timothy McKenna in Support re: 222 MOTION for Entry of Judgment under Rule 54(b) .. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit A - Curriculum Vitae of Timothy McKenna, # 2 Exhibit B - Calculations of Accrued Interest).(Rieman, Walter) (Entered: 11/30/2020) |
| 12/01/2020 | | *****NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney Walter Rieman to RE-FILE Document 223 Proposed Order. ERROR(S): Documents have to be filed separately. (dt)** (Entered: 12/01/2020) |
| 12/01/2020 | 226 | PROPOSED ORDER. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. Related Document Number: 222 ..(Rieman, Walter) **Proposed Order to be reviewed by Clerk's Office staff.** (Entered: 12/01/2020) |
| 12/01/2020 | 227 | PROPOSED JUDGMENT. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Rieman, Walter) (Entered: 12/01/2020) |
| 12/01/2020 | | *****NOTICE TO COURT REGARDING PROPOSED ORDER. Document No. 226 Proposed Order was reviewed and approved as to form. (km)** (Entered: 12/01/2020) |
| 12/01/2020 | | *****NOTICE TO COURT REGARDING PROPOSED JUDGMENT. Document No. 227 Proposed Judgment was reviewed and approved as to form. (km)** (Entered: 12/01/2020) |
| 12/01/2020 | 228 | ORDER DIRECTING ENTRY OF JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b): On October 16, 2020, the Court entered an Opinion and Order (ECF No. 215) dismissing with prejudice all claims asserted by Plaintiffs and Counterclaim Defendants and granting summary judgment in favor of Defendants and Counterclaim Plaintiffs on their first through seventh and eleventh counterclaims. Defendants and Counterclaim Plaintiffs have now moved for the entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure (ECF No. 222). That motion is granted. The Court hereby determines that there is no just reason to delay the entry of judgment. The Court accordingly directs that judgment shall be entered in the form proposed by Defendants and Counterclaim |

| | | |
|---|---|---|
| | | Plaintiffs and submitted herewith. (Signed by Judge Katherine Polk Failla on 12/1/2020) (rro) (Entered: 12/01/2020) |
| 12/01/2020 | 229 | JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b): IT IS ORDERED, ADJUDGED, AND DECREED that, there being no just reason for delay, final judgment is hereby entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure (i) dismissing with prejudice the Complaint for Declaratory Judgment and Injunctive Relief (ECF No. 1), including all claims asserted therein; and (ii) granting judgment in favor of Defendants and Counterclaim Plaintiffs MUFG Union Bank, N.A. (the "Trustee") and GLAS Americas LLC (the "Collateral Agent") and against Plaintiffs and Counterclaim Defendants Petroleos de Venezuela, S.A. ("PDVSA"), PDVSA Petroleo, S.A. ("PDVSA Petroleo"), and PDV Holding, Inc. on the First through Seventh Counterclaims asserted by the Trustee and Collateral Agent in Defendants' Answer and Counterclaims (ECF No. 40). Nothing herein shall be construed to constitute a judgment on any of the Trustee and Collateral Agent's Eighth through Twelfth Counterclaims, or on the amount of the fees and expenses to which the Trustee and Collateral Agent are entitled in connection with this action or otherwise. The Court will address those matters if necessary in future orders or judgments. The pendency of such claimsshall not affect the finality of this Judgment.IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Trustee,as Trustee under the Indenture dated October 27, 2016, between PDVSA as issuer, PDVSAPetroleo as guarantor, the Trustee, the Collateral Agent, the Law Debenture Trust Company ofNew York as registrar, transfer agent, and principal paying agent, and Banque Internationale aLuxembourg, Societe Anonyme as Luxembourg paying agent (the "Indenture"), shall recoverfrom PDVSA and PDVSA Petroleo, jointly and severally, the sum of $1,924,126,058, whichcomprises the following amounts: (1) $1,683,764,500 in overdue and unpaid principal on the 8.5% senior securednotes issued by PDVSA pursuant to the Indenture (the "2020 Notes");(2) $228,196,861 in overdue and unpaid interest on principal on the 2020 Notesthrough December 1, 2020; and(3) $12,164,697 in interest on overdue and unpaid installments of interest onprincipal on the 2020 Notes through December 1, 2020.IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, in addition tothe foregoing amounts, the Trustee shall recover from PDVSA and PDVSA Petroleo, jointly andseverally, $450,346 per day in interest for each day from December 1, 2020, to the day on whichjudgment is entered on the docket of the Court. The Court retains jurisdiction to enforce this Judgment and to adjudicate allclaims not determined by this Judgment and further set forth in this Order. (Signed by Judge Katherine Polk Failla on 12/1/2020) (rro) (Entered: 12/01/2020) |
| 12/07/2020 | 230 | JOINT LETTER addressed to Judge Katherine Polk Failla from Jonathan Hurwitz dated December 7, 2020 re: fee petition. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Hurwitz, Jonathan) (Entered: 12/07/2020) |
| 12/08/2020 | 231 | MEMO ENDORSEMENT on re: 230 Letter filed by GLAS Americas LLC, MUFG Union Bank, N.A. ENDORSEMENT: The Court is in receipt of the parties' above joint letter regarding the utility of a fee petition during the pendency of Plaintiffs' appeal. The Court agrees that deferring consideration of the fee petition pending the outcome of Plaintiffs' appeal will better conserve both judicial and party resources. Any applications for fees and expenses will be expected within 45 days of a resolution of Plaintiff's appeal. (Signed by Judge Katherine Polk Failla on 12/8/2020) (rro) (Entered: 12/08/2020) |

| | | |
|---|---|---|
| 12/11/2020 | 232 | NOTICE OF APPEAL from 229 Judgment,,,,,,,,,,. Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. Filing fee $ 505.00, receipt number ANYSDC-23000196. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Attachments: # 1 Exhibit A - December 1, 2020 Judgment Pursuant to FRCP 54(b), # 2 Exhibit B - December 1, 2020 Order Directing Entry of Judgment, # 3 Exhibit C - October 16, 2020 Opinion and Order).(Hansson, Kurt) (Entered: 12/11/2020) |
| 12/11/2020 | 233 | MOTION to Stay re: 229 Judgment,,,,,,,,,, . Document filed by PDV Holding, Inc... (Korn, Jeffrey) (Entered: 12/11/2020) |
| 12/11/2020 | 234 | MEMORANDUM OF LAW in Support re: 233 MOTION to Stay re: 229 Judgment,,,,,,,,,, . . Document filed by PDV Holding, Inc...(Korn, Jeffrey) (Entered: 12/11/2020) |
| 12/11/2020 | 235 | PROPOSED ORDER. Document filed by PDV Holding, Inc.. Related Document Number: [ECF No. 233]..(Korn, Jeffrey) **Proposed Order to be reviewed by Clerk's Office staff.** (Entered: 12/11/2020) |
| 12/11/2020 | | *****NOTICE TO COURT REGARDING PROPOSED ORDER. Document No. 235 Proposed Order was reviewed and approved as to form. (dt)** (Entered: 12/11/2020) |
| 12/14/2020 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 232 Notice of Appeal. (tp) (Entered: 12/14/2020) |
| 12/14/2020 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 232 Notice of Appeal,, filed by Petroleos De Venezuela S.A., PDV Holding, Inc., PDVSA Petroleo S.A. were transmitted to the U.S. Court of Appeals. (tp) (Entered: 12/14/2020) |
| 12/14/2020 | 236 | ORDER: On December 11, 2020, Plaintiff PDV Holding, Inc. ("PDVH") filed a motion for a partial stay of the execution of enforcement of the Court's December 1, 2020 Final Judgment (Dkt. #229) during the pendency of PDVH's appeal (Dkt. #233). PDVH has requested that the Court expedite consideration of its motion in advance of the December 31, 2020 expiration of the stay of the Court's Final Judgment. Accordingly, Defendants are directed to submit any response to PDVH's motion on or before December 18, 2020. Any reply from PDVH will be due on or before December 22, 2020. (Responses due by 12/18/2020, Replies due by 12/22/2020.) (Signed by Judge Katherine Polk Failla on 12/14/2020) (rro) (Entered: 12/14/2020) |
| 12/18/2020 | 237 | MEMORANDUM OF LAW in Opposition re: 233 MOTION to Stay re: 229 Judgment,,,,,,,,,, . . Document filed by GLAS Americas LLC, MUFG Union Bank, N.A... (Rieman, Walter) (Entered: 12/18/2020) |
| 12/18/2020 | 238 | DECLARATION of Jonathan H. Hurwitz in Opposition re: 233 MOTION to Stay re: 229 Judgment,,,,,,,,,, .. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit 1-Spanish language original and a certified English translation, # 2 Exhibit 2-S&P Global Ratings).(Rieman, Walter) (Entered: 12/18/2020) |
| 12/22/2020 | 239 | REPLY MEMORANDUM OF LAW in Support re: 233 MOTION to Stay re: 229 Judgment,,,,,,,,,, . . Document filed by PDV Holding, Inc...(Korn, Jeffrey) (Entered: 12/22/2020) |
| 12/23/2020 | 240 | LETTER addressed to Judge Katherine Polk Failla from Walter Rieman dated December 23, 2020 re: General License 5F. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 General License 5F).(Rieman, Walter) (Entered: 12/23/2020) |

| | | |
|---|---|---|
| 12/29/2020 | 241 | ORDER granting 233 MOTION to Stay re: 229 Judgment. Therefore, having considered PDVH's motion to issue a partial stay of execution of the Final Judgment pending final resolution of Plaintiffs appeal by the United States Court of Appeals for the Second Circuit, this Court hereby ORDERS that: 1. PDVH's motion is GRANTED; 2. From the date hereof through the issuance of a mandate by the United States Court of Appeals for the Second Circuit resolving Plaintiffs' appeal, execution of the Court's Final Judgment is STAYED with respect to all portions of the Final Judgment pertaining to the Pledge Agreement. (And as further set forth herein.) SO ORDERED.. (Signed by Judge Katherine Polk Failla on 12/29/2020) (jca) (Entered: 12/29/2020) |
| 03/10/2021 | 242 | PROPOSED ORDER FOR WITHDRAWAL OF ATTORNEY. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Kaye, Zachary) (Entered: 03/10/2021) |
| 03/11/2021 | 243 | NOTICE AND ORDER TO WITHDRAW AS COUNSEL: PLEASE TAKE NOTICE that upon the accompanying declaration of Zachary B. Kaye, and subject to the approval of the Court, Zachary B. Kaye hereby withdraws as counsel for Defendants and Counterclaim Plaintiffs, and shall be removed from the Case Management/Electronic Case Files (CM/ECF) notification list in the above-captioned matter. Walter Rieman, Roberto J. Gonzalez, William A. Clareman, Jonathan Hurwitz, and Shane D. Avidan of Paul, Weiss, Rifkind, Wharton & Garrison LLP will continue to represent Defendants and Counterclaim Plaintiffs in this action. Attorney Zachary Kaye terminated. (Signed by Judge Katherine Polk Failla on 3/11/2021) (mro) (Entered: 03/11/2021) |
| 03/11/2021 | 244 | NOTICE AND ORDER TO WITHDRAW AS COUNSEL: PLEASE TAKE NOTICE that upon the accompanying declaration of Zachary B. Kaye, and subject to the approval of the Court, Zachary B. Kaye hereby withdraws as counsel for Defendants and Counterclaim Plaintiffs, and shall be removed from the Case Management/Electronic Case Files (CM/ECF) notification list in the above-captioned matter. Walter Rieman, Roberto J. Gonzalez, William A. Clareman, Jonathan Hurwitz, and Shane D. Avidan of Paul, Weiss, Rifkind, Wharton & Garrison LLP will continue to represent Defendants and Counterclaim Plaintiffs in this action. Attorney Zachary Kaye terminated. (Signed by Judge Katherine Polk Failla on 3/11/2021) (mro) (Entered: 03/11/2021) |
| 03/11/2021 | 245 | NOTICE AND ORDER TO WITHDRAW AS COUNSEL: PLEASE TAKE NOTICE that upon the accompanying declaration of Zachary B. Kaye, and subject to the approval of the Court, Zachary B. Kaye hereby withdraws as counsel for Defendants and Counterclaim Plaintiffs, and shall be removed from the Case Management/Electronic Case Files (CM/ECF) notification list in the above-captioned matter. Walter Rieman, Roberto J. Gonzalez, William A. Clareman, Jonathan Hurwitz, and Shane D. Avidan of Paul, Weiss, Rifkind, Wharton & Garrison LLP will continue to represent Defendants and Counterclaim Plaintiffs in this action. Attorney Zachary Kaye terminated. (Signed by Judge Katherine Polk Failla on 3/11/2021) (mro) (Entered: 03/11/2021) |
| 03/18/2021 | 246 | TRANSCRIPT of Proceedings re: CONFERENCE held on 9/25/2020 before Judge Katherine Polk Failla. Court Reporter/Transcriber: Andrew Walker, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/8/2021. Redacted Transcript Deadline set for 4/19/2021. Release of Transcript Restriction set for 6/16/2021..(McGuirk, Kelly) (Entered: 03/18/2021) |
| 03/18/2021 | 247 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 9/25/20 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically |

| | | |
|---|---|---|
| | | available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 03/18/2021) |
| 05/03/2021 | 248 | NOTICE OF CHANGE OF ADDRESS by Matthew S Salerno on behalf of GLAS Americas LLC, MUFG Union Bank, N.A.. New Address: Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY, United States 10020, 212.906.1200..(Salerno, Matthew) (Entered: 05/03/2021) |
| 05/03/2021 | 249 | NOTICE OF CHANGE OF ADDRESS by Sean Henry McMahon on behalf of GLAS Americas LLC, MUFG Union Bank, N.A.. New Address: Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY, United States 10020, 212.906.1200..(McMahon, Sean) (Entered: 05/03/2021) |
| 05/03/2021 | 250 | NOTICE OF CHANGE OF ADDRESS by Christopher J. Clark on behalf of GLAS Americas LLC, MUFG Union Bank, N.A.. New Address: Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY, United States 10020, 212.906.1200..(Clark, Christopher) (Entered: 05/03/2021) |
| 01/18/2022 | 251 | ***SELECTED PARTIES*** ENDORSED LETTER addressed to Judge Katherine Polk Failla from Jonathan Hurwitz dated 1/17/2022 re: Defendants request that the Court maintain ECF No. 197 under seal. ENDORSEMENT: Application GRANTED. The Clerk of Court is directed to file this letter under seal, visible to the Court and parties only. The Clerk of Court is further directed to maintain the documents at docket number 197 under seal, visible to the Court and parties only.. (Signed by Judge Katherine Polk Failla on 1/18/2022) (rro) (Entered: 01/18/2022) |
| 06/28/2023 | 252 | MOTION for Order Modifying Partial Stay of Execution of Enforcement *re: 241 ORDER Granting 233 MOTION to Stay re: 229 Judgment*. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Rieman, Walter) (Entered: 06/28/2023) |
| 06/28/2023 | 253 | MEMORANDUM OF LAW in Support re: 252 MOTION for Order Modifying Partial Stay of Execution of Enforcement *re: 241 ORDER Granting 233 MOTION to Stay re: 229 Judgment*. . Document filed by GLAS Americas LLC, MUFG Union Bank, N.A... (Rieman, Walter) (Entered: 06/28/2023) |
| 06/28/2023 | 254 | DECLARATION of Andrew N. Rosenberg in Support re: 252 MOTION for Order Modifying Partial Stay of Execution of Enforcement *re: 241 ORDER Granting 233 MOTION to Stay re: 229 Judgment*.. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Rosenberg, Andrew) (Entered: 06/28/2023) |
| 06/28/2023 | 255 | DECLARATION of Jonathan H. Hurwitz in Support re: 252 MOTION for Order Modifying Partial Stay of Execution of Enforcement *re: 241 ORDER Granting 233 MOTION to Stay re: 229 Judgment*.. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit 1 - Reuters Article, # 2 Exhibit 2 - Sale Procedures Order, # 3 Exhibit 3 - Special Master Report, # 4 Exhibit 4 - GL 42, # 5 Exhibit 5 - FAQ 1123, # 6 Exhibit 6 - OFAC License, # 7 Exhibit 7 - Crystallex Order, # 8 Exhibit 8 - Crystallex Order, # 9 Exhibit 9 - Analitica Article, # 10 Exhibit 10 - Reuters Article, # 11 Exhibit 11 - Reuters Article, # 12 Exhibit 12 - Reuters Article, # 13 Exhibit 13 - OIEG Opinion, # 14 Exhibit 14 - Bloomberg Article, # 15 Exhibit 15 - Transcript, # 16 Exhibit 16 - Gomez Report, # 17 Exhibit 17 - NA Resolution, # 18 Exhibit 18 - Reuters Article, # 19 Exhibit 19 - Brief, # 20 Exhibit 20 - Marcano Declaration, # 21 Exhibit 21 - GL 7C, # 22 Exhibit 22 - GL 9G, # 23 Exhibit 23 - FAQ 1124).(Hurwitz, Jonathan) (Entered: 06/28/2023) |
| 06/30/2023 | 256 | CONSENT LETTER MOTION for Extension of Time to File Response/Reply as to 252 MOTION for Order Modifying Partial Stay of Execution of Enforcement *re: 241 ORDER Granting 233 MOTION to Stay re: 229 Judgment*. addressed to Judge Katherine Polk |

| | | |
|---|---|---|
| | | Failla from Michael J. Gottlieb dated June 30, 2023. Document filed by PDV Holding, Inc...(Gottlieb, Michael) (Entered: 06/30/2023) |
| 06/30/2023 | 257 | NOTICE OF CHANGE OF ADDRESS by Christopher J. Clark on behalf of GLAS Americas LLC, MUFG Union Bank, N.A.. New Address: Clark Smith Villazor LLP, 250 West 55th Street, 30th Floor, New York, NY, United States 10019, 212-582-4400..(Clark, Christopher) (Entered: 06/30/2023) |
| 06/30/2023 | 258 | LETTER addressed to Judge Katherine Polk Failla from Christopher J. Clark dated June 30, 2023 re: Related Cases. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Clark, Christopher) (Entered: 06/30/2023) |
| 06/30/2023 | 259 | ORDER granting 256 Letter Motion for Extension of Time to File Response/Reply re 256 CONSENT LETTER MOTION for Extension of Time to File Response/Reply as to 252 MOTION for Order Modifying Partial Stay of Execution of Enforcement *re: 241 ORDER Granting 233 MOTION to Stay re: 229 Judgment*. addressed to. Application GRANTED. The Clerk of Court is directed to terminate the pending motion at docket number 256. Responses due by 7/26/2023. (Signed by Judge Katherine Polk Failla on 6/30/2023) (rro) (Entered: 07/05/2023) |
| 07/05/2023 | 260 | LETTER addressed to Judge Katherine Polk Failla from Michael J. Gottlieb dated July 5, 2023 re: 258 LETTER addressed to Judge Katherine Polk Failla from Christopher J. Clark dated June 30, 2023 re: Related Cases. Document filed by PDV Holding, Inc...(Gottlieb, Michael) (Entered: 07/05/2023) |
| 07/05/2023 | 261 | LETTER addressed to Judge Katherine Polk Failla from Christopher J. Clark dated July 5, 2023 re: Revised Letter re Related Cases. Document filed by VR Global Partners, L.P...(Clark, Christopher) (Entered: 07/05/2023) |
| 07/06/2023 | 262 | MEMO ENDORSEMENT on re: 261 Letter filed by VR Global Partners, L.P. ENDORSEMENT: Application DENIED. The Court is in receipt of Mr. Clark's above letter asking this Court to accept as related to this action the V.R. Global Partners, L.P. v. Petrleos de Venezuela, S.A., et. al. action before Judge Cote, and PDV Holding, Inc.'s letter in response. (Dkt.#260). This case has been closed since the Court entered its final judgment on December 1, 2020. (Dkt. #228-229). Pursuant to Rule 13 of the Local Rules for the Division of Business Among District Judges, this Court is to consider, in part, "whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the court, parties, or witnesses." Rule 13(a)(1)(D). While there are overlapping parties and factual issues between the two actions, such efficiency and duplication concerns simply do not exist where the case before this Court is closed. To the extent Mr. Clark merely seeks to avoid explaining certain issues for a second time, this is part and parcel of the practice of litigation. (Signed by Judge Katherine Polk Failla on 7/6/2023) (rro) (Entered: 07/07/2023) |
| 07/14/2023 | 263 | PROPOSED ORDER FOR WITHDRAWAL OF ATTORNEY. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Avidan, Shane) (Entered: 07/14/2023) |
| 07/14/2023 | 264 | MEMO ENDORSEMENT on re: 263 Proposed Order for Withdrawal of Attorney filed by GLAS Americas LLC, MUFG Union Bank, N.A. ENDORSEMENT: Application GRANTED. The Clerk of Court is directed to terminate Mr. Avidan from the docket. The Court wishes Mr. Avidan luck in his career. Attorney Shane Donnelly Avidan terminated. (Signed by Judge Katherine Polk Failla on 7/14/2023) (ate) (Entered: 07/14/2023) |

| | | |
|---|---|---|
| 07/18/2023 | 265 | CONSENT LETTER MOTION for Extension of Time to File Response/Reply as to 252 MOTION for Order Modifying Partial Stay of Execution of Enforcement *re: 241 ORDER Granting 233 MOTION to Stay re: 229 Judgment*. addressed to Judge Katherine Polk Failla from Michael J. Gottlieb dated July 18, 2023. Document filed by PDV Holding, Inc...(Gottlieb, Michael) (Entered: 07/18/2023) |
| 07/18/2023 | 266 | ORDER granting 265 Letter Motion for Extension of Time to File Response/Reply re 265 CONSENT LETTER MOTION for Extension of Time to File Response/Reply as to 252 MOTION for Order Modifying Partial Stay of Execution of Enforcement *re: 241 ORDER Granting 233 MOTION to Stay re: 229 Judgment*. addressed to. Application GRANTED. The Clerk of Court is directed to terminate the pending motion at docket number 265. SO ORDERED. (Signed by Judge Katherine Polk Failla on 7/18/23) (yv) (Entered: 07/18/2023) |
| 07/18/2023 | | Set/Reset Deadlines: Responses due by 8/16/2023 (yv) (Entered: 07/18/2023) |
| 08/08/2023 | 267 | PROPOSED ORDER FOR WITHDRAWAL OF ATTORNEY. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Clark, Christopher) (Entered: 08/08/2023) |
| 08/09/2023 | 268 | NOTICE AND ORDER TO WITHDRAW AS COUNSEL: PLEASE TAKE NOTICE that upon the accompanying declaration of Christopher J. Clark, and subject to the approval of the Court, Mr. Clark hereby withdraws as counsel for MUFG Union Bank, N.A. and GLAS Americas LLC and shall be removed from the Case Management/Electronic Case Files (CM/ECF) notification list in the above-captioned matter. MUFG Union Bank, N.A. and GLAS Americas LLC will continue to be represented by Latham & Watkins LLP and Paul, Weiss, Rifkind, Wharton & Garrison LLP in this proceeding. The Clerk of Court is directed to terminate Mr. Clark from the docket Attorney Christopher J. Clark terminated. (Signed by Judge Katherine Polk Failla on 8/9/2023) (rro) (Entered: 08/09/2023) |
| 08/09/2023 | 269 | NOTICE AND ORDER TO WITHDRAW AS COUNSEL: PLEASE TAKE NOTICE that upon the accompanying declaration of Christopher J. Clark, and subject to the approval of the Court, Mr. Clark hereby withdraws as counsel for MUFG Union Bank, N.A. and GLAS Americas LLC and shall be removed from the Case Management/Electronic Case Files (CM/ECF) notification list in the above-captioned matter. MUFG Union Bank, N.A. and GLAS Americas LLC will continue to be represented by Latham & Watkins LLP and Paul, Weiss, Rifkind, Wharton & Garrison LLP in this proceeding. The Clerk of Court is directed to terminate Mr. Clark from the docket Attorney Christopher J. Clark terminated. (Signed by Judge Katherine Polk Failla on 8/9/2023) (rro) (Entered: 08/09/2023) |
| 08/09/2023 | 270 | PROPOSED ORDER FOR WITHDRAWAL OF ATTORNEY. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(McMahon, Sean) (Entered: 08/09/2023) |
| 08/09/2023 | 271 | NOTICE AND ORDER TO WITHDRAW AS COUNSEL: PLEASE TAKE NOTICE that upon the accompanying declaration of Sean H. McMahon, and subject to the approval of the Court, Mr. McMahon hereby withdraws as counsel for MUFG Union Bank, N.A. and GLAS Americas LLC and shall be removed from the Case Management/Electronic Case Files (CM/ECF) notification list in the above-captioned matter. MUFG Union Bank, N.A. and GLAS Americas LLC will continue to be represented by Latham & Watkins LLP and Paul, Weiss, Rifkind, Wharton & Garrison LLP in this proceeding. The Clerk of Court is directed to terminate Mr. McMahon from the docket. Attorney Sean Henry McMahon terminated. (Signed by Judge Katherine Polk Failla on 8/9/2023) (rro) (Entered: 08/09/2023) |
| 08/09/2023 | 272 | NOTICE AND ORDER TO WITHDRAW AS COUNSEL: PLEASE TAKE NOTICE that upon the accompanying declaration of Sean H. McMahon, and subject to the approval of the Court, Mr. McMahon hereby withdraws as counsel for MUFG Union Bank, N.A. and GLAS Americas LLC and shall be removed from the Case Management/Electronic Case |

| | | |
|---|---|---|
| | | Files (CM/ECF) notification list in the above-captioned matter. MUFG Union Bank, N.A. and GLAS Americas LLC will continue to be represented by Latham & Watkins LLP and Paul, Weiss, Rifkind, Wharton & Garrison LLP in this proceeding. The Clerk of Court is directed to terminate Mr. McMahon from the docket. Attorney Sean Henry McMahon terminated. (Signed by Judge Katherine Polk Failla on 8/9/2023) (rro) (Entered: 08/09/2023) |
| 08/16/2023 | 273 | MEMORANDUM OF LAW in Opposition re: 252 MOTION for Order Modifying Partial Stay of Execution of Enforcement *re: 241 ORDER Granting 233 MOTION to Stay re: 229 Judgment*. . Document filed by PDV Holding, Inc...(Gottlieb, Michael) (Entered: 08/16/2023) |
| 08/16/2023 | 274 | DECLARATION of Michael J. Gottlieb in Opposition re: 252 MOTION for Order Modifying Partial Stay of Execution of Enforcement *re: 241 ORDER Granting 233 MOTION to Stay re: 229 Judgment*.. Document filed by PDV Holding, Inc.. (Attachments: # 1 Exhibit A - Crystallex Order, # 2 Exhibit B - CITGO Release, # 3 Exhibit C - CITGO Release, # 4 Exhibit D - Fitch Ratings Article, # 5 Exhibit E - General License 5L, # 6 Exhibit F - FAQ 1125, # 7 Exhibit G - CAPA Letter, # 8 Exhibit H - Appellees' Letter, # 9 Exhibit I - Intervenor Bondholders' Letter, # 10 Exhibit J - Bloomberg Article, # 11 Exhibit K - New York Times Article).(Gottlieb, Michael) (Entered: 08/16/2023) |
| 08/16/2023 | 275 | DECLARATION of Fernando J. Vera in Opposition re: 252 MOTION for Order Modifying Partial Stay of Execution of Enforcement *re: 241 ORDER Granting 233 MOTION to Stay re: 229 Judgment*.. Document filed by PDV Holding, Inc...(Gottlieb, Michael) (Entered: 08/16/2023) |
| 08/21/2023 | 276 | CONSENT LETTER MOTION for Extension of Time to File *Reply Memorandum of Law in Further Support of the Motion to Modify the Partial Stay of Execution of Enforcement [ECF No. 252]* addressed to Judge Katherine Polk Failla from Jonathan H. Hurwitz dated August 21, 2023. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A... (Hurwitz, Jonathan) (Entered: 08/21/2023) |
| 08/21/2023 | 277 | ORDER granting 276 Letter Motion for Extension of Time to File. Application GRANTED. The Clerk of Court is directed to terminate the pending motion at docket number 276. (Signed by Judge Katherine Polk Failla on 8/21/2023) (rro) (Entered: 08/21/2023) |
| 08/21/2023 | | Set/Reset Deadlines: Replies due by 9/8/2023. (rro) (Entered: 08/21/2023) |
| 09/01/2023 | 278 | LETTER MOTION for Leave to File Excess Pages *in Reply Memorandum of Law in Further Support of the Motion to Modify the Partial Stay of Execution of Enforcement [ECF No. 252]* addressed to Judge Katherine Polk Failla from Jonathan H. Hurwitz dated September 1, 2023. Document filed by MUFG Union Bank, N.A...(Hurwitz, Jonathan) (Entered: 09/01/2023) |
| 09/01/2023 | 279 | ORDER granting 278 Letter Motion for Leave to File Excess Pages. Application GRANTED. The Clerk of Court is directed to terminate the pending motion at docket number 278. SO ORDERED. (Signed by Judge Katherine Polk Failla on 9/1/2023) (jca) (Entered: 09/01/2023) |
| 09/08/2023 | 280 | REPLY MEMORANDUM OF LAW in Support re: 252 MOTION for Order Modifying Partial Stay of Execution of Enforcement *re: 241 ORDER Granting 233 MOTION to Stay re: 229 Judgment*. . Document filed by GLAS Americas LLC, MUFG Union Bank, N.A... (Rieman, Walter) (Entered: 09/08/2023) |
| 09/08/2023 | 281 | DECLARATION of Jonathan H. Hurwitz in Support re: 252 MOTION for Order Modifying Partial Stay of Execution of Enforcement *re: 241 ORDER Granting 233* |

| | | |
|---|---|---|
| | | *MOTION to Stay re: 229 Judgment*.. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit 24 - Crystallex Order, # 2 Exhibit 25 - Attached Judgments Chart, # 3 Exhibit 26 - ACL1, # 4 Exhibit 27 Part 1 - BJSI, # 5 Exhibit 27 Part 2 - BJSI, # 6 Exhibit 28 - ConocoPhillips, # 7 Exhibit 29 - Contrarian, # 8 Exhibit 30 - Crystallex, # 9 Exhibit 31 - ExxonMobil, # 10 Exhibit 32 - G&A, # 11 Exhibit 33 - Girard Street, # 12 Exhibit 34 - Gold Reserve, # 13 Exhibit 35 - Koch Minerals, # 14 Exhibit 36 - Huntington Ingalls, # 15 Exhibit 37 - OIEG, # 16 Exhibit 38 - Pharo Gaia, # 17 Exhibit 39 - Red Tree, # 18 Exhibit 40 - RDK, # 19 Exhibit 41 - Lovati, # 20 Exhibit 42 - Rusoro, # 21 Exhibit 43 - Saint-Gobain, # 22 Exhibit 44 - Siemens, # 23 Exhibit 45 - Tenaris, # 24 Exhibit 46 - Tidewater, # 25 Exhibit 47 - Valores, # 26 Exhibit 48 - Reuters Article, # 27 Exhibit 49 - WSJ Article, # 28 Exhibit 50 - CITGO Report 2021, # 29 Exhibit 51 - NYCOA Calendar, # 30 Exhibit 52 - OFAC License).(Hurwitz, Jonathan) (Entered: 09/08/2023) |
| 09/19/2023 | 282 | LETTER addressed to Judge Katherine Polk Failla from Walter Rieman dated September 19, 2023 re: Document Relevant to Pending Motion, [ECF No. 252]. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Rieman, Walter) (Entered: 09/19/2023) |
| 09/21/2023 | 283 | ***SELECTED PARTIES*** RESPONSE re: 282 Letter *Response to Judge Katherine Polk Failla from Michael J. Gottlieb dated September 21, 2023*. Document filed by PDV Holding, Inc., GLAS Americas LLC, MUFG Union Bank, N.A., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit A: Investor Presentation, # 2 Exhibit B: Email, # 3 Exhibit C: Declaration of Stephen McNabb)Motion or Order to File Under Seal: 53 .(Gottlieb, Michael) (Entered: 09/21/2023) |
| 09/25/2023 | 284 | RESPONSE re: 282 Letter *[REDACTED]*. Document filed by PDV Holding, Inc.. (Attachments: # 1 Exhibit A - Filed Under Seal, # 2 Exhibit B - Email (Redacted), # 3 Exhibit C - Declaration of Stephen McNabb (Redacted)).(Gottlieb, Michael) (Entered: 09/25/2023) |
| 09/27/2023 | 285 | NOTICE OF APPEARANCE by James Lysander Ferguson on behalf of PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Ferguson, James) (Entered: 09/27/2023) |
| 09/27/2023 | 286 | MOTION for James R. Bliss to Withdraw as Attorney . Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Ferguson, James) (Entered: 09/27/2023) |
| 09/27/2023 | 287 | MOTION for James B. Worthington to Withdraw as Attorney . Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Ferguson, James) (Entered: 09/27/2023) |
| 09/27/2023 | 288 | AFFIRMATION of James L. Ferguson in Support re: 287 MOTION for James B. Worthington to Withdraw as Attorney .. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Proposed Order regarding Motion for Withdrawal).(Ferguson, James) (Entered: 09/27/2023) |
| 09/27/2023 | 289 | AFFIRMATION of James L. Ferguson in Support re: 286 MOTION for James R. Bliss to Withdraw as Attorney .. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Ferguson, James) (Entered: 09/27/2023) |
| 09/27/2023 | 290 | PROPOSED ORDER FOR WITHDRAWAL OF ATTORNEY. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. Related Document Number: [ECF DOC. NO. 286]..(Ferguson, James) (Entered: 09/27/2023) |
| 09/28/2023 | 291 | ORDER granting 286 Motion to Withdraw as Attorney. Attorney James Robert Bliss and James B Worthington terminated; granting 287 Motion to Withdraw as Attorney. IT IS HEREBY ORDERED that the motions for James R. Bliss and James B. Worthington to withdraw as counsel of record for Plaintiffs Petroleos de Venezuela, S.A., and PDVSA |

| | | |
|---|---|---|
| | | Petroleo, S.A. are GRANTED. The Clerk is directed to remove Mr. Bliss and Mr. Worthington from the CM/ECF service list for this matter, and to terminate the pending motions at docket numbers 286 and 287. Attorney James Robert Bliss and James B Worthington terminated. (Signed by Judge Katherine Polk Failla on 9/28/2023) (rro) (Entered: 09/28/2023) |
| 09/29/2023 | 292 | ***SELECTED PARTIES*** REPLY re: 283 Response, *LETTER addressed to Judge Katherine Polk Failla from Walter Rieman dated September 29, 2023*. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit A (FILED UNDER SEAL))Motion or Order to File Under Seal: 53 .(Rieman, Walter) (Entered: 09/29/2023) |
| 10/06/2023 | 293 | ***SELECTED PARTIES*** RESPONSE re: 292 Reply, *Letter Response to Judge Katherine Polk Failla from Michael J. Gottlieb dated October 6, 2023*. Document filed by PDV Holding, Inc., GLAS Americas LLC, MUFG Union Bank, N.A., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. Motion or Order to File Under Seal: 53 . (Gottlieb, Michael) (Entered: 10/06/2023) |
| 10/11/2023 | 294 | REPLY re: 283 Response, *REDACTED LETTER addressed to Judge Katherine Polk Failla from Walter Rieman dated September 29, 2023*. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit A - FILED UNDER SEAL).(Rieman, Walter) (Entered: 10/11/2023) |
| 10/11/2023 | 295 | RESPONSE re: 292 Reply, *[REDACTED]*. Document filed by PDV Holding, Inc... (Gottlieb, Michael) (Entered: 10/11/2023) |
| 11/06/2023 | 296 | LETTER addressed to Judge Katherine Polk Failla from Michael J. Gottlieb dated November 6, 2023 re: Continued Discussions. Document filed by PDV Holding, Inc... (Gottlieb, Michael) (Entered: 11/06/2023) |
| 12/08/2023 | 297 | ***SELECTED PARTIES*** LETTER addressed to Judge Katherine Polk Failla from Michael J. Gottlieb dated December 8, 2023 re: Continued Discussions. Document filed by PDVSA Petroleo S.A., MUFG Union Bank, N.A., Petroleos De Venezuela S.A., PDV Holding, Inc., GLAS Americas LLC.Motion or Order to File Under Seal: 53 .(Gottlieb, Michael) (Entered: 12/08/2023) |
| 12/12/2023 | 298 | ***SELECTED PARTIES*** LETTER addressed to Judge Katherine Polk Failla from Jonathan Hurwitz dated December 12, 2023 re: 297 . Document filed by PDVSA Petroleo S.A., MUFG Union Bank, N.A., Petroleos De Venezuela S.A., PDV Holding, Inc., GLAS Americas LLC.Motion or Order to File Under Seal: 53 .(Hurwitz, Jonathan) (Entered: 12/12/2023) |
| 12/13/2023 | 299 | LETTER addressed to Judge Katherine Polk Failla from Michael J. Gottlieb dated December 8, 2023 re: Continued Discussions [REDACTED]. Document filed by PDV Holding, Inc...(Gottlieb, Michael) (Entered: 12/13/2023) |
| 12/13/2023 | 300 | LETTER addressed to Judge Katherine Polk Failla from Jonathan Hurwitz dated December 12, 2023 re: 297 . Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Hurwitz, Jonathan) (Entered: 12/13/2023) |
| 01/05/2024 | 301 | PROPOSED ORDER FOR WITHDRAWAL OF ATTORNEY. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Rieman, Walter) (Entered: 01/05/2024) |
| 01/08/2024 | 302 | NOTICE AND ORDER TO WITHDRAW AS COUNSEL: PLEASE TAKE NOTICE that upon the accompanying declaration of Walter Rieman, and subject to the approval of the Court, Walter Rieman hereby withdraws as counsel for MUFG Union Bank, N.A. and GLAS Americas LLC and shall be removed from the Case Management/Electronic Case Files (CM/ECF) notification list in the above-captioned matter. MUFG Union Bank, N.A. |

| | | |
|---|---|---|
| | | and GLAS Americas LLC will continue to be represented in this proceeding by Jonathan Hurwitz and Roberto J. Gonzalez of Paul, Weiss, Rifkind, Wharton & Garrison LLP and by Matthew S. Salemo of Latham & Watkins LLP. IT IS SO ORDERED. Attorney Walter Rieman terminated. (Signed by Judge Katherine Polk Failla on 1/8/2024) (rro) (Entered: 01/08/2024) |
| 05/09/2024 | 303 | LETTER addressed to Judge Katherine Polk Failla from Jonathan Hurwitz dated May 9, 2024 re: ECF 252. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Hurwitz, Jonathan) (Entered: 05/09/2024) |
| 05/14/2024 | 304 | RESPONSE re: 303 Letter . Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Gottlieb, Michael) (Entered: 05/14/2024) |
| 05/21/2024 | 305 | LETTER addressed to Judge Katherine Polk Failla from Jonathan Hurwitz dated May 21, 2024 re: Response to PDVSA Parties' 5/14/24 Letter, ECF 304 . Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Hurwitz, Jonathan) (Entered: 05/21/2024) |
| 05/29/2024 | 306 | RESPONSE re: 305 Letter . Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Gottlieb, Michael) (Entered: 05/29/2024) |
| 06/06/2024 | 307 | LETTER addressed to Judge Katherine Polk Failla from Jonathan Hurwitz dated June 6, 2024 re: Recent Decision in the Crystallex Litigation. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit A-Memorandum Order).(Hurwitz, Jonathan) (Entered: 06/06/2024) |
| 06/14/2024 | 308 | RESPONSE re: 307 Letter, . Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Gottlieb, Michael) (Entered: 06/14/2024) |
| 07/03/2024 | 309 | TRUE COPY ORDER of USCA as to 217 Notice of Appeal, filed by Petroleos De Venezuela S.A., PDVSA Petroleo S.A., 232 Notice of Appeal,, filed by Petroleos De Venezuela S.A., PDV Holding, Inc., PDVSA Petroleo S.A. USCA Case Number 20-3858, 20-4127. USCA Case Number 20-3858, 20-4127. Under New York Uniform Commercial Code § 8-110, Venezuelan law governs the validity of the 2020 Notes. The district court erred in its holding to the contrary, so we VACATE the judgment of the district court and REMAND for further consideration. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 7/3/2024.(km) (Entered: 07/03/2024) |
| 07/03/2024 | | Transmission of USCA Mandate/Order to the District Judge re: 309 USCA Order.(km) (Entered: 07/03/2024) |
| 07/15/2024 | 310 | LETTER addressed to Judge Katherine Polk Failla from Jonathan H. Hurwitz dated July 15, 2024 re: 2nd Circuit 7/3/24 Decision. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Hurwitz, Jonathan) (Entered: 07/15/2024) |
| 07/18/2024 | 311 | JOINT RESPONSE re: 310 Letter . Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Hansson, Kurt) (Entered: 07/18/2024) |
| 07/19/2024 | 312 | ORDER denying as moot 252 Motion. The Court is in receipt of the parties' letters regarding their respective positions on how the Court should proceed on remand. (See Dkt. #310, 311). In light of the Second Circuit's decision and the significant passage of time since the Court first considered the issues raised in this action, the Court requires supplemental briefing. Accordingly, the Court hereby ORDERS the parties to meet and confer and file a joint proposal (i) outlining what factual and legal issues should be supplemented and (ii) proposing a reasonable briefing schedule. Should the parties fail to reach a consensus, the parties should outline their respective positions on issues where they are unable to reach agreement, which the Court will consider in due course. The joint letter shall be filed on or before July 31, 2024. Separately, in light of the Second Circuit's |

| | | |
|---|---|---|
| | | decisions vacating the judgment in this matter, the motion for an order modifying the partial stay of execution of enforcement of the judgment is DENIED as moot. The Clerk of Court is directed to terminate the pending motion at docket number 252. (Signed by Judge Katherine Polk Failla on 7/19/2024) (rro) (Entered: 07/19/2024) |
| 07/24/2024 | 313 | MANDATE of USCA (Certified Copy) as to 217 Notice of Appeal, filed by Petroleos De Venezuela S.A., PDVSA Petroleo S.A., 232 Notice of Appeal,, filed by Petroleos De Venezuela S.A., PDV Holding, Inc., PDVSA Petroleo S.A. USCA Case Number 20-3858(L), 20-4127(Con). IT IS HEREBY ORDERED, ADJUDGED and DECREED that the judgment of the district court is VACATED, and the case is REMANDED for further consideration.. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 7/24/2024. (Attachments: # 1 Opinion).(nd) (Entered: 07/24/2024) |
| 07/24/2024 | | Transmission of USCA Mandate to the District Judge re: 313 USCA Mandate,,..(nd) (Entered: 07/24/2024) |
| 07/30/2024 | 314 | JOINT LETTER MOTION for Extension of Time to File *the parties' joint letter* addressed to Judge Katherine Polk Failla from Jonathan H. Hurwitz dated July 30, 2024. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Hurwitz, Jonathan) (Entered: 07/30/2024) |
| 07/31/2024 | 315 | ORDER granting 314 Letter Motion for Extension of Time to File. Application GRANTED. The parties shall file the joint letter on or before August 14, 2024. The Clerk of Court is directed to terminate the pending motion at docket number 314. SO ORDERED. (Signed by Judge Katherine Polk Failla on 7/31/2024) (sgz) (Entered: 07/31/2024) |
| 07/31/2024 | 316 | LETTER addressed to Judge Katherine Polk Failla from Mary Connell Lifton dated June 24, 2024 re: Petrleos de Venezuela, S.A. et al. v. MUFG Union Bank, N.A. et al., No. 1:19-cv-10023. Document filed by Fintech Advisory Inc...(Lifton, Mary Connell) (Entered: 07/31/2024) |
| 08/13/2024 | 317 | CONSENT LETTER MOTION for Extension of Time to File *the Parties' Joint Letter* addressed to Judge Katherine Polk Failla from Jonathan H. Hurwitz dated August 13, 2024. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Hurwitz, Jonathan) (Entered: 08/13/2024) |
| 08/14/2024 | 318 | ORDER granting 317 Letter Motion for Extension of Time to File. Application GRANTED. The parties shall submit the joint letter on or before August 16, 2024. The Clerk of Court is directed to terminate the pending motion at docket number 317. SO ORDERED. (Signed by Judge Katherine Polk Failla on 8/14/2024) (tg) (Entered: 08/14/2024) |
| 08/16/2024 | 319 | JOINT LETTER addressed to Judge Katherine Polk Failla from Jonathan H. Hurwitz dated August 16, 2024 re: Supplemental Briefing. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit 1 - Official Gazette, # 2 Exhibit 2 - Official Gazette, # 3 Exhibit 3 - Release, # 4 Exhibit 4 - Release).(Hurwitz, Jonathan) (Entered: 08/16/2024) |
| 08/20/2024 | 320 | MEMO ENDORSEMENT on re: 319 Letter, filed by GLAS Americas LLC, MUFG Union Bank, N.A. ENDORSEMENT: The Court is in receipt of the parties' letter regarding a joint proposal on supplemental briefing. (Dkt. #319). As an initial matter, the Court acknowledges the significant passage of time since this action was first raised. For that very reason, it is imperative that the Court work from the most complete and accurate record possible, one that includes intervening legal and factual developments. To that end, the Court adopts the parties' joint proposal with the following amendments: The parties shall include, along with their supplemental submissions, expert declarations. The scope of the additional declarations can include both issues of Venezuelan law and issues |

| | | |
|---|---|---|
| | | relevant to the act of state doctrine. That said, the Court will not countenance efforts to evade the briefing page limits to which the parties have agreed by, e.g., diverting information or argument to the expert submissions. The declarations shall be filed along with each parties' opening submission in 150 days (i.e., January 17, 2025). The Court provides the parties with an additional 60 days in order to permit Defendants additional time to locate a new expert witness. Responses shall be due 60 days later (i.e., March 18, 2025). The Court will not grant requests to extend these deadlines absent compelling circumstances. SO ORDERED. (Signed by Judge Katherine Polk Failla on 8/20/2024) (sgz) (Entered: 08/20/2024) |
| 10/30/2024 | 321 | LETTER addressed to Judge Katherine Polk Failla from Jonathan H. Hurwitz dated October 30, 2024 re: Crystallex Intl Corp. v. Bolivarian Republic of Venezuela, No. 17-mc-151 (D. Del.). Document filed by MUFG Union Bank, N.A., GLAS Americas LLC. (Attachments: # 1 Exhibit 1-Notice of Special Master's Recommendation, # 2 Exhibit 2-Joint Status Report, # 3 Exhibit 3-2020 Bond Entities' Submission, # 4 Exhibit 4-10/23/24 Order).(Hurwitz, Jonathan) (Entered: 10/30/2024) |
| 12/20/2024 | 322 | NOTICE OF APPEARANCE by Christopher J. Clark on behalf of MUFG Union Bank, N.A., GLAS Americas LLC..(Clark, Christopher) (Entered: 12/20/2024) |
| 12/20/2024 | 323 | NOTICE OF APPEARANCE by Virginia Foster Tent on behalf of MUFG Union Bank, N.A., GLAS Americas LLC..(Tent, Virginia) (Entered: 12/20/2024) |
| 12/20/2024 | 324 | PROPOSED ORDER FOR WITHDRAWAL OF ATTORNEY. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC. (Attachments: # 1 Affidavit / Declaration of Matthew S. Salerno).(Salerno, Matthew) (Entered: 12/20/2024) |
| 12/23/2024 | 325 | NOTICE AND ORDER TO WITHDRAW AS COUNSEL: PLEASE TAKE NOTICE that upon the accompanying declaration of Matthew S. Salerno, and subject to the approval of the Court, Mr. Salerno hereby withdraws as counsel for MUFG Union Bank, N.A. and GLAS Americas LLC and shall be removed from the Case Management/Electronic Case Files (CM/ECF) notification list in the above-captioned matter. MUFG Union Bank, N.A. and GLAS Americas LLC will continue to be represented by Paul, Weiss, Rifkind, Wharton & Garrison LLP in this proceeding, along with Christopher Clark and Virginia Tent of Clark Smith Villazor LLP. SO ORDERED. Attorney Matthew S Salerno terminated. (Signed by Judge Katherine Polk Failla on 12/23/2024) (rro) (Entered: 12/23/2024) |
| 01/15/2025 | 326 | MOTION for Leave to File Amicus Curiae Brief . Document filed by Bolivarian Republic of Venezuela. (Attachments: # 1 Exhibit Brief of Amicus Curiae, # 2 Proposed Order Proposed Order).(Verrilli, Donald) (Entered: 01/15/2025) |
| 01/16/2025 | 327 | ORDER GRANTING THE BOLIVARIAN REPUBLIC OF VENEZUELA'S MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF granting 326 Motion for Leave to File Document. Having considered the Bolivarian Republic of Venezuela's Motion for Leave to File Amicus Curiae Brief (the "Motion"), the Court ORDERS that: 1. The Motion is GRANTED; and 2. The Amicus Curiae Brief submitted alongside the Motion is hereby deemed FILED. (Signed by Judge Katherine Polk Failla on 1/16/2025) (rro) (Entered: 01/16/2025) |
| 01/17/2025 | 328 | NOTICE OF APPEARANCE by Jeffrey John Recher on behalf of MUFG Union Bank, N.A., GLAS Americas LLC..(Recher, Jeffrey) (Entered: 01/17/2025) |
| 01/17/2025 | 329 | NOTICE OF APPEARANCE by Paul Andrew Paterson on behalf of MUFG Union Bank, N.A., GLAS Americas LLC..(Paterson, Paul) (Entered: 01/17/2025) |
| 01/17/2025 | 330 | NOTICE OF APPEARANCE by Zachary Melvin on behalf of PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Melvin, Zachary) (Entered: 01/17/2025) |

| | | |
|---|---|---|
| 01/17/2025 | 331 | NOTICE OF APPEARANCE by Kristin Bender on behalf of PDV Holding, Inc... (Bender, Kristin) (Entered: 01/17/2025) |
| 01/17/2025 | 332 | MOTION for Nicholas Reddick to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-30482586. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by PDV Holding, Inc.. (Attachments: # 1 Affidavit - Declaration of Nicholas Reddick, # 2 Exhibit A - Certificate of Good Standing (District of Columbia), # 3 Exhibit B - Certificate of Good Standing (California), # 4 Proposed Order Granting Motion for Admission Pro Hac Vice).(Reddick, Nicholas) (Entered: 01/17/2025) |
| 01/17/2025 | 333 | RULE 56.1 STATEMENT. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC..(Recher, Jeffrey) (Entered: 01/17/2025) |
| 01/17/2025 | 334 | DECLARATION of Christopher J. Clark in Support re: 81 MOTION for Summary Judgment .. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC. (Attachments: # 1 Exhibit 1 - Excerpted Transaction Document, # 2 Exhibit 2 - Press Release, # 3 Exhibit 3 - Excerpted Transaction Document, # 4 Exhibit 4 - Press Release, # 5 Exhibit 5 - Excerpted Statute, # 6 Exhibit 6 - Agreement, # 7 Exhibit 7 - Press Release, # 8 Exhibit 8 - Press Release, # 9 Exhibit 9 - Excerpted Statute, # 10 Exhibit 10 - Press Release, # 11 Exhibit 11 - Excerpted Statute, # 12 Exhibit 12 - Press Release, # 13 Exhibit 13 - Government Webpage, # 14 Exhibit 14 - Press Release, # 15 Exhibit 15 - Excerpted Statute, # 16 Exhibit 16 - Press Release, # 17 Exhibit 17 - Press Release, # 18 Exhibit 18 - Press Release, # 19 Exhibit 19 - Press Release, # 20 Exhibit 20 - Press Release, # 21 Exhibit 21 - X.com Post, # 22 Exhibit 22 - Announcement, # 23 Exhibit 23 - News Article, # 24 Exhibit 24 - Press Release, # 25 Exhibit 25 - Government Publication). (Recher, Jeffrey) (Entered: 01/17/2025) |
| 01/17/2025 | 335 | ***SELECTED PARTIES***DECLARATION of Professor Doe . Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. Motion or Order to File Under Seal: 53 .(Recher, Jeffrey) (Entered: 01/17/2025) |
| 01/17/2025 | 336 | ***SELECTED PARTIES***DECLARATION of Dr. Roe in Support re: 81 MOTION for Summary Judgment .. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit 1 - Curriculum Vitae, # 2 Exhibit 2 - Excerpted Official Gazette, # 3 Exhibit 3 - Excerpted Official Gazette, # 4 Exhibit 4 - Excerpted Publication, # 5 Exhibit 5 - Excerpted Publication, # 6 Exhibit 6 - Excerpted Publication, # 7 Exhibit 7 - Excerpted Publication, # 8 Exhibit 8 - Excerpted Publication, # 9 Exhibit 9 - Excerpted Publication, # 10 Exhibit 10 - Venezuelan Court Decision, # 11 Exhibit 11 - Venezuelan Court Decision, # 12 Exhibit 12 - Venezuelan Court Decision, # 13 Exhibit 13 - Excerpted Publication, # 14 Exhibit 14 - Excerpted Publication, # 15 Exhibit 15 - Excerpted Official Gazette, # 16 Exhibit 16 - Excerpted Official Gazette, # 17 Exhibit 17 - Excerpted Official Gazette, # 18 Exhibit 18 - Excerpted Official Gazette, # 19 Exhibit 19 - Excerpted Official Gazette, # 20 Exhibit 20 - Excerpted Official Gazette, # 21 Exhibit 21 - Rule of Procedure, # 22 Exhibit 22 - Excerpted Transaction Document, # 23 Exhibit 23 - Excerpted Transaction Document, # 24 Exhibit 24 - Excerpted Transaction Document, # 25 Exhibit 25 - Venezuelan Court Decision, # 26 Exhibit 26 - Venezuelan Court Decision, # 27 Exhibit 27 - Excerpted Official Gazette, # 28 Exhibit 28 - Excerpted Official Gazette)Motion or Order to File Under Seal: 53 .(Recher, Jeffrey) (Entered: 01/17/2025) |
| 01/17/2025 | 337 | ***SELECTED PARTIES***SUPPLEMENTAL MEMORANDUM OF LAW in Support re: 81 MOTION for Summary Judgment . . Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De |

| | | |
|---|---|---|
| | | Venezuela S.A.. Motion or Order to File Under Seal: 53 .(Recher, Jeffrey) (Entered: 01/17/2025) |
| 01/17/2025 | 338 | RULE 56.1 STATEMENT. Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Gottlieb, Michael) (Entered: 01/17/2025) |
| 01/17/2025 | 339 | DECLARATION of Kristin Bender in Support re: 91 MOTION for Summary Judgment .. Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5-1, # 6 Exhibit 5-2, # 7 Exhibit 5-3).(Bender, Kristin) (Entered: 01/17/2025) |
| 01/17/2025 | 340 | DECLARATION of Allan R. Brewer-Carias in Support re: 91 MOTION for Summary Judgment .. Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Gottlieb, Michael) (Entered: 01/17/2025) |
| 01/17/2025 | 341 | DECLARATION of Freddy Guevara in Support re: 91 MOTION for Summary Judgment .. Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Gottlieb, Michael) (Entered: 01/17/2025) |
| 01/17/2025 | 342 | DECLARATION of Jose Araujo-Juarez in Support re: 91 MOTION for Summary Judgment .. Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit A).(Gottlieb, Michael) (Entered: 01/17/2025) |
| 01/17/2025 | 343 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** SUPPLEMENTAL MEMORANDUM OF LAW in Support re: 91 MOTION for Summary Judgment . . Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Gottlieb, Michael) Modified on 1/22/2025 (lb). (Entered: 01/17/2025) |
| 01/21/2025 | 344 | ORDER FOR ADMISSION PRO HAC VICE granting 332 Motion for Nicholas Reddick to Appear Pro Hac Vice. The Clerk of Court is directed to terminate the pending motion at docket entry 332. (Signed by Judge Katherine Polk Failla on 1/21/2025) (rro) (Entered: 01/21/2025) |
| 01/21/2025 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 332 MOTION for Nicholas Reddick to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-30482586. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bc)** (Entered: 01/21/2025) |
| 01/22/2025 | 345 | NOTICE of Correction re: 343 Memorandum of Law in Support of Motion,. Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A... (Gottlieb, Michael) (Entered: 01/22/2025) |
| 01/22/2025 | 346 | SUPPLEMENTAL MEMORANDUM OF LAW in Support re: 91 MOTION for Summary Judgment . *(CORRECTED)*. Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Gottlieb, Michael) (Entered: 01/22/2025) |
| 01/22/2025 | 347 | SUPPLEMENTAL MEMORANDUM OF LAW in Support re: 81 MOTION for Summary Judgment . *[REDACTED]*. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC..(Recher, Jeffrey) (Entered: 01/22/2025) |
| 01/22/2025 | 348 | DECLARATION of Dr. Roe [REDACTED] in Support re: 81 MOTION for Summary Judgment .. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC. (Attachments: # 1 Exhibit 1 - Curriculum Vitae, # 2 Exhibit 2 - Excerpted Official Gazette, # 3 Exhibit 3 - Excerpted Official Gazette, # 4 Exhibit 4 - Excerpted Publication, # 5 Exhibit 5 - Excerpted Publication, # 6 Exhibit 6 - Excerpted Publication, # 7 Exhibit 7 - Excerpted Publication, # 8 Exhibit 8 - Excerpted Publication, # 9 Exhibit 9 - Excerpted Publication, # 10 Exhibit 10 - Venezuelan Court Decision, # 11 Exhibit 11 - Venezuelan Court Decision, # 12 Exhibit 12 - Venezuelan Court Decision, # 13 Exhibit 13 - |

| | | |
|---|---|---|
| | | Excerpted Publication, # 14 Exhibit 14 - Excerpted Publication, # 15 Exhibit 15 - Excerpted Official Gazette, # 16 Exhibit 16 - Excerpted Official Gazette, # 17 Exhibit 17 - Excerpted Official Gazette, # 18 Exhibit 18 - Excerpted Official Gazette, # 19 Exhibit 19 - Excerpted Official Gazette, # 20 Exhibit 20 - Excerpted Official Gazette, # 21 Exhibit 21 - Rule of Procedure, # 22 Exhibit 22 - Excerpted Transaction Document, # 23 Exhibit 23 - Excerpted Transaction Document, # 24 Exhibit 24 - Excerpted Transaction Document, # 25 Exhibit 25 - Venezuelan Court Decision, # 26 Exhibit 26 - Venezuelan Court Decision, # 27 Exhibit 27 - Excerpted Official Gazette, # 28 Exhibit 28 - Excerpted Official Gazette).(Recher, Jeffrey) (Entered: 01/22/2025) |
| 01/22/2025 | 349 | DECLARATION of James L. Ferguson in Support re: 91 MOTION for Summary Judgment .. Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit 01 - Excerpted Publication, # 2 Exhibit 02 - Excerpted Publication, # 3 Exhibit 03 - Excerpted Publication, # 4 Exhibit 04 - Excerpted Publication, # 5 Exhibit 05 - Excerpted Publication, # 6 Exhibit 06 - Excerpted Publication, # 7 Exhibit 07 - Excerpted Publication, # 8 Exhibit 08 - Excerpted Publication, # 9 Exhibit 09 - Excerpted Publication, # 10 Exhibit 10 - Excerpted Publication, # 11 Exhibit 11 - Venezuelan Court Decision, # 12 Exhibit 12 - Excerpted Publication, # 13 Exhibit 13 - Excerpted Publication, # 14 Exhibit 14 - Excerpted Publication, # 15 Exhibit 15 - Excerpted Publication, # 16 Exhibit 16 - Excerpted Publication, # 17 Exhibit 17 - Venezuelan Court Decision, # 18 Exhibit 18 Part 1 - Venezuelan Court Decision, # 19 Exhibit 18 Part 2 - Venezuelan Court Decision, # 20 Exhibit 18 Part 3 - Excerpted Publication, # 21 Exhibit 19 - Excerpted Publication, # 22 Exhibit 20 - Excerpted Publication, # 23 Exhibit 21 - Excerpted Publication, # 24 Exhibit 22 - Excerpted Publication, # 25 Exhibit 23 - Excerpted Publication, # 26 Exhibit 24 - Excerpted Publication, # 27 Exhibit 25 - Excerpted Publication, # 28 Exhibit 26 - Excerpted Publication, # 29 Exhibit 27 - Excerpted Publication, # 30 Exhibit 28 - Excerpted Publication, # 31 Exhibit 29 - Excerpted Publication, # 32 Exhibit 30 - Excerpted Publication, # 33 Exhibit 31 - Excerpted Publication, # 34 Exhibit 32 - Venezuelan Court Decision, # 35 Exhibit 33 - Excerpted Publication, # 36 Exhibit 34 - Excerpted Publication, # 37 Exhibit 35 - Excerpted Publication, # 38 Exhibit 36 - Excerpted Publication, # 39 Exhibit 37 - Excerpted Publication, # 40 Exhibit 38 - Excerpted Publication, # 41 Exhibit 39 - Excerpted Publication, # 42 Exhibit 40 - Excerpted Publication, # 43 Exhibit 41 - Official Gazette, # 44 Exhibit 42 - Official Gazette, # 45 Exhibit 43 - Excerpted Publication, # 46 Exhibit 44 - Excerpted Publication, # 47 Exhibit 45 - Venezuelan Court Decision, # 48 Exhibit 46 - Venezuelan Corut Decision, # 49 Exhibit 47 - Excerpted Publication, # 50 Exhibit 48 - Excerpted Publication, # 51 Exhibit 49 - Excerpted Publication, # 52 Exhibit 50 - Excerpted Publication, # 53 Exhibit 51 - Excerpted Publication, # 54 Exhibit 52 - Excerpted Publication, # 55 Exhibit 53 - Excerpted Publication, # 56 Exhibit 54 - Excerpted Publication, # 57 Exhibit 55 - Excerpted Publication, # 58 Exhibit 56 - Excerpted Publication, # 59 Exhibit 57 - Excerpted Publication, # 60 Exhibit 58 - Venezuelan Court Decision, # 61 Exhibit 59 - Excerpted Publication, # 62 Exhibit 60 - Venezuelan Court Decision, # 63 Exhibit 61 - Venezuelan Court Decision, # 64 Exhibit 62 - Excerpted Publication, # 65 Exhibit 63 Part 1 - Official Gazette, # 66 Exhibit 63 Part 2 - Official Gazette, # 67 Exhibit 63 Part 3 - Official Gazette, # 68 Exhibit 63 Part 4 - Official Gazette, # 69 Exhibit 64 - Official Gazette, # 70 Exhibit 65 - Official Gazette, # 71 Exhibit 66 - Official Gazette, # 72 Exhibit 67 - Official Gazette, # 73 Exhibit 68 - Official Gazette, # 74 Exhibit 69 - Excerpted Publication, # 75 Exhibit 70 - Excerpted Publication, # 76 Exhibit 71 - Excerpted Publication, # 77 Exhibit 72 - Excerpted Publication, # 78 Exhibit 73 - Excerpted Publication, # 79 Exhibit 74 - Excerpted Publication, # 80 Exhibit 75 - Excerpted Publication, # 81 Exhibit 76 - Excerpted Publication, # 82 Exhibit 77 - Excerpted Publication, # 83 Exhibit 78 - Excerpted Publication, # 84 Exhibit 79 - Excerpted Publication, # 85 Exhibit 80 - Excerpted Publication, # 86 Exhibit 81 - |

| | | |
|---|---|---|
| | | Excerpted Publication, # 87 Exhibit 82 - Excerpted Publication, # 88 Exhibit 83 - Excerpted Publication, # 89 Exhibit 84 - Excerpted Publication, # 90 Exhibit 85 - Excerpted Publication, # 91 Exhibit 86 - Excerpted Publication, # 92 Exhibit 87 - Excerpted Publication, # 93 Exhibit 88 - Excerpted Publication).(Ferguson, James) (Entered: 01/23/2025) |
| 02/26/2025 | 350 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** MOTION for Noel J. Francisco to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-30679356. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by PDV Holding, Inc.. (Attachments: # 1 Affidavit Affidavit - Declaration of Noel J. Francisco, # 2 Exhibit Exhibit A - Certificate of Good Standing (District of Columbia), # 3 Exhibit Exhibit B - Certificate of Good Standing (Virginia), # 4 Proposed Order Proposed Order Granting Motion for Admission Pro Hac Vice).(Francisco, Noel) Modified on 2/26/2025 (rju). (Entered: 02/26/2025) |
| 02/26/2025 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE-FILE Document No. 350 MOTION for Noel J. Francisco to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-30679356. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): missing Certificate of Good Standing from Supreme Court of Virginia;. Re-file the motion as a Motion to Appear Pro Hac Vice - attach the correct signed PDF - select the correct named filer/filers - attach valid Certificates of Good Standing issued within the past 30 days - attach Proposed Order.. (rju)** (Entered: 02/26/2025) |
| 02/28/2025 | 351 | ***SELECTED PARTIES*** LETTER MOTION to Compel Defendants to Publicly Disclose the Name of Defendants' New Expert addressed to Judge Katherine Polk Failla from Michael J. Gottlieb and Kurt W. Hansson dated February 28, 2025. Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A., MUFG Union Bank, N.A., GLAS Americas LLC.Motion or Order to File Under Seal: 53 . (Gottlieb, Michael) (Entered: 02/28/2025) |
| 03/03/2025 | 352 | ORDER GRANTING ADMISSION TO PRACTICE, PRO HAC VICE: ORDERED, that Noel J. Francisco, Esq. is admitted to practice, pro hac vice, in the above-captioned case to represent PDV Holding, Inc., in the United States District Court for the Southern District of New York, provided that the filing fee has been paid. (Signed by Judge Katherine Polk Failla on 3/3/2025) (rro) (Entered: 03/03/2025) |
| 03/03/2025 | 353 | MOTION for Noel J. Francisco to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-30704363. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by PDV Holding, Inc.. (Attachments: # 1 Affidavit Affidavit - Declaration of Noel J. Francisco, # 2 Exhibit Exhibit A - Certificate of Good Standing (District of Columbia), # 3 Proposed Order Proposed Order Granting Motion for Admission Pro Hac Vice).(Francisco, Noel) (Entered: 03/03/2025) |
| 03/03/2025 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 353 MOTION for Noel J. Francisco to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-30704363. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (rju)** (Entered: 03/03/2025) |
| 03/05/2025 | 354 | ***SELECTED PARTIES*** LETTER addressed to Judge Katherine Polk Failla from Christopher J. Clark dated March 5, 2025 re: Response to Plaintiffs' Letter Motion to Compel Defendants to Publicly Disclose the Name of Defendants' New Expert. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit 1, # 2 |

| | | |
|---|---|---|
| | | Exhibit 2, # 3 Exhibit 3)Motion or Order to File Under Seal: 53 .(Clark, Christopher) (Entered: 03/05/2025) |
| 03/06/2025 | 355 | ORDER terminating 351 Letter Motion to Compel. Here, the Court finds that Defendants have made the requisite showing that redacting the experts name serves an interest in the safety of the expert and the experts family. The Court previously allowed redactions in this action in service of the safety of another expert. (See Dkt. #207). It will not deviate from that reasoning in the context of this expert. The Clerk of Court is directed to terminate the pending motion at docket entry 351. SO ORDERED.. (Signed by Judge Katherine Polk Failla on 3/6/2025) (rro) (Entered: 03/06/2025) |
| 03/07/2025 | 356 | LETTER MOTION to Compel Defendants to Publicly Disclose the Name of Defendants' New Expert *[REDACTED, previously filed under seal at ECF 351]* addressed to Judge Katherine Polk Failla from Michael J. Gottlieb and Kurt W. Hansson dated February 28, 2025. Document filed by Petroleos De Venezuela S.A., PDVSA Petroleo S.A., PDV Holding, Inc...(Gottlieb, Michael) (Entered: 03/07/2025) |
| 03/10/2025 | 357 | LETTER addressed to Judge Katherine Polk Failla from Christopher J. Clark dated March 5, 2025 re: Response to Plaintiffs' Letter Motion to Compel Defendants to Publicly Disclose the Name of Defendants' New Expert (REDACTED, previously filed under seal at ECF 354). Document filed by MUFG Union Bank, N.A., GLAS Americas LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3).(Clark, Christopher) (Entered: 03/10/2025) |
| 03/12/2025 | 358 | DECLARATION of Jose Araujo-Juarez in Support re: 91 MOTION for Summary Judgment .. Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Hansson, Kurt) (Entered: 03/12/2025) |
| 03/18/2025 | 359 | MOTION for Alyxandra Vernon to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-30784550. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by PDV Holding, Inc.. (Attachments: # 1 Affidavit - Declaration of Alyxandra Vernon, # 2 Exhibit A - Certificate of Good Standing, # 3 Proposed Order Granting Motion for Admission Pro Hac Vice).(Vernon, Alyxandra) (Entered: 03/18/2025) |
| 03/18/2025 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 359 MOTION for Alyxandra Vernon to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-30784550. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bc)** (Entered: 03/18/2025) |
| 03/18/2025 | 360 | RESPONSE re: 338 Rule 56.1 Statement . Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Recher, Jeffrey) (Entered: 03/18/2025) |
| 03/18/2025 | 361 | ***SELECTED PARTIES***DECLARATION of Dr. Roe in Opposition re: 91 MOTION for Summary Judgment .. Document filed by MUFG Union Bank, N.A., GLAS Americas LLC, PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. Motion or Order to File Under Seal: 53 .(Recher, Jeffrey) (Entered: 03/18/2025) |
| 03/18/2025 | 362 | DECLARATION of Dr. Roe [REDACTED] in Opposition re: 91 MOTION for Summary Judgment .. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit 1 - Excerpted Official Gazette, # 2 Exhibit 2 - Excerpted Publication, # 3 Exhibit 3 - Excerpted Publication, # 4 Exhibit 4 - Venezuelan Court Decision, # 5 Exhibit 5 - Excerpted Publication, # 6 Exhibit 6 - Venezuelan Court Decision, # 7 Exhibit 7 - Venezuelan Court Decision, # 8 Exhibit 8 - Excerpted Publication, # 9 Exhibit 9 - Excerpted Publication).(Recher, Jeffrey) (Entered: 03/18/2025) |

| | | |
|---|---|---|
| 03/18/2025 | 363 | MEMORANDUM OF LAW in Opposition re: 91 MOTION for Summary Judgment . *Memorandum of Law in Response to 346 Plaintiffs' Supplemental Memorandum*. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Recher, Jeffrey) (Entered: 03/18/2025) |
| 03/18/2025 | 364 | COUNTER STATEMENT TO 333 Rule 56.1 Statement. Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Hansson, Kurt) (Entered: 03/18/2025) |
| 03/18/2025 | 365 | ***SELECTED PARTIES***DECLARATION of Jose Araujo-Juarez in Support re: 91 MOTION for Summary Judgment .. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A., PDV Holding, Inc., GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit A - Expert Rebuttal Report)Motion or Order to File Under Seal: 53 .(Hansson, Kurt) (Entered: 03/18/2025) |
| 03/18/2025 | 366 | ***SELECTED PARTIES***DECLARATION of Allan R. Brewer-Carias in Support re: 91 MOTION for Summary Judgment .. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A., PDV Holding, Inc., GLAS Americas LLC, MUFG Union Bank, N.A.. Motion or Order to File Under Seal: 53 .(Hansson, Kurt) (Entered: 03/18/2025) |
| 03/18/2025 | 367 | ***SELECTED PARTIES*** REPLY MEMORANDUM OF LAW in Support re: 91 MOTION for Summary Judgment . . Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A., PDV Holding, Inc., GLAS Americas LLC, MUFG Union Bank, N.A.. Motion or Order to File Under Seal: 53 .(Hansson, Kurt) (Entered: 03/18/2025) |
| 03/19/2025 | 368 | DECLARATION of James L. Ferguson in Support re: 91 MOTION for Summary Judgment .. Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit 8 - Approved Judgment, # 2 Exhibit 9 - Excerpted Publication, # 3 Exhibit 10 - Excerpted Publication, # 4 Exhibit 11 - Excerpted Publication).(Ferguson, James) (Entered: 03/19/2025) |
| 03/19/2025 | 369 | ORDER FOR ADMISSION PRO HAC VICE granting 359 Motion to Appear Pro Hac Vice. The motion of Alyxandra Vernon for admission to practice Pro Hac Vice in the above-captioned action is granted. As further set forth by this Order. The Clerk of Court is directed to terminate the pending motion at docket entry 359. SO ORDERED. (Signed by Judge Katherine Polk Failla on 3/19/2025) (tg) (Entered: 03/19/2025) |
| 03/20/2025 | 370 | DECLARATION of James L. Ferguson in Support re: 91 MOTION for Summary Judgment .. Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit 89 - Peres-Perdomo (2024, # 2 Exhibit 090 - Eloy Lares Martinez (2013), # 3 Exhibit 091 - Pena Solis (2021), # 4 Exhibit 092 - Araujo-Juarez (Vol 1) (2024), # 5 Exhibit 093 - Diaz Revorio (1997), # 6 Exhibit 094 - Perez Royo (2023, # 7 Exhibit 095 - Casal Hernandez (2000), # 8 Exhibit 096 - STJ No. 1 (2000), # 9 Exhibit 097 - STJ No. 1555 (2000), # 10 Exhibit 098 - STJ No. 332 (2001), # 11 Exhibit 099 - STJ No. 97 (2019), # 12 Exhibit 100 - STJ No. 1347 (2000), # 13 Exhibit 101 - Gonzalez Perez (2001), # 14 Exhibit 102 - STJ No. 1889 (2007)., # 15 Exhibit 103 - Araujo-Juarez (Vol 3) (2024), # 16 Exhibit 104 - Araujo-Juarez (Vol 2) (2024), # 17 Exhibit 105 - LOAP (2014), # 18 Exhibit 106 - Badell Madrid (2019), # 19 Exhibit 107 - Garrido Rovira (1984), # 20 Exhibit 108 - Decreto No. 1512 (2001), # 21 Exhibit 109 - LOCG (2010), # 22 Exhibit 110 - LCLC (2010), # 23 Exhibit 111 - LOJCA (2010)., # 24 Exhibit 112 - LOPG (2001), # 25 Exhibit 113 - Guillermo Andueza (2005, # 26 Exhibit 114 - Araujo-Juarez (2012), # 27 Exhibit 115 - Larenz (1980, # 28 Exhibit 116 - Brewer-Carias (2001)., # 29 Exhibit 117 - Caballero Ortiz (2001), # 30 Exhibit 118 - 2022-EWHC-2040-Comm., # 31 Exhibit 119 - LOH (2006), # 32 Exhibit 120 - LOQREICH (1975), # 33 Exhibit 121 - CVP - Model Contract Law (2006), # 34 Exhibit |

| | | |
|---|---|---|
| | | 122 - Codigo Civi, # 35 Exhibit 123 - LOPG (2016, # 36 Exhibit 124 - LOPG (2001), # 37 Exhibit 125 - Badell Madrid (2023), # 38 Exhibit 126 - Las Constituciones de Venezuela, # 39 Exhibit 127 - Brewer-Carias (1999), # 40 Exhibit 128 - STJ No. 1 (2000), # 41 Exhibit 129 - STJ No. 1013 (2001, # 42 Exhibit 130 - STJ No. 2353 (2001)., # 43 Exhibit 131 - STJ No. 488 (2001), # 44 Exhibit 132 - STJ No. 332 (2001), # 45 Exhibit 133 - STJ No. 1032 (2012), # 46 Exhibit 134 - STJ No. 967 (2012), # 47 Exhibit 135 - STJ No. 883 (2001), # 48 Exhibit 136 - STJ No. 2651 (2003), # 49 Exhibit 137 - STJ No. 1126 (2012), # 50 Exhibit 138 - Marval (2008), # 51 Exhibit 139 - Casal Hernandez (2003), # 52 Exhibit 140 - Brewer-Carias (2009, # 53 Exhibit 141 - Brewer-Carias (Contratos) (2021), # 54 Exhibit 142 - Brewer-Carias (2001, # 55 Exhibit 143 - Brewer-Carias (PDVSA) (2021), # 56 Exhibit 144 - 1961 Constitution, # 57 Exhibit 145 - Brewer-Carias (2008), # 58 Exhibit 146 - Pellegrino, Scognamiglio (2023, # 59 Exhibit 147 - Codigo de Comercio, # 60 Exhibit 148 - Brewer-Carias (1992), # 61 Exhibit 149 - Haydee Barri, # 62 Exhibit 150 - NA Resolution (Sept. 25, 2006)).(Ferguson, James) (Entered: 03/20/2025) |
| 03/21/2025 | 371 | DECLARATION of Jose Araujo-Juarez [REDACTED] in Support re: 91 MOTION for Summary Judgment .. Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit A - Expert Rebuttal Report).(Hansson, Kurt) (Entered: 03/21/2025) |
| 03/21/2025 | 372 | DECLARATION of Allan R. Brewer-Carias [REDACTED] in Support re: 91 MOTION for Summary Judgment .. Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Hansson, Kurt) (Entered: 03/21/2025) |
| 03/21/2025 | 373 | SUPPLEMENTAL REPLY MEMORANDUM OF LAW in Support re: 91 MOTION for Summary Judgment . *[REDACTED]*. Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Hansson, Kurt) (Entered: 03/21/2025) |
| 03/28/2025 | 374 | MOTION for Jonathan H. Hurwitz to Withdraw as Attorney . Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Hurwitz, Jonathan) (Entered: 03/28/2025) |
| 03/31/2025 | 375 | MEMO ENDORSEMENT granting 374 Motion to Withdraw as Attorney. Attorney Jonathan Hillel Hurwitz terminated. ENDORSEMENT: The Clerk of Court is directed to terminate Mr. Hurwitz from the docket. The Court wishes Mr. Hurwitz the best in his future endeavors. (Signed by Judge Katherine Polk Failla on 3/31/2025) (tro) (Entered: 03/31/2025) |
| 03/31/2025 | 376 | LETTER MOTION to Expedite *Consideration and Decision on the Parties' Cross Motions* addressed to Judge Katherine Polk Failla from Michael J. Gottlieb dated March 31, 2025. Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit 1 - Transaction Support Agreement).(Gottlieb, Michael) (Entered: 03/31/2025) |
| 04/03/2025 | 377 | LETTER RESPONSE to Motion addressed to Judge Katherine Polk Failla from Paul A. Paterson dated April 3, 2025 re: 376 LETTER MOTION to Expedite *Consideration and Decision on the Parties' Cross Motions* addressed to Judge Katherine Polk Failla from Michael J. Gottlieb dated March 31, 2025. . Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit A-The Venezuela Parties' Motion for a Short Stay of the Sale Process).(Paterson, Paul) (Entered: 04/03/2025) |
| 04/04/2025 | 378 | ORDER denying 376 Letter Motion to Expedite. The Court has reviewed Plaintiffs' letter requesting expedited consideration and oral argument (Dkt. #376) and Defendants' letter in opposition (Dkt. #377). The Court DENIES Plaintiffs' request. The Court will issue its opinion in due course. If the Court determines that oral argument would be useful, it will promptly reach out to the parties. The Clerk of Court is directed to terminate the pending |

| | | |
|---|---|---|
| | | motion at docket entry 376. (Signed by Judge Katherine Polk Failla on 4/4/2025) (rro) (Entered: 04/04/2025) |
| 06/10/2025 | 379 | NOTICE OF APPEARANCE by Igor Victor Timofeyev on behalf of PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Timofeyev, Igor) (Entered: 06/10/2025) |
| 06/24/2025 | 380 | LETTER MOTION for Conference addressed to Judge Katherine Polk Failla from Christopher J. Clark dated June 24, 2025. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Clark, Christopher) (Entered: 06/24/2025) |
| 06/25/2025 | 381 | LETTER RESPONSE to Motion addressed to Judge Katherine Polk Failla from Kurt W. Hansson and Michael J. Gottlieb dated June 25, 2025 re: 380 LETTER MOTION for Conference addressed to Judge Katherine Polk Failla from Christopher J. Clark dated June 24, 2025. . Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Hansson, Kurt) (Entered: 06/25/2025) |
| 06/26/2025 | 382 | NOTICE OF APPEARANCE by Andrew James Rodgers on behalf of GLAS Americas LLC, MUFG Union Bank, N.A...(Rodgers, Andrew) (Entered: 06/26/2025) |
| 06/30/2025 | 383 | ORDER granting 380 Letter Motion for Conference. The parties shall appear for a telephonic conference on July 10, 2025, at 12:00 p.m., to discuss the issues raised in their letters (Dkt. #380, 381). At the scheduled time, the parties shall dial (855) 244-8681 and enter access code 2315 780 7370. The Clerk of Court is directed to terminate the pending motion at docket entry 380. Telephone Conference set for 7/10/2025 at 12:00 PM before Judge Katherine Polk Failla.. (Signed by Judge Katherine Polk Failla on 6/30/2025) (rro) (Entered: 06/30/2025) |
| 07/07/2025 | 384 | LETTER MOTION for Conference addressed to Judge Katherine Polk Failla from Christopher J. Clark dated July 7, 2025. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3).(Clark, Christopher) (Entered: 07/07/2025) |
| 07/08/2025 | 385 | NOTICE OF APPEARANCE by Brian Thomas Burns on behalf of GLAS Americas LLC, MUFG Union Bank, N.A...(Burns, Brian) (Entered: 07/08/2025) |
| 07/10/2025 | 386 | LETTER RESPONSE to Motion addressed to Judge Katherine Polk Failla from Michael J. Gottlieb and Kurt W. Hansson dated July 10, 2025 re: 384 LETTER MOTION for Conference addressed to Judge Katherine Polk Failla from Christopher J. Clark dated July 7, 2025. . Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Gottlieb, Michael) (Entered: 07/10/2025) |
| 07/10/2025 | | Minute Entry for proceedings held before Judge Katherine Polk Failla: Telephone Conference held on 7/10/2025. Attorneys Kurt Wayne Hansson and Igor Victor Timofeyev representing PDVSA present. Attorneys Michael Julian Gottlieb and Kristin Bender representing PDV Holding present. Attorneys Christopher J. Clark, Paul Andrew Paterson and Jeffrey John Recher representing Defendants present. Attorney Anthony J. Costantini representing Lovati parties present. (Court Reporter recorded) (tn) (Entered: 07/10/2025) |
| 07/11/2025 | 387 | NOTICE OF APPEARANCE by Andrew N. Rosenberg on behalf of GLAS Americas LLC, MUFG Union Bank, N.A...(Rosenberg, Andrew) (Entered: 07/11/2025) |
| 07/15/2025 | 388 | TRANSCRIPT of Proceedings re: CONFERENCE held on 7/10/2025 before Judge Katherine Polk Failla. Court Reporter/Transcriber: Carole Ludwig, (212) 420-0771. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/5/2025. Redacted |

| | | |
|---|---|---|
| | | Transcript Deadline set for 8/15/2025. Release of Transcript Restriction set for 10/14/2025. (js) (Entered: 07/15/2025) |
| 07/15/2025 | 389 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 7/10/2025 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(js) (Entered: 07/15/2025) |
| 07/17/2025 | 390 | ORDER terminating 384 Letter Motion for Conference. At the request of Defendants' counsel, the Court held a telephonic conference on July 10, 2025, to discuss Defendants' application to schedule a preliminary injunction motion. During the conference, Defendants proposed a motion schedule with dates triggered by orders expected to be issued by the Honorable Leonard P. Stark in Crystallex International Corp. v. Bolivarian Republic of Venezuela, No. 17 Misc. 151 (LPS) (D. Del.). With the consent of the parties to this litigation, the Court spoke with Judge Stark regarding the two matters and, more particularly, the near-term schedules of the two matters. After considering both the arguments made at the July 10 conference and its own discussions with Judge Stark, this Court denies without prejudice Defendants' request for this Court to schedule briefing on a preliminary injunction motion. As became clear at the July 10 conference, such a motion would be far from straightforward; among other issues, the Court would have to consider the reach of its injunctive authority, any concomitant injunctive authority possessed by Judge Stark, and the universe of parties from whom this Court should hear before making a decision about injunctive relief. Given that it is not clear that the decisions of this Court and of Judge Stark will be issued on conflicting time frames, the Court sees no need at this time to issue such a schedule. Additionally, the Government was invited to attend, but did not attend, the July 10, 2025 telephonic conference. The Court hereby orders the Government to file a letter stating its position on the pending cross-motions for summary judgment on or before July 31, 2025. The Clerk of Court is directed to terminate the pending motion at docket entry 384. SO ORDERED. (Signed by Judge Katherine Polk Failla on 7/17/2025) (rro) (Entered: 07/17/2025) |
| 07/28/2025 | 391 | LETTER MOTION for Extension of Time *re: Court's order dated July 17, 2025* addressed to Judge Katherine Polk Failla from Samuel Dolinger dated 7/28/2025. Document filed by United States of America..(Dolinger, Samuel) (Entered: 07/28/2025) |
| 07/28/2025 | 392 | ORDER granting in part 391 Letter Motion for Extension of Time. Application GRANTED IN PART. Given the demands of the Court's schedule, the Government shall file either a statement of interest, or a letter advising the Court that it does not intend to file a statement of interest, on or before August 29, 2025. Under no circumstances will the Court grant an additional extension request regarding this deadline. The Clerk of Court is directed to terminate the pending motion at docket entry 391. (Signed by Judge Katherine Polk Failla on 7/28/2025) (rro) (Entered: 07/29/2025) |
| 08/29/2025 | 393 | RESPONSE re: 390 Order on Motion for Conference,,,,,,, *Statement of Interest of the United States of America*. Document filed by United States of America. (Attachments: # 1 Exhibit A - Letter from Ambassador Michael G. Kozak).(Dolinger, Samuel) (Entered: 08/29/2025) |
| 09/05/2025 | 394 | LETTER addressed to Judge Katherine Polk Failla from Christopher J. Clark dated September 5, 2025 re: update concerning the possible settlement of the 2020 Noteholders claims. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit 1).(Clark, Christopher) (Entered: 09/05/2025) |

| | | |
|---|---|---|
| 09/08/2025 | 395 | LETTER addressed to Judge Katherine Polk Failla from Kurt W. Hansson and Michael J. Gottlieb dated September 8, 2025 re: Response to Defendants' Update Regarding the Crystallex Litigation [ECF No. 394]. Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A...(Hansson, Kurt) (Entered: 09/08/2025) |
| 09/09/2025 | 396 | MEMO ENDORSEMENT on re: 395 Letter, filed by Petroleos De Venezuela S.A., PDV Holding, Inc., PDVSA Petroleo S.A. ENDORSEMENT: The Court has reviewed Defendants' September 5, 2025 letter (Dkt. #394) and Plaintiffs' September 8, 2025 letter (Dkt. #395) regarding developments in the Crystallex litigation. The Court intends to issue its decision on the pending cross-motions for summary judgment by the end of September 2025 and will take no further action at this time. (Signed by Judge Katherine Polk Failla on 9/9/2025) (rro) (Entered: 09/09/2025) |
| 09/18/2025 | 397 | OPINION AND ORDER: For all of the above reasons, Defendants' motion for summary judgment is GRANTED IN PART. As the parties agreed, the Court reserves decision on Defendants' counterclaims and the effect of the validity of the 2020 Notes and the Governing Documents under New York law. Plaintiffs' cross-motion for summary judgment is DENIED. The parties are hereby ORDERED to submit a joint letter on or before October 16, 2025, proposing next steps in this action. (Signed by Judge Katherine Polk Failla on 9/18/2025) (rro) (Entered: 09/18/2025) |
| 10/02/2025 | 398 | MOTION TO INTERVENE addressed to Judge Katherine Polk Failla from Dr. Leroy Garrett dated 9/25/2025.(tg) (Entered: 10/06/2025) |
| 10/08/2025 | 399 | ORDER with respect to 398 Letter Motion: On or about September 25, 2025, the Court received a request from Dr. Leroy Garrett to intervene on behalf of himself and approximately 23,000 Venezuelan workers. To the extent any party to the underlying litigation wishes to be heard on this issue, they are invited to submit letter briefs not to exceed five pages in length on or before October 24, 2025. (HEREBY ORDERED by Judge Katherine Polk Failla)(Text Only Order) (Failla, Katherine) (Entered: 10/08/2025) |
| 10/16/2025 | 400 | JOINT LETTER addressed to Judge Katherine Polk Failla from Christopher J. Clark dated October 16, 2025 re: Joint Letter Proposing Next Steps. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit A - Proposed Judgment Pursuant to Fed. R. Civ. P. 54(b)).(Clark, Christopher) (Entered: 10/16/2025) |
| 10/17/2025 | 401 | MEMO ENDORSEMENT on re: 400 Letter, filed by GLAS Americas LLC, MUFG Union Bank, N.A. ENDORSEMENT: The Court has reviewed the parties' above joint letter. The Trustee and Collateral Agent's request that the Court determine attorneys' fees and expenses before entering a partial final judgment under Federal Rule of Civil Procedure 54(b) is DENIED. Accordingly, the Court GRANTS the PDVSA Parties' application to defer the determination of attorneys' fees and expenses until the conclusion of any appeal. See Jenkins v. Miller, No. 2:12-CV-184, 2025 WL 2828260, at *1 (D. Vt. Oct. 6, 2025) (The Second Circuit has determined that a district court is not required to resolve a motion for attorney's fees before an appeal is completed. (citing Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 226 (2d Cir. 2004))); Adstra, LLC v. Kinesso, LLC, No. 24-CV-2639 (LJL), 2025 WL 1070034, at *2 (S.D.N.Y. Apr. 9, 2025) (Court has discretion to defer decision on attorneys' fees motion until appeal is resolved). The Court will enter the Rule 54(b) judgment under separate cover. (Signed by Judge Katherine Polk Failla on 10/17/2025) (rro) (Entered: 10/17/2025) |
| 10/17/2025 | 402 | JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b): IT IS ORDERED, ADJUDGED, AND DECREED that, there being no just reason for delay, final judgment is hereby entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure (i) dismissing with prejudice the Complaint for Declaratory Judgment and Injunctive Relief (ECF No. 1), including all claims asserted therein; and (ii) granting judgment in favor of Defendants |

| | | |
|---|---|---|
| | | and Counterclaim Plaintiffs U.S. Bank National Association (as successor trustee to MUFG Union Bank, N.A., the "Trustee") and GLAS Americas LLC (the "Collateral Agent") and against Plaintiffs and Counterclaim Defendants Petrleos de Venezuela, S.A. ("PDVSA"), PDVSA Petroleo, S.A. ("PDVSA Petroleo"), and PDV Holding, Inc. on the First through Seventh Counterclaims asserted by the Trustee and Collateral Agent in Defendants' Answer and Counterclaims (ECF No. 40). Nothing herein shall be construed to constitute a judgment on any of the Trustee and Collateral Agent's Eighth through Twelfth Counterclaims, or on the amount of the fees and expenses to which the Trustee and Collateral Agent are entitled in connection with this action or otherwise. The Court will address those matters if necessary in future orders or judgments. The pendency of such claims shall not affect the finality of this Judgment. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Trustee, as Trustee under the Indenture dated October 27, 2016, between PDVSA as issuer, PDVSA Petrleo as guarantor, the Trustee, the Collateral Agent, the Law Debenture Trust Company of New York as registrar, transfer agent, and principal paying agent, and Banque Internationale a Luxembo urg, Societe Anonyme as Luxembourg paying agent (the "Indenture"), shall recover from PDVSA and PDVSA Petroleo, jointly and severally, the sum of $2,859,193,778.63, which comprises the following amounts: and further set forth in this Order. The Court retains jurisdiction to enforce this Judgment and to adjudicate all claims not determined by this Judgment. (Signed by Judge Katherine Polk Failla on 10/17/2025) (rro) (Entered: 10/17/2025) |
| 10/17/2025 | 403 | **FILING ERROR - NO ORDER SELECTED FOR APPEAL -** NOTICE OF APPEAL. Document filed by PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. Filing fee $ 605.00, receipt number ANYSDC-31867855. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Attachments: # 1 Exhibit A - 2020 Litigation Judgment, # 2 Exhibit B - Opinion & Order).(Hansson, Kurt) Modified on 10/20/2025 (tp). (Entered: 10/17/2025) |
| 10/20/2025 | | *****NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Kurt Wayne Hansson to RE-FILE Document No. 403 Notice of Appeal. The filing is deficient for the following reason(s): the order/judgment being appealed was not selected. Re-file the appeal using the event type Notice of Appeal found under the event list Appeal Documents - attach the correct signed PDF - select the correct named filer/filers - select the correct order/judgment being appealed - Do Not Pay The Appeal Fee Again. (tp)** (Entered: 10/20/2025) |
| 10/20/2025 | 404 | NOTICE OF APPEAL from 397 Memorandum & Opinion,, 402 Judgment,,,,,,,,. Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Attachments: # 1 Exhibit A - Judgment (10.17.2025), # 2 Exhibit B - Memorandum Opinion (9.18.2025)).(Hansson, Kurt) (Entered: 10/20/2025) |
| 10/21/2025 | | Appeal Fee Paid electronically via Pay.gov: for 404 Notice of Appeal. Filing fee $ 605.00. Pay.gov receipt number ANYSDC-31867855, paid on 10/17/2025. (tp) (Entered: 10/21/2025) |
| 10/21/2025 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 404 Notice of Appeal. (tp) (Entered: 10/21/2025) |
| 10/21/2025 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 404 Notice of Appeal, filed by Petroleos De Venezuela S.A., PDV Holding, Inc., PDVSA Petroleo S.A. were transmitted to the U.S. Court of Appeals. (tp) (Entered: 10/21/2025) |
| 10/24/2025 | 405 | LETTER RESPONSE in Opposition to Motion addressed to Judge Katherine Polk Failla from Kurt W. Hansson and Michael J. Gottlieb dated October 24, 2025 re: 398 LETTER |

| | | |
|---|---|---|
| | | MOTION to Continue addressed to Judge Katherine Polk Failla from Dr. Leroy Garrett dated 9/25/2025. . Document filed by PDV Holding, Inc., PDVSA Petroleo S.A., Petroleos De Venezuela S.A.. (Attachments: # 1 Exhibit A - 2025.10.01 PetroAmigos Resolution - English Translation, # 2 Exhibit B - 2025.10.06 PetroAmigos Letter Combined, # 3 Exhibit C - 2025.10.06 - PetroAmigos Resolution - English Translation). (Hansson, Kurt) (Entered: 10/24/2025) |
| 10/24/2025 | 406 | LETTER RESPONSE in Opposition to Motion addressed to Judge Katherine Polk Failla from Jeffrey J. Recher dated October 24, 2025 re: 398 LETTER MOTION to Continue addressed to Judge Katherine Polk Failla from Dr. Leroy Garrett dated 9/25/2025. . Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Recher, Jeffrey) (Entered: 10/24/2025) |
| 10/24/2025 | 407 | NOTICE of Exhibit A (8/18/25 Transcript) re: 406 Response in Opposition to Motion,. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A...(Recher, Jeffrey) (Entered: 10/24/2025) |
| 10/24/2025 | 408 | MOTION to Stay re: 402 Judgment,,,,,,,, . Document filed by PDV Holding, Inc... (Gottlieb, Michael) (Entered: 10/24/2025) |
| 10/24/2025 | 409 | MEMORANDUM OF LAW in Support re: 408 MOTION to Stay re: 402 Judgment,,,,,,,, . . Document filed by PDV Holding, Inc...(Gottlieb, Michael) (Entered: 10/24/2025) |
| 10/24/2025 | 410 | DECLARATION of Kristin Bender in Support re: 408 MOTION to Stay re: 402 Judgment,,,,,,,, .. Document filed by PDV Holding, Inc.. (Attachments: # 1 Exhibit A - Excerpt of Crystallex Transcript).(Bender, Kristin) (Entered: 10/24/2025) |
| 10/24/2025 | 411 | PROPOSED ORDER. Document filed by PDV Holding, Inc.. Related Document Number: 408 ..(Gottlieb, Michael) **Proposed Order to be reviewed by Clerk's Office staff.** (Entered: 10/24/2025) |
| 10/26/2025 | 412 | RESPONSE to Motion re: 408 MOTION to Stay re: 402 Judgment,,,,,,,, . *Response to PDVH's Request for Expedited Consideration of Motion to Stay*. Document filed by GLAS Americas LLC, MUFG Union Bank, N.A.. (Attachments: # 1 Exhibit A - Emails re Stay Schedule).(Recher, Jeffrey) (Entered: 10/26/2025) |
| 10/27/2025 | | *****NOTICE TO COURT REGARDING PROPOSED ORDER. Document No. 411 Proposed Order was reviewed and approved as to form. (tp)** (Entered: 10/27/2025) |
| 10/27/2025 | 413 | MEMO ENDORSEMENT on 406 denying 398 Letter Motion to Continue. ENDORSEMENT: The Court has received and reviewed the letter from Plaintiffs (Dkt. #405) and above letter from Defendants (Dkt. #406) opposing Dr. Garrett's motion to intervene (Dkt. #398). The Court largely agrees with the letters in opposition, so for substantially the reasons articulated in those letters, the Court DENIES Dr. Garrett's motion. The Clerk of Court is directed to terminate the pending motion at docket entry 398 and is further directed to mail a copy of this Order to: Dr. Leroy A. Garrett, 6725 South Fry Road, Suite 700-338Katy, Texas 77494. (Signed by Judge Katherine Polk Failla on 10/27/2025) (rro) Transmission to Docket Assistant Clerk for processing. (Entered: 10/27/2025) |
| 10/27/2025 | 414 | MEMO ENDORSEMENT on re: 412 Response to Motion, filed by GLAS Americas LLC, MUFG Union Bank, N.A. ENDORSEMENT: The Court has reviewed Plaintiffs' motion for partial stay pending appeal and accompanying documents (Dkt. #408-11) and Defendants' above request regarding the briefing schedule (Dkt. #412). The schedule shall be as follows. Defendants shall file their response in opposition to Plaintiffs' motion on or before November 7, 2025. There shall be no reply. The Court's current contemplation is to decide the matter before November 17, 2025. ( Responses due by 11/7/2025) (Signed by Judge Katherine Polk Failla on 10/27/2025) (rro) (Entered: 10/27/2025) |

| | | |
|---|---|---|
| 10/28/2025 | | Mailed a copy of 413 Order on Motion to Continue, to Dr. Leroy A. Garrett, 6725 South Fry Road, Suite 700-338 Katy, Texas 77494. (mjy) (Entered: 10/28/2025) |

---

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 10/29/2025 13:45:31 | | | |
| **PACER Login:** | SharedNY_PACER | **Client Code:** | 99895.00003 |
| **Description:** | Docket Report | **Search Criteria:** | 1:19-cv-10023-KPF |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

# ADDENDUM B

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

---

***Petróleos de Venezuela, S.A. v. MUFG Union Bank, N.A.*, No. 25-2652**

---

**CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)**

---

**ADDENDUM B:**

**A List of the Issues Proposed to Be Raised on Appeal**

1. Whether the district court erred in holding that the debt instruments and related agreements at issue were valid and enforceable under Venezuelan law, despite the lack of authorization by the Venezuelan National Assembly under Articles 150 and 187(9) of the Venezuelan Constitution, and without sufficient consideration of the submitted views of the Republic of Venezuela.

2. Whether the district court erred in refusing to apply the act of state doctrine to the Venezuelan National Assembly's refusal to authorize, including through the passage of multiple legislative resolutions, the debt instruments issued by Venezuela's national oil company.

**Applicable Standard of Review:**

This Court reviews *de novo* the district court's grant of summary judgment, *Carney v. Philippone*, 332 F.3d 163, 167 (2d Cir. 2003), and reviews *de novo* questions of law that the district court addressed on cross-motions for summary

judgment, *Estate of Landers v. Leavitt*, 545 F.3d 98, 105 (2d Cir. 2008). Because "a court's determination of foreign law 'must be treated as a ruling on a question of law,'" it is reviewed *de novo*. *Animal Sci. Prods., Inc. v. Hebei Welcome Pharm. Co.*, 585 U.S. 33, 42 (2018) (quoting Fed. R. Civ. P. 44.1); *see also Branch of Citibank, N.A. v. De Nevares*, 74 F.4th 8, 14 (2d Cir. 2023).